Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **Bob Dawson**, et al,<br><br>        Plaintiffs,<br><br>v.<br><br>**Porch.com Inc.,** a Delaware corporation;<br>**GoSmith Inc.** a Delaware corporation;<br>**Matthew Ehrlichman**, CEO and co-founder of Porch.com Inc. and CEO of GoSmith, Inc., in his individual capacity;<br>**Brenton Marrelli**, CEO and co-founder of GoSmith Inc., in his individual capacity;<br>and **Darwin Widjaja,** CTO and co-founder of GoSmith Inc. and VP of Porch.com Inc., in his individual capacity,<br><br>        Defendants | Civil Case No.: 2:2020-cv-00604-RSL<br><br>**PLAINTIFFS'<br>AMENDED COMPLAINT**<br><br>**JURY DEMAND**<br><br>**Judge Robert S. Lasnik** |

Pursuant to the Stipulated Motion for Leave to Amend Complaint (Docket #33), and the Court's Order granting such leave (Docket #35), Plaintiffs respectfully file this Amended Complaint.

On October 23, 2020, the parties agreed and stipulated to allow Plaintiffs to amend the original Complaint in order to consolidate ten related actions that were pending in other jurisdictions (by including those plaintiffs in the instant matter and dismissing the other related actions after those plaintiffs were added here). The purpose of this agreement to consolidate is to simplify proceedings and discovery for the parties and has been negotiated in good faith. Each Plaintiff has clarified their individual and particular allegations and pleadings, based on each Plaintiffs' records and recollections. State claims for Washington residents/plaintiffs have been added. Finally, one plaintiff from the original *Dawson* suit was removed at his request and two new plaintiffs who had not previously filed suit were added to this amended complaint at Defendants' request.

## I.    Introduction

Bob Dawson and 941 other individuals ("Plaintiffs") bring this action seeking to enforce Plaintiffs' rights to privacy under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). 185 Washington-resident Plaintiffs also bring claims under the Washington Commercial Electronic Mail Act ("CEMA"), RCW § 19.190.060, Washington Automatic Dialing and Announcing Device Statute ("WADAD"), R.C.W. § 80.36.400, the Washington Do Not Call Statute ("WDNC"), RC.W. § 80.36.390, and the Washington Consumer Protection Act ("WPCA"), R.C.W. § 19.86.090.

Porch.com Inc., GoSmith Inc, Matthew Ehrlichman, Darwin Widjaja, and Brenton Marrelli ("Defendants") have blatantly violated the TCPA by using an automatic telephone dialing system, or "ATDS", to call and text Plaintiffs' cellular telephone numbers, soliciting purchases from and attempting to sell leads to Plaintiffs. Further violating the TCPA,

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Defendants called and texted some Plaintiffs despite their presence on the National Do Not Call Registry, and sent text messages and/or phone calls to all Plaintiffs without instituting procedures that meet the minimum standards required by 47 U.S.C. § 227 for telemarketing. Finally, Defendants called and texted Washington State residents in violation of the CEMA, WADAD, WDNC, and WPCA.

Plaintiffs have standing under the TCPA (and Washington residents have additional standing under RCW 19.190.060, R.C.W. § 80.36.400, R.C.W. § 80.36.390, and R.C.W. § 19.86) to bring this action before the Court, which Plaintiffs now do, and respectfully request relief. The following is true, upon information and belief, and as reported by each Plaintiff.

## II.   Parties

1.     There are 942 Plaintiffs in this lawsuit, each of whom is a "person" as defined by 47 U.S.C. § 153 (39). *See* **Exhibit A** for a full list of Plaintiffs' names, as well as their county and state of residence.

2.     Defendant Porch.com ("Porch.com") is a domestic Delaware corporation with its principal place of business at 2201 1st Ave. S., Seattle, WA 98134.

3.     Defendant GoSmith, Inc. ("GoSmith") is a domestic Delaware corporation with its principal place of business at 2200 1st Ave S, Seattle, WA, 98134, according to its August 13, 2020 Foreign Registration Statement with the Office of the Secretary of State.

4.     Defendant Matthew Ehrlichman ("Ehrlichman") is a "person" as defined by 47 U.S.C. § 153 (39) and is a resident of King County, Washington.

5.     Defendant Brenton Marrelli ("Marrelli") is a "person" as defined by 47 U.S.C. § 153 (39) and is a resident of San Mateo County, California.

6.     Defendant Darwin Widjaja ("Widjaja") is a "person" as defined by 47 U.S.C. § 153 (39) and is a resident of Alameda County, California.

## III.   Jurisdiction and Venue

7.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

8.      This Court has personal jurisdiction over Defendant Ehrlichman because he is domiciled in this District.

9.      This Court has personal jurisdiction over Porch.com, Inc. because its principal place of business is in this District.

10.     The Court has personal jurisdiction over GoSmith, Inc. because its principal place of business is in this District.

11.     This Court has personal jurisdiction over all Defendants because they each conducted a significant amount of business in this District, they availed themselves of jurisdiction in Washington by soliciting businesses in this District, and because they sent unsolicited text messages to individuals in this District. *Advanced Dermatology v. Adv-Care Pharmacy, Inc.*, No. 1:17 CV 251 (N.D. Ohio Oct. 31, 2017) (holding that the court could exercise personal jurisdiction over a Canadian telemarketer where either it or a third party acting on its behalf, sent unwanted telemarketing messages to a plaintiff without the plaintiff's consent).

12.     The Court has personal jurisdiction over all Defendants pursuant to Washington's long arm statute, RCW § 4.28.185, because the Defendants are natural persons or corporations who engaged in substantial activities in this state and because the statutory injury both occurred in this District and arose from acts that occurred in this District.

13.     The Court has supplemental jurisdiction over the Washington Plaintiffs' state claims under 28 U.S.C. § 1367, which provides that, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The facts giving rise to Plaintiffs' Washington state claims are the same as those which give rise to the claims raised under the TCPA. *See infra*, §§ IV and V.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) because all Defendants were involved in conducting a significant amount of business within this District and all engaged in significant telemarketing to this District.

**IV.     Statement of Facts Common to All Claims**

15.     The business model of GoSmith and Porch.com is to sell leads and advertising services to individuals they claim are home improvement contractors. The leads that GoSmith and Porch.com sell are purportedly the information of people looking for help with services such as painting, landscaping, plumbing, etc. GoSmith and Porch.com also market aggressively to contractors in order to sell them prominent advertising on Defendants' online platforms.

16.     Starting around August 2012 until 2019, GoSmith, at the express direction of Defendant Widjaja and Defendant Marrelli, and with Widjaja and Marrelli's involvement and technical expertise, developed and engaged in massive programmatic web crawls, "scraping" the web for customer reviews that listed contact information for possible home improvement and repair contractors. GoSmith, through Widjaja and Marrelli, scraped the websites of Yelp.com, YellowPages.com, BBB.org, and other similar web pages, obtaining the contact information of over ten million individuals nationwide without the individuals' knowledge or consent.

17.     GoSmith obtained the personally identifying information from third-party websites entirely outside of the control of any plaintiff in this action.

18.     Each time GoSmith scraped a new individual's personally identifying information, GoSmith sequentially stored that information in GoSmith's own database. This included the name of a business, the individual's home address (including city, state, and zip code), the individual's cell phone number, the potential category of services the individual supposedly provided, **the exact third-party URL where GoSmith obtained the information, the date the information was first obtained,** and more. *See e.g.* **Exhibit B, "**Scraped and Stored Data for Bob Dawson" (showing that GoSmith obtained Bob Dawson's personal phone number, address, latitude, longitude, and the name of his long-defunct business, "R

Remodeling & Handyman Services" from various reviews previous clients had left on third-party websites) (see also *supra* at ¶ 83 for Plaintiff Bob Dawson's statement of facts and claims).

19.     When storing the information, GoSmith generated a unique ProviderID for each individual. The ProviderID increased sequentially for each new individual that GoSmith stored in its database (e.g. 11401, 11402, 11403, 11404, etc.). Thus, GoSmith used a sequential number generator to *store* each phone number and associated information for each individual.

20.     GoSmith then sent unsolicited, automated text messages to the individual's mobile phone number.

21.     Some Plaintiffs have received over 1,000 text messages from GoSmith. For example, Plaintiff Bob Dawson has received at least 1,131 texts from GoSmith. *See* **Exhibit C.**

22.     Plaintiffs' telephone numbers are residential numbers in that they are subscribed under residential plans, paid for with personal funds, used to communicate with Plaintiffs' family and friends, and/or kept nearby at all hours of the day and night.

23.     Reverse phone number lookups on the text messages show that GoSmith used Sprint Business, Bandwidth, and other similar telephone providers to send the text messages.

24.     Sprint Business and Bandwidth allow users to send text messages via an API (customizable code) so that text messages can be sent automatically with software or a computer program. In fact, with Bandwidth, the only way to send text messages is using their API and online cloud infrastructure.

25.     The messages GoSmith sent to Plaintiffs usually said: "[Name] is wanting [service] in [city]. You have 1st priority. Reply 1 if interested, 3 if not."

26.     The manner in which GoSmith wrote and responded to the messages show that an automated system—and not a human—sent, processed, and responded to the messages.

27.     A human who manually sends and responds to a text message conversation does not tell someone: "Reply 1 if interested, 3 if not." Rather, these numbers are codes for an automated system to receive a response, interpret the message, and automatically respond.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

28.     When any of the Plaintiffs responded with a question or tried to have a conversation with GoSmith, no one responded. For example, when Plaintiffs asked, "Who is this?" they received no reply. GoSmith abandoned 100% of the calls where they initiated texts to Plaintiffs, in violation of 47 C.F.R. § 16.1200(a)(7).

29.     The foregoing indicates that GoSmith (i) stored phone numbers to be dialed in GoSmith's database, (ii) coded their system to integrate with telephone providers such as Bandwidth and others that allow for programmatic and automatic text messaging, and (iii) then sent automated text messages at scale to the stored numbers. Thus, GoSmith knowingly and willfully sent the text messages using an automatic telephone dialing system.

30.     None of the text message calls included the name of the person sending the text message, nor the phone number or address where the company could be contacted, although many of the text messages identified "Smith" or "GoSmith" as the company to purchase leads from or download apps from. GoSmith not only abandoned the calls where they initiated texts to Plaintiffs, they also failed in every instance to comply with the provisions requiring identification and an automatic opt-out mechanism, in violation of 47 C.F.R. § 16.1200(a)(7)(i) and (iii).

31.     At no time did Plaintiffs provide their phone number or information to GoSmith or any of the other Defendants. Plaintiffs never consented, in any form, to receive the solicitations Defendants initiated, whether they were automated text messages, automated calls, telemarketing calls, or any other form of marketing.

32.     Because GoSmith obtained Plaintiffs' information by scraping third party websites, it is impossible that GoSmith or the other Defendants can say they relied on Plaintiffs' websites or other marketing materials to construe that Plaintiffs somehow gave GoSmith or the other Defendants consent for solicitations.

33.     The website links included in the text messages directed Plaintiffs to gosmith.com.

34.     Also, many text messages contained URLS such as www.smithjobs-2.com. These were custom URLs that redirected to gosmith.com when clicked and allowed GoSmith to track the behavior and activity of the individuals GoSmith was text messaging.

35.     The WHOIS domain information for smithjobs-2.com shows the registrant name as **Darwin Widjaja** and registrant email as darwin@gosmith.com. Widjaja was involved in the technological setup and administration of these telemarketing campaigns in Washington and personally registered the domain that the links directed through.

36.     The domain gosmith.com is owned and controlled by GoSmith and was GoSmith's website until GoSmith shut it down January 31, 2020.

37.     The text messages were sent by GoSmith, as indicated from the above facts: the messages were sent from phones registered to Defendants GoSmith and Porch and contained links hosted by domains registered to GoSmith which redirected Plaintiffs to GoSmith's website to purchase credits.

38.     When an individual clicked any of the URLs to view a lead, the individual was required to purchase credits to receive the lead information.

39.     Also, if Plaintiffs asked GoSmith for more information by responding "2", GoSmith sent this message: "Our system runs on appointment credits, 1 credit is $8. We guarantee a connection with the homeowner or we'll refund your credits. Reply 1 to get started."

40.     GoSmith was selling leads, not merely giving away information or connecting third parties with each other. The text messages were business solicitations and constitute telemarketing.

41.     None of the text messages asked Plaintiffs if they wanted to come work for Defendants or offered Plaintiffs employment at GoSmith or Porch.com. They were not messages regarding employment or job opportunities.

42.     Brenton Marrelli is the co-founder, CEO, and "Governor" of GoSmith who personally created, set up, ran, and oversaw GoSmith's marketing from its inception. GoSmith's business filing in Washington lists Marrelli as GoSmith's Governor.

43.     In a declaration filed in August 2017, Marrelli stated: "I am the Chief Executive Officer ('CEO') of GoSmith, Inc. ('GoSmith'), and I have held this position since January 2017.  In my role as CEO of GoSmith, *I am involved in nearly every facet of GoSmith's operations* and have comprehensive personal knowledge of GoSmith's business model and internet operations." Declaration of Brenton Marrelli in Support of Defendant GoSmith, Inc.'s Motion to Compel Arbitration in *Rojas v. GoSmith, Inc.*, (N.D. Ind. 2017), 17-cv-00281, Dkt. 16-2, ¶ 2 (emphasis added) (attached hereto as **Exhibit D**).

44.     On LinkedIn, Marrelli lists himself as the CEO of GoSmith (2012 – Present). *See* https://www.linkedin.com/in/brentonmarrelli/, last accessed on January 30, 2020 2:25 p.m. MST (attached hereto as **Exhibit E**, downloaded on October 23, 2019, *see also* Declaration of Rebecca Evans in Support of Plaintiffs' Amended Complaint).

45.     Darwin Widjaja is the co-founder of GoSmith who personally created, set up, ran, and oversaw GoSmith's marketing and client contact management system from its inception. In a declaration filed October 2017, Widjaja stated: "I am the Chief Technology Officer ('CTO') of GoSmith, Inc. ('GoSmith), and I have held this position since January 2017. In my role as CTO of GoSmith, *I am involved in nearly every facet of GoSmith's operations* and have comprehensive personal knowledge of GoSmith's business model and internet operations." Declaration of Darwin Widjaja in Support of Defendant GoSmith, Inc.'s Motion to Compel Arbitration in *La Force v. GoSmith, Inc.*, (N.D. Cal. 2017), 4:17-CV-05101, Dkt. 16-1, ¶ 2 (emphasis added) (attached hereto as **Exhibit F**).

46.     Widjaja states that he is the CTO of GoSmith on his LinkedIn profile and states that: "My co-founder [Marrelli] and I bootstrapped the company and in 5 years, we were able to grow the service to cover nationwide and reaching [sic] $10M in annual revenue. Prior to an

acquisition by Porch.com in January 2017, I was building and managing a team of engineers, designer [sic] and customer success managers." *See* https://www.linkedin.com/in/darwinwidjaja/, last accessed on January 30, 2020 2:25 p.m. MST (attached hereto as **Exhibit G**, downloaded on October 23, 2019, *see also* Declaration of Rebecca Evans).

47.     On the same LinkedIn profile, Widjaja also lists himself as the Vice President ("VP") of Porch.com and states that he is in charge of building and managing Porch's "CRM", or "Customer Relationship Management" system, an automated system that connects a company to its customers (usually through automated messages, calls, emails, and texts) and manages customer data and interactions with the company. *Id*.

48.     Marrelli and Widjaja, as the directors and officers of GoSmith, have been directly involved in the strategy, approval, set up, and execution of telemarketing campaigns targeting Plaintiffs, including Washington residents, which violated the TCPA and gave rise to Plaintiffs' statutory injuries. They personally authorized, oversaw, and directed the engineers and software designers who built the automated system and designed the databases that scraped and stored Plaintiffs' information as well as personally managed and directed the telemarketing central to GoSmith's business which aggressively solicited to Plaintiffs, including those in Washington, without first obtaining Plaintiffs' permission.

49.     GoSmith's corporate listing with the State of Washington lists Defendants Ehrlichman and Marrelli as the Governors of GoSmith. GoSmith's foreign business filing in California shows Ehrlichman is GoSmith's CEO.

50.     Marrelli and Widjaja, as directors and officers of GoSmith, and Ehrlichman as Governor and CEO of GoSmith, were responsible for implementing policies and procedures for TCPA compliance within GoSmith and/or Porch.com. However, they failed to implement policies or procedures for TCPA compliance within GoSmith and/or Porch. They further failed to properly train their employees in the required TCPA procedures, and they knowingly participated, authorized, built, and directed an illegal telemarketing platform which violated the

TCPA and harmed Plaintiffs. Each is personally liable not only as GoSmith's officer but also as tort participants in their own right.

51.     Ehrlichman and Widjaja, as directors and officers of Porch.com, were responsible for implementing policies and procedures for TCPA compliance within Porch and/or GoSmith. However, they failed to implement policies or procedures for TCPA compliance within Porch.com and/or GoSmith. They further failed to properly train their employees in the required TCPA procedures, and they knowingly participated, authorized, built, and directed an illegal telemarketing platform which violated the TCPA and harmed Plaintiffs. Each is personally liable not only as Porch.com's officer but also as tort participants in their own right.

52.     Since 2017, GoSmith has been sued 10 times for TCPA violations. In each lawsuit, Marrelli, Widjaja, and Ehrlichman were given actual and constructive notice that GoSmith's telemarketing was problematic and illegal. Marrelli, Widjaja, and Ehrlichman were in the position to correct GoSmith's illegal telemarketing scheme, yet they continued to authorize GoSmith's telemarketing methods, both explicitly and implicitly.

53.     Defendant Ehrlichman is the co-founder and CEO of Porch.com.

54.     Porch.com is an online platform that offers to help homeowners find vetted professionals for home improvement projects by recommending contractors who provided those services, ostensibly within Porch.com's "network" of providers.

55.     However, interviews with Ehrlichman paint a much different picture. Ehrlichman bragged on the December 12, 2014 episode of "Mad Money" on CNBC that Porch.com did not simply provide the information of individuals and businesses who paid to advertise on Porch.com, but rather that Porch scraped the entire web to find reviews from local homeowners and aggregated the information it gleaned (names, phone numbers, and potential business names), posting them in its search results as "professionals in Porch.com's network." *See* https://youtu.be/3tacEI_Va0A, last accessed on October 15, 2020 6:10 PM MST.

56.     Thus, according to Ehrlichman, Porch.com (much like GoSmith) intentionally scraped, stored, and displayed the personal information of individuals who had not consented

to Porch.com's use of their name or information, and who had not requested to advertise on nor consented to be listed on Porch.com's online directory. *Id.*

57.     In 2016 and possibly before, Porch.com engaged in acquisition discussions with GoSmith, Inc..

58.     Ehrlichman was personally involved in the acquisition meetings and negotiations between GoSmith and Porch.com, which also included Marrelli and Widjaja.

59.     Ehrlichman stated on September 7, 2016 that he prefers to have meetings in person and that he keeps his "trusty notebook" in those meetings which he uses to "document" important information from such meetings. Reader, Grace. Entrepreneur. "20 Questions: How This Founder Uses His Competitiveness to Succeed in Business." September 7, 2016. Https://www.entrepreneur.com/article/280231?utm_source=Social&utm_medium=Sharebar&utm_campaign=Sumome_share, last accessed at on November 12, 2020 at 9:52 AM MST.

60.     Plaintiffs believe discovery into the relevant discussions and evidence (such as Ehrlichman's appointment calendar and handwritten meeting notebooks) will show that Ehrlichman was personally involved in discussions regarding the details of GoSmith's automated telemarketing platform and systems and that he was intimately involved in authorizing and directing the integration of GoSmith and Porch.com's automated telemarketing systems that texted and called Plaintiffs and other individuals in Washington without first obtaining prior express permission, in violation of the TCPA.

61.     In addition to Ehrlichman, Marrelli, and Widjaja being personally liable as tort participants, Porch.com is also liable due to its participation in violating the TCPA.

62.     Porch.com acquired GoSmith in January 2017 and GoSmith became a wholly-owned subsidiary of Porch.com.

63.     Porch.com continued to solicit advertisements for its website, but simultaneously integrated its databases with GoSmith's in order to sell purported job leads using GoSmith's telemarketing platform. Porch.com used GoSmith's automated telemarketing platform to text

Plaintiffs in violation of the TCPA, attempting to sell Plaintiffs Porch.com's leads and GoSmith's services without first obtaining Plaintiffs' prior express consent to be contacted.

64.     In 2017, after Porch.com acquired GoSmith, Plaintiffs began receiving sales calls asking them to purchase advertising and pay for preferred listings on Porch.com's platform. Defendants utilized the combined Porch/GoSmith telemarketing system sell Porch.com's services.

65.     Porch.com is vicariously liable for text messages and calls that GoSmith placed seeking buyers for Porch.com's leads and advertising. In sending these text messages and placing those calls, GoSmith was the agent of Porch.com and had Porch.com's actual authority.

66.     Further, Porch.com ratified GoSmith's actions. GoSmith was sued 10 times for TCPA violations in the past three years, *after* Porch.com had acquired GoSmith and integrated Widjaja as Vice President of Porch.com. Porch.com had actual knowledge of material facts regarding GoSmith's telemarketing (which Widjaja had created and integrated with the Porch.com database and online system that Ehrlichman designed and had intimate knowledge of). Porch.com chose to accept the benefits of GoSmith's solicitations by intentionally acquiring GoSmith for that purpose and continuing to send leads to GoSmith for telemarketing even after being put on notice that the calls and text messages violated the TCPA.

67.     GoSmith is the alter ego of Porch.com and therefore Porch.com is liable for GoSmith's calls and texts to Plaintiffs, including those in Washington, that violated the TCPA.

68.     Porch.com is also liable for GoSmith's illegal telemarketing under the doctrine of piercing the corporate veil. Porch.com has intentionally used the corporate form to prevent liability for illegal telemarketing. Treating Porch.com and GoSmith as a single corporation is necessary to avoid the injustice which would result from treating them as distinct entities, especially since GoSmith was effectively dissolved the last day of January 2020 and no longer exists.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

69.     Such a unity of ownership and interest exists between GoSmith and Porch.com that the separate corporations of GoSmith and Porch.com no longer existed even before GoSmith was dissolved in January 2020.  This is evidenced by following facts:

a.     GoSmith is inadequately capitalized. GoSmith intentionally and willfully exposed itself to hundreds of millions of dollars in TCPA violations without sufficient means to pay for these liabilities. GoSmith closed its doors at the end of January 2020, and now has few-to-no assets.

b.     GoSmith has been the mere instrumentality of Porch.com for a single venture. Porch.com used GoSmith to expand its client sales network, and GoSmith funneled their enormous database of personally-identifying information (phone numbers, addresses, names, etc.) to Porch.com. The purpose of this single venture was to build a massive nationwide network of potential clients for Porch.com's services and products.

c.     GoSmith and Porch.com have commingled their assets. Here are six examples of their commingling:

i.      First, at https://forum.nachi.org/t/porch-gosmith/120546, a user named Vince Del Fine reported in December 2017: "I received a lead from both [Porch.com and GoSmith] and it's the same client. Not the first time either." A user named Frank Rotte responded, "I believe they are one in [sic] the same. I signed up with Porch as a client looking for a home inspection, and received a text from Smith, as the inspector, asking if I was interested in the job." *Id.*

ii.     Second, GoSmith's website showed detailed information regarding the leads GoSmith was texting to individuals, including the source of each lead. Virtually all of the leads since January 2017—when Porch.com acquired GoSmith—show the source of the leads as: "PorchSharedLeads." In other words, in an effort to find clients to buy Porch.com's leads, Porch.com used GoSmith to telemarket to residential cell phones nationwide. *See* **Exhibit H**.

iii.      Third, at the end of January 2020 when GoSmith was winding
down, GoSmith sent text messages to Plaintiffs informing them that their
information would be automatically migrated to Porch.com. This is the message
Plaintiffs received:



iv.      Fourth, if recipients clicked the links or URLs in any of GoSmith's
text messages during the last week of January 2020, that individual was
automatically logged into an online dashboard on GoSmith.com which displayed
their personal information along with this message:



v.      Fifth, the data that loaded in any browser when an individual
clicked  the links showed that GoSmith saved multiple fields of data for each

individual, including fields called "PorchMigrationState," (which showed whether or not GoSmith had migrated the individual's personal information to Porch.com) and a field called "PorchCompanyID," (that assigned a unique number in sequential order, allowing Defendants to both assign marketing campaigns to contact that person using an ATDS and to evaluate responses from that person using client management software, programmatically). *See* **Exhibit B** at 4.

vi.      Sixth, GoSmith and Porch.com shared the same phone numbers to send text messages to individuals. Many of the text messages GoSmith sent came from numbers assigned to Porch.com, such as 650-250-7911 and 650-250-7913. CNAM is an authoritative database that phone companies use to identify the entity or person behind a telephone number. A CNAM lookup on these numbers returns the name "Porchcom Inc." In other words, GoSmith and Porch.com shared the same phone numbers to send text messages. GoSmith merged its telemarketing database and calling infrastructure with Porch.com's systems and used their phone numbers to contact Plaintiffs on behalf of both companies.

70.      Porch.com has used GoSmith as a subterfuge for illegal transactions. The text messages GoSmith sent violate the TCPA. After ten (10) TCPA class actions have been brought against GoSmith in the last three years, Porch.com clearly had actual and/or constructive knowledge that GoSmith's telemarketing was problematic, if not illegal. But Porch.com continued to intentionally abuse the corporate form and utilize GoSmith to spam Plaintiffs because it allowed Porch.com to evade their duties under the TCPA and escape the legal consequences of their actions. GoSmith's actions were undertaken on behalf of Porch.com, rather than simply in GoSmith's own interest.

71.      Porch.com and GoSmith have identical officers. On LinkedIn, until recently, Widjaja not only listed himself as the CTO of GoSmith but also as a VP of Porch.com. And Ehrlichman is the CEO of Porch.com and the CEO of GoSmith.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

72.     Both Porch.com and GoSmith have employed the same attorneys from Manatt, Phelps & Phillips, LLP for some years.

73.     Porch.com has had actual and/or constructive knowledge of GoSmith's blatant TCPA violations. Porch.com allowed GoSmith to continue to spam Plaintiffs because of the benefit to Porch.com's business. It would be unfair, unjust, and inequitable to allow Porch.com to hide behind GoSmith's corporate veil, which would prevent Plaintiffs from obtaining any meaningful remedy because GoSmith has transferred its assets to Porch.com and shut down.

74.     Defendants harmed Plaintiffs in the exact way that Congress sought to prevent by enacting the TCPA when they failed to institute and maintain internal do not call procedures and policies, when they failed to comply with the TCPA's requirements, and when they placed automatic telemarketing calls and text messages to Plaintiffs and then abandoned those calls.

75.     Plaintiffs have lost time and have suffered annoyance, nuisance, and an egregious invasion of their privacy because of Defendants' text messages and calls.

76.     Additionally, those Plaintiffs residing in the State of Washington were harmed by Defendants in the exact way the Legislature sought to prevent by the Washington Automatic Dialing and Announcing Device Statute, R.C.W. § 80.36.400, the Washington Do Not Call Statute, RC.W. § 80.36.390, and the Washington Consumer Protection Act, R.C.W. § 19.86.

## V.    Statement of Individualized Facts and Claims

77.     Bob Dawson personally owns and uses the cellular phone number xxx-xxx-8008. This number is a residential telephone subscription and is Dawson's personal cell phone. This is the same number Bob Dawson got in high school 17 years ago. Dawson still uses the number for all his personal calls and pays for this phone number from his personal bank account. Furthermore, Dawson established the business R Remodeling & Handyman around 2007 and only ran it until 2008, when he closed that business. In the four years preceding 4/22/2020 (the date Dawson's original Complaint was filed), GoSmith sent at least 1,131 telemarketing text messages to Dawson's personal cell phone at this number, asking him for remodeling and handyman services and listing his business as "R Remodeling & Handyman" on the landing

PLAINTIFFS' AMENDED COMPLAINT                    - 17 -
2:2020-CV-00604-RSL

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

page, although that business had not existed for almost a decade and Dawson has not advertised his services for 12 year, never had a business website, and never listed this personal number on any third party websites in order to market those services. GoSmith obtained his number from third party websites that obtained it from client reviews or from web scraping bots without Dawson's knowledge, consent, or permission. GoSmith's own data showed that Dawson did not have a website for his defunct business. *See* **Exhibit B** ("Url": null,") at 1. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dawson seeks an amount not less than $1,696,500 for at least 1,131 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,696,500 for at least 1,131 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dawson seeks an amount not less than $565,500 for at least 1,131 negligent violations of 47 U.S.C. § 227(b), and not less than $565,500 for at least 1,131 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Dawson at least 1131 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Dawson seeks an amount not less than $565,500, attorney's fees, injunctive relief, and treble damages.

78.      David Abel personally owns and uses the cellular phone number xxx-xxx-1948. This number is a residential telephone subscription and is Abel's personal cell phone.  It is his only phone, on which he makes all of his personal calls. On 5/5/2007, Abel registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Abel's original Complaint was filed), GoSmith sent Abel at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Abel within a 12-month period after Abel was registered on the National Do Not Call Registry, including but not limited to the period between 12/27/2016 and 12/27/2017. Abel seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Abel seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

79.     Brian Abel personally owns and uses the cellular phone number xxx-xxx-8823. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Abel's original Complaint was filed), GoSmith sent Abel at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Abel seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Abel seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

80.     Haytham Abukhalil personally owns and uses the cellular phone number xxx-xxx-4048. This number is registered under the name of his home-based business, but Abukhalil has no other phone for personal use and makes all his personal calls with this number. In the four years preceding 4/28/2020 (the date Abukhalil's original Complaint was filed), GoSmith sent Abukhalil at least 70 telemarketing text messages at this number. GoSmith knowingly and

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Abukhalil seeks an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Abukhalil seeks an amount not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(b), and not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Abukhalil at least 70 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Abukhalil seeks an amount not less than $35,000, attorney's fees, injunctive relief, and treble damages.

81.    Omhar Acuna personally owns and uses the cellular phone number xxx-xxx-2326. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Acuna's original Complaint was filed), GoSmith sent Acuna at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Acuna seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Acuna seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(b), and not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

82.    Gabriel Adame personally owns and uses the cellular phone number xxx-xxx-5728. This number is Adame's only phone and he uses it for all his personal calls. It is a

residential cell phone subscription. In the four years preceding 4/27/2020 (the date Adame's original Complaint was filed), GoSmith sent Adame at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Adame seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Adame seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

83.    Terry Adams personally owns and uses the cellular phone number xxx-xxx-1844. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Adams's original Complaint was filed), GoSmith sent Adams at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Adams seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Adams seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

84.    Steven Adickes personally owns and uses the cellular phone number xxx-xxx-5872. This number is Adickes's only phone. He does take business calls on his cellphone for his home-based business and lists this number on his website and business cards, but it is the only phone he uses to talk to family and friends. He mostly pays for it out of his personal bank

account, although his business pays for a portion of the monthly bill. Adickes keeps this phone in his residence or on his person and charges it by his bed every night. This number is a residential telephone subscription. On 06/30/2003, Adickes registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Adickes's original Complaint was filed), GoSmith sent Adickes 2 to 3 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Adickes within a 12-month period after Adickes was registered on the National Do Not Call Registry, including but not limited to the period between 02/14/2017 and 02/14/2018. Adickes seeks an amount not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Adickes seeks an amount not less than $155,000 for at least 310 negligent violations of 47 U.S.C. § 227(b), and $155,000 for at least 310 negligent violations of 47 U.S.C. § 227(c).

85.     Sandra Aguilar personally owns and uses the cellular phone number xxx-xxx-6052. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Aguilar's original Complaint was filed), GoSmith sent Aguilar at least 659 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Aguilar seeks an amount not less than $988,500 for at least 659 knowing and willful violations of 47 U.S.C. §

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(b), and an amount not less than $988,500 for at least 659 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Aguilar seeks an amount not less than $329,500 for at least 659 negligent violations of 47 U.S.C. § 227(b), and not less than $329,500 for at least 659 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Aguilar at least 659 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Aguilar seeks an amount not less than $329,500, attorney's fees, injunctive relief, and treble damages.

86.     Oscar Alfaro personally owns and uses the cellular phone number xxx-xxx-8465. This number is a residential telephone subscription. This is Alfaro's only number, and he uses the cell phone for both home and business purposes. Alfaro received more than one text from GoSmith on a daily basis for some time, which stopped when he filed this suit, which caused him frustration and annoyance trying to deal with the spam. In the four years preceding 4/28/2020 (the date Alfaro's original Complaint was filed), GoSmith sent Alfaro at least 109 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Alfaro seeks an amount not less than $163,500 for at least 109 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $163,500 for at least 109 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Alfaro seeks an amount not less than $54,500 for at least 109 negligent violations of 47 U.S.C. § 227(b), and not less than $54,500 for at least 109 negligent violations of 47 U.S.C. § 227(c).

87.     Bashkim Alka personally owns and uses the cellular phone number xxx-xxx-4166. This number is a residential telephone subscription and is Alka's personal cellphone. He uses this number to make his personal calls to family and friends. On 9/3/2008, Alka registered

this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Alka's original Complaint was filed), GoSmith sent Alka at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Alka within a 12-month period after Alka was registered on the National Do Not Call Registry, including but not limited to the period between 12/11/2016 and 9/15/2017. Alka seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Alka seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

88.     Jeffrey Allen personally owns and uses the cellular phone number xxx-xxx-6224. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Allen seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(b), and not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

89.     Chelena Allen personally owns and uses the cellular phone number xxx-xxx-9608. This number is a residential telephone subscription. On 04/07/2005, Allen registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Allen within a 12-month period after Allen was registered on the National Do Not Call Registry, including but not limited to the period between 05/12/2017 and 05/12/2018. Allen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

90.     Cyril Allen personally owns and uses the cellular phone number xxx-xxx-2364. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Allen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen

1    seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b),

2    and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

3        91.    Robert Allen personally owns and uses the cellular phone number xxx-xxx-4015.

4    This number is a residential telephone subscription which Allen uses for both home and

5    business use in his home-based business. It is his only cell phone. In the four years preceding

6    4/22/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen between 3 and 4

7    telemarketing text messages each week at this number, which Allen says, "drove me crazy."

8    GoSmith knowingly and willfully sent these text messages using an automatic telephone

9    dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).

10   GoSmith knowingly and willfully sent these text messages without instituting procedures that

11   meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

12   47 C.F.R. § 64.1200(d). Allen seeks an amount not less than $225,000 for at least 150 knowing

13   and willful violations of 47 U.S.C. § 227(b), and an amount not less than $225,000 for at least

14   150 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen seeks an

15   amount not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(b), and

16   not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(c).

17       92.    Mike Allred personally owns and uses the cellular phone number xxx-xxx-4858.

18   This number is a residential telephone subscription, and this is Allred's only phone. He makes

19   all personal calls from this number and has a separate number for his business which is a

20   landline that has an answering service. Allred does occasionally return after hours and

21   emergency business calls from his personal cell phone, which is paid for by his business, but

22   makes no personal calls from the business landline and conducts all his personal

23   communication with the cell phone ending in -4858. He keeps the phone by his bed at night

24   and charges it on his nightstand. In the four years preceding 4/22/2020 (the date Allred's

25   original Complaint was filed), GoSmith sent Allred at least 139 telemarketing text messages at

26   this number, at the rate of at least 2 per day for several months. Allred was so irritated with

27   GoSmith's constant harassment that he asked his phone carrier to block the caller. The carrier

said to opt out of the texts if the option was offered, but GoSmith did not offer Allred that option. Allred did not purchase anything from GoSmith or give GoSmith permission to contact him. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Allred seeks an amount not less than $208,500 for at least 139 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $208,500 for at least 139 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allred seeks an amount not less than $69,500 for at least 139 negligent violations of 47 U.S.C. § 227(b), and not less than $69,500 for at least 139 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Allred at least 139 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Allred seeks an amount not less than $69,500, attorney's fees, injunctive relief, and treble damages.

93.     John Almendarez personally owns and uses the cellular phone number xxx-xxx-1850. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Almendarez's original Complaint was filed), GoSmith sent Almendarez at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Almendarez seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Almendarez seeks an amount not less than

$3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

94.     Gloria H. Alvarez Salazar personally owns and uses the cellular phone number xxx-xxx-0843. This number is a residential telephone subscription. On 6/6/2013, Alvarez Salazar registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Alvarez Salazar's original Complaint was filed), GoSmith sent Alvarez Salazar at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Alvarez Salazar within a 12-month period after Alvarez Salazar was registered on the National Do Not Call Registry, including but not limited to the period between 5/7/2016 and 5/7/2017. Alvarez Salazar seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Alvarez Salazar seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

95.     Dave Anderson personally owns and uses the cellular phone number xxx-xxx-4710. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 122 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $183,000 for at least 122 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $183,000 for at least 122 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $61,000 for at least 122 negligent violations of 47 U.S.C. § 227(b), and not less than $61,000 for at least 122 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Anderson at least 122 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Anderson seeks an amount not less than $61,000, attorney's fees, injunctive relief, and treble damages.

96.     Charlie Anderson personally owns and uses the cellular phone number xxx-xxx-0683. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

97.     Jason Anderson personally owns and uses the cellular phone number xxx-xxx-8479. This number is a residential telephone subscription that is Anderson's only phone. Anderson makes all his personal calls with this number. His business pays for his cell phone and plan as part of his benefits; however, this is Anderson's personal phone. On 1/13/2017,

Anderson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Anderson within a 12-month period after Anderson was registered on the National Do Not Call Registry, including but not limited to the period between 5/28/2017 and 7/13/2017. Anderson seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

98.     Scott Anderson personally owns and uses the cellular phone number xxx-xxx-9731. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $1,500 for at least 3

1    negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent

2    violations of 47 U.S.C. § 227(c).

3         99.    Mark Anderson personally owns and uses the cellular phone number xxx-xxx-

4    4700. This number is a residential telephone subscription and is Anderson's only phone. He

5    uses this number for all his personal calls and keeps it with him at all times. He also uses this

6    number for calls relating to his home-based business. On 4/23/2008, Anderson registered this

7    number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date

8    Anderson's original Complaint was filed), GoSmith sent Anderson at least 200 telemarketing

9    text messages at this number and also made numerous autodialed telemarketing calls to him at

10   this number. Anderson asked GoSmith to stop sending the messages, replying with "STOP" on

11   multiple occasions, but GoSmith kept contacting his cell phone at this number. GoSmith

12   knowingly and willfully sent these text messages and calls using an automatic telephone

13   dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).

14   GoSmith knowingly and willfully sent these text messages and calls without instituting

15   procedures that meet the minimum standards required for telemarketing in violation of 47

16   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

17   C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

18   Anderson within a 12-month period after Anderson was registered on the National Do Not Call

19   Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Anderson

20   seeks an amount not less than $300,000 for at least 200 knowing and willful violations of 47

21   U.S.C. § 227(b), and an amount not less than $300,000 for at least 200 knowing and willful

22   violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than

23   $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(b), and not less than

24   $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c).

25        100.    Tommy Anderson personally owns and uses the cellular phone number xxx-xxx-

26   9911. This number is a residential telephone subscription. This is Anderson's only phone,

27   which he uses for all his personal calls and, on occasion, for business calls related to his home-

based business. In the four years preceding 4/28/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 531 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $796,500 for at least 531 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $796,500 for at least 531 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $265,500 for at least 531 negligent violations of 47 U.S.C. § 227(b), and not less than $265,500 for at least 531 negligent violations of 47 U.S.C. § 227(c).

101.    Leo Anderson personally owns and uses the cellular phone number xxx-xxx-5704. This number is a personal, residential telephone subscription and this is his only personal phone. In the four years preceding 4/22/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 2,649 telemarketing text messages at this number. Anderson started receiving texts from GoSmith on his personal cell phone at this number while he was working as the project manager for a commercial construction company. He got at least one text per day and sometimes as many as five telemarketing texts per day from GoSmith. He followed up with a couple of their leads and quickly realized they were not legitimate. Once he expressed interest, GoSmith started calling him to market leads to him in addition to the text messages. Anderson called and asked to be removed many times from GoSmith's list, but the calls and texts kept coming. Anderson complained to friends and family members that he could not get them to stop and how the leads they sent were made up names. GoSmith's calls and texts interrupted many meetings and work situations, and Anderson wasted a minimum of half an hour every time he tried to get them to stop. Anderson complained to his wife, children, and friends about the harassment and the invasion of his privacy. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

§ 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $3,973,500 for at least 2,649 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,973,500 for at least 2,649 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $1,324,500 for at least 2,649 negligent violations of 47 U.S.C. § 227(b), and not less than $1,324,500 for at least 2,649 negligent violations of 47 U.S.C. § 227(c).

102.    Chuck Anderson personally owns and uses the cellular phone number xxx-xxx-2818. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Anderson at least 11 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Anderson seeks an amount not less than $5,500, attorney's fees, injunctive relief, and treble damages.

103.    Nathanael Andreozzi personally owns and uses the cellular phone number xxx-xxx-6898. Andreozzi uses this cellphone for his work. In the four years preceding 4/29/2020 (the date Andreozzi's original Complaint was filed), GoSmith sent Andreozzi at least 13

telemarketing text messages at this number and called him numerous times over a period of a couple weeks. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Andreozzi seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Andreozzi seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b).

104.   Eric Andrews personally owns and uses the cellular phone number xxx-xxx-2345. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Andrews's original Complaint was filed), GoSmith sent Andrews at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Andrews seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Andrews seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

105.   Ed Andrilenas personally owns and uses the cellular phone number xxx-xxx-7104. This number is a residential telephone subscription and is Andrilenas's only phone. He uses this cell phone for all his personal calls and also in his home-based business. In the four years preceding 4/28/2020 (the date Andrilenas's original Complaint was filed), GoSmith sent Andrilenas at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards

required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Andrilenas seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Andrilenas seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

106.   Lance Annexstad personally owns and uses the cellular phone number xxx-xxx-3263. This number is a residential telephone subscription and is Annexstad's only phone. He uses this personal phone at home, making calls to his friends and family and for personal matters. He also uses the same number in his home-based business. In the four years preceding 4/22/2020 (the date Annexstad's original Complaint was filed), GoSmith sent Annexstad at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Annexstad seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Annexstad seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Annexstad at least 32 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Annexstad seeks an amount not less than $16,000, attorney's fees, injunctive relief, and treble damages.

107.   Steve Antill personally owns and uses the cellular phone number xxx-xxx-2239. This number is a residential telephone subscription. It is Antill's only phone. He uses this cell

phone for all his personal calls. He also uses it in his home-based business. In the four years preceding 4/27/2020 (the date Antill's original Complaint was filed), GoSmith sent Antill at least 69 telemarketing text messages at this number. Anthill remembers getting texts from GoSmith at odd hours and in the middle of the night. Anthill put his phone on silent at night to stop the frequent disruptions because GoSmith's texts would wake him and he would be unable to go back to sleep, causing him frustration and lost productivity. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Antill seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Antill seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(b), and not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

108.     Samuel Antonovich personally owns and uses the cellular phone number xxx-xxx-2081. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Antonovich's original Complaint was filed), GoSmith sent Antonovich at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Antonovich seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Antonovich seeks an amount not less than $14,000 for at

least 28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

109.    Steve Apodaca personally owns and uses the cellular phone number xxx-xxx-4125. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Apodaca's original Complaint was filed), GoSmith sent Apodaca at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Apodaca seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Apodaca seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

110.    Lloyd Arellano personally owns and uses the cellular phone number xxx-xxx-6097. This number is a residential telephone subscription. On 7/11/2006, Arellano registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Arellano's original Complaint was filed), GoSmith sent Arellano at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Arellano within a 12-month period after Arellano was registered on the National Do Not Call Registry, including but not limited to the period between 10/28/2016 and 10/28/2017. Arellano

seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Arellano seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

111.    Amado Arellano personally owns and uses the cellular phone number xxx-xxx-1699. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Arellano's original Complaint was filed), GoSmith sent Arellano at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Arellano seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Arellano seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(b), and not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Arellano at least 47 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Arellano seeks an amount not less than $23,500, attorney's fees, injunctive relief, and treble damages.

112.    Nick Arfaras personally owns and uses the cellular phone number xxx-xxx-5700. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Arfaras's original Complaint was filed), GoSmith sent Arfaras at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47

C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Arfaras seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Arfaras seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

113.    Andrew Armendariz personally owns and uses the cellular phone number xxx-xxx-7357. This number is a residential telephone subscription. On 4/15/2005, Armendariz registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Armendariz's original Complaint was filed), GoSmith sent Armendariz at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Armendariz within a 12-month period after Armendariz was registered on the National Do Not Call Registry, including but not limited to the period between 1/3/2017 and 1/3/2018. Armendariz seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Armendariz seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

114.    William Arnold personally owns and uses the cellular phone number xxx-xxx-1244. This number is a residential telephone subscription. In the four years preceding

1/30/2020 (the date Arnold's original Complaint was filed), GoSmith sent Arnold at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Arnold seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Arnold seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

115.    Alexandros Arvanetes personally owns and uses the cellular phone number xxx-xxx-9476. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Arvanetes's original Complaint was filed), GoSmith sent Arvanetes at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Arvanetes seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Arvanetes seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Arvanetes at least 31 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which

Arvanetes seeks an amount not less than $15,500, attorney's fees, injunctive relief, and treble damages.

116.     Paul Atwater personally owns and uses the cellular phone number xxx-xxx-1357. This number is a residential telephone subscription. On 6/12/2016, Atwater registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Atwater's original Complaint was filed), GoSmith sent Atwater at least 146 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Atwater within a 12-month period after Atwater was registered on the National Do Not Call Registry, including but not limited to the period between 10/3/2016 and 10/3/2017. Atwater seeks an amount not less than $219,000 for at least 146 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $219,000 for at least 146 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Atwater seeks an amount not less than $73,000 for at least 146 negligent violations of 47 U.S.C. § 227(b), and not less than $73,000 for at least 146 negligent violations of 47 U.S.C. § 227(c).

117.     Shelby Axtell personally owns and uses the cellular phone number xxx-xxx-0848. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Axtell's original Complaint was filed), GoSmith sent Axtell at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Axtell seeks an amount not less than $67,500 for

at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Axtell seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Axtell at least 45 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Axtell seeks an amount not less than $22,500, attorney's fees, injunctive relief, and treble damages.

118.    Robert Babcock personally owns and uses the cellular phone number xxx-xxx-8987. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Babcock's original Complaint was filed), GoSmith sent Babcock at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Babcock seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Babcock seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

119.    Jon Bahnemann personally owns and uses the cellular phone number xxx-xxx-8343. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Bahnemann's original Complaint was filed), GoSmith sent Bahnemann at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bahnemann seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bahnemann seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

120.    Mike Bahr personally owns and uses the cellular phone number xxx-xxx-7363. This number is a residential telephone subscription. On 12/9/2013, Bahr registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Bahr's original Complaint was filed), GoSmith sent Bahr at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bahr within a 12-month period after Bahr was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Bahr seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bahr seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

121.    Carlton Baker personally owns and uses the cellular phone number xxx-xxx-4339. This number is a residential telephone subscription. It is Baker's only phone and he pays for it out of his personal bank account. He uses this phone exclusively in his personal calls and with

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

family and friends. In the four years preceding 01/30/2020 (the date Baker's original Complaint was filed), GoSmith sent Baker a few telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Baker seeks an amount not less than $360,000 for at least 240 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $360,000 for at least 240 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Baker seeks an amount not less than $120,000 for at least 240 negligent violations of 47 U.S.C. § 227(b), and $120,000 for at least 240 negligent violations of 47 U.S.C. § 227(c).

122.    David Baker personally owns and uses the cellular phone number xxx-xxx-1367. This number is a residential telephone subscription. This is Baker's only phone. He has a separate business number which is answered by a call center that forwards business calls to his personal cell phone so that his personal number remains private. Baker makes all his personal calls with this phone.  In the four years preceding 4/22/2020 (the date Baker's original Complaint was filed), GoSmith sent Baker at least 155 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Baker seeks an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Baker seeks an amount not less than $77,500 for at least 155 negligent violations of 47 U.S.C. § 227(b), and not less than $77,500 for at least 155 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Baker at least 155 commercial text messages in violation of RCW §§

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Baker seeks an amount not less than $77,500, attorney's fees, injunctive relief, and treble damages.

123.    Steven Bakko personally owns and uses the cellular phone number xxx-xxx-1032. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Bakko's original Complaint was filed), GoSmith sent Bakko at least 410 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bakko seeks an amount not less than $615,000 for at least 410 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $615,000 for at least 410 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bakko seeks an amount not less than $205,000 for at least 410 negligent violations of 47 U.S.C. § 227(b), and not less than $205,000 for at least 410 negligent violations of 47 U.S.C. § 227(c).

124.    John Ballard personally owns and uses the cellular phone number xxx-xxx-8442. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ballard's original Complaint was filed), GoSmith sent Ballard at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ballard seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Ballard seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

125.     Gary Ballingham personally owns and uses the cellular phone number xxx-xxx-1426. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Ballingham's original Complaint was filed), GoSmith sent Ballingham at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ballingham seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ballingham seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

126.     Pamela Bang personally owns and uses the cellular phone number xxx-xxx-0149. This number is a residential telephone subscription. On 10/3/2015, Bang registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Bang's original Complaint was filed), GoSmith sent Bang at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bang within a 12-month period after Bang was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Bang seeks an

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bang seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

127.    Gabriel Barboza personally owns and uses the cellular phone number xxx-xxx-6147. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Barboza's original Complaint was filed), GoSmith sent Barboza at least 1,579 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Barboza seeks an amount not less than $2,368,500 for at least 1,579 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,368,500 for at least 1,579 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Barboza seeks an amount not less than $789,500 for at least 1,579 negligent violations of 47 U.S.C. § 227(b), and not less than $789,500 for at least 1,579 negligent violations of 47 U.S.C. § 227(c).

128.    Mary Barker personally owns and uses the cellular phone number xxx-xxx-5673. This number is a residential telephone subscription. On 12/13/2016, Barker registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Barker's original Complaint was filed), GoSmith sent Barker at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Barker

within a 12-month period after Barker was registered on the National Do Not Call Registry,

including but not limited to the period between 8/18/2017 and 8/18/2018. Barker seeks an

amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Barker seeks an amount not less than $1,000 for at least 2 negligent

violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of

47 U.S.C. § 227(c).

129.    Russ Barnes personally owns and uses the cellular phone number xxx-xxx-8122.

This number is a residential telephone subscription and is Mr. Barnes's only phone. He pays for

it out of his personal bank account and keeps it by his bed at night. Barnes uses this phone

exclusively when contacting friends and family. He also uses this phone with his home-based

business. In the four years preceding 1/30/2020 (the date Barnes's original Complaint was

filed), GoSmith sent Barnes at least 20 telemarketing text messages at this number. GoSmith

knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

§ 64.1200(d). Barnes seeks an amount not less than $30,000 for at least 20 knowing and willful

violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing

and willful violations of 47 U.S.C. § 227(c). Alternatively, Barnes seeks an amount not less

than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than

$10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

130.    Barbette Barnes personally owns and uses the cellular phone number xxx-xxx-

1357. This number is a residential telephone subscription and is Ms. Barnes's only phone. She

uses this phone for all her personal calls and pays for the phone plan out of her personal bank

account. On 10/20/2019, Barnes registered this number on the National Do Not Call Registry.

In the four years preceding 01/30/2020 (the date Barnes's original Complaint was filed), GoSmith sent Barnes at least 396 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Barnes within a 12-month period after Barnes was registered on the National Do Not Call Registry, including but not limited to the period between 10/20/2019 and 01/30/2020. Barnes seeks an amount not less than $594,000 for at least 396 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $594,000 for at least 396 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Barnes seeks an amount not less than $198,000 for at least 396 negligent violations of 47 U.S.C. § 227(b), and $198,000 for at least 396 negligent violations of 47 U.S.C. § 227(c).

131.    Richard Bartlett is retired. He personally owned and used the cellular phone number xxx-xxx-4816, which is a flip phone. This number is a residential telephone subscription and was Bartlett's only phone, which he pays for out of his personal bank account and which he used for all his home and personal calls. On 9/20/2005, Bartlett registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Bartlett's original Complaint was filed), GoSmith sent Bartlett at least 780 telemarketing text messages at this number, sending texts on a daily basis. Bartlett was constantly interrupted and the calls and texts were dangerous because of the nature of Bartlett's work. He would have to open the flip phone to view the message or answer the call, without knowing whether it was GoSmith or a legitimate call, even when he was up on scaffolding or under a house on a job. Bartlett told GoSmith to stop texting him and told GoSmith he had more business than he could handle, but GoSmith kept texting Bartlett, sending him texts asking if he wanted information about "so-called possible customers in my area needing work to be done." Bartlett

had no interest in their leads, but GoSmith would not stop sending him texts trying to sell him their information. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bartlett within a 12-month period after Bartlett was registered on the National Do Not Call Registry, including but not limited to the period between 9/21/2016 and 9/21/2017. Bartlett seeks an amount not less than $1,170,000 for at least 780 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,170,000 for at least 780 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bartlett seeks an amount not less than $390,000 for at least 780 negligent violations of 47 U.S.C. § 227(b), and not less than $390,000 for at least 780 negligent violations of 47 U.S.C. § 227(c).

132.    Jim Bartlett personally owns and uses the cellular phone number xxx-xxx-5407. This number is a residential telephone subscription. On 8/26/2009, Bartlett registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Bartlett's original Complaint was filed), GoSmith sent Bartlett at least 46 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bartlett within a 12-month period after Bartlett was registered on the National Do Not Call Registry, including but not limited to the period between 5/25/2016 and 5/25/2017. Bartlett seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. §

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bartlett seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(b), and not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c).

133.    Jeffrey Basa personally owns and uses the cellular phone number xxx-xxx-0130. This number is a residential telephone subscription and is Basa's only phone. He uses it for all his personal calls and also takes calls with it for his home-based business. In the four years preceding 01/30/2020 (the date Basa's original Complaint was filed), GoSmith sent Basa at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Basa seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Basa seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

134.    Danny Bashaw personally owns and uses the cellular phone number xxx-xxx-0650. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Bashaw's original Complaint was filed), GoSmith sent Bashaw at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bashaw seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

47 U.S.C. § 227(c). Alternatively, Bashaw seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

135.     Andre Baskett personally owns and uses the cellular phone number xxx-xxx-1927. This number is a residential telephone subscription. On 7/31/2005, Baskett registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Baskett's original Complaint was filed), GoSmith sent Baskett at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Baskett within a 12-month period after Baskett was registered on the National Do Not Call Registry, including but not limited to the period between 6/17/2017 and 7/24/2017. Baskett seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Baskett seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

136.     Christopher Bass personally owns and uses the cellular phone number xxx-xxx-6693. This number is a residential telephone subscription on a personal cell phone plan with Bass's cellphone provider. Bass made all his personal calls on the phone and also occasionally took real estate calls from clients and vendors on his phone. On 6/23/2017, Bass registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Bass's original Complaint was filed), GoSmith sent Bass at least 121 telemarketing text messages and phone calls, a minimum of 2 each week at this number, sometimes more.

GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bass within a 12-month period after Bass was registered on the National Do Not Call Registry, including but not limited to the period between 8/22/2017 and 8/22/2018. Bass seeks an amount not less than $181,500 for at least 121 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $181,500 for at least 121 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bass seeks an amount not less than $60,500 for at least 121 negligent violations of 47 U.S.C. § 227(b), and not less than $60,500 for at least 121 negligent violations of 47 U.S.C. § 227(c).

137.     Joseph Bauschelt personally owns and uses the cellular phone number xxx-xxx-1253. This number is a residential telephone subscription and is Bauschelt's only phone. It is paid for by his business and he does take business calls on this phone, but it is the only phone he has and he takes all of his personal calls on this phone and keeps it with him at all times, charging it at night in his home. In the four years preceding 01/30/2020 (the date Bauschelt's original Complaint was filed), GoSmith sent Bauschelt at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bauschelt seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bauschelt seeks an amount not less

than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and $3,500 for at least 7

negligent violations of 47 U.S.C. § 227(c)

138.    Cesar Bautista personally owns and uses the cellular phone number xxx-xxx-

0705. This number is a residential telephone subscription. In the four years preceding

4/30/2020 (the date Bautista's original Complaint was filed), GoSmith sent Bautista at least 22

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bautista seeks an

amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Bautista seeks an amount not less than $11,000 for at least

22 negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22

negligent violations of 47 U.S.C. § 227(c).

139.    Richard Bayhan personally owns and uses the cellular phone number xxx-xxx-

1683. This number is a residential telephone subscription and is Bayhan's personal phone.

Bayhan has 2 other lines he uses in his business, and this number is his personal cellphone. In

the four years preceding 4/27/2020 (the date Bayhan's original Complaint was filed), GoSmith

sent Bayhan at least 63 telemarketing text messages at this number, at a rate of more than 2 per

week for many months. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bayhan seeks an amount not less than $94,500 for

at least 63 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Bayhan seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Bayhan at least 63 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Bayhan seeks an amount not less than $31,500, attorney's fees, injunctive relief, and treble damages.

140.    Maurice Beale personally owns and uses the cellular phone number xxx-xxx-0639. This number is a residential telephone subscription and is Beale's only phone. While he doesn't make many personal calls, when he does, this is the phone he uses. Beale pays for his phone service out of his personal bank account and has his phone on an individual or family plan. He uses this phone number in his home-based business. In the four years preceding 01/30/2020 (the date Beale's original Complaint was filed), GoSmith sent Beale at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beale seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beale seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

141.    Travis Beard personally owns and uses the cellular phone number xxx-xxx-1803. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Beard's original Complaint was filed), GoSmith sent Beard at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beard seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beard seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

142.    Gregory Beaty personally owns and uses the cellular phone number xxx-xxx-1117. This number is a residential telephone subscription. On 12/8/2004, Beaty registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Beaty's original Complaint was filed), GoSmith sent Beaty at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Beaty within a 12-month period after Beaty was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2017 and 4/27/2018. Beaty seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beaty seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

143.    Alfred Becker personally owns and uses the cellular phone number xxx-xxx-0540. This number is a residential telephone subscription. This is Becker's only phone. He takes all his business calls on this phone (calls relating to his home-based business), but it is his personal cellphone and is the only phone he uses to talk to family and friends. He pays for the

phone plan out of a personal bank account and charges it on his nightstand by his bed every night. In the four years preceding 4/22/2020 (the date Becker's original Complaint was filed), GoSmith sent Becker at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Becker seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Becker seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Becker at least 15 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Becker seeks an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

144.    Matthew Beckman personally owns and uses the cellular phone number xxx-xxx-0390. This number is a residential telephone subscription and is Beckman's only phone number. Beckman makes all his personal calls using this phone. He does use the home office tax credit which includes a portion for business use of a personal phone, but the phone is a personal residential plan through Beckman's phone provider and is paid out of his personal bank account. In the four years preceding 4/28/2020 (the date Beckman's original Complaint was filed), GoSmith sent Beckman at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

47 C.F.R. § 64.1200(d). Beckman seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beckman seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

145.    Kevin Beirne personally owns and uses the cellular phone number xxx-xxx-5143. This number is a residential telephone subscription and Beirne uses this cell phone most of the time, although he does have other phones and numbers for other purposes. Beirne uses this phone for his personal calls to friends and family. In the four years preceding 4/29/2020 (the date Beirne's original Complaint was filed), GoSmith sent Beirne at least 495 telemarketing text messages at this number. GoSmith sent Beirne multiple telemarketing texts daily, both to this phone and to other numbers (which were not included in this calculation - the claims here are only for the texts and calls to the phone number ending in -5143). GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beirne seeks an amount not less than $742,500 for at least 495 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $742,500 for at least 495 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beirne seeks an amount not less than $247,500 for at least 495 negligent violations of 47 U.S.C. § 227(b), and not less than $247,500 for at least 495 negligent violations of 47 U.S.C. § 227(c).

146.    Paul Bennett personally owns and uses the cellular phone number xxx-xxx-5525. This number is a residential telephone subscription and is Bennett's only phone. He uses is for all his personal calls and pays for it out of his personal bank account. He also uses it for occasional business calls. In the four years preceding 4/28/2020 (the date Bennett's original Complaint was filed), GoSmith sent Bennett at least 671 telemarketing text messages at this

number, often 3 or 4 texts a day for several weeks, then nothing for a week, then multiple texts a day again. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bennett seeks an amount not less than $1,006,500 for at least 671 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,006,500 for at least 671 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bennett seeks an amount not less than $335,500 for at least 671 negligent violations of 47 U.S.C. § 227(b), and not less than $335,500 for at least 671 negligent violations of 47 U.S.C. § 227(c).

147.    Alyssa Bentley personally owns and uses the cellular phone number xxx-xxx-9092. This number is a residential telephone subscription and is Bentley's only phone. It is her personal cellphone, and she pays for it with her personal bank account, uses it to talk to family and friends, and plays games on it. She does occasionally take business calls on this phone, related to her home-based business. In the four years preceding 4/22/2020 (the date Bentley's original Complaint was filed), GoSmith sent Bentley at least 35 telemarketing text messages at this number. After the first message in 2016, Bently replied "no thank you" but GoSmith continued sending "leads" they wanted her to purchase. Bentley researched the company and discovered they had very bad reviews and ratings online and would not purchase their leads. She was annoyed that GoSmith was wasting her time. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bentley seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

47 U.S.C. § 227(c). Alternatively, Bentley seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Bentley at least 35 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Bentley seeks an amount not less than $17,500, attorney's fees, injunctive relief, and treble damages.

148.    Robert Bergkessel personally owns and uses the cellular phone number xxx-xxx-0011. This number is a cellphone that Bergkessel uses primarily for business. In the four years preceding 11/18/2020 (the date Bergkessel's original Complaint was filed), GoSmith sent Bergkessel at least 376 telemarketing text messages and phone calls at this number, at a rate of almost 2 per day. GoSmith also emailed Bergkessel, attempting to solicit him by email. Bergkessel asked GoSmith several times not to contact him, but they never stopped. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bergkessel seeks an amount not less than $564,000 for at least 376 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Bergkessel seeks an amount not less than $188,000 for at least 376 negligent violations of 47 U.S.C. § 227(b).

149.    Chris Beschen personally owns and uses the cellular phone number xxx-xxx-0719. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Beschen's original Complaint was filed), GoSmith sent Beschen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beschen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beschen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

150.   Luke Beyer personally owns and uses the cellular phone number xxx-xxx-5962. This number is a residential telephone subscription and is Beyer's personal cellphone. He uses it to make all his personal calls. In the four years preceding 4/24/2020 (the date Beyer's original Complaint was filed), GoSmith sent Beyer at least 240 telemarketing text messages at this number. GoSmith sent Beyer between one to two texts per day and called him at least twice a day for about 8 months, asking Beyer to purchase their leads. Beyer experienced extreme frustration and annoyance, as well as lost time and productivity as a result of GoSmith's constant harassment. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beyer seeks an amount not less than $360,000 for at least 240 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $360,000 for at least 240 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beyer seeks an amount not less than $120,000 for at least 240 negligent violations of 47 U.S.C. § 227(b), and not less than $120,000 for at least 240 negligent violations of 47 U.S.C. § 227(c).

151.   Rick Bigham personally owns and uses the cellular phone number xxx-xxx-2176. This number is a residential telephone subscription. On 3/25/2015, Bigham registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Bigham's original Complaint was filed), GoSmith sent Bigham at least 8 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bigham within a 12-month period after Bigham was registered on the National Do Not Call Registry, including but not limited to the period between 6/11/2016 and 6/11/2017. Bigham seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bigham seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

152.    Robert Billings personally owns and uses the cellular phone number xxx-xxx-6452. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Billings's original Complaint was filed), GoSmith sent Billings at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Billings seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Billings seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

153.     Eric Billman personally owns and uses the cellular phone number xxx-xxx-9708. This number is a residential telephone subscription and is Billman's personal cellphone which he uses to make his personal calls. In the four years preceding 4/30/2020 (the date Billman's original Complaint was filed), GoSmith sent Billman at least 61 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Billman seeks an amount not less than $91,500 for at least 61 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $91,500 for at least 61 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Billman seeks an amount not less than $30,500 for at least 61 negligent violations of 47 U.S.C. § 227(b), and not less than $30,500 for at least 61 negligent violations of 47 U.S.C. § 227(c).

154.     George Binion personally owns and uses the cellular phone number xxx-xxx-6532. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Binion's original Complaint was filed), GoSmith sent Binion at least 83 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Binion seeks an amount not less than $124,500 for at least 83 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $124,500 for at least 83 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Binion seeks an amount not less than $41,500 for at least 83 negligent violations of 47 U.S.C. § 227(b), and not less than $41,500 for at least 83 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Binion at least 83 commercial text

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Binion seeks an amount not less than $41,500, attorney's fees, injunctive relief, and treble damages.

155.    Jesse Bird personally owns and uses the cellular phone number xxx-xxx-7386. This number is a residential telephone subscription. This is Bird's personal cell phone, which he subscribes to under a personal or family plan and pays for out of his personal bank account. He uses this phone, and only this phone, to talk to his family and friends. He carries it with him and charges it on his nightstand by his bed at home. In the four years preceding 1/30/2020 (the date Bird's original Complaint was filed), GoSmith sent Bird at least 2 telemarketing text messages per a week, sometimes more. The telemarketing messages were always for construction or maintenance type jobs. However, Bird is an information technology specialist, and his business is Bird's PC Sales. Bird informed GoSmith that he worked in computer repairs, asked why they kept contacting him, and repeatedly asked GoSmith to stop bothering him and to put his number on their internal Do Not Call list. The telemarketing texts kept coming. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bird seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bird seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(b), and not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(c).

156.    Sam Bischof personally owns and uses the cellular phone number xxx-xxx-4764. This number is a residential telephone subscription and is Bischof's personal cell phone. He uses it to make all his personal calls to friends and family and also takes occasional business calls related to his home-based business on this number. It is Bischof's only phone, and he pays

for it out of his personal bank account and charges it in his room at night. In the four years preceding 4/21/2020 (the date Bischof's original Complaint was filed), GoSmith sent Bischof at least 3 telemarketing text messages at this number, all in only two days. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bischof seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bischof seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

157.    Narottam Bishop personally owns and uses the cellular phone number xxx-xxx-1080. This number is a residential telephone subscription and is Bishop's only phone. It is a cellphone and is the only phone he uses to talk to family and friends. He pays for it out of his personal bank account and it is on an individual or family plan, not a business plan. On 6/2/2009, Bishop registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Bishop's original Complaint was filed), GoSmith sent Bishop 4 to 5 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bishop within a 12-month period after Bishop was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Bishop seeks an amount not less than $480,000 for at least

320 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $480,000 for at least 320 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bishop seeks an amount not less than $160,000 for at least 320 negligent violations of 47 U.S.C. § 227(b), and not less than $160,000 for at least 320 negligent violations of 47 U.S.C. § 227(c).

158.     Dean Blades personally owns and uses the cellular phone number xxx-xxx-8358. This number is a residential telephone subscription. On 9/2/2003, Blades registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Blades's original Complaint was filed), GoSmith sent Blades at least one telemarketing text message every two weeks at this number over at least seven weeks. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blades within a 12-month period after Blades was registered on the National Do Not Call Registry, including but not limited to the period between 5/31/2017 and 7/19/2017. Blades seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Blades seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

159.     Ronald Blakey personally owns and uses the cellular phone number xxx-xxx-4715. This number is a residential telephone subscription and is Blake's only phone. This is the only phone he uses to contact family and friends. He pays for it out of his personal bank account and it is an individual plan, not a business plan, with his phone provider. He keeps this cellphone with him at all times and charges it on his nightstand at night. On 10/21/2008,

Blakey registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Blakey's original Complaint was filed), GoSmith sent Blakey at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blakey within a 12-month period after Blakey was registered on the National Do Not Call Registry, including but not limited to the period between 5/18/2017 and 11/21/2017. Blakey seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Blakey seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

160.     Joseph Blay personally owns and uses the cellular phone number xxx-xxx-7446. This number is a residential telephone subscription and Blay uses it for both personal calls and business calls related to his home-based business. On 12/16/2004, Blay registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Blay's original Complaint was filed), GoSmith sent Blay at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blay within a 12-month period after Blay was registered on the National Do Not Call Registry,

including but not limited to the period between 5/4/2017 and 7/25/2017. Blay seeks an amount

not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and

an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Blay seeks an amount not less than $5,000 for at least 10 negligent

violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of

47 U.S.C. § 227(c).

161.    Ryan Blekkenk personally owns and uses the cellular phone number xxx-xxx-

0124. This number is a residential telephone subscription. In the four years preceding

4/24/2020 (the date Blekkenk's original Complaint was filed), GoSmith sent Blekkenk at least

41 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Blekkenk seeks

an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $61,500 for at least 41 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Blekkenk seeks an amount not less than $20,500 for at least

41 negligent violations of 47 U.S.C. § 227(b), and not less than $20,500 for at least 41

negligent violations of 47 U.S.C. § 227(c).

162.    Seth Bockholt personally owns and uses the cellular phone number xxx-xxx-

9951. This number is a residential telephone subscription. On 2/8/2007, Bockholt registered

this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the

date Bockholt's original Complaint was filed), GoSmith sent Bockholt at least 2 telemarketing

text messages at this number. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47

C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

instituting procedures that meet the minimum standards required for telemarketing in violation

PLAINTIFFS' AMENDED COMPLAINT          - 68 -          **LawHQ, LLC**
2:2020-CV-00604-RSL                                    299 S Main St SLC, UT 84111
                                                       385-285-1090 ext. 30007

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bockholt within a 12-month period after Bockholt was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Bockholt seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bockholt seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

163.    Andrew Boelman personally owns and uses the cellular phone number xxx-xxx-8329. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Boelman's original Complaint was filed), GoSmith sent Boelman at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boelman seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boelman seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

164.    Marissa Bond personally owns and uses the cellular phone number xxx-xxx-4515. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Bond's original Complaint was filed), GoSmith sent Bond at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bond seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bond seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Bond at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Bond seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

165.    Brian Bondi personally owns and uses the cellular phone number xxx-xxx-5253. This number is a residential telephone subscription and this is Bondi's only phone. He uses it for all his personal calls as well as business calls related to his home-based business. On 02/09/2018, Bondi registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Bondi's original Complaint was filed), GoSmith sent Bondi at least 2 telemarketing text messages per day at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bondi within a 12-month period after Bondi was registered on the National Do Not Call Registry, including but not limited to the period between 02/09/2018 and 02/09/2019. Bondi seeks an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bondi seeks an amount not less than

$123,000 for at least 246 negligent violations of 47 U.S.C. § 227(b), and $123,000 for at least 246 negligent violations of 47 U.S.C. § 227(c).

166.    Brenda Booth personally owns and uses the cellular phone number xxx-xxx-2027. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Booth's original Complaint was filed), GoSmith sent Booth at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Booth seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Booth seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

167.    Russ Borne personally owns and uses the cellular phone number xxx-xxx-6999. On 2/1/2008, Borne registered this number on the National Do Not Call Registry.  This number now forwards to Borne's only phone, a cell phone, where he takes all calls (both personal calls and calls related to his home-based business, Pyro Plus Construction). In the four years preceding 4/27/2020 (the date Borne's original Complaint was filed), GoSmith sent Borne at least 30 telemarketing text messages at this number. On information and belief, Borne believes the actual number to be much greater, having received so many spam calls and texts from GoSmith that he called it "pathetic." GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

Borne within a 12-month period after Borne was registered on the National Do Not Call Registry, including but not limited to the period between 10/31/2016 and 8/4/2017. Borne seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Borne seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(b), and not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(c).

168.    Donovan Borntrager personally owns and uses the cellular phone number xxx-xxx-3228. This number is a residential telephone subscription and belongs to Borntrager's personal cellphone, which he carries with him 7 days a week. He pays for it out of his personal bank account and this is the only number he uses to call family and friends. It is on an individual or family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Borntrager's original Complaint was filed), GoSmith sent Borntrager at least 35 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Borntrager seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Borntrager seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c).

169.    Chris Bosman personally owns and uses the cellular phone number xxx-xxx-2036. This number is a residential telephone subscription. On 4/6/2012, Bosman registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Bosman's original Complaint was filed), GoSmith sent Bosman at least 4 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bosman within a 12-month period after Bosman was registered on the National Do Not Call Registry, including but not limited to the period between 6/12/2017 and 6/12/2018. Bosman seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bosman seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

170.    Christopher Bouthner personally owns and uses the cellular phone number xxx-xxx-5227. This number is a residential telephone subscription and is Bouthner's only phone. This is the only number he has and is the phone he keeps on his person at all times. It is the same number he uses to make all his personal calls. He also takes business calls relating to his home-based business at this number. In the four years preceding 4/21/2020 (the date Bouthner's original Complaint was filed), GoSmith sent Bouthner at least 985 telemarketing text messages at this number. GoSmith sent Bouthner an average of 5-6 telemarketing text messages and calls each week, and sometimes sent as many as two per day. Bouthner tried to return GoSmith's calls to tell them to stop contacting him, but no one ever answered his calls to the same numbers from which they had called and texted him, indicating that an automatic service was texting and calling him instead of someone placing manual calls or texts. In addition, Bouthner replied to many of GoSmith's texts, asking them to stop texting him and telling GoSmith he was not interested in their service, but the texts and calls did not stop until Bouthner filed this suit, but Bouthner suffered years of irritation and annoyance. GoSmith

knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bouthner seeks an amount not less than $1,477,500 for at least 985 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,477,500 for at least 985 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bouthner seeks an amount not less than $492,500 for at least 985 negligent violations of 47 U.S.C. § 227(b), and not less than $492,500 for at least 985 negligent violations of 47 U.S.C. § 227(c).

171.    Gary Bowlby personally owns and uses the cellular phone number xxx-xxx-9060. This number is a residential telephone subscription that is Bowlby's only phone. He uses it for all his personal calls and the business calls relating to his home-based business, which he pays for with both his personal and business funds. On 11/12/2004, Bowlby registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Bowlby's original Complaint was filed), GoSmith sent Bowlby at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bowlby within a 12-month period after Bowlby was registered on the National Do Not Call Registry, including but not limited to the period between 5/6/2017 and 7/21/2017. Bowlby seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bowlby seeks an amount not less than $1,500 for at least 3 negligent

violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

172.    James Bowlin personally owns and uses the cellular phone number xxx-xxx-5759. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Bowlin's original Complaint was filed), GoSmith sent Bowlin at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bowlin seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bowlin seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

173.    Alex Boychenko personally owns and uses the cellular phone number xxx-xxx-0367. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Boychenko's original Complaint was filed), GoSmith sent Boychenko at least 489 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boychenko seeks an amount not less than $733,500 for at least 489 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $733,500 for at least 489 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boychenko seeks an amount not less than $244,500 for at least 489 negligent violations of 47 U.S.C. § 227(b), and not less than $244,500 for at least 489 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Boychenko at least 489

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Boychenko seeks an amount not less than $244,500, attorney's fees, injunctive relief, and treble damages.

174.     James Boyd personally owns and uses the cellular phone number xxx-xxx-5743. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Boyd's original Complaint was filed), GoSmith sent Boyd at least 519 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boyd seeks an amount not less than $778,500 for at least 519 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $778,500 for at least 519 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boyd seeks an amount not less than $259,500 for at least 519 negligent violations of 47 U.S.C. § 227(b), and not less than $259,500 for at least 519 negligent violations of 47 U.S.C. § 227(c).

175.     Heather Boyd personally owns and uses the cellular phone number xxx-xxx-9156. This number is a residential telephone subscription that is Boyd's personal and only phone. It is the phone she uses exclusively when calling friends and family and she pays for it out of her personal bank account. In the four years preceding 4/28/2020 (the date Boyd's original Complaint was filed), GoSmith sent Boyd at least 180 telemarketing text messages and telemarketing calls at this number. GoSmith called and texted Boyd almost daily. When Boyd politely asked them to stop calling, the individual who called would simply hang up on her. One person called her vulgar names, which shocked Boyd greatly. Boyd tried to block the numbers GoSmith's calls and texts were coming from in an attempt to stop the calls. However, they would just call or text from another number. Boyd believes the numbers were "spoofed" as the prefix they called or texted from was often the same as her own prefix, which made it

appear to be a local call when it was not. GoSmith knowingly and willfully sent these text messages and made phone calls to Boyd using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages  and placed these calls to Boyd without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boyd seeks an amount not less than $270,000 for at least 180 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $270,000 for at least 180 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boyd seeks an amount not less than $90,000 for at least 180 negligent violations of 47 U.S.C. § 227(b), and not less than $90,000 for at least 180 negligent violations of 47 U.S.C. § 227(c).

176.    Ryan Boyer personally owns and uses the cellular phone number xxx-xxx-1565. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Boyer's original Complaint was filed), GoSmith sent Boyer at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boyer seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boyer seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

177.    Brett Boyer personally owns and uses the cellular phone number xxx-xxx-9550. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Boyer's original Complaint was filed), GoSmith sent Boyer at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boyer seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boyer seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

178.    Mark Bradley personally owns and uses the cellular phone number xxx-xxx-9368. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Bradley's original Complaint was filed), GoSmith sent Bradley at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bradley seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bradley seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).Finally, GoSmith sent Bradley at least 13 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Bradley seeks an amount not less than $6,500, attorney's fees, injunctive relief, and treble damages.

179.    Shawn Braley Sr. personally owns and uses the cellular phone number xxx-xxx-8278. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Braley Sr.'s original Complaint was filed), GoSmith sent Braley Sr. at least 38 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Braley Sr. seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Braley Sr. seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(b), and not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

180.    Nicole Briggs personally owns and uses the cellular phone number xxx-xxx-2799. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Briggs's original Complaint was filed), GoSmith sent Briggs at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Briggs seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Briggs seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

181.    Richard Brown personally owns and uses the cellular phone number xxx-xxx-2328. This number is a residential telephone subscription. On 1/6/2015, Brown registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Brown's original Complaint was filed), GoSmith sent Brown at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Brown within a 12-month period after Brown was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 6/22/2018. Brown seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Brown seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

182.    Robert Brown personally owns and uses the cellular phone number xxx-xxx-8405. This number is a residential telephone subscription and it is Brown's only phone. He takes all of his calls with this phone (including business calls for his home-based business), but it is his only phone and it is the phone he uses exclusively when talking with family and friends. He pays for it out of his personal bank account and it is on a personal or family plan with his cellphone service provider. He carries it with him daily and charges it in his room at night. In the four years preceding 1/30/2020 (the date Brown's original Complaint was filed), GoSmith sent Brown at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Brown seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Brown seeks an amount not less

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

183.    Mark Brown personally owns and uses the cellular phone number xxx-xxx-0432. This number is a residential telephone subscription that Brown registered on the National Do Not Call Registry on 2/3/2006. In the four years preceding 4/27/2020 (the date Brown's original Complaint was filed), GoSmith sent Brown at least 7 telemarketing text messages to his cellphone at this number. GoSmith knowingly and willfully sent those text messages (and others) using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Brown within a 12-month period after Brown was registered on the National Do Not Call Registry, including but not limited to the period between 7/3/2017 and 7/3/2018. Brown seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Brown seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Brown at least 7 commercial text messages in violation of RCW 19,190.060, for which Brown seeks an amount not less than $3,500. Finally, GoSmith sent Brown at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Brown seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

184.    Zachary Brown personally owns and uses the cellular phone number xxx-xxx-5519. This number is a residential telephone subscription and is Brown's personal cellphone, which he uses when talking with family and friends. He keeps it with him and charges it in his home at night. He may use this cellphone to take business calls related to his home-based business, but it is his personal phone which he pays for out of his personal bank account. In the four years preceding 4/24/2020 (the date Brown's original Complaint was filed), GoSmith sent

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Brown at least 105 telemarketing text messages and an unknown number of telemarketing calls at this number, contacting Brown several times throughout each week. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Brown seeks an amount not less than $157,500 for at least 105 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $157,500 for at least 105 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Brown seeks an amount not less than $52,500 for at least 105 negligent violations of 47 U.S.C. § 227(b), and not less than $52,500 for at least 105 negligent violations of 47 U.S.C. § 227(c).

185.     Tracy Browning personally owns and uses the cellular phone number xxx-xxx-1271. This number is a residential telephone subscription. It is Browning's personal cellphone and is strictly for personal use. In the four years preceding 4/27/2020 (the date Browning's original Complaint was filed), GoSmith sent Browning at least 18 telemarketing text messages and an unknown number of telemarketing calls to her cellphone at this number. Browning does not know why GoSmith was contacting her, as she did not request the calls or texts and never gave consent to be contacted by GoSmith. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Browning seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Browning seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

186.    Dan Brubaker personally owns and uses the cellular phone number xxx-xxx-4470. This number is Brubaker's cell phone and is used for all the calls relating to his home-based business. In the four years preceding 1/30/2020 (the date Brubaker's original Complaint was filed), GoSmith sent Brubaker at least 2 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Brubaker seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Brubaker seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b).

187.    Sky Bruch personally owns and uses the cellular phone number xxx-xxx-1795. This number is a residential telephone subscription. On 11/9/2007, Bruch registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Bruch's original Complaint was filed), GoSmith sent Bruch at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bruch within a 12-month period after Bruch was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Bruch seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bruch seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent

violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Bruch at least 12 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Bruch seeks an amount not less than $6,000, attorney's fees, injunctive relief, and treble damages.

188.    William Bryant personally owns and uses the cellular phone number xxx-xxx-2867. This number is a residential telephone subscription and is Bryant's only phone. He keeps this phone with him at all times, charging it in his bedroom at night. Bryant pays for this cellphone out of his personal bank account and this phone is on a personal or family plan with his phone service provider. He uses this phone for all his personal calls. In the four years preceding 1/30/2020 (the date Bryant's original Complaint was filed), GoSmith sent Bryant at least 2 telemarketing text messages and an unknown number of telemarketing calls to his cellphone at this number. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bryant seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bryant seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

189.    Eli Buchmiller personally owns and uses the cellular phone number xxx-xxx-8355. This number is a residential telephone subscription. On 2/3/2009, Buchmiller registered this number on the National Do Not Call Registry. In the four years preceding 4/24/2020 (the date Buchmiller's original Complaint was filed), GoSmith sent Buchmiller at least 11 telemarketing text messages and an unknown number of telemarketing calls to Buchmiller's cellphone at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Buchmiller within a 12-month period after Buchmiller was registered on the National Do Not Call Registry, including but not limited to the period between 3/1/2017 and 9/21/2017. Buchmiller seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Buchmiller seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

190. Jon Buck personally owns and uses the cellular phone number xxx-xxx-2746. This number is a residential telephone subscription. This phone number is Buck's cellphone number. It is his only phone and he uses it for all his personal calls to family and friends, as well as in calls relating to his home-based business. In the four years preceding 4/22/2020 (the date Buck's original Complaint was filed), GoSmith sent Buck at least 70 telemarketing text messages and an unknown number of telemarketing calls to his cellphone at this number. GoSmith called and texted Buck at least 20 times a month for several months, enough that Buck found the calls harassing and "super annoying." Buck tried to get the calls and texts to stop, to no avail. GoSmith would not relent, despite his repeated requests and attempts to stop the texts and calls. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Buck seeks an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(b), and an

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Buck seeks an amount not less than $35,000 for at least 70 negligent

violations of 47 U.S.C. § 227(b), and not less than $35,000 for at least 70 negligent violations

of 47 U.S.C. § 227(c).

191.    Erik Buj personally owns and uses the cellular phone number xxx-xxx-4423. This

number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date

Buj's original Complaint was filed), GoSmith and/or Porch sent Buj at least 1-2 telemarketing

text messages per day at this number. They have continued to send Buj messages at this

number even after Buj filed this suit. GoSmith and Porch knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii). GoSmith and Porch knowingly and willfully sent these text messages

without instituting procedures that meet the minimum standards required for telemarketing in

violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Buj seeks an amount not less than

$3,135,000 for at least 2,090 knowing and willful violations of 47 U.S.C. § 227(b), and an

amount not less than $3,135,000 for at least 2,090 knowing and willful violations of 47 U.S.C.

§ 227(c). Alternatively, Buj seeks an amount not less than $1,045,000 for at least 2,090

negligent violations of 47 U.S.C. § 227(b), and $1,045,000 for at least 2,090 negligent

violations of 47 U.S.C. § 227(c).

192.    Austin Bundy personally owns and uses the cellular phone number xxx-xxx-7855.

This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the

date Bundy's original Complaint was filed), GoSmith sent Bundy at least 5 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bundy seeks an amount not less than $7,500 for at

least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

PLAINTIFFS' AMENDED COMPLAINT          - 86 -          **LawHQ, LLC**
2:2020-CV-00604-RSL                                    299 S Main St SLC, UT 84111
                                                       385-285-1090 ext. 30007

$7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bundy seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Bundy at least 5 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Bundy seeks an amount not less than $2,500, attorney's fees, injunctive relief, and treble damages.

193.    Justin Burgo personally owns and uses the cellular phone number xxx-xxx-7582. This number is a residential telephone subscription and it is Burgo's personal cellphone. He uses this cell phone for all his personal calls and pays for it out of his personal bank account. Burgo also uses this number for calls relating to his home-based business. In the four years preceding 1/30/2020 (the date Burgo's original Complaint was filed), GoSmith sent Burgo at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Burgo seeks an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Burgo seeks an amount not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(b), and not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(c).

194.    James Burk personally owns and uses the cellular phone number xxx-xxx-2424. This number is a residential telephone subscription and is Burk's personal cell phone. He uses this phone for all his personal calls and charges it in his room at night. In the four years preceding 4/22/2020 (the date Burk's original Complaint was filed), GoSmith sent Burk at least 19 telemarketing text messages at this number, sending them on a fairly regular basis, multiple

times a week for months. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Burk seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Burk seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(b), and not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c).

195.    Cornell Burt personally owns and uses the cellular phone number xxx-xxx-6856. This number is a residential telephone subscription. On 6/13/2009, Burt registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Burt's original Complaint was filed), GoSmith sent Burt at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Burt within a 12-month period after Burt was registered on the National Do Not Call Registry, including but not limited to the period between 1/5/2017 and 1/5/2018. Burt seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Burt seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Burt at least 14 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of

1   telephone solicitations in violation of RCW § 80.36.390, for which Burt seeks an amount not

2   less than $7,000, attorney's fees, injunctive relief, and treble damages.

3       196.    Gerald Busby personally owns and uses the cellular phone number xxx-xxx-6994.

4   This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the

5   date Busby's original Complaint was filed), GoSmith sent Busby at least 34 telemarketing text

6   messages at this number. GoSmith knowingly and willfully sent these text messages using an

7   automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

8   § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

9   procedures that meet the minimum standards required for telemarketing in violation of 47

10  U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Busby seeks an amount not less than $51,000 for

11  at least 34 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

12  $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

13  Busby seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. §

14  227(b), and not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

15      197.    Michael Byers personally owns and uses the cellular phone number xxx-xxx-

16  6663. This number is a residential telephone subscription. In the four years preceding

17  4/24/2020 (the date Byers's original Complaint was filed), GoSmith sent Byers at least 49

18  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

19  messages using an automatic telephone dialing system in violation of 47 U.S.C. §

20  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

21  text messages without instituting procedures that meet the minimum standards required for

22  telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Byers seeks an

23  amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. §

24  227(b), and an amount not less than $73,500 for at least 49 knowing and willful violations of

25  47 U.S.C. § 227(c). Alternatively, Byers seeks an amount not less than $24,500 for at least 49

26  negligent violations of 47 U.S.C. § 227(b), and not less than $24,500 for at least 49 negligent

27  violations of 47 U.S.C. § 227(c).

PLAINTIFFS' AMENDED COMPLAINT    - 89 -    **LawHQ, LLC**
2:2020-CV-00604-RSL    299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

198.     William Troy Cain personally owns and uses the cellular phone number xxx-xxx-5566. This number is a residential telephone and is Cain's only phone. It is subscribed to a family plan with his cellphone carrier, which Cain pays for out of his personal bank account, and his wife and children have phones on the same family plan. In the four years preceding 1/30/2020 (the date Cain's original Complaint was filed), GoSmith sent Cain at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cain seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cain seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

199.     Jose Calderonmoller personally owns and uses the cellular phone number xxx-xxx-3779. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Calderonmoller's original Complaint was filed), GoSmith sent Calderonmoller at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Calderonmoller seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Calderonmoller seeks an

amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

200.     Shane Call personally owns and uses the cellular phone number xxx-xxx-4642. This number is a residential telephone subscription and is Call's only phone. Call uses this cellphone for all his personal calls and pays for it out of his personal bank account. Call has a personal or family plan with his cellphone service provider. He keeps it with him at all times and charges it in his room at night. He takes calls related to his home-based business on this phone as well, but it is not a business line. On 12/7/2018, Call registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Call's original Complaint was filed), GoSmith sent Call at least 752 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Call within a 12-month period after Call was registered on the National Do Not Call Registry, including but not limited to the period between 12/7/2018 and 12/7/2019. Call seeks an amount not less than $1,128,000 for at least 752 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,128,000 for at least 752 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Call seeks an amount not less than $376,000 for at least 752 negligent violations of 47 U.S.C. § 227(b), and not less than $376,000 for at least 752 negligent violations of 47 U.S.C. § 227(c).

201.     Allen Campbell personally owns and uses the cellular phone number xxx-xxx-1699. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Campbell's original Complaint was filed), GoSmith sent Campbell at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Campbell seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Campbell seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

202.    Michael Campbell personally owns and uses the cellular phone number xxx-xxx-5427. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Campbell's original Complaint was filed), GoSmith sent Campbell at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Campbell seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Campbell seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

203.    Luis Campuzano personally owns and uses the cellular phone number xxx-xxx-1117. This number is a residential telephone subscription and is Campuzano's personal cell phone. He makes all his personal calls with friends and family with this phone and has a separate phone number that he uses for his business. He does occasionally take business calls on his personal phone, but this is the phone he keeps with him at all times and charges in his

home. In the four years preceding 4/21/2020 (the date Campuzano's original Complaint was filed), GoSmith made at least 629 telemarketing calls and text messages to Campuzano at his personal cell phone at this number. Campuzano was extremely frustrated with these calls and texts, which he did not invite and did not consent to receive from GoSmith. GoSmith made between 7-10 telemarketing calls and texts to Campuzano's personal phone each week. GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and made these calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Campuzano seeks an amount not less than $943,500 for at least 629 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $943,500 for at least 629 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Campuzano seeks an amount not less than $314,500 for at least 629 negligent violations of 47 U.S.C. § 227(b), and not less than $314,500 for at least 629 negligent violations of 47 U.S.C. § 227(c).

204.     Amiee Cannon personally owns and uses the cellular phone number xxx-xxx-4952. This number is a residential telephone subscription, which is on a personal plan with Cannon's cellphone service provider. This is her only phone, which she uses for all her personal calls. Cannon once had a home-based business, but it has been closed for many years now. In the four years preceding 4/28/2020 (the date Cannon's original Complaint was filed), GoSmith sent Cannon at least 20 telemarketing text messages and an unknown number of telemarketing calls at this number, without Cannon's permission, consent, or invitation. Cannon told GoSmith to stop calling and texting her, but GoSmith would not stop and kept annoying her. GoSmith knowingly and willfully sent these text messages and made these calls to Cannon using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and made these calls to Cannon without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cannon seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cannon seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

205.    Jose Cardona personally owns and uses the cellular phone number xxx-xxx-5696. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Cardona's original Complaint was filed), GoSmith sent Cardona at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cardona seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cardona seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Cardona at least 23 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Cardona seeks an amount not less than $11,500, attorney's fees, injunctive relief, and treble damages.

206.    Richard Keith Carlson personally owns and uses the cellular phone number xxx-xxx-4916. This number is a residential telephone subscription that is on a personal or family plan with Carlson's cellphone service provider. Carlson uses this phone for all his personal calls and carries the cellphone with him at all times. He charges it every night in his bedroom. He also takes calls related to his home-based business with this phone and his business pays for

the service as a benefit. In the four years preceding 01/30/2020 (the date Carlson's original Complaint was filed), GoSmith sent Carlson at least 25 telemarketing text messages and made an unknown number of telemarketing calls to Carlson's personal cellphone at this number. Upon information and belief, the actual number of calls and texts is much, much higher. Carlson could not get the calls and texts from GoSmith to stop, and on 05/26/2018, Carlson registered this number on the National Do Not Call Registry. GoSmith continued to call and text him despite his presence on the Do Not Call Registry. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Carlson within a 12-month period after Carlson was registered on the National Do Not Call Registry, including but not limited to the period between 05/26/2018 and 05/26/2019. Carlson seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Carlson seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(b), and $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

207.    Wade Carlson personally owns and uses the cellular phone number xxx-xxx-7349. This number is a residential telephone subscription and is Carlson's only phone. He does take calls related to his home-based business on this number, but it is his only number and the one he uses exclusively in all his personal calls. He keeps the phone with him and charges it in his room at night. He pays for it out of his personal bank account. In the four years preceding 4/22/2020 (the date Carlson's original Complaint was filed), GoSmith sent Carlson at least 17 telemarketing text messages at this number. In fact, almost all the telemarketing messages were received within a two-week period, and GoSmith texted Carlson two to three times a day

during that period, causing Carlson serious frustration, especially when he researched the company and realized they sold fraudulent leads. Carlson believes he did not receive more calls and texts only because he blocked every number GoSmith attempted to text him with. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Carlson seeks an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Carlson seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(b), and not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Carlson at least 17 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Carlson seeks an amount not less than $8,500, attorney's fees, injunctive relief, and treble damages.

208.    Mike Carpenter personally owns and uses the cellular phone number xxx-xxx-6082. This number is a residential telephone subscription and, at the time of the violations, belonged to Carpenter's personal cell phone, on which he made all his personal calls. In the four years preceding 4/22/2020 (the date Carpenter's original Complaint was filed), GoSmith sent Carpenter at least 7 telemarketing text messages and an unknown number of telemarketing calls to his personal cell phone at this number (in fact, in a space of just a few months). GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and made these calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Carpenter seeks

an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47

U.S.C. § 227(c). Alternatively, Carpenter seeks an amount not less than $3,500 for at least 7

negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent

violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Carpenter at least 7 commercial text

messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined

number of telephone solicitations in violation of RCW § 80.36.390, for which Carpenter seeks

an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

209.    Sam Carr personally owns and uses the cellular phone number xxx-xxx-7552.

This is Carr's only phone and the number is a residential telephone subscription, which Carr

pays for  under a personal or family plan with his cellphone service provider. He carries the

phone on his person and makes all his personal calls with this number. In the four years

preceding 01/30/2020 (the date Carr's original Complaint was filed), GoSmith sent Carr at least

5 telemarketing text messages and an unknown number of telemarketing calls to Carr's

personal cellphone at this number. GoSmith knowingly and willfully sent these text messages

and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages and made these

calls without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Carr seeks an

amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Carr seeks an amount not less than $2,500 for at least 5 negligent

violations of 47 U.S.C. § 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. §

227(c).

210.    Saul Carrasco personally owns and uses the cellular phone number xxx-xxx-0189.

This number is a residential telephone subscription. On 6/30/2003, Carrasco registered this

number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Carrasco's original Complaint was filed), GoSmith sent Carrasco at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Carrasco within a 12-month period after Carrasco was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Carrasco seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Carrasco seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

211.    Josh Carrion personally owns and uses the cellular phone number xxx-xxx-8500. This number is a residential telephone subscription. On 2/12/2019, Carrion registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Carrion's original Complaint was filed), GoSmith sent Carrion at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Carrion within a 12-month period after Carrion was registered on the National Do Not Call Registry, including but not limited to the period between 2/12/2019 and 1/30/2020. Carrion seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. §

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Carrion seeks an amount not less than $15,500 for at least 31

negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent

violations of 47 U.S.C. § 227(c).

212.     Anthony Carty personally owns and uses the cellular phone number xxx-xxx-

6946. This number is a residential telephone subscription that Carty also uses in his home-

based business. In the four years preceding 4/22/2020 (the date Carty's original Complaint was

filed), GoSmith sent Carty at least 200 telemarketing text messages at this number. GoSmith

advertised leads that Carty discovered were fake and/or fraudulent and compared notes with

other individuals he knew who also received the same texts from GoSmith. Carty was

bombarded with texts from GoSmith, which often sent multiple telemarketing texts in a day for

months on end. If Carty blocked the numbers GoSmith sent the text messages from, GoSmith

would start texting Carty from a new number. Carty remembers receiving over 5 telemarketing

text messages from GoSmith in a single day and cannot remember a day going by without

receiving a text from GoSmith, despite his multiple efforts to get them to stop contacting him.

GoSmith knowingly and willfully sent these text messages using an automatic telephone

dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).

GoSmith knowingly and willfully sent these text messages without instituting procedures that

meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

47 C.F.R. § 64.1200(d). Carty seeks an amount not less than $300,000 for at least 200 knowing

and willful violations of 47 U.S.C. § 227(b), and an amount not less than $300,000 for at least

200 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Carty seeks an

amount not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(b), and

not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c). Finally,

GoSmith sent Carty at least 200 commercial text messages in violation of RCW §§ 19.190.060,

19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of

RCW § 80.36.390, for which Carty seeks an amount not less than $100,000, attorney's fees, injunctive relief, and treble damages.

213.     Alicia Castro personally owns and uses the cellular phone number xxx-xxx-8766. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Castro's original Complaint was filed), GoSmith sent Castro at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Castro seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Castro seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

214.     Darrick Caudill personally owns and uses the cellular phone number xxx-xxx-0379. This number is a residential telephone subscription and is Caudill's only phone number. He uses it for all his personal calls with family and friends and has no other phone. In the four years preceding 4/22/2020 (the date Caudill's original Complaint was filed), GoSmith sent Caudill at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Caudill seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Caudill seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(b), and not less than $27,000 for at least

54 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Caudill at least 54 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Caudill seeks an amount not less than $27,000, attorney's fees, injunctive relief, and treble damages.

215.     Joel Cerv personally owns and uses the cellular phone number xxx-xxx-1666. This number is a residential telephone subscription. On 7/18/2007, Cerv registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Cerv's original Complaint was filed), GoSmith sent Cerv at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cerv within a 12-month period after Cerv was registered on the National Do Not Call Registry, including but not limited to the period between 5/2/2017 and 6/24/2017. Cerv seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cerv seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

216.     Vanessa Cervantes personally owns and uses the cellular phone number xxx-xxx-5999. This number is a residential telephone subscription and is Cervantes's only phone. Cervantes uses this phone number for all her personal calls and keeps it with her at all times. On 10/23/2014, Cervantes registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Cervantes's original Complaint was filed), GoSmith

sent Cervantes at least 788 telemarketing text messages to Cervantes's personal cell phone at this number, texting her 4-5 times a week for years. The calls annoyed Cervantes so much that she often replied 'STOP' to the texts, to no avail. The texts continued. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cervantes within a 12-month period after Cervantes was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Cervantes seeks an amount not less than $1,182,000 for at least 788 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,182,000 for at least 788 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cervantes seeks an amount not less than $394,000 for at least 788 negligent violations of 47 U.S.C. § 227(b), and not less than $394,000 for at least 788 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Cervantes at least 788 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Cervantes seeks an amount not less than $394,000, attorney's fees, injunctive relief, and treble damages.

217.    Nikki (Nick) Chartier personally owns and uses the cellular phone number xxx-xxx-0127. This number is a residential telephone subscription and is Chartier's only phone. He uses it for all his personal calls and also in his home-based business. In the four years preceding 4/28/2020 (the date Chartier's original Complaint was filed), GoSmith sent Chartier at least 70 telemarketing text messages and an unknown number of phone calls to this personal cell phone. GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and

made these calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Chartier seeks an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Chartier seeks an amount not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(b), and not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(c).

218.    Roman Chernichenko personally owns and uses the cellular phone number xxx-xxx-0024. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Chernichenko's original Complaint was filed), GoSmith sent Chernichenko at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Chernichenko seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Chernichenko seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(b), and not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Chernichenko at least 19 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Chernichenko seeks an amount not less than $9,500, attorney's fees, injunctive relief, and treble damages.

219.    Ted Christiansen personally owns and uses the cellular phone number xxx-xxx-1390. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Christiansen's original Complaint was filed), GoSmith sent Christiansen at

least 517 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Christiansen seeks an amount not less than $775,500 for at least 517 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $775,500 for at least 517 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Christiansen seeks an amount not less than $258,500 for at least 517 negligent violations of 47 U.S.C. § 227(b), and not less than $258,500 for at least 517 negligent violations of 47 U.S.C. § 227(c).

220.    Mark Christopherson personally owns and uses the cellular phone number xxx-xxx-7542. This number is a residential telephone subscription. On 9/24/2012, Christopherson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Christopherson's original Complaint was filed), GoSmith sent Christopherson at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Christopherson within a 12-month period after Christopherson was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 6/14/2018. Christopherson seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Christopherson seeks an amount not less than $1,500 for at least 3 negligent

violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

221.    Andre Ciais personally owns and uses the cellular phone number xxx-xxx-0349. This number is a residential telephone subscription. On 1/28/2009, Ciais registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Ciais's original Complaint was filed), GoSmith sent Ciais at least 3 telemarketing text messages at this number, although, upon information and belief, the actual number is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Ciais within a 12-month period after Ciais was registered on the National Do Not Call Registry, including but not limited to the period between 5/5/2016 and 5/5/2017. Ciais seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ciais seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Ciais at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Ciais seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

222.    Cesar Cifuentes personally owns and uses the cellular phone number xxx-xxx-9420. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Cifuentes's original Complaint was filed), GoSmith sent Cifuentes at least 301 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cifuentes seeks an amount not less than $451,500 for at least 301 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $451,500 for at least 301 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cifuentes seeks an amount not less than $150,500 for at least 301 negligent violations of 47 U.S.C. § 227(b), and not less than $150,500 for at least 301 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Cifuentes at least 301 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Cifuentes seeks an amount not less than $150,500, attorney's fees, injunctive relief, and treble damages.

223.    Dino Clark personally owns and uses the cellular phone number xxx-xxx-5544. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Clark's original Complaint was filed), GoSmith sent Clark at least 138 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Clark seeks an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clark seeks an amount not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(b), and not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(c).

224.    Pamela Clark personally owns and uses the cellular phone number xxx-xxx-8456. This number is a residential telephone subscription and it is Clark's only telephone number and

her cell phone. Clark pays for this phone out of her personal bank account and charges it on her nightstand at night. She makes all her personal calls using this phone. On 2/13/2008, Clark registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Clark's original Complaint was filed), GoSmith sent Clark at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clark within a 12-month period after Clark was registered on the National Do Not Call Registry, including but not limited to the period between 7/5/2017 and 7/5/2018. Clark seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clark seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

225.    Sean Clarke personally owns and uses the cellular phone number xxx-xxx-0684. This number is a residential telephone subscription  and is Clarke's personal cell phone. In fact, his cellphone service provider does not even offer business subscriptions. He pays for it out of his own account and keeps it with him all the time. Clarke makes his personal calls to family and friends with this phone and also makes calls related to his home-based business with this number. On 10/26/2018, Clarke registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Clarke's original Complaint was filed), GoSmith sent Clarke at least 16 telemarketing text messages at this number. Upon information and belief, the actual number is much higher. Clarke received several text messages a day initially, with a pause of about a week, and then renewed messages the following week. Out of

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 107 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

frustration, Clarke signed up for the Do Not Call Registry, which seemed to have no effect. Clarke then began actively reporting frequent spammers (several numbers which belonged to Defendants) to ftc.gov over a period of 6-8 months. The number of Defendants' violations gradually declined in frequency after he did so. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clarke within a 12-month period after Clarke was registered on the National Do Not Call Registry, including but not limited to the period between 10/26/2018 and 10/26/2019. Clarke seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clarke seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

226.    Charles Clarke personally owns and uses the cellular phone number xxx-xxx-0261. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Clarke's original Complaint was filed), GoSmith sent Clarke at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Clarke seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clarke seeks an amount not less than $3,500 for at least 7

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 108 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

227.     Russell Clegg personally owns and uses the cellular phone number xxx-xxx-5260. This number is a residential telephone subscription and is Clegg's personal cell phone. He pays for it out of his personal account and takes it with him everywhere. Clegg only uses his cellphone to talk to his wife, for emergencies, or for making calls related to his home-based business. In the four years preceding 4/22/2020 (the date Clegg's original Complaint was filed), GoSmith sent Clegg's personal cellphone at least 81 telemarketing text messages. On 8/24/2019, Clegg registered this number on the National Do Not Call Registry, but the messages from GoSmith did not stop. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clegg within a 12-month period after Clegg was registered on the National Do Not Call Registry, including but not limited to the period between 9/24/2019 and 1/30/2020. Clegg seeks an amount not less than $121,500 for at least 81 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $121,500 for at least 81 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clegg seeks an amount not less than $40,500 for at least 81 negligent violations of 47 U.S.C. § 227(b), and not less than $40,500 for at least 81 negligent violations of 47 U.S.C. § 227(c).

228.     Lloyd Clements personally owns and uses the cellular phone number xxx-xxx-6021. This number is a residential telephone subscription. On 6/24/2008, Clements registered this number on the National Do Not Call Registry. In the four years preceding 4/30/2020 (the date Clements's original Complaint was filed), GoSmith sent Clements at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clements within a 12-month period after Clements was registered on the National Do Not Call Registry, including but not limited to the period between 4/30/2016 and 4/30/2017. Clements seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clements seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(b), and not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

229.    Patrick Coco personally owns and uses the cellular phone number xxx-xxx-1333. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Coco's original Complaint was filed), GoSmith sent Coco at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Coco seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Coco seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

230.    Pietro Coco personally owns and uses the cellular phone number xxx-xxx-2436. This number is a residential telephone subscription and is Coco's personal cellphone. Coco has other virtual numbers he uses with apps that forward to his cellphone for business use with his

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

home-based business, which other lines he can distinguish from calls and texts to his personal line. On 01/06/2009, Coco registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Coco's original Complaint was filed), GoSmith sent Coco's personal number at least 2 telemarketing text messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Coco within a 12-month period after Coco was registered on the National Do Not Call Registry, including but not limited to the period between 06/08/2017 and 06/08/2018. Coco seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Coco seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

231.    Chris Cole personally owns and uses the cellular phone number xxx-xxx-4210. This number is a residential telephone subscription and is on an individual plan with Cole's cellphone service provider. It is Cole's only phone and he charges it on his nightstand every night. He pays for it out of the proceeds for his home-based business and when he retires, he will no longer have a personal cell phone. The phone he has now, with the number ending in -4210, is the phone he uses for all his communications. In the four years preceding 01/30/2020 (the date Cole's original Complaint was filed), GoSmith sent Cole at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

§ 64.1200(d). Cole seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cole seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

232.     Nils Coleman personally owns and uses the cellular phone number xxx-xxx-7474. This number is a residential telephone subscription used by Coleman in his home-based business. Coleman pays for this line through his business checking account and lists this as his main business cellphone line on his personal website. In the four years preceding 12/16/2019 (the date Coleman's original Complaint was filed), GoSmith sent Coleman at least 104 telemarketing text messages at this number. Coleman began receiving text messages, at the latest, by early 2018 and received at least one telemarketing text message per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Coleman seeks an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Coleman seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(b).

233.     Don Coleman personally owns and uses the cellular phone number xxx-xxx-0868. This number is a residential telephone subscription. On 8/19/2006, Coleman registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Coleman's original Complaint was filed), GoSmith sent Coleman at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Coleman within a 12-month period after Coleman was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Coleman seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Coleman seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

234.    Joseph Collins personally owns and uses the cellular phone number xxx-xxx-6213. This number is a residential telephone subscription in Collins's name. On 10/24/2008, Collins registered this number on the National Do Not Call Registry. However, in the four years preceding 01/30/2020 (the date Collins's original Complaint was filed), GoSmith sent Collins at least 380 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Collins within a 12-month period after Collins was registered on the National Do Not Call Registry, including but not limited to the period between 06/09/2016 and 06/09/2017. Collins seeks an amount not less than $570,000 for at least 380 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $570,000 for at least 380 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Collins seeks an amount not less than $190,000 for at least 380 negligent violations of 47 U.S.C. § 227(b), and $190,000 for at least 380 negligent violations of 47 U.S.C. § 227(c).

235.     Jeremy Collins personally owns and uses the cellular phone number xxx-xxx-0849. This number is a residential telephone subscription and is Collins's only phone. He pays for this cellphone and its service out of his personal bank account and it is on a personal or family line with his cellphone service provider. He keeps it with him at all times and charges it in his room at night. He makes all personal calls with this phone. In the four years preceding 01/30/2020 (the date Collins's original Complaint was filed), GoSmith sent Collins at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Collins seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Collins seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(b), and $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

236.     Paul Collis personally owns and uses the cellular phone number xxx-xxx-6395. This number is a residential telephone subscription and is Collis's personal cell phone. He has an individual or family plan with his cellphone service provider and uses this phone for all his personal calls in addition to call relating to his home-based business. In the four years preceding 01/30/2020 (the date Collis's original Complaint was filed), GoSmith sent Collis at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Collis seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Collis seeks an amount not less than $15,000 for at least 30 negligent violations

of 47 U.S.C. § 227(b), and $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(c).

237.    Nathan Collord personally owns and uses the cellular phone number xxx-xxx-

9554. This number is a residential telephone subscription. In the four years preceding

4/22/2020 (the date Collord's original Complaint was filed), GoSmith sent Collord at least 22

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Collord seeks an

amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Collord seeks an amount not less than $11,000 for at least 22

negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22 negligent

violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Collord at least 22 commercial text

messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined

number of telephone solicitations in violation of RCW § 80.36.390, for which Collord seeks an

amount not less than $11,000, attorney's fees, injunctive relief, and treble damages.

238.    Michael Compton personally owns and uses the cellular phone number xxx-xxx-

7574. This number is a residential telephone subscription and it is Compton's personal cell

phone. He uses the phone in his home-based business, but it is also the phone he uses for all his

personal calls and is paid for out of his personal bank account. He takes it everywhere with him

and charges it in his room at night. On 05/21/2008, Compton registered this number on the

National Do Not Call Registry. Despite this long history on the Do Not Call Registry, in the

four years preceding 01/30/2020 (the date Compton's original Complaint was filed), GoSmith

sent Compton at least 26 telemarketing text messages at this number. Compton received at

least 2 telemarketing solicitations from GoSmith each week, asking him to buy their leads,

which he never did. Compton has two phone numbers registered to the same personal cell phone. The second number, xxx-xxx-5176, also received telemarketing texts sent by an autodialer from GoSmith, directed at Compton. Compton had registered this second number on the National Do Not Call Registry on 8/19/2015. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to both of Compton's cell phone numbers within a 12-month period after Compton was registered on the National Do Not Call Registry, including but not limited to the period between 05/08/2017 and 05/08/2018. Compton seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Compton seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

239.    Jessica Conde personally owns and uses the cellular phone number xxx-xxx-6726. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Conde's original Complaint was filed), GoSmith sent Conde at least 290 telemarketing text messages at this number. Defendants sent Conde messages several times a day, Monday through Friday, for over a year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Conde seeks an amount not less than $435,000 for at least 290 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $435,000 for at least 290 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Conde seeks an amount not less than $145,000 for at least 290 negligent violations of 47 U.S.C. § 227(b), and $145,000 for at least 290 negligent violations of 47 U.S.C. § 227(c).

240.    Willie Conklin personally owns and uses the cellular phone number xxx-xxx-9548. This number is a residential telephone subscription and is Conklin's only phone. Conklin pays for his cellular service through a family plan with his cellphone service provider. He pays for the phone through his personal bank account. He does occasionally receive calls relating to his home-based business, but he makes all of his personal calls with this phone. In the four years preceding 4/22/2020 (the date Conklin's original Complaint was filed), GoSmith sent Conklin at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Conklin seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Conklin seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Conklin at least 15 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Conklin seeks an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

241.    Andres Contreras personally owns and uses the cellular phone number xxx-xxx-9598. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Contreras's original Complaint was filed), GoSmith sent Contreras at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Contreras seeks

an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $94,500 for at least 63 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Contreras seeks an amount not less than $31,500 for at least

63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63

negligent violations of 47 U.S.C. § 227(c).

242.    Brent Cook personally owns and uses the cellular phone number xxx-xxx-0497.

his number is a residential telephone subscription and is Cook's personal cell phone, with

which he makes all of his personal calls. He carries the phone at all times and charges it in his

home at night. He also uses it for calls relating to his home-based business, but his business has

a different, dedicated office line. In the four years preceding 11/18/2020 (the date Cook's

original Complaint was filed), GoSmith sent Cook at least 380 telemarketing text messages at

this number, at least once every day. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cook seeks an

amount not less than $570,000 for at least 380 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $570,000 for at least 380 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Cook seeks an amount not less than $190,000 for at least

380 negligent violations of 47 U.S.C. § 227(b), and not less than $190,000 for at least 380

negligent violations of 47 U.S.C. § 227(c).

243.    Christina Cooke-Mayrant personally owns and uses the cellular phone number

xxx-xxx-2839. This number is a residential telephone subscription and is Cooke-Mayrant's

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 118 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

only phone. She has a family or individual plan with the cellphone service provider and pays for the phone through her personal bank account. In the four years preceding 1/30/2020 (the date Cooke-Mayrant's original Complaint was filed), GoSmith sent Cooke-Mayrant at least 68 telemarketing text messages at this number, trying to sell her painting and construction leads. Cooke-Mayrant was a realtor. She did not sign up for or request GoSmith's solicitations to her personal cell phone. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cooke-Mayrant seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cooke-Mayrant seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(b), and not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

244.    Ron Cooper personally owns and uses the cellular phone number xxx-xxx-8678. This number is a residential telephone subscription and is Cooper's only phone. He pays for it out of his personal bank account and makes all of his personal calls with this phone, charging at night in his home. In the four years preceding 4/27/2020 (the date Cooper's original Complaint was filed), GoSmith sent Cooper at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cooper seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Cooper seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Cooper at least 45 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Cooper seeks an amount not less than $22,500, attorney's fees, injunctive relief, and treble damages.

245.    Donald Coover personally owns and uses the cellular phone number xxx-xxx-9792. This number is a residential telephone subscription and is Coover's only phone, which he pays for out of his personal bank account and with which he makes all of his personal calls and also makes calls relating to his home-based business. On 8/30/2003, Coover registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Coover's original Complaint was filed), GoSmith sent Coover at least 68 telemarketing text messages at this number, at least two a week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Coover within a 12-month period after Coover was registered on the National Do Not Call Registry, including but not limited to the period between 2/16/2017 and 10/10/2017. Coover seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Coover seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(b), and not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

246.    Hoshea Cordowin personally owns and uses the cellular phone number xxx-xxx-7359. This number is a residential telephone subscription. On 1/29/2008, Cordowin registered

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Cordowin's original Complaint was filed), GoSmith sent Cordowin at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cordowin within a 12-month period after Cordowin was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Cordowin seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cordowin seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

247.     William Corette, Jr. personally owns and uses the cellular phone number xxx-xxx-0043. This number is a residential telephone subscription. On 6/16/2006, Corette, Jr. registered this number on the National Do Not Call Registry. In the four years preceding 4/24/2020 (the date Corette, Jr.'s original Complaint was filed), GoSmith sent Corette, Jr. at least 7 telemarketing text messages at this number, although, upon information and belief, the actual number of messages is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Corette, Jr. within a 12-month period after Corette, Jr. was registered

on the National Do Not Call Registry, including but not limited to the period between 6/28/2017 and 6/28/2018. Corette, Jr. seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Corette, Jr. seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

248.     Regina Corley personally owns and uses the cellular phone number xxx-xxx-9253. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Corley's original Complaint was filed), GoSmith sent Corley at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Corley seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Corley seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

249.     Cristian Corniciuc personally owns and uses the cellular phone number xxx-xxx-6744. This number is a residential telephone subscription and is Corniciuc's personal cellphone. On 6/8/2018, Corniciuc registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Corniciuc's original Complaint was filed), GoSmith sent Corniciuc at least 456 telemarketing text messages at this number, sometimes exceeding 30 texts per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Corniciuc within a 12-month period after Corniciuc was registered on the National Do Not Call Registry, including but not limited to the period between 6/8/2018 and 6/8/2019. Corniciuc seeks an amount not less than $684,000 for at least 456 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $684,000 for at least 456 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Corniciuc seeks an amount not less than $228,000 for at least 456 negligent violations of 47 U.S.C. § 227(b), and not less than $228,000 for at least 456 negligent violations of 47 U.S.C. § 227(c).

250.     Jose Corral personally owns and uses the cellular phone number xxx-xxx-5639. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Corral's original Complaint was filed), GoSmith sent Corral at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Corral seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Corral seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Corral at least 5 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Corral seeks an amount not less than $2,500, attorney's fees, injunctive relief, and treble damages.

251.     Andrew Correa personally owns and uses the cellular phone number xxx-xxx-8857. This number is a residential telephone subscription and Correa's only cellphone. It is the phone on which he makes all of his personal calls, although he does take some business calls relating to his home-based business on this line as well. It is a personal or family plan with Correa's cellphone service provider, and Correa keeps the phone with him and charges it in his room at night. In the four years preceding 01/30/2020 (the date Correa's original Complaint was filed), GoSmith sent Correa at least 155 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Correa seeks an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Correa seeks an amount not less than $77,500 for at least 155 negligent violations of 47 U.S.C. § 227(b), and $77,500 for at least 155 negligent violations of 47 U.S.C. § 227(c).

252.     Raymond Covington personally owns and uses the cellular phone number xxx-xxx-3719. This number is a residential telephone subscription and is Covington's only phone. He uses it for all his personal calls and it is on a personal or family cellular service plan. In the four years preceding 4/22/2020 (the date Covington's original Complaint was filed), GoSmith sent Covington at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Covington seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 124 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

violations of 47 U.S.C. § 227(c). Alternatively, Covington seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Covington at least 24 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Covington seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

253.    Brian Cox is a veteran who personally owns and uses the cellular phone number xxx-xxx-6670. This number is a residential telephone subscription and is Cox's only phone. His wife and children have their own phones and Cox and his family share a family plan with their cellular service provider. Cox uses his phone for all his personal calls and makes some calls relating to his home-based business with it, but it is his personal phone which he carries with him and charges in his room at night. On 08/22/2005, Cox registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Cox's original Complaint was filed), GoSmith sent Cox at least 38 telemarketing text messages at this number, sending at least 1-2 messages a day for several weeks. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cox within a 12-month period after Cox was registered on the National Do Not Call Registry, including but not limited to the period between 10/04/2017 and 06/26/2018. Cox seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cox seeks an amount not less than $19,000 for

at least 38 negligent violations of 47 U.S.C. § 227(b), and $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

254.    Maurice Crabbe personally owns and uses the cellular phone number xxx-xxx-9483. This number is a residential telephone subscription and is Crabbe's personal cell phone, which he uses for all his personal calls and also in his home-based business. On 06/14/2009, Crabbe registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Crabbe's original Complaint was filed), GoSmith sent Crabbe at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Crabbe within a 12-month period after Crabbe was registered on the National Do Not Call Registry, including but not limited to the period between 07/04/2017 and 07/04/2018. Crabbe seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Crabbe seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(b), and $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(c)

255.    Alan Craig personally owns and uses the cellular phone number xxx-xxx-9709. This number is a residential telephone subscription and is on a personal or family plan with Craig's cellular service provider. Craig makes all his personal calls with this phone and has a separate number for work and business calls, which goes to his office and not to his personal phone. On 12/09/2004, Craig registered this number on the National Do Not Call Registry. Despite having been on the Do Not Call Registry with the same number for over 12 years, in the four years preceding 01/30/2020 (the date Craig's original Complaint was filed), GoSmith

sent Craig at least 5 telemarketing text messages per week at this number, for a total number of texts that exceeded 678 telemarketing text messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Craig within a 12-month period after Craig was registered on the National Do Not Call Registry, including but not limited to the period between 06/24/2017 and 06/24/2018. Craig seeks an amount not less than $1,017,000 for at least 678 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,017,000 for at least 678 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Craig seeks an amount not less than $339,000 for at least 678 negligent violations of 47 U.S.C. § 227(b), and $339,000 for at least 678 negligent violations of 47 U.S.C. § 227(c).

256.    Jay Cram personally owns and uses the cellular phone number xxx-xxx-2670. This number is a residential telephone subscription. On 7/10/2003, Cram registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Cram's original Complaint was filed), GoSmith sent Cram at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cram within a 12-month period after Cram was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Cram seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cram seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

257.     Brian Cramer personally owns and uses the cellular phone number xxx-xxx-9368. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Cramer's original Complaint was filed), GoSmith sent Cramer at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cramer seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cramer seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

258.     Kirk Cramer personally owns and uses the cellular phone number xxx-xxx-3366. This number is a residential telephone subscription and is Cramer's only phone. Cramer pays for this phone out of his personal bank account and uses it for all his personal calls. He also has a home-based business and he makes calls from this phone relating to that business. He keeps his phone with him and charges it in his room at night. In the four years preceding 4/22/2020 (the date Cramer's original Complaint was filed), GoSmith sent Cramer at least 91 telemarketing text messages and phone calls at this number, calling and texting two to three times a week and even texting very early in the morning. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cramer seeks an amount not less than $136,500 for at least 91 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $136,500 for at least 91 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cramer seeks an amount not less than $45,500 for at least 91 negligent violations of 47 U.S.C. § 227(b), and not less than $45,500 for at least 91 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Cramer at least 91 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Cramer seeks an amount not less than $45,500, attorney's fees, injunctive relief, and treble damages.

259.    Armando Crespin personally owns and uses the cellular phone number xxx-xxx-2147. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Crespin's original Complaint was filed), GoSmith sent Crespin at least 59 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Crespin seeks an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Crespin seeks an amount not less than $29,500 for at least 59 negligent violations of 47 U.S.C. § 227(b), and not less than $29,500 for at least 59 negligent violations of 47 U.S.C. § 227(c).

260.    Jim Crites personally owns and uses the cellular phone number xxx-xxx-0427. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Crites's original Complaint was filed), GoSmith sent Crites at least 221 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Crites seeks an amount not less than $331,500 for at least 221 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $331,500 for at least 221 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Crites seeks an amount not less than $110,500 for at least 221 negligent violations of 47 U.S.C. § 227(b), and not less than $110,500 for at least 221 negligent violations of 47 U.S.C. § 227(c).

261.    Andrew Croan personally owns and uses the cellular phone number xxx-xxx-4142. This number is a residential telephone subscription and is Croan's only phone. This is Croan's personal cellphone, which he uses to make all his personal calls and which he pays for out of his personal bank account. Croan had a separate business number which was attached to a landline phone for his work. In the four years preceding 4/22/2020 (the date Croan's original Complaint was filed), GoSmith sent Croan;s personal cellphone at least 95 telemarketing text messages at this number. Croan repeatedly replied, "STOP" and told GoSmith not to send him any more texts or information, but GoSmith continued to text Croan its solicitations. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Croan seeks an amount not less than $142,500 for at least 95 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $142,500 for at least 95 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Croan seeks an amount not less than $47,500 for at least 95 negligent violations of 47 U.S.C. § 227(b), and not less than $47,500 for at least 95 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Croan at least 95 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW §

80.36.390, for which Croan seeks an amount not less than $47,500, attorney's fees, injunctive relief, and treble damages.

262.     Ronald Crosby personally owns and uses the cellular phone number xxx-xxx-0254. This number is a residential telephone subscription. On 12/18/2004, Crosby registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Crosby's original Complaint was filed), GoSmith sent Crosby at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Crosby within a 12-month period after Crosby was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2017 and 4/28/2018. Crosby seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Crosby seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

263.     Samuel Cruz personally owns and uses the cellular phone number xxx-xxx-1380. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Cruz's original Complaint was filed), GoSmith sent Cruz at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cruz seeks an amount not less than $9,000 for at

least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cruz seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

264.    Tammy Cunningham personally owns and uses the cellular phone number xxx-xxx-1868. This number is a residential telephone subscription. On 5/13/2010, Cunningham registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Cunningham's original Complaint was filed), GoSmith sent Cunningham at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cunningham within a 12-month period after Cunningham was registered on the National Do Not Call Registry, including but not limited to the period between 5/23/2017 and 5/23/2018. Cunningham seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cunningham seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

265.    Joe Darg personally owns and uses the cellular phone number xxx-xxx-4084. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Darg's original Complaint was filed), GoSmith sent Darg at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Darg seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Darg seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

266.    Mike Darling personally owns and uses the cellular phone number xxx-xxx-3758. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Darling's original Complaint was filed), GoSmith sent Darling at least 96 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Darling seeks an amount not less than $144,000 for at least 96 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $144,000 for at least 96 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Darling seeks an amount not less than $48,000 for at least 96 negligent violations of 47 U.S.C. § 227(b), and not less than $48,000 for at least 96 negligent violations of 47 U.S.C. § 227(c).

267.    John Daschofsky personally owns and uses the cellular phone number xxx-xxx-5658. This number is a residential telephone subscription and is Daschofsky's personal cellphone, which he pays for out of his personal bank account. Daschofsky has only one phone for all of his communication needs and keeps this phone with him, charging it in his room at night. He makes all of his personal calls using this phone number. In the four years preceding 4/22/2020 (the date Daschofsky's original Complaint was filed), GoSmith sent Daschofsky at least 41 telemarketing text messages at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Daschofsky seeks

an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $61,500 for at least 41 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Daschofsky seeks an amount not less than $20,500 for at

least 41 negligent violations of 47 U.S.C. § 227(b), and not less than $20,500 for at least 41

negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Daschofsky at least 41

commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an

undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which

Daschofsky seeks an amount not less than $20,500, attorney's fees, injunctive relief, and treble

damages.

   268. Travis David personally owns and uses the cellular phone number xxx-xxx-8329.

This number is a residential telephone subscription and is David's personal cellphone. It is his

only phone and he does use it on occasion for home-based business calls, but it is his primary

and only phone for all his personal calls and he uses his personal bank account to pay for this

phone and its cellular service. On 06/03/2004, David registered this number on the National Do

Not Call Registry. Despite David having been on the Do Not Call Registry for over 12 years, in

the four years preceding 01/30/2020 (the date David's original Complaint was filed), GoSmith

sent David at least 6 telemarketing text messages at this number. GoSmith knowingly and

willfully sent these text messages using an automatic telephone dialing system in violation of

47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages

without instituting procedures that meet the minimum standards required for telemarketing in

violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. §

227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text

messages to David within a 12-month period after David was registered on the National Do

PLAINTIFFS' AMENDED COMPLAINT  - 134 -  **LawHQ, LLC**
2:2020-CV-00604-RSL    299 S Main St SLC, UT 84111
                    385-285-1090 ext. 30007

Not Call Registry, including but not limited to the period between 06/14/2017 and 06/14/2018. David seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, David seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

269.    Benjamin Davies personally owns and uses the cellular phone number xxx-xxx-0928. This number is a residential telephone subscription and is Davies's personal cellphone. He uses it for work calls because he is a truck driver and needs to have cellular service. He also occasionally takes construction jobs. This phone number is his only phone and he makes all of his personal calls using this phone number. On 7/22/2005, Davies registered this number on the National Do Not Call Registry. Despite his long history on the Do Not Call Registry, in the four years preceding 4/22/2020 (the date Davies's original Complaint was filed), GoSmith sent Davies at least 365 telemarketing text messages and phone calls to Davies's personal cellphone at this number, at a rate of more than four a week. Davies was often angry at the constant bombardment of both calls and texts, which raised his blood pressure and frustrated him. Many times, Davies spoke to GoSmith representatives and asked that his number be placed on their internal Do Not Call list, but the representatives would hang up on him. He would get other phone calls from different individuals and more annoying texts shortly thereafter. Davies considered it intentional harassment. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Davies within a 12-month period after Davies was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and

4/27/2017. Davies seeks an amount not less than $547,500 for at least 365 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $547,500 for at least 365 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Davies seeks an amount not less than $182,500 for at least 365 negligent violations of 47 U.S.C. § 227(b), and not less than $182,500 for at least 365 negligent violations of 47 U.S.C. § 227(c).

270.    Clint Davis personally owns and uses the cellular phone number xxx-xxx-7093. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Davis's original Complaint was filed), GoSmith sent Davis at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Davis seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Davis seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

271.    Jeffrey Davis personally owns and uses the cellular phone number xxx-xxx-3628. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Davis's original Complaint was filed), GoSmith sent Davis at least 52 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Davis seeks an amount not less than $78,000 for at least 52 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $78,000 for at least 52 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Davis seeks an amount not less than $26,000 for at least 52 negligent violations of 47 U.S.C. § 227(b), and not less than $26,000 for at least 52 negligent violations of 47 U.S.C. § 227(c).

272.    Linda Dazey personally owns and uses the cellular phone number xxx-xxx-3524. This number is a residential telephone subscription and is Dazey's only phone. She uses this phone for all her personal calls and keeps it in her room at night. It is on a personal plan and she pays for it out of her personal bank account. Like anyone else, she makes some work calls related to her home-based business with this phone. On 07/07/2007, Dazey registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Dazey's original Complaint was filed), GoSmith sent Dazey at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dazey within a 12-month period after Dazey was registered on the National Do Not Call Registry, including but not limited to the period between 05/16/2017 and 06/22/2017. Dazey seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dazey seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

273.    Jesse Debartolo personally owns and uses the cellular phone number xxx-xxx-7673. This number is a residential telephone subscription and is Debartolo's only phone. He uses this cellphone for all his personal calls and charges it in his room at night. He pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Debartolo's original Complaint was filed), GoSmith sent Debartolo at least 24 telemarketing text messages at this number. Debartolo did not return any of the calls or request or invite GoSmith's

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

solicitations. He never gave GoSmith consent to text him, and GoSmith's texts were a source of constant annoyance to Debartolo. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Debartolo seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Debartolo seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Debartolo at least 24 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Debartolo seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

274.     Frank Deese personally owns and uses the cellular phone number xxx-xxx-5200. This number is a residential telephone subscription. On 2/10/2006, Deese registered this number on the National Do Not Call Registry. In the past several years, he has used it for business. In the four years preceding 4/28/2020 (the date Deese's original Complaint was filed), GoSmith sent Deese at least 360 telemarketing text messages at this number, at a rate of 3-4 messages a day for months. This disrupted Deese's work and created an unsafe work environment, as Deese had to check each message to ensure it wasn't something critical relating to his job working for Union Pacific and on other critical infrastructure projects. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c),

GoSmith knowingly and willfully sent at least 2 text messages to Deese within a 12-month period after Deese was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Deese seeks an amount not less than $540,000 for at least 360 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $540,000 for at least 360 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Deese seeks an amount not less than $180,000 for at least 360 negligent violations of 47 U.S.C. § 227(b), and not less than $180,000 for at least 360 negligent violations of 47 U.S.C. § 227(c).

275.    Barbara Deggans personally owns and uses the cellular phone number xxx-xxx-8908. This number is a residential telephone subscription and it is Deggans's only phone number. She uses her cellphone for all her personal calls and uses the same number in her home-based business. She pays for it out of her personal bank account and keeps it in her room at night. On 08/06/2003, Deggans registered this number on the National Do Not Call Registry. Despite her longtime presence on the Do Not Call Registry, in the four years preceding 01/30/2020 (the date Deggans's original Complaint was filed), GoSmith sent Deggans more than 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Deggans within a 12-month period after Deggans was registered on the National Do Not Call Registry, including but not limited to the period between 06/05/2017 and 06/05/2018. Deggans seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Deggans seeks an amount not less than $1,000 for at least 2

negligent violations of 47 U.S.C. § 227(b), and $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

276.     Christopher DeSantis personally owns and uses the cellular phone number xxx-xxx-1382. This number is DeSantis's work number. In the four years preceding 01/30/2020 (the date DeSantis's original Complaint was filed), GoSmith sent DeSantis at least 17 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). DeSantis seeks an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, DeSantis seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(b).

277.     John Desider personally owns and uses the cellular phone number xxx-xxx-9529. This is Desider's personal cellphone and he makes all of his calls with it. It is with him 24/7 and he does also use this number in his home-based business. In the four years preceding 01/30/2020 (the date Desider's original Complaint was filed), GoSmith sent Desider at least 112 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Desider seeks an amount not less than $168,000 for at least 112 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $168,000 for at least 112 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Desider seeks an amount not less than $56,000 for at least 112 negligent violations of 47 U.S.C. § 227(b), and $56,000 for at least 112 negligent violations of 47 U.S.C. § 227(c).

278.     Anthony Desmoni personally owns and uses the cellular phone number xxx-xxx-7354. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Desmoni's original Complaint was filed), GoSmith sent Desmoni at least 2

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Desmoni seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Desmoni seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

279.    Byron Dickerson personally owns and uses the cellular phone number xxx-xxx-7721. This number is a residential telephone subscription. On 11/3/2018, Dickerson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Dickerson's original Complaint was filed), GoSmith sent Dickerson at least 250 telemarketing text messages to his personal cell phone at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dickerson within a 12-month period after Dickerson was registered on the National Do Not Call Registry, including but not limited to the period between 11/3/2018 and 11/3/2019. Dickerson seeks an amount not less than $375,000 for at least 250 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $375,000 for at least 250 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dickerson seeks an amount not less than $125,000 for at least 250 negligent violations of 47

U.S.C. § 227(b), and not less than $125,000 for at least 250 negligent violations of 47 U.S.C. § 227(c).

280. Bryan Diehl personally owns and uses the cellular phone number xxx-xxx-9056. This number is a residential telephone subscription; however, Diehl uses this phone primarily for work, taking some personal calls on this cellphone, which is on a family plan with his cellular service provider. On 09/15/2005, Diehl registered this number on the National Do Not Call Registry. Despite his longtime presence on the Do Not Call List, in the four years preceding 01/30/2020 (the date Diehl's original Complaint was filed), GoSmith sent Diehl at least 20 telemarketing text messages at this number. Defendants wasted Deihl's time dealing with unwanted spam and frustrated Deihl so much that he decided to sue GoSmith to stop their abuse. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Diehl within a 12-month period after Diehl was registered on the National Do Not Call Registry, including but not limited to the period between 05/24/2017 and 08/19/2017. Diehl seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Diehl seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Diehl at least 20 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Diehl seeks an amount not less than $10,000, attorney's fees, injunctive relief, and treble damages.

1  281.    Paul DiGiovanni personally owns and uses the cellular phone number xxx-xxx-

2  3551. This number is a residential telephone subscription that was DiGiovanni's only cellphone

3  and his only telephone number, which was his personal cellphone until September 2018. Up

4  until September 2018, DiGiovanni used this number for all of his personal calls, kept it with

5  him at all times, and charged it at night in his home. He paid for this service through his

6  personal bank account.  In the four years preceding 4/29/2020 (the date DiGiovanni's original

7  Complaint was filed), GoSmith sent DiGiovanni at least 20 telemarketing text messages at this

8  number, all within a period of two months. This led DiGiovanni to purchase a new phone with

9  a new number for his personal use, simply because he could not avoid the constant spamming

10  of his personal cellphone. GoSmith knowingly and willfully sent these text messages using an

11  automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

12  § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

13  procedures that meet the minimum standards required for telemarketing in violation of 47

14  U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). DiGiovanni seeks an amount not less than

15  $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount

16  not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c).

17  Alternatively, DiGiovanni seeks an amount not less than $10,000 for at least 20 negligent

18  violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations

19  of 47 U.S.C. § 227(c).

20  282.    Nicholas DiGiuseppe personally owns and uses the cellular phone number xxx-

21  xxx-7110. This number is a residential telephone subscription and is DiGiuseppe's only phone.

22  It is a cellphone and DiGiuseppe uses it to make all his personal calls. He keeps it with him

23  during the day and charges it in his room at night. In the four years preceding 4/28/2020 (the

24  date DiGiuseppe's original Complaint was filed), GoSmith sent DiGiuseppe at least 312

25  telemarketing text messages at this number, at least one to two messages a day. The harassment

26  went on for over a year, and DiGiuseppe complained to wife about GoSmith's texts. GoSmith

27  knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). DiGiuseppe seeks an amount not less than $468,000 for at least 312 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $468,000 for at least 312 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, DiGiuseppe seeks an amount not less than $156,000 for at least 312 negligent violations of 47 U.S.C. § 227(b), and not less than $156,000 for at least 312 negligent violations of 47 U.S.C. § 227(c).

283.     Lonnie Dillman personally owns and uses the cellular phone number xxx-xxx-2256. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Dillman's original Complaint was filed), GoSmith sent Dillman at least 48 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dillman seeks an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dillman seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(b), and not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Dillman at least 48 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Dillman seeks an amount not less than $24,000, attorney's fees, injunctive relief, and treble damages.

284.     David Dilmore personally owns and uses the cellular phone number xxx-xxx-6178. This number is a residential telephone subscription and it is his only phone. Dilmore

makes all his personal calls with this phone, carries it with him, and charges it in his home. On 11/26/2008, Dilmore registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Dilmore's original Complaint was filed), GoSmith sent Dilmore at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dilmore within a 12-month period after Dilmore was registered on the National Do Not Call Registry, including but not limited to the period between 06/16/2017 and 06/22/2017. Dilmore seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dilmore seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

285.     Keegan Dinehart personally owns and uses the cellular phone number xxx-xxx-6861. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Dinehart's original Complaint was filed), GoSmith sent Dinehart at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dinehart seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dinehart seeks an amount not less than $6,000 for at least 12 negligent

violations of 47 U.S.C. § 227(b), and $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

286.    Dustin Diteman personally owns and uses the cellular phone number xxx-xxx-0477. This number is a residential telephone subscription and is Diteman's only phone. He uses this number for all his personal calls, carries the phone on him the majority of the time, and charges it at night in his home. It is registered in his personal name under and individual or family plan with his cellular service provider, and Diteman pays for it out of his personal bank account. In the four years preceding 4/24/2020 (the date Diteman's original Complaint was filed), GoSmith sent Diteman at least 46 telemarketing text messages at this number. Diteman found the texts very annoying and was forced to drop what he was doing to deal with the texts and try to stop them. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Diteman seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Diteman seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(b), and not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c).

287.    Andy Ditz personally owns and uses the cellular phone number xxx-xxx-4200. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Ditz's original Complaint was filed), GoSmith sent Ditz at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ditz seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ditz seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

288.    Kristopher Dixon personally owns and uses the cellular phone number xxx-xxx-0676. This number is a residential telephone subscription and is Dixon's only phone. This cellphone is the phone he makes all his personal calls with. In the four years preceding 1/30/2020 (the date Dixon's original Complaint was filed), GoSmith sent Dixon at least 88 telemarketing text messages at this number. Upon information and belief, the actual number of messages is much higher. There were times when Dixon received as many as five text messages a day from GoSmith, for weeks at a time. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dixon seeks an amount not less than $132,000 for at least 88 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $132,000 for at least 88 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dixon seeks an amount not less than $44,000 for at least 88 negligent violations of 47 U.S.C. § 227(b), and not less than $44,000 for at least 88 negligent violations of 47 U.S.C. § 227(c).

289.    Reed Dkaidek personally owns and uses the cellular phone number xxx-xxx-3011. This number is a residential telephone subscription. On 8/18/2005, Dkaidek registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Dkaidek's original Complaint was filed), GoSmith sent Dkaidek at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 147 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dkaidek within a 12-month period after Dkaidek was registered on the National Do Not Call Registry, including but not limited to the period between 2/7/2017 and 2/7/2018. Dkaidek seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dkaidek seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Dkaidek at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Dkaidek seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

290.    Raymond Dodge Jr personally owns and uses the cellular phone number xxx-xxx-0944. This number is a residential telephone subscription and is Dodge's personal cellphone, on which he makes his personal calls. On 10/11/2009, Dodge Jr registered this number on the National Do Not Call Registry. Despite his longtime presence on the Do Not Call List, in the four years preceding 4/27/2020 (the date Dodge Jr's original Complaint was filed), GoSmith sent at least 456 telemarketing text messages and telemarketing phone calls to Dodge's personal cell phone at this number. GoSmith would use an autodialer to call Dodge while he was on a call with customer, which sometimes caused Dodge to lose the original call when he answered GoSmith's calls. Sometimes GoSmith kept Dodge on hold for over an hour or more while he attempted to have them remove his number from their internal do not call list. GoSmith's live agents were very pushy. Every time he spoke with them, Dodge told them he wasn't interested, but GoSmith kept texting and calling him, harassing him nearly daily. GoSmith would call and text between 2-6 times per week, and Dodge estimates that they cost

1   him hundreds of hours of lost productivity. GoSmith finally stopped harassing Dodge when he

2   filed this suit against them. GoSmith knowingly and willfully sent these text messages using an

3   automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

4   § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

5   procedures that meet the minimum standards required for telemarketing in violation of 47

6   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

7   C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dodge

8   Jr within a 12-month period after Dodge Jr was registered on the National Do Not Call

9   Registry, including but not limited to the period between 3/3/2017 and 3/3/2018. Dodge Jr

10  seeks an amount not less than $684,000 for at least 456 knowing and willful violations of 47

11  U.S.C. § 227(b), and an amount not less than $684,000 for at least 456 knowing and willful

12  violations of 47 U.S.C. § 227(c). Alternatively, Dodge Jr seeks an amount not less than

13  $228,000 for at least 456 negligent violations of 47 U.S.C. § 227(b), and not less than

14  $228,000 for at least 456 negligent violations of 47 U.S.C. § 227(c).

15       291.    Michael Doherty personally owns and uses the cellular phone number xxx-xxx-

16  2468.This number is Doherty's personal, residential telephone subscription that Doherty has -

17  used in a home-based business. Doherty was a resident of Alaska at the time of these events,

18  although he has since moved to Pennsylvania. In the four years preceding 4/30/2020 (the date

19  Doherty's original Complaint was filed), Defendants knowingly sent at least 29 telemarketing

20  text messages to Doherty at this number, without first obtaining Doherty's prior express

21  consent in any form. On information and belief, the actual number of violations is much

22  higher.  GoSmith knowingly and willfully sent these text messages using an automatic

23  telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

24  64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

25  procedures that meet the minimum standards required for telemarketing in violation of 47

26  U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Doherty seeks an amount not less than $43,500

27  for at least 29 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less

PLAINTIFFS' AMENDED COMPLAINT     - 149 -     **LawHQ, LLC**
2:2020-CV-00604-RSL     299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c).
Alternatively, Doherty seeks an amount not less than $14,500 for at least 29 negligent
violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least 29 negligent violations
of 47 U.S.C. § 227(c).

292.    Michael Doran personally owns and uses the cellular phone number xxx-xxx-
3212. This number is a residential telephone subscription and is on a personal plan with
Doran's cellular service provider. This is Doran's only phone and the phone with which he
makes all his personal calls. He keeps the phone with him and charges it at home, but uses it
for some mixed home-based business use as well. On 8/31/2003, Doran registered this number
on the National Do Not Call Registry. Despite his personal phone number's longtime presence
on the Do Not Call Registry, in the four years preceding 4/24/2020 (the date Doran's original
Complaint was filed), GoSmith sent Doran at least 17 telemarketing text messages at this
number. GoSmith knowingly and willfully sent these text messages using an automatic
telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §
64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting
procedures that meet the minimum standards required for telemarketing in violation of 47
U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47
C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Doran
within a 12-month period after Doran was registered on the National Do Not Call Registry,
including but not limited to the period between 4/24/2016 and 4/24/2017. Doran seeks an
amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $25,500 for at least 17 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Doran seeks an amount not less than $8,500 for at least 17
negligent violations of 47 U.S.C. § 227(b), and not less than $8,500 for at least 17 negligent
violations of 47 U.S.C. § 227(c).

293.    David Dorsette personally owns and uses the cellular phone number xxx-xxx-
3757. This number is a residential telephone subscription and is Dorsette's only phone. He uses

this phone for all his personal calls and keeps it with him, charging it in his room at night. He pays for it out of his personal account. On 04/28/2007, Dorsette registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Dorsette's original Complaint was filed), GoSmith sent Dorsette at least 60 telemarketing text messages at this number. Upon information and belief, the actual number of violations is much, much higher. For example, in just one six-week period, Defendants texted Dorsette multiple times a day, despite Dorsette's urgent efforts to get GoSmith to stop sending the messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dorsette within a 12-month period after Dorsette was registered on the National Do Not Call Registry, including but not limited to the period between 06/15/2017 and 07/27/2017. Dorsette seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dorsette seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(b), and $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c).

294.    Gregory Douglas personally owns and uses the cellular phone number xxx-xxx-6010. This number is Douglas's personal cellphone and is the only phone he uses to make all his personal calls. He carries it with him at all times and charges it in his room at night. He also uses this phone for work calls with his home-based business, although the business has 3 other dedicated lines. On 9/8/2018, Douglas registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Douglas's original Complaint was filed), GoSmith sent Douglas at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Douglas within a 12-month period after Douglas was registered on the National Do Not Call Registry, including but not limited to the period between 9/8/2018 and 9/8/2019. Douglas seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Douglas seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

295.    Eric Dowells personally owns and uses the cellular phone number xxx-xxx-2946. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Dowells's original Complaint was filed), GoSmith sent Dowells at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dowells seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dowells seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

296.    Michael Doyle personally owns and uses the cellular phone number xxx-xxx-0444. This number is a residential telephone subscription. On 12/8/2010, Doyle registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Doyle's original Complaint was filed), GoSmith sent Doyle at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Doyle within a 12-month period after Doyle was registered on the National Do Not Call Registry, including but not limited to the period between 7/11/2017 and 7/11/2018. Doyle seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Doyle seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

297.   Valerie Drake personally owns and uses the cellular phone number xxx-xxx-7102. This number is a residential telephone subscription and is Ms. Drake's only phone. On 2/6/2006, Drake registered this number on the National Do Not Call Registry. Despite her longtime presence on the Do Not Call List, in the four years preceding 4/29/2020 (the date Drake's original Complaint was filed), GoSmith sent Drake at least 686 telemarketing text messages and phone calls at this number, at least 15 calls a week and sometimes more. When Drake answered the calls, GoSmith refused to end the calls even when she disclaimed any interest in their products and services. GoSmith harassed Drake to the point where she felt she had to be rude to end the call. GoSmith used an ATDS to spoof numbers from Drake's contact list and from local area codes to trick her into answering.  GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Drake within a 12-month period after Drake was registered on the National Do Not Call Registry, including but not limited to the period between 4/29/2016 and 4/29/2017. Drake seeks an amount not less than $1,029,000 for at least 686 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,029,000 for at least 686 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Drake seeks an amount not less than $343,000 for at least 686 negligent violations of 47 U.S.C. § 227(b), and not less than $343,000 for at least 686 negligent violations of 47 U.S.C. § 227(c).

298.     Russell Dregne personally owns and uses the cellular phone number xxx-xxx-2461. This number is a residential telephone subscription that is Dregne's only phone. He uses this phone for all his personal calls and pays for it out of his personal account. He keeps it with him and charges it in his home at night. In the four years preceding 4/28/2020 (the date Dregne's original Complaint was filed), GoSmith sent Dregne at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dregne seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dregne seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

299.     David Drennen personally owns and uses the cellular phone number xxx-xxx-5849. This number is a residential telephone subscription and is Drennan's personal cellphone, with which he makes all his personal calls. In the four years preceding 01/30/2020 (the date Drennen's original Complaint was filed), GoSmith sent Drennen at this number at least 2

telemarketing text messages per day for almost two years. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Drennen seeks an amount not less than $1,689,000 for at least 1,126 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,689,000 for at least 1,126 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Drennen seeks an amount not less than $563,000 for at least 1,126 negligent violations of 47 U.S.C. § 227(b), and $563,000 for at least 1,126 negligent violations of 47 U.S.C. § 227(c).

300.    Leonel Duarte personally owns and uses the cellular phone number xxx-xxx-9155. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Duarte's original Complaint was filed), GoSmith sent Duarte at least 58 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Duarte seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Duarte seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(b), and not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Duarte at least 58 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Duarte seeks an amount not less than $29,000, attorney's fees, injunctive relief, and treble damages.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

301.     Roni Duncan-Brown personally owns and uses the cellular phone number xxx-xxx-6315. This number is a residential telephone subscription that is Duncan-Brown's only phone. Duncan-Brown uses this cellphone for all personal calls and occasionally for home-based business calls. On 04/10/2015, Duncan-Brown registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Duncan-Brown's original Complaint was filed), GoSmith sent Duncan-Brown at least 2 telemarketing text messages per month at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Duncan-Brown within a 12-month period after Duncan-Brown was registered on the National Do Not Call Registry, including but not limited to the period between 05/16/2017 and 05/16/2018. Duncan-Brown seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Duncan-Brown seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(b), and $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(c).

302.     Rachael Dunn personally owns and uses the cellular phone number xxx-xxx-3356. This number is a residential telephone subscription and is Dunn's only phone. She makes all her personal calls with this phone, pays for it out of her personal bank account, keeps it with her at all times, and charges it at night in her room. It is a personal or family plan with her cellular service provider. She also uses it for calls with her home-based business. In the four years preceding 4/28/2020 (the date Dunn's original Complaint was filed), GoSmith sent Dunn at least 131 telemarketing text messages and phone calls at this number, contacting her several times a week. GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dunn seeks an amount not less than $196,000 for at least 131 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $196,000 for at least 131 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dunn seeks an amount not less than $65,333 for at least 131 negligent violations of 47 U.S.C. § 227(b), and not less than $65,333 for at least 131 negligent violations of 47 U.S.C. § 227(c).

303.     David Dunn personally owns and uses the cellular phone number xxx-xxx-0202. This number is a residential telephone subscription. On 7/17/2013, Dunn registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Dunn's original Complaint was filed), GoSmith sent Dunn at least 58 telemarketing text messages and calls to his cellphone at this number. Dunn responded to each text and call by stating "Not interested" and "Who is this?" Dunn never received a response to his questions and the unsolicited and harassing sales calls and texts continued. GoSmith knowingly and willfully sent these text messages and phone calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dunn within a 12-month period after Dunn was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Dunn seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dunn seeks an amount not less than $29,000 for at least 58

1    negligent violations of 47 U.S.C. § 227(b), and not less than $29,000 for at least 58 negligent

2    violations of 47 U.S.C. § 227(c).

3        304.    Chad Dunn personally owns and uses the cellular phone number xxx-xxx-6031.

4    This number is a residential telephone subscription and is Dunn's personal cell phone, paid for

5    out of his personal bank account and used for all his personal calls. In the four years preceding

6    4/22/2020 (the date Dunn's original Complaint was filed), GoSmith sent Dunn at least 8

7    telemarketing text messages at this number, all within a matter of a week or two. GoSmith

8    knowingly and willfully sent these text messages using an automatic telephone dialing system

9    in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

10   knowingly and willfully sent these text messages without instituting procedures that meet the

11   minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

12   § 64.1200(d). Dunn seeks an amount not less than $12,000 for at least 8 knowing and willful

13   violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing

14   and willful violations of 47 U.S.C. § 227(c). Alternatively, Dunn seeks an amount not less than

15   $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at

16   least 8 negligent violations of 47 U.S.C. § 227(c).

17       305.    Kelly Dunnagan personally owns and uses the cellular phone number xxx-xxx-

18   9081. This number is a residential telephone subscription. In the four years preceding

19   4/28/2020 (the date Dunnagan's original Complaint was filed), GoSmith sent Dunnagan at least

20   1,342 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

21   text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

22   227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

23   text messages without instituting procedures that meet the minimum standards required for

24   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dunnagan seeks

25   an amount not less than $2,013,000 for at least 1,342 knowing and willful violations of 47

26   U.S.C. § 227(b), and an amount not less than $2,013,000 for at least 1,342 knowing and willful

27   violations of 47 U.S.C. § 227(c). Alternatively, Dunnagan seeks an amount not less than

$671,000 for at least 1,342 negligent violations of 47 U.S.C. § 227(b), and not less than $671,000 for at least 1,342 negligent violations of 47 U.S.C. § 227(c).

306.     Dennis Dupuis personally owns and uses the cellular phone number xxx-xxx-3657. This number is a cellphone. On 12/10/2004, Dupuis registered this number on the National Do Not Call Registry. However, now he only uses this number for business and has a separate cellular number for his personal calls.  In the four years preceding 4/29/2020 (the date Dupuis's original Complaint was filed), GoSmith sent Dupuis at least 19 telemarketing text messages at this number. On information and belief, the actual number of violations is much higher, as Dupuis tried to get GoSmith's texts to stop, which only seemed to spur more solicitations and texts from GoSmith. The texts were bothersome and a great source of frustration to Dupuis. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dupuis seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Dupuis seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(b).

307.     Jamus Duran personally owns and uses the cellular phone number xxx-xxx-7509. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Duran's original Complaint was filed), GoSmith sent Duran at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Duran seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Duran

seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

308.    Izai Torralba Duran personally owns and uses the cellular phone number xxx-xxx-0500. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Duran's original Complaint was filed), GoSmith sent Duran at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Duran seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Duran seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Duran at least 5 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Duran seeks an amount not less than $2,500, attorney's fees, injunctive relief, and treble damages.

309.    Daniel Durante personally owns and uses the cellular phone number xxx-xxx-2361. This number is a residential telephone subscription and is Durante's personal cell phone. It is his only phone and the phone he uses in all his personal calls with family and friends and for personal matters. He pays for it out of his personal account and charges it by his bed at night. In the four years preceding 4/29/2020 (the date Durante's original Complaint was filed), GoSmith sent Durante at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Durante seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Durante seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

310.    Cortney Durbin personally owns and uses the cellular phone number xxx-xxx-8708. This number is a residential telephone subscription and Durbin's personal cellphone, which he uses in his home-based business. In the four years preceding 4/22/2020 (the date Durbin's original Complaint was filed), GoSmith sent Durbin at least 184 telemarketing text messages to Durbin's cellphone at this number, multiple times per week. No amount of requesting to be removed from their contact list produced results. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Durbin seeks an amount not less than $276,000 for at least 184 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $276,000 for at least 184 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Durbin seeks an amount not less than $92,000 for at least 184 negligent violations of 47 U.S.C. § 227(b), and not less than $92,000 for at least 184 negligent violations of 47 U.S.C. § 227(c).

311.    Elizabeth Durgin personally owns and uses the cellular phone number xxx-xxx-5539. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Durgin's original Complaint was filed), GoSmith sent Durgin at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Durgin seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Durgin seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. 227(b), and not less than $27,000 for at least 54 negligent violations of 47 U.S.C. 227(c).

312.     Wade Dwiggins personally owns and uses the cellular phone number xxx-xxx-5969. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Dwiggins's original Complaint was filed), GoSmith sent Dwiggins , at this number, at least 2-3 telemarketing text messages a week, for months. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dwiggins seeks an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dwiggins seeks an amount not less than $80,000 for at least 160 negligent violations of 47 U.S.C. § 227(b), and not less than $80,000 for at least 160 negligent violations of 47 U.S.C. § 227(c).

313.     Derek Edenshaw personally owns and uses the cellular phone number xxx-xxx-0456. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Edenshaw's original Complaint was filed), GoSmith sent Edenshaw at least 537 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

1   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Edenshaw seeks
2   an amount not less than $805,500 for at least 537 knowing and willful violations of 47 U.S.C. §
3   227(b), and an amount not less than $805,500 for at least 537 knowing and willful violations of
4   47 U.S.C. § 227(c). Alternatively, Edenshaw seeks an amount not less than $268,500 for at
5   least 537 negligent violations of 47 U.S.C. § 227(b), and not less than $268,500 for at least 537
6   negligent violations of 47 U.S.C. § 227(c).

7        314.    Carey Edler personally owns and uses the cellular phone number xxx-xxx-0930.
8   This number is a residential telephone subscription that is Edler's personal cellphone. It is on a
9   family plan and Edler uses it for all his personal calls. He pays for it out of his personal bank
10  account. On 1/12/2008, Edler registered this number on the National Do Not Call Registry. In
11  the four years preceding 4/22/2020 (the date Edler's original Complaint was filed), GoSmith
12  sent Edler at least 135 telemarketing text messages at this number, sending several texts per
13  day and sometimes more than one in a single day. GoSmith knowingly and willfully sent these
14  text messages using an automatic telephone dialing system in violation of 47 U.S.C. §
15  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
16  text messages without instituting procedures that meet the minimum standards required for
17  telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation
18  of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at
19  least 2 text messages to Edler within a 12-month period after Edler was registered on the
20  National Do Not Call Registry, including but not limited to the period between 5/5/2016 and
21  5/5/2017. Edler seeks an amount not less than $202,500 for at least 135 knowing and willful
22  violations of 47 U.S.C. § 227(b), and an amount not less than $202,500 for at least 135
23  knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Edler seeks an amount not
24  less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(b), and not less than
25  $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(c).

26       315.    Jason Ellery personally owns and uses the cellular phone number xxx-xxx-4047.
27  This number is a residential telephone subscription and is Ellery's personal cell phone. He uses

it to make all his personal calls and pays for it out of his personal account. He carries it with him and charges it by his bed at night.  On 06/27/2008, Ellery registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Ellery's original Complaint was filed), GoSmith sent Ellery at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Ellery within a 12-month period after Ellery was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Ellery seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ellery seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

316.     Roger Elsmore personally owns and uses the cellular phone number xxx-xxx-7643. This number is a residential telephone subscription and is Elsmore's personal cell phone. It is his only phone. He uses this number when making all of his personal calls and when talking with friends and family. Elsmore pays for it out of his personal account. On 9/26/2003, Elsmore registered this number on the National Do Not Call Registry. Despite his longtime presence on the Do Not Call Registry, in the four years preceding 4/22/2020 (the date Elsmore's original Complaint was filed), GoSmith sent Elsmore at least 7 telemarketing text messages at this number, within a short period of time. Upon information and belief, the number of texts were actually quite higher. Elsmore found them extremely annoying. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 164 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Elsmore within a 12-month period after Elsmore was registered on the National Do Not Call Registry, including but not limited to the period between 7/13/2017 and 7/21/2017. Elsmore seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Elsmore seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

317.    Eric Emery personally owns and uses the cellular phone number xxx-xxx-8722. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Emery's original Complaint was filed), GoSmith sent Emery at least 35 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Emery seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Emery seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Emery at least 35 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Emery seeks an amount not less than $17,500, attorney's fees, injunctive relief, and treble damages.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

318.     William Emig personally owns and uses the cellular phone number xxx-xxx-8930. This number is a residential telephone subscription and is Emig's personal cell phone. It is his only phone and he uses it for all his personal calls. On 12/16/2004, Emig registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Emig's original Complaint was filed), GoSmith sent Emig at least 789 telemarketing text messages at this number, which texts only stopped when Emig filed this lawsuit. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Emig within a 12-month period after Emig was registered on the National Do Not Call Registry, including but not limited to the period between 5/14/2016 and 5/14/2017. Emig seeks an amount not less than $1,183,500 for at least 789 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,183,500 for at least 789 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Emig seeks an amount not less than $394,500 for at least 789 negligent violations of 47 U.S.C. § 227(b), and not less than $394,500 for at least 789 negligent violations of 47 U.S.C. § 227(c).

319.     Joseph "Joe" Endejan personally owns and uses the cellular phone number xxx-xxx-1835. This number is a residential telephone subscription on a family plan. Endejan pays for it out of his personal bank account. This is the only phone Endejan has and it is a cellphone. He has a very small home-based business doing handywork out of his home. He does not advertise for clients or post his number online, as it is his personal cell phone number. Almost all of his clients come to him by word of mount and he knows the individual who referred them and builds a personal relationship with them all. On 12/02/2004, Endejan registered this number on the National Do Not Call Registry. Despite having been on the Do Not Call Registry for over 12 years, in the four years preceding 01/30/2020 (the date Endejan's original

Complaint was filed), GoSmith sent Endejan at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Endejan within a 12-month period after Endejan was registered on the National Do Not Call Registry, including but not limited to the period between 05/19/2017 and 05/19/2018. Endejan seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Endejan seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

320.    Matt Enos personally owns and uses the cellular phone number xxx-xxx-2197. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Enos's original Complaint was filed), GoSmith sent Enos at least 138 telemarketing text messages at this number, between 1-2 texts per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Enos seeks an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Enos seeks an amount not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(b), and not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(c).

321.    John Erickson personally owns and uses the cellular phone number xxx-xxx-4600. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Erickson's original Complaint was filed), GoSmith sent Erickson at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Erickson seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Erickson seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

322.    Matthew Erickson personally owns and uses the cellular phone number xxx-xxx-5453. This number is a residential telephone subscription and is Erickson's personal cellphone. He pays for it out of his personal account and it is a personal plan with his cellular service provider. He uses it for all his personal calls, carries it with him, and charges it in his room at night. In the four years preceding 4/22/2020 (the date Erickson's original Complaint was filed), GoSmith sent Erickson at least 14 telemarketing text messages at this number. Upon information and belief, the actual number is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Erickson seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Erickson seeks an amount not less than $7,000 for at least 14

negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Erickson at least 14 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Erickson seeks an amount not less than $7,000, attorney's fees, injunctive relief, and treble damages.

323.    Kurt Eshelman personally owns and uses the cellular phone number xxx-xxx-1693. This number is a residential telephone subscription and is Eshelman's personal cell phone, with which he makes his personal calls, paid for out of his personal account. On 11/05/2010, Eshelman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Eshelman's original Complaint was filed), GoSmith sent Eshelman at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Eshelman within a 12-month period after Eshelman was registered on the National Do Not Call Registry, including but not limited to the period between 07/25/2016 and 07/25/2017. Eshelman seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Eshelman seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(b), and $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c).

324.    Alan Eskelsen personally owns and uses the cellular phone number xxx-xxx-6395. This number is a residential telephone subscription and is his personal cell phone. It is paid for by his business, but it is Eskelsen's private phone and he carries it home with him and makes all his calls with it. On 4/22/2017, Eskelsen registered this number on the National Do

Not Call Registry. In the four years preceding 1/30/2020 (the date Eskelsen's original Complaint was filed), GoSmith sent Eskelsen at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Eskelsen within a 12-month period after Eskelsen was registered on the National Do Not Call Registry, including but not limited to the period between 6/9/2017 and 6/30/2017. Eskelsen seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Eskelsen seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

325.    Roger Espinosa personally owns and uses the cellular phone number xxx-xxx-0209. This number is a residential telephone subscription. It is registered to Espinosa personally and is an individual plan with his cellular service provider. This is Espinosa's only phone and he uses it for all his personal calls and pays for it out of his personal account. He takes it home at night and charges it in his room. On 10/11/2003, Espinosa registered this number on the National Do Not Call Registry. Despite having been on the Do Not Call Registry for over 13 years, in the four years preceding 4/21/2020 (the date Espinosa's original Complaint was filed), GoSmith sent Espinosa at least 2 telemarketing text messages at this number (upon information and belief, the actual number is much, much higher). GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Espinosa within a 12-month period after Espinosa was registered on the National Do Not Call Registry, including but not limited to the period between 2/22/2017 and 2/22/2018. Espinosa seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Espinosa seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

326.    Joseph Esposito personally owns and uses the cellular phone number xxx-xxx-9173. This number is a residential telephone subscription. On 5/6/2018, Esposito registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Esposito's original Complaint was filed), GoSmith sent Esposito at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Esposito within a 12-month period after Esposito was registered on the National Do Not Call Registry, including but not limited to the period between 5/6/2018 and 5/6/2019. Esposito seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Esposito seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

327.     Stacy Estes personally owns and uses the cellular phone number xxx-xxx-2925. This number is a residential telephone subscription and is Estes's personal cell phone number. She pays for it out of her personal account and uses it for all her personal calls. In the four years preceding 4/22/2020 (the date Estes's original Complaint was filed), GoSmith sent Estes over 100 telemarketing text messages at this number. Estes has another cellphone with a different number that she uses for business, which ends in xxx-xxx-0295.  In the four years preceding 4/22/2020 (the date Estes's original Complaint was filed), GoSmith sent Estes over 24 telemarketing text messages at this number, as well as texting her personal cell phone. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Estes seeks an amount not less than $186,000 for at least 124 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Estes seeks an amount not less than $62,000 for at least 124 negligent violations of 47 U.S.C. § 227(b), and not less than $50,000 for at least 100 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Estes at least 124 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Estes seeks an amount not less than $62,000, attorney's fees, injunctive relief, and treble damages.

328.     Manuel Estrella personally owns and uses the cellular phone number xxx-xxx-5566. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Estrella's original Complaint was filed), GoSmith sent Estrella at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Estrella seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Estrella seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

329.    Frederick Eubanks personally owns and uses the cellular phone number xxx-xxx-8478. This number is a residential telephone subscription and was Eubanks personal cell phone. It was his only phone and he paid for it out of personal accounts and used it for all his personal calls. In the four years preceding 4/22/2020 (the date Eubanks's original Complaint was filed), GoSmith sent Eubanks at least 80 telemarketing text messages and phone calls at this number, about 2-4 per day. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Eubanks seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Eubanks seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(b), and not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Eubanks at least 80 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Eubanks seeks an amount not less than $40,000, attorney's fees, injunctive relief, and treble damages.

330.    Jim Evangelista personally owns and uses the cellular phone number xxx-xxx-1323. This number is a residential telephone subscription that is Evangelista's only phone

number. He uses it for all his calls and his personal matters and takes it home. He charges it on his bedstand each night. In the four years preceding 4/28/2020 (the date Evangelista's original Complaint was filed), GoSmith sent Evangelista at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Evangelista seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Evangelista seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

331.    James Evans personally owns and uses the cellular phone number xxx-xxx-4445. This number is a cell phone paid for by Evans's home-based business and he has a separate landline at home for personal use. On 3/5/2013, Evans registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Evans's original Complaint was filed), GoSmith sent Evans at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Evans within a 12-month period after Evans was registered on the National Do Not Call Registry, including but not limited to the period between 5/9/2016 and 5/9/2017. Evans seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b).

1    Alternatively, Evans seeks an amount not less than $22,500 for at least 45 negligent violations

2    of 47 U.S.C. § 227(b).

3        332.    Stephanie Evans personally owns and uses the cellular phone number xxx-xxx-

4    0447. This number is a residential telephone subscription and is Evans's only phone. It is a cell

5    phone that she uses for all her personal calls and pays for out of her personal account. In the

6    four years preceding 4/27/2020 (the date Evans's original Complaint was filed), GoSmith sent

7    Evans at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully

8    sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C.

9    § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

10   text messages without instituting procedures that meet the minimum standards required for

11   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Evans seeks an

12   amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. §

13   227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47

14   U.S.C. § 227(c). Alternatively, Evans seeks an amount not less than $3,500 for at least 7

15   negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent

16   violations of 47 U.S.C. § 227(c).

17       333.    Charles Exum personally owns and uses the cellular phone number xxx-xxx-

18   2976. This number is a residential telephone subscription. On 2/28/2015, Exum registered this

19   number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date

20   Exum's original Complaint was filed), GoSmith sent Exum at least 6 telemarketing text

21   messages at this number. GoSmith knowingly and willfully sent these text messages using an

22   automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

23   § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

24   procedures that meet the minimum standards required for telemarketing in violation of 47

25   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

26   C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Exum

27   within a 12-month period after Exum was registered on the National Do Not Call Registry,

including but not limited to the period between 6/10/2017 and 7/31/2017. Exum seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Exum seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

334.    Denaro Fair personally owns and uses the cellular phone number xxx-xxx-6970. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Fair's original Complaint was filed), GoSmith sent Fair at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fair seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fair seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fair at least 16 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Fair seeks an amount not less than $8,000, attorney's fees, injunctive relief, and treble damages.

335.    William Fargo personally owns and uses the cellular phone number xxx-xxx-6004. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Fargo's original Complaint was filed), GoSmith sent Fargo at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fargo seeks an

amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Fargo seeks an amount not less than $7,000 for at least 14

negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent

violations of 47 U.S.C. § 227(c).

336.    Troy Farley personally owns and uses the cellular phone number xxx-xxx-7785.

This number is a residential telephone subscription and is Farley's only phone. He makes his

personal calls with this cell phone. In the four years preceding 4/22/2020 (the date Farley's

original Complaint was filed), GoSmith sent Farley at least 27 telemarketing text messages at

this number. GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Farley seeks an amount not less than $40,500 for

at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Farley seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. §

227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

Finally, GoSmith sent Farley at least 27 commercial text messages in violation of RCW §§

19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in

violation of RCW § 80.36.390, for which Farley seeks an amount not less than $13,500,

attorney's fees, injunctive relief, and treble damages.

337.    Richard Farnsworth personally owns and uses the cellular phone number xxx-

xxx-4778. This number is a residential telephone subscription and is Farnsworth's only phone.

He uses it to make all his personal calls and pays for it out of his personal bank account. He carries it with him and charges it in his room at night. It is on a personal or family plan with his cellular service provider. On 11/13/2004, Farnsworth registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Farnsworth's original Complaint was filed), GoSmith sent Farnsworth at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Farnsworth within a 12-month period after Farnsworth was registered on the National Do Not Call Registry, including but not limited to the period between 12/19/2017 and 12/19/2018. Farnsworth seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Farnsworth seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

338.    Eddy Farris personally owns and uses the cellular phone number xxx-xxx-6573. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Farris's original Complaint was filed), GoSmith sent Farris at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Farris seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Farris seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

339.    Billy Ferguson personally owns and uses the cellular phone number xxx-xxx-2922. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ferguson's original Complaint was filed), GoSmith sent Ferguson at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ferguson seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ferguson seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

340.    Brandon Finlayson personally owns and uses the cellular phone number xxx-xxx-1971. This number is a residential telephone subscription and it is Finlayson's only phone. He uses it for his personal calls and pays for it out of his personal account. On 11/21/2008, Finlayson registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Finlayson's original Complaint was filed), GoSmith sent Finlayson at least 98 telemarketing text messages at this number, sending multiple messages each week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Finlayson within a 12-month period after Finlayson was registered on the National Do Not Call Registry, including but not limited to the period between 5/16/2016 and 5/16/2017. Finlayson seeks an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finlayson seeks an amount not less than $49,000 for at least 98 negligent violations of 47 U.S.C. § 227(b), and not less than $49,000 for at least 98 negligent violations of 47 U.S.C. § 227(c).

341.    Kaileb Finley personally owns and uses the cellular phone number xxx-xxx-8961. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Finley's original Complaint was filed), GoSmith sent Finley at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Finley seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finley seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

342.    James Finnell personally owns and uses the cellular phone number xxx-xxx-1763. This number is a residential telephone subscription and is Finnell's only phone. It is a cell phone that he has on a family plan with his cellular service provider. He makes all his personal calls with this phone and pays for it out of a personal account. He takes it everywhere and charges it in his room at night. On 1/6/2013, Finnell registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Finnell's original Complaint was filed), GoSmith sent Finnell at least 48 telemarketing text messages at this number, about

3-4 per week for around 4 months. The amount of spam messages was so frustrating to Finnell that he complained to his brother, friends, and mother about the calls. GoSmith would text Finnell using an ATDS and from many different numbers. Every time Finnell blocked a number from GoSmith, they would send him more messages from a new and different number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Finnell within a 12-month period after Finnell was registered on the National Do Not Call Registry, including but not limited to the period between 2/1/2017 and 10/2/2017. Finnell seeks an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finnell seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(b), and not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(c).

343.    KJ Finsand personally owns and uses the cellular phone number xxx-xxx-2214. This number is a residential telephone subscription and is Finsand's personal and only phone. Finsand pays for this cell phone out of a personal bank account, makes all personal calls with this phone, and has an individual or family plan with Finsand's cellular service provider. On 12/8/2004, Finsand registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Finsand's original Complaint was filed), GoSmith sent Finsand at least 36 telemarketing text messages at this number, sending Finsand at least two messages per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Finsand within a 12-month period after Finsand was registered on the National Do Not Call Registry, including but not limited to the period between 3/7/2017 and 7/11/2017. Finsand seeks an amount not less than $54,000 for at least 36 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $54,000 for at least 36 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finsand seeks an amount not less than $18,000 for at least 36 negligent violations of 47 U.S.C. § 227(b), and not less than $18,000 for at least 36 negligent violations of 47 U.S.C. § 227(c).

344.     Robert Fischer personally owns and uses the cellular phone number xxx-xxx-5948. This number is a residential telephone subscription and is Fischer's personal and only phone. He uses it for all his personal calls, pays for it out of a personal bank account, and keeps it by his bed at night. On 8/19/2010, Fischer registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Fischer's original Complaint was filed), GoSmith sent Fischer at least 41 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fischer within a 12-month period after Fischer was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Fischer seeks an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Fischer seeks an amount not less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(b), and not less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(c).

345.    Sharlyne Fisher personally owns and uses the cellular phone number xxx-xxx-3525. This number was a residential telephone subscription and was Fisher's only phone. It was a personal plan with her cell phone company and she made all her personal calls with that number and kept the phone charging by her bed at night. On 06/24/2013, Fisher registered this number on the National Do Not Call Registry.  She did make some work calls related to her home-based business with this number in the following years. In the four years preceding 01/30/2020 (the date Fisher's original Complaint was filed), GoSmith sent Fisher at least 3-4 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fisher within a 12-month period after Fisher was registered on the National Do Not Call Registry, including but not limited to the period between 05/03/2017 and 07/12/2017. Fisher seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fisher seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fisher at least 35 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Fisher seeks an amount not less than $17,500, attorney's fees, injunctive relief, and treble damages.

346.    Michael Fjeldheim personally owns and uses the cellular phone number xxx-xxx-3171. This number is a residential telephone subscription and is Fjeldheim's only phone. He

uses this cell phone for all his personal calls and pays for it out of his personal account. In the four years preceding 4/22/2020 (the date Fjeldheim's original Complaint was filed), GoSmith sent Fjeldheim at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fjeldheim seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fjeldheim seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b), and not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fjeldheim at least 21 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Fjeldheim seeks an amount not less than $10,500, attorney's fees, injunctive relief, and treble damages

347.    Vern Flanery personally owns and uses the cellular phone number xxx-xxx-0105. This number is a residential telephone subscription and is Flanery's personal cell phone. It is on a family plan with his cellular service provider with his wife and children's phones. They pay for this phone out of their personal bank account and Flanery makes all his personal calls with this number. On 8/3/2007, Flanery registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Flanery's original Complaint was filed), GoSmith sent Flanery at least 67 telemarketing text messages and calls to Flanery's personal cell phone at this number, calling multiple times a week and texting him multiple times a week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Flanery within a 12-month period after Flanery was registered on the National Do Not Call Registry, including but not limited to the period between 2/17/2017 and 2/17/2018. Flanery seeks an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Flanery seeks an amount not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(b), and not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Flanery at least 67 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Flanery seeks an amount not less than $33,500, attorney's fees, injunctive relief, and treble damages.

348.    Angela Fletcher personally owns and uses the cellular phone number xxx-xxx-5473. This number is a residential telephone subscription and is Fletcher's only phone. She uses it for all her personal calls and it is an individual/personal subscription with her cellular service provider. She carries it with her and charges it by her bed at night. In the four years preceding 4/27/2020 (the date Fletcher's original Complaint was filed), GoSmith sent Fletcher at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fletcher seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fletcher seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least 29

negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fletcher at least 29 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Fletcher seeks an amount not less than $14,500, attorney's fees, injunctive relief, and treble damages.

349.     David Flowers personally owns and uses the cellular phone number xxx-xxx-7005. This number is a residential telephone subscription, but Flowers uses it for work. On 7/28/2006, Flowers registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Flowers's original Complaint was filed), GoSmith sent Flowers at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Flowers seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Flowers seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b).

350.     David Fluckinger personally owns and uses the cellular phone number xxx-xxx-4743. This number is a residential telephone subscription and is Fluckinger's personal and only phone number. He uses is for all his personal calls and pays for it out of his personal account. He carries it on his person and keeps it by his bed at night. It is a personal/individual or family account with his cellular service provider. He also uses it to take work calls related to his home-based business. In the four years preceding 4/22/2020 (the date Fluckinger's original Complaint was filed), GoSmith sent Fluckinger at least 1,159 telemarketing text messages at this number. Fluckinger remembers getting as many as 3-5 text messages a day "for what seemed like forever." The harassment went on for many, many months. Fluckinger would have to stop working and put his tools down to check to see if it was an emergency personal call or a

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 186 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

legitimate client. It was not only very disruptive to his productivity, but it also became very stressful for Fluckinger personally. He reports that he considered getting a new phone number just "to make the nonsense stop," but that he couldn't even do that for relief because none of his customers would be able to get in touch with him, only knowing his personal number. The calls and texts were annoying during his personal time away from work, as well. Fluckinger states, "It was honestly one of the most annoying things I have ever had to deal with." GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fluckinger seeks an amount not less than $1,738,500 for at least 1,159 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,738,500 for at least 1,159 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fluckinger seeks an amount not less than $579,500 for at least 1,159 negligent violations of 47 U.S.C. § 227(b), and not less than $579,500 for at least 1,159 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fluckinger at least 1159 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Fluckinger seeks an amount not less than $579,500, attorney's fees, injunctive relief, and treble damages.

351.    Henry Fluger personally owns and uses the cellular phone number xxx-xxx-0098. This number is a residential telephone subscription. On 7/5/2015, Fluger registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Fluger's original Complaint was filed), GoSmith sent Fluger at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fluger

within a 12-month period after Fluger was registered on the National Do Not Call Registry,

including but not limited to the period between 6/11/2017 and 6/11/2018. Fluger seeks an

amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Fluger seeks an amount not less than $1,000 for at least 2 negligent

violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of

47 U.S.C. § 227(c).

352.    Jeremy Fogle personally owns and uses the cellular phone number xxx-xxx-4225.
This number is a residential telephone subscription and is Fogle's only phone. He pays for this

cell phone out of his personal bank account and uses this phone to make all his personal calls.

In the four years preceding 4/22/2020 (the date Fogle's original Complaint was filed), GoSmith

sent Fogle at least 388 telemarketing text messages at this number, texting Fogle roughly 2-3

messages every few days. Fogle repeatedly asked GoSmith to stop, but they just kept coming

back. Fogle would get messages from GoSmith from about 5:00 a.m. until 9:00 p.m.. GoSmith

knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

§ 64.1200(d). Fogle seeks an amount not less than $582,000 for at least 388 knowing and

willful violations of 47 U.S.C. § 227(b), and an amount not less than $582,000 for at least 388

knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fogle seeks an amount not

less than $194,000 for at least 388 negligent violations of 47 U.S.C. § 227(b), and not less than

$194,000 for at least 388 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent

Fogle at least 388 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090,

80.36.400, and an undetermined number of telephone solicitations in violation of RCW §

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

80.36.390, for which Fogle seeks an amount not less than $194,000, attorney's fees, injunctive relief, and treble damages.

353.    Eugene "Rocky" Foister personally owns and uses the cellular phone number xxx-xxx-5188. This number is a residential telephone subscription and is Foister's only phone. He uses it for all his calls and all his personal calls. He pays for it with his personal bank account. On 9/3/2015, Foister registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Foister's original Complaint was filed), GoSmith sent Foister's personal cell phone thousands of telemarketing text messages. At times, GoSmith sent as many as 15 text solicitations per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Foister within a 12-month period after Foister was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Foister seeks an amount not less than $2,350,500 for at least 1,567 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,350,500 for at least 1,567 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Foister seeks an amount not less than $783,500 for at least 1,567 negligent violations of 47 U.S.C. § 227(b), and not less than $783,500 for at least 1,567 negligent violations of 47 U.S.C. § 227(c).

354.    Brian Fontaine personally owns and uses the cellular phone number xxx-xxx-1206. This number is a residential telephone subscription and is Fontaine's personal and only phone. He has a personal/family cellular phone service plan and pays for it out of his personal bank account. He makes all his personal calls with this cell phone. In the four years preceding 01/30/2020 (the date Fontaine's original Complaint was filed), GoSmith sent Fontaine at least 98 telemarketing text messages at this number, at the rate of at least 2 solicitations per week for

over a year. The messages commonly said, "(Name) needs (job) in your area. Reply 1 if interested." Fontaine complained to his wife that the solicitations were very aggravating, and that he didn't know who was sending them. He tried numerous times to stop the messages. Fontaine believes the telemarketing messages were sent by an autodialer because no one responded to his requests that the sender identify itself. Once, in order to discover the sender's identity, Fontaine selected the option to receive more information. A live person called him back from a different number and tried to sell him GoSmith's leads. Fontaine was very busy and did not need any more work, but GoSmith just kept sending text messages, which frustrated Fontaine to no end. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fontaine seeks an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fontaine seeks an amount not less than $49,000 for at least 98 negligent violations of 47 U.S.C. § 227(b), and $49,000 for at least 98 negligent violations of 47 U.S.C. § 227(c).

355.    Robert Ford personally owns and uses the cellular phone number xxx-xxx-4347. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Ford's original Complaint was filed), GoSmith sent Ford at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ford seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Ford seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. §

227(b), and not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

356.    Michael Fort personally owns and uses the cellular phone number xxx-xxx-8568.

This number is a residential telephone subscription and this is his only phone number. On

9/22/2017, Fort registered this number on the National Do Not Call Registry. Fort pays for this

phone out of his personal bank account and uses the phone for all his personal calls. In the four

years preceding 4/29/2020 (the date Fort's original Complaint was filed), GoSmith sent Fort at

least 490 telemarketing text messages at this number. GoSmith sent Fort multiple texts per

week to his personal phone, claiming to have a potential client for Fort, and asking him to text

1 to reply/confirm. Some were even for clients not even in his state. Fort runs a small cleaning

business out of his home. The texts from GoSmith were clearly the product of a spam bot and

"were coming at an obnoxious, almost laughable rate, especially during the years of 2016-

2019." GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fort

within a 12-month period after Fort was registered on the National Do Not Call Registry,

including but not limited to the period between 9/22/2017 and 9/22/2018. Fort seeks an amount

not less than $735,000 for at least 490 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $735,000 for at least 490 knowing and willful violations of 47

U.S.C. § 227(c). Alternatively, Fort seeks an amount not less than $245,000 for at least 490

negligent violations of 47 U.S.C. § 227(b), and not less than $245,000 for at least 490 negligent

violations of 47 U.S.C. § 227(c).

357.    Coley Foster personally owns and uses the cellular phone number xxx-xxx-1597.

This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the

date Foster's original Complaint was filed), GoSmith sent Foster at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Foster seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Foster seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

358.    Jeremy Foster personally owns and uses the cellular phone number xxx-xxx-6406. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Foster's original Complaint was filed), GoSmith sent Foster at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Foster seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Foster seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

359.    Vaughn Foulger personally owns and uses the cellular phone number xxx-xxx-0407. This number is a residential telephone subscription, registered in his personal name, paid for out of his personal bank account. In the four years preceding 4/28/2020 (the date Foulger's original Complaint was filed), GoSmith sent Foulger at least 196 telemarketing text messages at this number, at least twice per week for well over a year. GoSmith knowingly and willfully

sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Foulger seeks an amount not less than $294,000 for at least 196 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $294,000 for at least 196 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Foulger seeks an amount not less than $98,000 for at least 196 negligent violations of 47 U.S.C. § 227(b), and not less than $98,000 for at least 196 negligent violations of 47 U.S.C. § 227(c).

360.    Adam Francis personally owns and uses the cellular phone number xxx-xxx-2849. This number is a residential telephone subscription and is Francis's only phone and he makes all of his personal phone calls with this phone. In the four years preceding 4/22/2020 (the date Francis's original Complaint was filed), GoSmith sent Francis at least 174 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Francis seeks an amount not less than $261,000 for at least 174 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $261,000 for at least 174 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Francis seeks an amount not less than $87,000 for at least 174 negligent violations of 47 U.S.C. § 227(b), and not less than $87,000 for at least 174 negligent violations of 47 U.S.C. § 227(c).

361.    Salvador Franco personally owns and uses the cellular phone number xxx-xxx-5784. This number is a residential telephone subscription which Franco uses as his personal cell phone. The calls In the four years preceding 4/28/2020 (the date Franco's original Complaint was filed), GoSmith sent Franco at least 621 telemarketing text messages at this

number. The messages were extremely disruptive to Franco's daily tasks. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Franco seeks an amount not less than $931,500 for at least 621 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $931,500 for at least 621 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Franco seeks an amount not less than $310,500 for at least 621 negligent violations of 47 U.S.C. § 227(b), and not less than $310,500 for at least 621 negligent violations of 47 U.S.C. § 227(c).

362.    Larry Freeman personally owns and uses the cellular phone number xxx-xxx-2623. This number is a residential telephone subscription and is Freeman's only telephone. Freeman uses this cell phone to communicate with family and friends. On 12/04/2004, Freeman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Freeman's original Complaint was filed), GoSmith sent Freeman at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Freeman within a 12-month period after Freeman was registered on the National Do Not Call Registry, including but not limited to the period between 03/05/2016 and 03/05/2017. Freeman seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Freeman seeks an amount not less

than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(b), and $25,000 for at least

50 negligent violations of 47 U.S.C. § 227(c).

363.    Randy Freemole personally owns and uses the cellular phone number xxx-xxx-

0666. This number is a residential telephone subscription and is Freemole's only telephone.

Freemole uses this phone to communicate with family and friends and keeps the phone with

him at all times. On 06/04/2006, Freemole registered this number on the National Do Not Call

Registry. In the four years preceding 01/30/2020 (the date Freemole's original Complaint was

filed), GoSmith sent Freemole at least 12 telemarketing text messages at this number. GoSmith

knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text

messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

least 2 text messages to Freemole within a 12-month period after Freemole was registered on

the National Do Not Call Registry, including but not limited to the period between 06/15/2017

and 07/28/2017. Freemole seeks an amount not less than $18,000 for at least 12 knowing and

willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12

knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Freemole seeks an amount

not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and $6,000 for at

least 12 negligent violations of 47 U.S.C. § 227(c).

364.    Ray French personally owns and uses the cellular phone number xxx-xxx-6695.

This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the

date French's original Complaint was filed), GoSmith sent French at least 15 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). French seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, French seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

365.    Joe Frieden personally owns and uses the cellular phone number xxx-xxx-9242. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Frieden's original Complaint was filed), GoSmith sent Frieden at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Frieden seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Frieden seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

366.    Ron Fuentes personally owns and uses the cellular phone number xxx-xxx-4393. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Fuentes's original Complaint was filed), GoSmith sent Fuentes at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fuentes seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not

less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Fuentes seeks an amount not less than $2,500 for at least 5 negligent violations

of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C.

§ 227(c).

367.    Michael Fulmer personally owns and uses the cellular phone number xxx-xxx-

9667. This number is a residential telephone subscription and is Fulmer's only telephone.

Fulmer uses the telephone to communicate with family and friends and keeps the phone on him

at all times. In the four years preceding 4/28/2020 (the date Fulmer's original Complaint was

filed), GoSmith sent Fulmer at least 337 telemarketing text messages at this number. GoSmith

knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

§ 64.1200(d). Fulmer seeks an amount not less than $505,500 for at least 337 knowing and

willful violations of 47 U.S.C. § 227(b), and an amount not less than $505,500 for at least 337

knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fulmer seeks an amount

not less than $168,500 for at least 337 negligent violations of 47 U.S.C. § 227(b), and not less

than $168,500 for at least 337 negligent violations of 47 U.S.C. § 227(c).

368.    Tyler FuQua personally owns and uses the cellular phone number xxx-xxx-9956.

This number is a residential telephone subscription and is FuQua's only telephone. On

11/12/2009, FuQua registered this number on the National Do Not Call Registry. In the four

years preceding 4/28/2020 (the date FuQua's original Complaint was filed), GoSmith sent

FuQua at least 11 telemarketing text messages at this number. GoSmith knowingly and

willfully sent these text messages using an automatic telephone dialing system in violation of

47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully

sent these text messages without instituting procedures that meet the minimum standards

required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also

in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to FuQua within a 12-month period after FuQua was registered on the National Do Not Call Registry, including but not limited to the period between 1/15/2017 and 6/27/2017. FuQua seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, FuQua seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

369.    Chris Gabin personally owns and uses the cellular phone number xxx-xxx-0575. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Gabin's original Complaint was filed), GoSmith sent Gabin at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gabin seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gabin seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

370.    Michael Gallant personally owns and uses the cellular phone number xxx-xxx-8469. This number is a residential telephone subscription and is Gallant's only telephone which he keeps on him at all times and charges by his bed every night. Gallant uses the cell phone to talk with family and friends. Gallant pays for the cell phone out of his personal bank account. On 10/23/2008, Gallant registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Gallant's original Complaint was filed), GoSmith sent Gallant at least 4 telemarketing text messages at this number. GoSmith knowingly and

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gallant within a 12-month period after Gallant was registered on the National Do Not Call Registry, including but not limited to the period between 06/09/2017 and 06/09/2018. Gallant seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gallant seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

371. John Gangini personally owns and uses the cellular phone number xxx-xxx-6567. This number is a residential telephone subscription and is Gangini's only cell phone. Gangini uses this cell phone to talk with family and friends and pays the cell phone out of his personal bank account. On 09/03/2005, Gangini registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Gangini's original Complaint was filed), GoSmith sent Gangini at least one telemarketing text message per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gangini within a 12-month period after Gangini was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Gangini seeks an amount not less than $313,500 for at least 209 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 199 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

$313,500 for at least 209 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gangini seeks an amount not less than $104,500 for at least 209 negligent violations of 47 U.S.C. § 227(b), and $104,500 for at least 209 negligent violations of 47 U.S.C. § 227(c).

372. Leonard Garcia personally owns and uses the cellular phone number xxx-xxx-0157. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Garcia's original Complaint was filed), GoSmith sent Garcia at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Garcia seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garcia seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

373. David Garcia personally owns and uses the cellular phone number xxx-xxx-9922. Garcia uses this cell phone for work. In the four years preceding 01/30/2020 (the date Garcia's original Complaint was filed), GoSmith sent Garcia at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Garcia seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Garcia seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b).

374. Jimmy Gardner personally owns and uses the cellular phone number xxx-xxx-0078. This number is a residential telephone subscription and is Gardner's only telephone. Gardner uses this cell phone to talk with family and friends and keeps the cell phone on him at

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

all times. On 6/30/2012, Gardner registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Gardner's original Complaint was filed), GoSmith sent Gardner at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gardner within a 12-month period after Gardner was registered on the National Do Not Call Registry, including but not limited to the period between 3/1/2017 and 9/6/2017. Gardner seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gardner seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

375.    Kerry Garfinkle personally owns and uses the cellular phone number xxx-xxx-9014. This number is a residential telephone subscription and is Garfinkle's only phone. Garfinkle uses this cell phone to communicate with friends and family and for all other purposes as Garfinkle has no other phone or computer. In the four years preceding 01/30/2020 (the date Garfinkle's original Complaint was filed), GoSmith sent Garfinkle at least 2 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Garfinkle seeks an amount not less than $435,000 for at least 290 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $435,000 for at least 290 knowing and willful violations of 47 U.S.C. § 227(c).

1  Alternatively, Garfinkle seeks an amount not less than $145,000 for at least 290 negligent

2  violations of 47 U.S.C. § 227(b), and $145,000 for at least 290 negligent violations of 47

3  U.S.C. § 227(c).

4      376.    Holly Garner personally owns and uses the cellular phone number xxx-xxx-4208.

5  This number is a residential telephone subscription and is Garner's only telephone. Garner uses

6  the cell phone to communicate with family and friends and pays for the cell phone out of her

7  personal bank account. On 9/14/2005, Garner registered this number on the National Do Not

8  Call Registry. In the four years preceding 4/28/2020 (the date Garner's original Complaint was

9  filed), GoSmith sent Garner at least 3 telemarketing text messages at this number. GoSmith

10  knowingly and willfully sent these text messages using an automatic telephone dialing system

11  in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

12  knowingly and willfully sent these text messages without instituting procedures that meet the

13  minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

14  § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith

15  knowingly and willfully sent at least 2 text messages to Garner within a 12-month period after

16  Garner was registered on the National Do Not Call Registry, including but not limited to the

17  period between 7/1/2017 and 7/1/2018. Garner seeks an amount not less than $4,500 for at

18  least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

19  $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

20  Garner seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. §

21  227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

22      377.    Cody Garrett personally owns and uses the cellular phone number xxx-xxx-2207.

23  This number is a residential telephone subscription and is Garrett's only telephone. Garrett uses

24  the cell phone to communicate with friends and family and pays for the cell phone out of his

25  personal bank account. Garrett keeps the cell phone on him at all times and charges it near his

26  bedside at night. In the four years preceding 4/28/2020 (the date Garrett's original Complaint

27  was filed), GoSmith sent Garrett at least 4 telemarketing text messages at this number.

GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Garrett seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garrett seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

378.    Brandt Garrison personally owns and uses the cellular phone number xxx-xxx-5401. This number is a residential telephone subscription and is Garrison's only telephone. Garrison uses the cell phone to communicate with family and friends and pays for the cell phone out of his personal bank account. Garrison keeps the cell phone on him at all times and charges it near his bedside at night. On 5/26/2017, Garrison registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Garrison's original Complaint was filed), GoSmith sent Garrison at least 202 telemarketing text messages at this number. Garrison contacted GoSmith at least 10 times by telephone requesting that the text messages and phone calls stop, but GoSmith continued sending him text messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Garrison within a 12-month period after Garrison was registered on the National Do Not Call Registry, including but not limited to the period between 5/26/2017 and 5/26/2018. Garrison seeks an amount not less than $303,000 for at least 202 knowing and willful violations of 47 U.S.C. § 227(b), and an amount

not less than $303,000 for at least 202 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garrison seeks an amount not less than $101,000 for at least 202 negligent violations of 47 U.S.C. § 227(b), and not less than $101,000 for at least 202 negligent violations of 47 U.S.C. § 227(c).

379.    Grant Gary personally owns and uses the cellular phone number xxx-xxx-4657. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Gary's original Complaint was filed), GoSmith sent Gary at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gary seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gary seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c).

380.    Ronald Garzina personally owns and uses the cellular phone number xxx-xxx-6309. This number is a residential telephone subscription and Garzina's only telephone. Garzina uses the telephone to communicate with family and friends and keeps the telephone on him at all times. In the four years preceding 4/22/2020 (the date Garzina's original Complaint was filed), GoSmith sent Garzina at least 453 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Garzina seeks an amount not less than $679,500 for at least 453 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $679,500

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 204 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

for at least 453 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garzina seeks an amount not less than $226,500 for at least 453 negligent violations of 47 U.S.C. § 227(b), and not less than $226,500 for at least 453 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Garzina at least 453 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Garzina seeks an amount not less than $226,500, attorney's fees, injunctive relief, and treble damages.

381.    Cy Gau personally owns and uses the cellular phone number xxx-xxx-8592. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Gau's original Complaint was filed), GoSmith sent Gau at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gau seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gau seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gau at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gau seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

382.    Roger Gauthier personally owns and uses the cellular phone number xxx-xxx-1202. This number is a residential telephone subscription and has always been Gauthier's personal cell phone. Gauthier used this cell phone to communicate with family and friends and kept the cell phone on him at all times. In the four years preceding 4/22/2020 (the date

Gauthier's original Complaint was filed), GoSmith sent Gauthier at least 27 telemarketing text messages and telephone calls at this number. GoSmith knowingly and willfully sent these text messages and telephone calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and telephone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gauthier seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gauthier seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gauthier at least 27 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gauthier seeks an amount not less than $13,500, attorney's fees, injunctive relief, and treble damages.

383.    Timothy Gavin personally owns and uses the cellular phone number xxx-xxx-5280. This number is a residential telephone subscription. On 10/7/2008, Gavin registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Gavin's original Complaint was filed), GoSmith sent Gavin at least 142 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gavin within a 12-month period after Gavin was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Gavin seeks an

amount not less than $213,000 for at least 142 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $213,000 for at least 142 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gavin seeks an amount not less than $71,000 for at least 142 negligent violations of 47 U.S.C. § 227(b), and not less than $71,000 for at least 142 negligent violations of 47 U.S.C. § 227(c).

384.    Benjamin George personally owns and uses the cellular phone number xxx-xxx-7867. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date George's original Complaint was filed), GoSmith sent George at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). George seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, George seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

385.    Heath Getchell personally owns and uses the cellular phone number xxx-xxx-5602. This number is a residential telephone subscription and is Getchell's only telephone. Getchell uses this telephone to communicate with family and friends and keeps the phone on him at all times. In the four years preceding 4/22/2020 (the date Getchell's original Complaint was filed), GoSmith sent Getchell at least 33 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

47 C.F.R. § 64.1200(d). Getchell seeks an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Getchell seeks an amount not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(b), and not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Getchell at least 33 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Getchell seeks an amount not less than $16,500, attorney's fees, injunctive relief, and treble damages.

386.    Matt Gibbons personally owns and uses the cellular phone number xxx-xxx-8254. This number is a residential telephone subscription and is Gibbons's only telephone. Gibbons uses the cell phone to communicate with family and friends and keeps the cell phone on him at all times. Gibbons pays for the cell phone out of his personal bank account. In the four years preceding 4/28/2020 (the date Gibbons's original Complaint was filed), GoSmith sent Gibbons at least 212 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gibbons seeks an amount not less than $318,000 for at least 212 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $318,000 for at least 212 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gibbons seeks an amount not less than $106,000 for at least 212 negligent violations of 47 U.S.C. § 227(b), and not less than $106,000 for at least 212 negligent violations of 47 U.S.C. § 227(c).

387.    Cory Giffey personally owns and uses the cellular phone number xxx-xxx-9400. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Giffey's original Complaint was filed), GoSmith sent Giffey at least 14 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Giffey seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Giffey seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Giffey at least 14 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Giffey seeks an amount not less than $7,000, attorney's fees, injunctive relief, and treble damages.

388.    Ronald Gilbert personally owns and uses the cellular phone number xxx-xxx-6433. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Gilbert's original Complaint was filed), GoSmith sent Gilbert at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gilbert seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gilbert seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

389.     Matt Gilbert personally owns and uses the cellular phone number xxx-xxx-1474. This number is a residential telephone subscription and the only telephone used by Gilbert. Gilbert uses the cell phone to communicate with friends and family and keeps the cell phone on him at all times. On 1/25/2008, Gilbert registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Gilbert's original Complaint was filed), GoSmith sent Gilbert at least 121 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gilbert within a 12-month period after Gilbert was registered on the National Do Not Call Registry, including but not limited to the period between 5/6/2016 and 5/6/2017. Gilbert seeks an amount not less than $181,500 for at least 121 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $181,500 for at least 121 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gilbert seeks an amount not less than $60,500 for at least 121 negligent violations of 47 U.S.C. § 227(b), and not less than $60,500 for at least 121 negligent violations of 47 U.S.C. § 227(c).

390.     Tom Gill personally owns and uses the cellular phone number xxx-xxx-7155. This number is a residential telephone subscription. On 7/28/2010, Gill registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Gill's original Complaint was filed), GoSmith sent Gill at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 210 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gill within a 12-month period after Gill was registered on the National Do Not Call Registry, including but not limited to the period between 9/20/2017 and 9/20/2018. Gill seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gill seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gill at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gill seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

391.    Justin Glasglow personally owns and uses the cellular phone number xxx-xxx-0008. This number is a residential telephone subscription and is the only telephone used by Glasglow. Glasglow uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Glasglow uses the cell phone for limited business purposes. In the four years preceding 01/30/2020 (the date Glasglow's original Complaint was filed), GoSmith sent Glasglow at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Glasglow seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Glasglow seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

392.     DJ Glass personally owns and uses the cellular phone number xxx-xxx-2708. This number is a residential telephone subscription and is Glass's only telephone. Glass uses the cell phone to communicate with family and friend and keeps the cell phone on him at all times. Glass pays for the cell phone out of his personal bank account. On 06/22/2017, Glass registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Glass's original Complaint was filed), GoSmith sent Glass at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Glass within a 12-month period after Glass was registered on the National Do Not Call Registry, including but not limited to the period between 06/22/2017 and 06/22/2018. Glass seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Glass seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(b), and $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

393.     Brian Gobat personally owns and uses the cellular phone number xxx-xxx-9261. Gobat uses this cell phone for his work. In the four years preceding 4/22/2020 (the date Gobat's original Complaint was filed), GoSmith sent Gobat at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gobat seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gobat seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gobat at least 23 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gobat seeks an amount not less than $11,500, attorney's fees, injunctive relief, and treble damages.

394.    William Gomez personally owns and uses the cellular phone number xxx-xxx-9412. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Gomez's original Complaint was filed), GoSmith sent Gomez at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gomez seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gomez seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

395.    Luis Gomez personally owns and uses the cellular phone number xxx-xxx-7384. This number is a residential telephone subscription. On 9/23/2008, Gomez registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Gomez's original Complaint was filed), GoSmith sent Gomez at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gomez within a 12-month period after Gomez was registered on the National Do Not Call Registry, including but not limited to the period between 12/14/2016 and 12/14/2017. Gomez seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gomez seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(b), and not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c).

396.    Pedro Gomez personally owns and uses the cellular phone number xxx-xxx-8364. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Gomez's original Complaint was filed), GoSmith sent Gomez at least 135 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gomez seeks an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gomez seeks an amount not less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(b), and not less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gomez at least 135 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gomez seeks an amount not less than $67,500, attorney's fees, injunctive relief, and treble damages.

397.   Thomas Gonzales personally owns and uses the cellular phone number xxx-xxx-1568. Gonzales uses this cell phone for his work. On 10/17/2009, Gonzales registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Gonzales's original Complaint was filed), GoSmith sent Gonzales at least 122 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Gonzales seeks an amount not less than $183,000 for at least 122 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Gonzales seeks an amount not less than $61,000 for at least 122 negligent violations of 47 U.S.C. § 227(b).

398.   William Gooch personally owns and uses the cellular phone number xxx-xxx-6097. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Gooch's original Complaint was filed), GoSmith sent Gooch at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gooch seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gooch seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

399.   Matt Goodenough personally owns and uses the cellular phone number xxx-xxx-4689. This number is a residential telephone subscription and Goodenough's only telephone. Goodenough uses the cell phone to communicate with friends and family and keeps the cell phone on him at all times. In the four years preceding 4/28/2020 (the date Goodenough's original Complaint was filed), GoSmith sent Goodenough at least 59 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Goodenough seeks an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Goodenough seeks an amount not less than $29,500 for at least 59 negligent violations of 47 U.S.C. § 227(b), and not less than $29,500 for at least 59 negligent violations of 47 U.S.C. § 227(c).

400.    Robert Goold personally owns and uses the cellular phone number xxx-xxx-3270. This number is a residential telephone subscription. On 3/9/2019, Goold registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Goold's original Complaint was filed), GoSmith sent Goold at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Goold within a 12-month period after Goold was registered on the National Do Not Call Registry, including but not limited to the period between 3/9/2019 and 1/30/2020. Goold seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Goold seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

401.    Tameka Gordon personally owns and uses the cellular phone number xxx-xxx-5411. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Gordon's original Complaint was filed), GoSmith sent Gordon at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gordon seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gordon seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

402.    John Gorham personally owns and uses the cellular phone number xxx-xxx-9504. This number is a residential telephone subscription and is Gorham's only telephone. Gorham uses this cell phone to communicate with family and friends and keeps the cell phone on him at all times. In the four years preceding 4/27/2020 (the date Gorham's original Complaint was filed), GoSmith sent Gorham at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gorham seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gorham seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(b), and not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 217 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Gorham at least 107 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gorham seeks an amount not less than $53,500, attorney's fees, injunctive relief, and treble damages.

403.     Mark Gotti personally owns and uses the cellular phone number xxx-xxx-9318. This number is a residential telephone subscription. On 2/21/2008, Gotti registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Gotti's original Complaint was filed), GoSmith sent Gotti at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gotti within a 12-month period after Gotti was registered on the National Do Not Call Registry, including but not limited to the period between 5/1/2017 and 5/1/2018. Gotti seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gotti seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

404.     Wes Goumaz personally owns and uses the cellular phone number xxx-xxx-2214. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Goumaz's original Complaint was filed), GoSmith sent Goumaz at least 70 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Goumaz seeks an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Goumaz seeks an amount not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(b), and not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Goumaz at least 70 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Goumaz seeks an amount not less than $35,000, attorney's fees, injunctive relief, and treble damages.

405.    Tammy Gouveia personally owns and uses the cellular phone number xxx-xxx-7614. This number is a residential telephone subscription and Gouveia's only telephone. Gouveia uses this cell phone to communicate with family and friends and keeps the phone with her at all times. In the four years preceding 01/30/2020 (the date Gouveia's original Complaint was filed), GoSmith sent Gouveia at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gouveia seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gouveia seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

406.    Ronald Graff personally owns and uses the cellular phone number xxx-xxx-5299. This number is a residential telephone subscription and Garff's only telephone. The cell phone is paid for out of Graff's personal bank account and is on a personal family plan. Graff uses this

cell phone to communicate with family and friends. Graff keeps this phone on him at all times and charges the cell phone on his nightstand by his bed every night. On 07/01/2003, Graff registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Graff's original Complaint was filed), GoSmith sent Graff at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Graff within a 12-month period after Graff was registered on the National Do Not Call Registry, including but not limited to the period between 05/27/2017 and 05/27/2018. Graff seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Graff seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

407.    Chris Grasso personally owns and uses the cellular phone number xxx-xxx-7342. This number is a residential telephone subscription. On 1/10/2006, Grasso registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Grasso's original Complaint was filed), GoSmith sent Grasso at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Grasso

within a 12-month period after Grasso was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Grasso seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grasso seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

408.    John Gray personally owns and uses the cellular phone number xxx-xxx-6528. This number is a residential telephone subscription. On 6/11/2005, Gray registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Gray's original Complaint was filed), GoSmith sent Gray at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gray within a 12-month period after Gray was registered on the National Do Not Call Registry, including but not limited to the period between 5/25/2016 and 5/25/2017. Gray seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gray seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gray at least 8 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gray seeks an amount not less than $4,000, attorney's fees, injunctive relief, and treble damages.

409.    Michael Green personally owns and uses the cellular phone number xxx-xxx-9753. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Green's original Complaint was filed), GoSmith sent Green at least 697 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Green seeks an amount not less than $1,045,500 for at least 697 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,045,500 for at least 697 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Green seeks an amount not less than $348,500 for at least 697 negligent violations of 47 U.S.C. § 227(b), and not less than $348,500 for at least 697 negligent violations of 47 U.S.C. § 227(c).

410.    Tamyko Green personally owns and uses the cellular phone number xxx-xxx-4003. This number is a residential telephone subscription. On 4/13/2014, Green registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Green's original Complaint was filed), GoSmith sent Green at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Green within a 12-month period after Green was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Green seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Green seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

411.     Morgan Griffin personally owns and uses the cellular phone number xxx-xxx-7757. This number is a residential telephone subscription and Griffin's only telephone. Griffin uses this cell phone to communicate with family and friends and keeps this cell phone on her at all times. Griff charges the cell phone by her bed on her nightstand at night. In the four years preceding 4/28/2020 (the date Griffin's original Complaint was filed), GoSmith sent Griffin at least 297 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Griffin seeks an amount not less than $445,500 for at least 297 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $445,500 for at least 297 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Griffin seeks an amount not less than $148,500 for at least 297 negligent violations of 47 U.S.C. § 227(b), and not less than $148,500 for at least 297 negligent violations of 47 U.S.C. § 227(c).

412.     Vitaliy Grishko personally owns and uses the cellular phone number xxx-xxx-0469. This number is a residential telephone subscription and Grishko's only telephone. In the four years preceding 4/27/2020 (the date Grishko's original Complaint was filed), GoSmith sent Grishko at least 26 telemarketing text messages at this number. Grishko tried tirelessly to stop the unsolicited and invasive spam from GoSmith but was unsuccessful in doing so. The messages were invasive and incredibly annoying to Grishko. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Grishko seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grishko seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Grishko at least 26 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Grishko seeks an amount not less than $13,000, attorney's fees, injunctive relief, and treble damages.

413.    Travis Grob personally owns and uses the cellular phone number xxx-xxx-7583. This number is a residential telephone subscription and Grob's only telephone. Grob used the cell phone to communicate with family and friends and keeps the cell phone on him at all times. In the four years preceding 4/22/2020 (the date Grob's original Complaint was filed), GoSmith sent Grob at least 345 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Grob seeks an amount not less than $517,500 for at least 345 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $517,500 for at least 345 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grob seeks an amount not less than $172,500 for at least 345 negligent violations of 47 U.S.C. § 227(b), and not less than $172,500 for at least 345 negligent violations of 47 U.S.C. § 227(c).

414.    Jo Groue personally owns and uses the cellular phone number xxx-xxx-4877. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Groue's original Complaint was filed), GoSmith sent Groue at least 27 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Groue seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Groue seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Groue at least 27 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Groue seeks an amount not less than $13,500, attorney's fees, injunctive relief, and treble damages.

415.    Kris Grover personally owns and uses the cellular phone number xxx-xxx-1194. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Grover's original Complaint was filed), GoSmith sent Grover at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Grover seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grover seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

416.    David Gruce personally owns and uses the cellular phone number xxx-xxx-1300. This number is a residential telephone subscription. This number is a personal phone and is

different from his business phone number xxx-xxx-0095. Gruce uses xxx-xxx-1300 to communicate with family and friends and keeps the phone on him at all times. Gruce pays for xxx-xxx-1300 out of his personal bank account. On 3/3/2006, Gruce registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Gruce's original Complaint was filed), GoSmith sent Gruce at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gruce within a 12-month period after Gruce was registered on the National Do Not Call Registry, including but not limited to the period between 4/29/2016 and 4/29/2017. Gruce seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gruce seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

417.    Jewel Gurule personally owns and uses the cellular phone number xxx-xxx-0315. This number is a residential telephone subscription and is Gurule's only telephone. Gurule uses this cell phone to communicate with friends and family. Gurule pays for the cell phone out of his personal bank account. Gurule has the cell phone at all times and charges it near his bed side at night. In the four years preceding 4/22/2020 (the date Gurule's original Complaint was filed), GoSmith sent Gurule at least 254 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gurule seeks an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gurule seeks an amount not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(b), and not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(c).

418.    Sean Gustin personally owns and uses the cellular phone number xxx-xxx-7935. Gustin uses this cell phone for work and personal purposes. Gustin communicates with family and friends on this cell phone and carries this cell phone with him at all times.  In the four years preceding 4/28/2020 (the date Gustin's original Complaint was filed), GoSmith sent Gustin at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gustin seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gustin seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(b), and not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c).

419.    Charles Gutaukus personally owns and uses the cellular phone number xxx-xxx-0509. Gutaukus uses this phone for work. In the four years preceding 01/30/2020 (the date Gutaukus's original Complaint was filed), GoSmith sent Gutaukus an average of 5 telemarketing text messages per week at this number, with some weeks reaching as high as 15 messages per week. GoSmith sent at least 1.045 text messages to Gutaukus. As a result, Gutaukus was charged substantial overage fees on his cell phone plan and was forced to change his plan to a more expensive one to prevent the overages. GoSmith knowingly and

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 227 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Gutaukus seeks an amount not less than $1,567,500 for at least 1,045 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Gutaukus seeks an amount not less than $522,500 for at least 1,045 negligent violations of 47 U.S.C. § 227(b).

420.    Jody Gutierrez personally owns and uses the cellular phone number xxx-xxx-5394. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Gutierrez's original Complaint was filed), GoSmith sent Gutierrez at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gutierrez seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gutierrez seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(b), and not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(c).

421.    Juan Gutierrez personally owns and uses the cellular phone number xxx-xxx-5100. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Gutierrez's original Complaint was filed), GoSmith sent Gutierrez at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gutierrez seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Gutierrez seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gutierrez at least 43 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Gutierrez seeks an amount not less than $21,500, attorney's fees, injunctive relief, and treble damages.

422.    Todd Haberkorn personally owns and uses the cellular phone number xxx-xxx-7436. Haberkon uses this cell phone for work. In the four years preceding 4/22/2020 (the date Haberkorn's original Complaint was filed), GoSmith sent Haberkorn at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Haberkorn seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Haberkorn seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b).

423.    Jonathan Haddeman personally owns and uses the cellular phone number xxx-xxx-6944. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Haddeman's original Complaint was filed), GoSmith sent Haddeman at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Haddeman seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Haddeman seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent

violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Haddeman at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Haddeman seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

424. Scott Hall personally owns and uses the cellular phone number xxx-xxx-5816. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Hall's original Complaint was filed), GoSmith sent Hall at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hall seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hall seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

425. John Hamilton personally owns and uses the cellular phone number xxx-xxx-4283. Hamilton uses this phone for work. In the four years preceding 01/30/2020 (the date Hamilton's original Complaint was filed), GoSmith sent Hamilton at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Hamilton seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Hamilton seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b).

426. Keir Hamlin personally owns and uses the cellular phone number xxx-xxx-9599. This number is a residential telephone subscription and Hamlin's only telephone. Hamlin uses the cell phone to communicate with friends and family and has the cell phone on him at all

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 230 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

times. Hamlin charges the cell phone in his bedroom at night. In the four years preceding 01/30/2020 (the date Hamlin's original Complaint was filed), GoSmith sent Hamlin at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hamlin seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hamlin seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

427.    Brian Hammers personally owns and uses the cellular phone number xxx-xxx-5875. This number is a residential telephone subscription. On 9/1/2008, Hammers registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Hammers's original Complaint was filed), GoSmith sent Hammers at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hammers within a 12-month period after Hammers was registered on the National Do Not Call Registry, including but not limited to the period between 10/22/2016 and 10/22/2017. Hammers seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hammers seeks an amount not less than $2,500

for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

428.     Ryan Hansen personally owns and uses the cellular phone number xxx-xxx-3494. This number is a residential telephone subscription and Hansen's only telephone. Hansen uses this cell phone to communicate with family and friends and has the cell phone on him at all times. Hansen charges the cell phone by his bedside at night and pays for the cell phone out of a personal bank account. In the four years preceding 4/22/2020 (the date Hansen's original Complaint was filed), GoSmith sent Hansen at least 223 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hansen seeks an amount not less than $334,500 for at least 223 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $334,500 for at least 223 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hansen seeks an amount not less than $111,500 for at least 223 negligent violations of 47 U.S.C. § 227(b), and not less than $111,500 for at least 223 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hansen at least 223 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hansen seeks an amount not less than $111,500, attorney's fees, injunctive relief, and treble damages.

429.     J. Andy Hardwick personally owns and uses the cellular phone number xxx-xxx-2212. This number is a residential telephone subscription and Hardwick's only telephone. Hardwick uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. On 11/26/2004, Hardwick registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Hardwick's original Complaint was filed), GoSmith sent Hardwick at least 27 telemarketing text messages at this

number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hardwick within a 12-month period after Hardwick was registered on the National Do Not Call Registry, including but not limited to the period between 12/20/2016 and 7/18/2017. Hardwick seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hardwick seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

430.    Michael Hargett personally owns and uses the cellular phone number xxx-xxx-0817. This number is a residential telephone subscription. Hargett uses this cell phone for work. Hargett also receives personal calls and text messages on this phone. In the four years preceding 4/22/2020 (the date Hargett's original Complaint was filed), GoSmith sent Hargett at least 867 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hargett seeks an amount not less than $1,300,500 for at least 867 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,300,500 for at least 867 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hargett seeks an amount not less than $433,500 for at least 867 negligent violations of 47 U.S.C. § 227(b), and not less than $433,500 for at least 867 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hargett at least 867

commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hargett seeks an amount not less than $433,500, attorney's fees, injunctive relief, and treble damages.

431.    Scott Harman personally owns and uses the cellular phone number xxx-xxx-1760. This number is a residential telephone subscription. Harman uses this number for personal purposes only. On 3/23/2008, Harman registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Harman's original Complaint was filed), GoSmith sent Harman at least 29 telemarketing text messages and telephone calls at this number. The text messages and telephone calls often came during the evening and interrupted Harman's time with his family. Harman tried tirelessly to stop the text messages and telephone calls from GoSmith. Despite his repeated demands that the messages and calls stop, GoSmith continued relentlessly messaging and calling Harman. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Harman within a 12-month period after Harman was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Harman seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harman seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

432.    Demetrious Harmon personally owns and uses the cellular phone number xxx-xxx-5251. This number is a residential telephone subscription and Harmon's only telephone.

Harmon uses this cell phone to communicate with friends and family and carries the cell phone with his at all hours. Harmon charges the cell phone near his bedside at night. In the four years preceding 01/30/2020 (the date Harmon's original Complaint was filed), GoSmith sent Harmon at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Harmon seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harmon seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

433.    Scott Harris personally owns and uses the cellular phone number xxx-xxx-6421. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Harris's original Complaint was filed), GoSmith sent Harris at least 56 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Harris seeks an amount not less than $84,000 for at least 56 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $84,000 for at least 56 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harris seeks an amount not less than $28,000 for at least 56 negligent violations of 47 U.S.C. § 227(b), and not less than $28,000 for at least 56 negligent violations of 47 U.S.C. § 227(c).

434.    Michael Harris personally owns and uses the cellular phone number xxx-xxx-9297. This number is a residential telephone subscription and is Harris's only phone, a cell

phone which he uses for all his personal calls. On 12/13/2004, Harris registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Harris's original Complaint was filed), GoSmith sent Harris at least 57 telemarketing text messages and calls at this number. The calls and texts stopped when he started blocking the numbers. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and calls to Harris within a 12-month period after Harris was registered on the National Do Not Call Registry, including but not limited to the period between 4/29/2016 and 4/29/2017. Harris seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harris seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(b), and not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

435.    Morgan Harris personally owns and uses the cellular phone number xxx-xxx-7508. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Harris's original Complaint was filed), GoSmith sent Harris at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Harris seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $31,500 for at least 21 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Harris seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b), and not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Harris at least 21 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Harris seeks an amount not less than $10,500, attorney's fees, injunctive relief, and treble damages.

436.    Andrea Harris personally owns and uses the cellular phone number xxx-xxx-4204. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Harris's original Complaint was filed), GoSmith sent Harris at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Harris seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harris seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Harris at least 27 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Harris seeks an amount not less than $13,500, attorney's fees, injunctive relief, and treble damages.

437.    Quinn Harrison personally owns and uses the cellular phone number xxx-xxx-9018. This number is a residential telephone subscription and Harrison's only telephone. Harrison uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Harrison charges the cell phone near his bedside at night. On 9/24/2010, Harrison registered this number on the National Do Not Call Registry. In the four years

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 237 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

preceding 4/22/2020 (the date Harrison's original Complaint was filed), GoSmith sent Harrison at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Harrison within a 12-month period after Harrison was registered on the National Do Not Call Registry, including but not limited to the period between 12/13/2016 and 8/26/2017. Harrison seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harrison seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

438.    John Hart personally owns and uses the cellular phone number xxx-xxx-4143. This number is a residential telephone subscription and is Hart's only telephone. Hart uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Hart charges this cell phone by his bedside at night. In the four years preceding 01/30/2020 (the date Hart's original Complaint was filed), GoSmith sent Hart at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hart seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Hart seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(b), and $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c).

439.   Danny Hart personally owns and uses the cellular phone number xxx-xxx-This number is a residential telephone subscription and is Hart's only telephone. Hart uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Hart charges this cell phone by his bedside at night.  In the four years preceding 4/28/2020 (the date Hart's original Complaint was filed), GoSmith sent Hart at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hart seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hart seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

440.   Ivan Hartavel personally owns and uses the cellular phone number xxx-xxx-7510. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Hartavel's original Complaint was filed), GoSmith sent Hartavel at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hartavel seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hartavel seeks an amount not less than $4,000 for at least 8 negligent violations

of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hartavel at least 8 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hartavel seeks an amount not less than $4,000, attorney's fees, injunctive relief, and treble damages.

441.   Craig Hawker personally owns and uses the cellular phone number xxx-xxx-5372. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Hawker's original Complaint was filed), GoSmith sent Hawker at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hawker seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hawker seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

442.   Wesley Hawkins personally owns and uses the cellular phone number xxx-xxx-0534. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Hawkins's original Complaint was filed), GoSmith sent Hawkins at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hawkins seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 240 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(b), and an amount not less than \$36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hawkins seeks an amount not less than \$12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than \$12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

443. Eva Haynes personally owns and uses the cellular phone number xxx-xxx-6073. This number is a residential telephone subscription and is Haynes's only telephone. Haynes uses this cell phone to communicate with friends and family. Haynes pays for this cell phone from a personal bank account. Haynes keeps this cell phone on her at all times and charges the cell phone by her bedside at night. On 6/26/2010, Haynes registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Haynes's original Complaint was filed), GoSmith sent Haynes at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Haynes within a 12-month period after Haynes was registered on the National Do Not Call Registry, including but not limited to the period between 6/1/2017 and 6/1/2018. Haynes seeks an amount not less than \$120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than \$120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Haynes seeks an amount not less than \$40,000 for at least 80 negligent violations of 47 U.S.C. § 227(b), and not less than \$40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

444. Sherene Hazah personally owns and uses the cellular phone number xxx-xxx-1828. This number is a residential telephone subscription and Hazah's only telephone. Hazah uses this cell phone to communicate with friends and family and pays for the cell phone from a

personal bank account. Hazah keeps this phone on him at all times and charges it near his bedside at night. In the four years preceding 4/28/2020 (the date Hazah's original Complaint was filed), GoSmith sent Hazah at least 11 telemarketing text messages at this number. The text messages regularly interrupted Hazah's work. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hazah seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hazah seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

445.     Andrew Hazelwood personally owns and uses the cellular phone number xxx-xxx-9719. This number is a residential telephone subscription. On 2/20/2013, Hazelwood registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Hazelwood's original Complaint was filed), GoSmith sent Hazelwood at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hazelwood within a 12-month period after Hazelwood was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 9/27/2017. Hazelwood seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 242 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

1  at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hazelwood

2  seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b),

3  and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

4  446.  Robert Healy personally owns and uses the cellular phone number xxx-xxx-0534.

5  This number is a residential telephone subscription. Healy uses this cell phone to communicate

6  with friends and family. The cell phone is on a personal plan with his mobile provider. Healy

7  pays for the cell phone out of his personal bank account. Healy charges the cell phone near his

8  bedside at night. On 2/24/2010, Healy registered this number on the National Do Not Call

9  Registry. In the four years preceding 4/29/2020 (the date Healy's original Complaint was filed),

10  GoSmith sent Healy at least 16 telemarketing text messages at this number. GoSmith

11  knowingly and willfully sent these text messages using AZ394an automatic telephone dialing

12  system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

13  knowingly and willfully sent these text messages without instituting procedures that meet the

14  minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

15  § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith

16  knowingly and willfully sent at least 2 text messages to Healy within a 12-month period after

17  Healy was registered on the National Do Not Call Registry, including but not limited to the

18  period between 6/27/2016 and 6/27/2017. Healy seeks an amount not less than $24,000 for

19  least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

20  $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

21  Healy seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. §

22  227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

23  447.  Patrick Hearn personally owns and uses the cellular phone number xxx-xxx-9814.

24  This number is a residential telephone subscription and is Hearn's only telephone. This cell

25  phone is on a residential subscription with Hearn's mobile carrier. Hearn uses this phone to

26  communicate with family and friends. Hearn pays for the cell phone out of a personal bank

27  account.  In the four years preceding 1/30/2020 (the date Hearn's original Complaint was filed),

GoSmith sent Hearn at least one telemarketing text message per week at this number. During this time, Hearn was not self-employed, he was employed by a construction company. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hearn seeks an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hearn seeks an amount not less than $114,000 for at least 228 negligent violations of 47 U.S.C. § 227(b), and not less than $114,000 for at least 228 negligent violations of 47 U.S.C. § 227(c).

448.    Deborah Helfrich personally owns and uses the cellular phone number xxx-xxx-1620. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Helfrich's original Complaint was filed), GoSmith sent Helfrich at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Helfrich seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Helfrich seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b), and not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c).

449.    Thomas Hemp personally owns and uses the cellular phone number xxx-xxx-3520. This number is a residential telephone subscription. Hemp uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Hemp

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

charges this phone near his bedside at night.  In the four years preceding 4/27/2020 (the date Hemp's original Complaint was filed), GoSmith sent Hemp at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hemp seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hemp seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c).

450.    Matthew Henry personally owns and uses the cellular phone number xxx-xxx-5277. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Henry's original Complaint was filed), GoSmith sent Henry at least 36 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Henry seeks an amount not less than $54,000 for at least 36 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $54,000 for at least 36 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Henry seeks an amount not less than $18,000 for at least 36 negligent violations of 47 U.S.C. § 227(b), and not less than $18,000 for at least 36 negligent violations of 47 U.S.C. § 227(c).

451.    Nathan Henton personally owns and uses the cellular phone number xxx-xxx-7749. This number is a residential telephone subscription and Henton's only telephone. Henton uses this cell phone to communicate with friend and family and keeps this cell phone on him at

all times. Henton pays for this cell phone from a personal bank account. In the four years preceding 4/21/2020 (the date Henton's original Complaint was filed), GoSmith sent Henton at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Henton seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Henton seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

452. Dennis Hepler personally owns and uses the cellular phone number xxx-xxx-9693. This number is a residential telephone subscription and Hepler's only telephone. Hepler uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. On 8/3/2003, Hepler registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Hepler's original Complaint was filed), GoSmith sent Hepler at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hepler within a 12-month period after Hepler was registered on the National Do Not Call Registry, including but not limited to the period between 6/4/2017 and 7/6/2017. Hepler seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 246 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hepler seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

453.     Dario Hernandez personally owns and uses the cellular phone number xxx-xxx-9170. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Hernandez's original Complaint was filed), GoSmith sent Hernandez at least 51 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hernandez seeks an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hernandez seeks an amount not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(b), and not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hernandez at least 51 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hernandez seeks an amount not less than $25,500, attorney's fees, injunctive relief, and treble damages.

454.     Danny Higgins personally owns and uses the cellular phone number xxx-xxx-8989. This number is a residential telephone subscription. On 8/19/2006, Higgins registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Higgins's original Complaint was filed), GoSmith sent Higgins at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Higgins within a 12-month period after Higgins was registered on the National Do Not Call Registry, including but not limited to the period between 1/3/2017 and 1/3/2018. Higgins seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Higgins seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(b), and not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c).

455.    Michael Higgins personally owns and uses the cellular phone number xxx-xxx-1461. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Higgins's original Complaint was filed), GoSmith sent Higgins at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Higgins seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Higgins seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

456.    Adrian Hilde personally owns and uses the cellular phone number xxx-xxx-7907. Hilde uses this cell phone for work. In the four years preceding 4/22/2020 (the date Hilde's original Complaint was filed), GoSmith sent Hilde at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Hilde seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Hilde seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Hilde at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Hilde seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

457.    Joshua Hill personally owns and uses the cellular phone number xxx-xxx-2732. This number is a residential telephone subscription and Hill's only telephone. Hill uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Hill pays for this cell phone out of a personal bank account. Hill charges this cell phone by his bedside at night. In the four years preceding 1/30/2020 (the date Hill's original Complaint was filed), GoSmith sent Hill at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hill seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hill seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(b), and not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(c).

458.    Travis Hill personally owns and uses the cellular phone number xxx-xxx-2597. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Hill's original Complaint was filed), GoSmith sent Hill at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hill seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hill seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

459.     Jabari Hillyer personally owns and uses the cellular phone number xxx-xxx-5277. This number is a residential telephone subscription and Hillyer's only telephone. Hillyer uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Hillyer pays for this cell phone out of his personal bank account. Hillyer charges this cell phone near his bedside at night. In the four years preceding 1/30/2020 (the date Hillyer's original Complaint was filed), GoSmith sent Hillyer at least 232 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hillyer seeks an amount not less than $348,000 for at least 232 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $348,000 for at least 232 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hillyer seeks an amount not less than $116,000 for at least 232 negligent violations of 47 U.S.C. § 227(b), and not less than $116,000 for at least 232 negligent violations of 47 U.S.C. § 227(c).

460.     LeRoy Hippe personally owns and uses the cellular phone number xxx-xxx-3959. This number is a residential telephone subscription. Hippe uses this cell phone to communicate with family and friends and has this cell phone on him at all times. Hippe pays for this cell phone from a personal bank account. In the four years preceding 4/28/2020 (the date Hippe's

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

original Complaint was filed), GoSmith sent Hippe at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hippe seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hippe seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

461.    William Hoar personally owns and uses the cellular phone number xxx-xxx-0280. This number is a residential telephone subscription. On 3/17/2011, Hoar registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Hoar's original Complaint was filed), GoSmith sent Hoar at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hoar within a 12-month period after Hoar was registered on the National Do Not Call Registry, including but not limited to the period between 4/30/2017 and 4/30/2018. Hoar seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hoar seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 251 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

462.     Loren Hobbs personally owns and uses the cellular phone number xxx-xxx-0002. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Hobbs's original Complaint was filed), GoSmith sent Hobbs an average of 3-5 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hobbs seeks an amount not less than $1,254,000 for at least 836 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,254,000 for at least 836 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hobbs seeks an amount not less than $418,000 for at least 836 negligent violations of 47 U.S.C. § 227(b), and not less than $418,000 for at least 836 negligent violations of 47 U.S.C. § 227(c).

463.     Dylan Hockett personally owns and uses the cellular phone number xxx-xxx-3595. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Hockett's original Complaint was filed), GoSmith sent Hockett at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hockett seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hockett seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hockett at least 4 commercial text messages in violation of RCW 19,190.060, for which Hockett seeks an amount not less than $2,000.

1    464.    Teddy Hodges personally owns and uses the cellular phone number xxx-xxx-

2    7688. This number is a residential telephone subscription and Hodges's only telephone. Hodges

3    uses this cell phone to communicate with family and friends and keeps this cell phone on him

4    at all times. Hodges pays for this cell phone from a personal bank account. Hodges charges this

5    cell phone near his bedside at night. In the four years preceding 4/22/2020 (the date Hodges's

6    original Complaint was filed), GoSmith sent Hodges at least 14 telemarketing text messages at

7    this number. GoSmith knowingly and willfully sent these text messages using an automatic

8    telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

9    64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

10   procedures that meet the minimum standards required for telemarketing in violation of 47

11   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hodges seeks an amount not less than $21,000 for

12   at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

13   $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

14   Hodges seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. §

15   227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

16   465.    Tony Hoffmann personally owns and uses the cellular phone number xxx-xxx-

17   2556. This number is a residential telephone subscription. On 7/1/2005, Hoffmann registered

18   this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the

19   date Hoffmann's original Complaint was filed), GoSmith sent Hoffmann at least 6

20   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

21   messages using an automatic telephone dialing system in violation of 47 U.S.C. §

22   227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

23   text messages without instituting procedures that meet the minimum standards required for

24   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation

25   of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

26   least 2 text messages to Hoffmann within a 12-month period after Hoffmann was registered on

27   the National Do Not Call Registry, including but not limited to the period between 8/11/2016

and 8/11/2017. Hoffmann seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hoffmann seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

466.    Nicholas Holbrook personally owns and uses the cellular phone number xxx-xxx-8351. This number is a residential telephone subscription. On 8/31/2003, Holbrook registered this number on the National Do Not Call Registry. In the four years preceding 4/30/2020 (the date Holbrook's original Complaint was filed), GoSmith sent Holbrook at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Holbrook within a 12-month period after Holbrook was registered on the National Do Not Call Registry, including but not limited to the period between 9/17/2016 and 9/17/2017. Holbrook seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Holbrook seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

467.    Antonio Hope personally owns and uses the cellular phone number xxx-xxx-6667. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Hope's original Complaint was filed), GoSmith sent Hope at least 89 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hope seeks an amount not less than $133,500 for at least 89 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $133,500 for at least 89 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hope seeks an amount not less than $44,500 for at least 89 negligent violations of 47 U.S.C. § 227(b), and not less than $44,500 for at least 89 negligent violations of 47 U.S.C. § 227(c).

468.    Jamie Hope personally owns and uses the cellular phone number xxx-xxx-0246. This number is a residential telephone subscription and Hope's only telephone. Hope uses this cell phone to communicate with family and friends and keeps this phone on him at all times. Hope charges this phone by his bedside at night. In the four years preceding 4/22/2020 (the date Hope's original Complaint was filed), GoSmith sent Hope at least 61 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hope seeks an amount not less than $91,500 for at least 61 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $91,500 for at least 61 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hope seeks an amount not less than $30,500 for at least 61 negligent violations of 47 U.S.C. § 227(b), and not less than $30,500 for at least 61 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hope at least 61 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hope seeks an amount not less than $30,500, attorney's fees, injunctive relief, and treble damages.

469.     Daniel Hopkins personally owns and uses the cellular phone number xxx-xxx-0587. This number is a residential telephone subscription and Hopkins's only telephone. Hopkins used this cell phone to communicate with family and friends and carries this cell phone on him at all times. Hopkins charges this cell phone by his bedside at night. In the four years preceding 4/22/2020 (the date Hopkins's original Complaint was filed), GoSmith sent Hopkins at least 20 telemarketing text messages at this number. Hopkins was forced to change his cell phone number to stop the harassing text messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hopkins seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hopkins seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

470.     Brian Hopple personally owns and uses the cellular phone number xxx-xxx-7935. This number is a residential telephone subscription. On 8/28/2009, Hopple registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Hopple's original Complaint was filed), GoSmith sent Hopple at least one telemarketing text message each week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hopple within a 12-month period after Hopple was registered on the National Do Not Call

Registry, including but not limited to the period between 6/16/2017 and 6/16/2018. Hopple seeks an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hopple seeks an amount not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(b), and not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(c).

471.    Brian Horner personally owns and uses the cellular phone number xxx-xxx-1169. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Horner's original Complaint was filed), GoSmith sent Horner at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Horner seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Horner seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

472.    Ben Hortman personally owns and uses the cellular phone number xxx-xxx-1775. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Hortman's original Complaint was filed), GoSmith sent Hortman at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hortman seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not

less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c).
Alternatively, Hortman seeks an amount not less than $1,000 for at least 2 negligent violations
of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C.
§ 227(c).

473.    Jeff Howard personally owns and uses the cellular phone number xxx-xxx-6006.
This number is a residential telephone subscription. On 7/8/2003, Howard registered this
number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date
Howard's original Complaint was filed), GoSmith sent Howard at least 24 telemarketing text
messages at this number. GoSmith knowingly and willfully sent these text messages using an
automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.
§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting
procedures that meet the minimum standards required for telemarketing in violation of 47
U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47
C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Howard
within a 12-month period after Howard was registered on the National Do Not Call Registry,
including but not limited to the period between 1/30/2016 and 1/29/2017. Howard seeks an
amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Howard seeks an amount not less than $12,000 for at least
24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24
negligent violations of 47 U.S.C. § 227(c).

474.    Randy Howard personally owns and uses the cellular phone number xxx-xxx-
2288. This number is a residential telephone subscription and Howard's only telephone.
Howard used this cell phone to communicate with family and friends and kept this cell phone
on him at all times. Howard charged this cell phone by his bedside at night. In the four years
preceding 4/28/2020 (the date Howard's original Complaint was filed), GoSmith sent Howard
at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Howard seeks an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Howard seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(b), and not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c).

475.     Anthony Howe Jr personally owns and uses the cellular phone number xxx-xxx-4420. This number is a residential telephone subscription. On 7/1/2003, Howe Jr registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Howe Jr's original Complaint was filed), GoSmith sent Howe Jr at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Howe Jr within a 12-month period after Howe Jr was registered on the National Do Not Call Registry, including but not limited to the period between 3/11/2017 and 3/11/2018. Howe Jr seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Howe Jr seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

476.    Sean Hoy personally owns and uses the cellular phone number xxx-xxx-2936. This number is a residential telephone subscription, which is Hoy's only phone and is a personal subscription on Hoy's cellular service provider plan. Hoy uses this phone to make all his personal calls and keeps it near his bed at night. On 8/1/2006, Hoy registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Hoy's original Complaint was filed), GoSmith sent Hoy at least 6 telemarketing text messages at this number. Upon information and belief, the actual number of texts is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hoy within a 12-month period after Hoy was registered on the National Do Not Call Registry, including but not limited to the period between 6/13/2017 and 6/13/2018. Hoy seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hoy seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

477.    Michael Hoyden personally owns and uses the cellular phone number xxx-xxx-8263. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Hoyden's original Complaint was filed), GoSmith sent Hoyden at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hoyden seeks an

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 260 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hoyden seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hoyden at least 6 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hoyden seeks an amount not less than $3,000, attorney's fees, injunctive relief, and treble damages.

478. Clint Hughes personally owns and uses the cellular phone number xxx-xxx-2598. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Hughes's original Complaint was filed), GoSmith sent Hughes at least 86 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hughes seeks an amount not less than $129,000 for at least 86 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $129,000 for at least 86 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hughes seeks an amount not less than $43,000 for at least 86 negligent violations of 47 U.S.C. § 227(b), and not less than $43,000 for at least 86 negligent violations of 47 U.S.C. § 227(c).

479. Alan Hunt personally owns and uses the cellular phone number xxx-xxx-2987. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Hunt's original Complaint was filed), GoSmith sent Hunt at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hunt seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hunt seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hunt at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Hunt seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

480.    Cory Huntsman personally owns and uses the cellular phone number xxx-xxx-2765. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Huntsman's original Complaint was filed), GoSmith sent Huntsman at least 51 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Huntsman seeks an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Huntsman seeks an amount not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(b), and not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(c).

481.    Richard Huskey personally owns and uses the cellular phone number xxx-xxx-2072. This number belongs to a cell phone and is a residential telephone subscription that Huskey uses strictly for business and has been his business contact number for years. In the four years preceding 1/30/2020 (the date Huskey's original Complaint was filed), GoSmith sent

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 262 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Huskey at least 1,152 telemarketing text messages and phone calls to Huskey's cell phone at this number. In fact, from 2015 to 2017, GoSmith would text Huskey several times a day, four or more days a week. Sometimes they would call (only those violations after the Statute of Limitations have been counted). Huskey was animated about not using GoSmith's service. He was told he was the "trophy guy" that none of the representatives could sign up. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Huskey seeks an amount not less than $1,728,000 for at least 1,152 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Huskey seeks an amount not less than $576,000 for at least 1,152 negligent violations of 47 U.S.C. § 227(b).

482.    Brendan Hutchins personally owns and uses the cellular phone number xxx-xxx-0946. This number is a residential telephone subscription under Hutchins's name. On 7/11/2008, Hutchins registered this number on the National Do Not Call Registry. This is his personal cell phone and only phone number. It is paid for by his company and Hutchins uses it to take work calls, but he also uses the phone for his personal calls, carries it with him at all times, and charges it in his room at night. In the four years preceding 4/28/2020 (the date Hutchins's original Complaint was filed), GoSmith sent Hutchins at least 246 telemarketing text messages at this number. GoSmith texted Hutchins daily, sending him hundreds and hundreds of text solicitations. Hutchins would block each number as it came in and delete the text to free up his phone screen and get it out of recent conversations. Hutchins blocked hundreds of numbers that GoSmith used to spam him with, but the texts kept coming. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hutchins within a 12-month period

after Hutchins was registered on the National Do Not Call Registry, including but not limited to the period between 3/3/2017 and 10/8/2017. Hutchins seeks an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hutchins seeks an amount not less than $123,000 for at least 246 negligent violations of 47 U.S.C. § 227(b), and not less than $123,000 for at least 246 negligent violations of 47 U.S.C. § 227(c).

483.    Socrates Incarnato personally owns and uses the cellular phone number xxx-xxx-8478. This number is a residential telephone subscription and this is Incarnato's only phone. It is a cell phone that he pays for out of his personal account and it is the number he uses in all his personal calls. In the four years preceding 4/22/2020 (the date Incarnato's original Complaint was filed), GoSmith sent Incarnato at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Incarnato seeks an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Incarnato seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(b), and not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Incarnato at least 53 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Incarnato seeks an amount not less than $26,500, attorney's fees, injunctive relief, and treble damages.

484.    Christopher Inman personally owns and uses the cellular phone number xxx-xxx-7132. This number is a residential telephone subscription. In the four years preceding

LawHQ, LLC
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

1/30/2020 (the date Inman's original Complaint was filed), GoSmith sent Inman at least 37 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Inman seeks an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Inman seeks an amount not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(b), and not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(c).

485. David Ishmael personally owns and uses the cellular phone number xxx-xxx-1951. This number is a residential telephone subscription and is Ishmael's personal cell phone, on which he makes all of his personal calls. In the four years preceding 4/29/2020 (the date Ishmael's original Complaint was filed), GoSmith sent Ishmael at least 80 telemarketing text messages at this number, some from numbers spoofed to appear to be from Alabama, and others appearing to be from Connecticut. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ishmael seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ishmael seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(b), and not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

486.    Chris Ivins personally owns and uses the cellular phone number xxx-xxx-2765. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Ivins's original Complaint was filed), GoSmith sent Ivins at least 65 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ivins seeks an amount not less than $97,500 for at least 65 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $97,500 for at least 65 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ivins seeks an amount not less than $32,500 for at least 65 negligent violations of 47 U.S.C. § 227(b), and not less than $32,500 for at least 65 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Ivins at least 65 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Ivins seeks an amount not less than $32,500, attorney's fees, injunctive relief, and treble damages.

487.    Mark Jacobs personally owns and uses the cellular phone number xxx-xxx-6004. This number is a residential telephone subscription and is Jacobs's only phone number. He uses it for all his personal calls. On 10/28/2015, Jacobs registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Jacobs's original Complaint was filed), GoSmith sent Jacobs at least 62 telemarketing text messages at this number. The texts were frequent and annoying and came at all hours, interrupting both Jacobs's business and personal time. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

PLAINTIFFS' AMENDED COMPLAINT                           - 266 -                  **LawHQ, LLC**
2:2020-CV-00604-RSL                                                             299 S Main St SLC, UT 84111
                                                                                385-285-1090 ext. 30007

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jacobs within a 12-month period after Jacobs was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Jacobs seeks an amount not less than $93,000 for at least 62 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $93,000 for at least 62 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jacobs seeks an amount not less than $31,000 for at least 62 negligent violations of 47 U.S.C. § 227(b), and not less than $31,000 for at least 62 negligent violations of 47 U.S.C. § 227(c).

488.    Scott Jasmer personally owns and uses the cellular phone number xxx-xxx-7955. This number is a residential telephone subscription. On 9/10/2009, Jasmer registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Jasmer's original Complaint was filed), GoSmith sent Jasmer at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jasmer within a 12-month period after Jasmer was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Jasmer seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jasmer seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

489.    Demetrius Jefferson personally owns and uses the cellular phone number xxx-xxx-7250. This number is currently a business cellphone subscription through Cricket for

Business. However, Jefferson has had the same number for 20 years. It is his only number and he has used it for all his personal calls for many years, as well as using it for work calls relating to his home-based business. On 8/12/2013, Jefferson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Jefferson's original Complaint was filed), GoSmith sent Jefferson at least 7 telemarketing text messages at this number. Upon information and belief, the actual number of messages is much higher. Jefferson states that he did not give GoSmith permission to contact him or give GoSmith his phone number, but that GoSmith obtained it elsewhere. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jefferson within a 12-month period after Jefferson was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 6/28/2017. Jefferson seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jefferson seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

490.    Randy Jenkins personally owns and uses the cellular phone number xxx-xxx-2144. This number is a residential telephone subscription and is part of a personal or family plan with Jenkins's cellular phone service provider. Jenkins uses this phone for all his personal calls - he does not have a fixed residence, as his work required lots of travel, which in turn, required a cell phone. In the four years preceding 4/21/2020 (the date Jenkins's original Complaint was filed), GoSmith sent Jenkins at least 66 telemarketing text messages at this number, over a period of almost three months. Jenkins was "inundated with unsolicited job

opportunities" from GoSmith via text message and requests to download GoSmith's phone app in order to view and purchase their leads. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jenkins seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jenkins seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(b), and not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(c).

491.    Derek Jenkins personally owns and uses the cellular phone number xxx-xxx-2381. This number is a residential telephone subscription and is Jenkin's personal cell phone. In the four years preceding 4/27/2020 (the date Jenkins's original Complaint was filed), GoSmith sent Jenkins at least 39 telemarketing text messages and an unknown number of soliciting phone calls at this number. GoSmith sent texts at least once or twice a week for almost a year. GoSmith sent the texts and made the calls at all times of the day, starting at 4:00 in the morning and going as late as 10 pm. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jenkins seeks an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jenkins seeks an amount not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(b), and not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Jenkins at least 39 commercial text

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 269 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Jenkins seeks an amount not less than $19,500, attorney's fees, injunctive relief, and treble damages.

492.    Mark Jennings personally owns and uses the cellular phone number xxx-xxx-3572. This number is a residential telephone subscription. On 12/8/2004, Jennings registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Jennings's original Complaint was filed), GoSmith sent Jennings at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jennings within a 12-month period after Jennings was registered on the National Do Not Call Registry, including but not limited to the period between 5/3/2017 and 5/3/2018. Jennings seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jennings seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Jennings at least 23 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Jennings seeks an amount not less than $11,500, attorney's fees, injunctive relief, and treble damages.

493.    Ray Johnisee personally owns and uses the cellular phone number xxx-xxx-6527. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Johnisee's original Complaint was filed), GoSmith sent Johnisee at least 48 telemarketing

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 270 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnisee seeks an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnisee seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(b), and not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(c).

494.    Christopher Johnson personally owns and uses the cellular phone number xxx-xxx-8443. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

495.    Stacie Johnson personally owns and uses the cellular phone number xxx-xxx-1014. This number is a residential telephone subscription. On 5/9/2006, Johnson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 2 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Johnson within a 12-month period after Johnson was registered on the National Do Not Call Registry, including but not limited to the period between 6/9/2017 and 6/9/2018. Johnson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

496.    Joshua Johnson personally owns and uses the cellular phone number xxx-xxx-1199. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 288 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(b), and not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(c).

497.     Keith Johnson personally owns and uses the cellular phone number xxx-xxx-2939. This number is a residential telephone subscription, which Johnson uses for all his personal calls and also in his home-based business. In the four years preceding 4/28/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 5 telemarketing text messages and phone calls to Johnson's personal phone at this number. GoSmith attempted to sell Johnson their "leads" and also to set up some sort of advertising. Johnson had to finally tell them to stop calling after they admitted sending him texts, as well. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

498.     Daniel Johnson personally owns and uses the cellular phone number xxx-xxx-1529. This number is a residential telephone subscription and is Johnson's only number. He uses it for all his personal calls and it is on a family or personal plan with his cellular service provider. In the four years preceding 4/22/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 2,075 telemarketing text messages at this number. GoSmith contacted Johnson between 2-4 times a day, 5-7 days a week for about 3 years. Initially, Johnson asked for more information regarding the "leads" GoSmith was selling, but there was never an active lead and Johnson called the texts a "wild goose chase," "dead end" and an "overwhelming annoyance." GoSmith texted Johnson from a barrage of different numbers with area codes from all over the United States. Johnson tried asking who was texting him over and over, but never got a response to his questions. He started deleting the messages

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

because they were taking up all the space on his phone. The messages stopped abruptly when Johnson filed his lawsuit, leaving him "relieved" that the harassment is over. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an amount not less than $4,117,500 for at least 2,745 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,117,500 for at least 2,745 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $1,372,500 for at least 2,745 negligent violations of 47 U.S.C. § 227(b), and not less than $1,372,500 for at least 2,745 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Johnson at least 2745 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Johnson seeks an amount not less than $1,372,500, attorney's fees, injunctive relief, and treble damages.

499.    Sandi Johnson personally owns and uses the cellular phone number xxx-xxx-6139. This number is a residential telephone subscription that is Johnson's personal cell phone. She uses it to make her personal calls. On 8/11/2007, Johnson registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Johnson within a 12-month period after Johnson was registered on the National Do Not Call Registry,

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

1  including but not limited to the period between 1/9/2017 and 1/9/2018. Johnson seeks an

2  amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b),

3  and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. §

4  227(c). Alternatively, Johnson seeks an amount not less than $2,000 for at least 4 negligent

5  violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of

6  47 U.S.C. § 227(c).

7  500.   Kristina Johnson personally owns and uses the cellular phone number xxx-xxx-

8  5674. This number is a residential telephone subscription. In the four years preceding

9  4/22/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 15

10  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

11  messages using an automatic telephone dialing system in violation of 47 U.S.C. §

12  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

13  text messages without instituting procedures that meet the minimum standards required for

14  telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an

15  amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. §

16  227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of

17  47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $7,500 for at least 15

18  negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent

19  violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Johnson at least 15 commercial text

20  messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined

21  number of telephone solicitations in violation of RCW § 80.36.390, for which Johnson seeks

22  an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

23  501.   Shane Johnston personally owns and uses the cellular phone number xxx-xxx-

24  4256. This number is a residential telephone subscription. On 9/7/2009, Johnston registered

25  this number on the National Do Not Call Registry. In the four years preceding 4/24/2020 (the

26  date Johnston's original Complaint was filed), GoSmith sent Johnston at least 11 telemarketing

27  text messages at this number. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Johnston within a 12-month period after Johnston was registered on the National Do Not Call Registry, including but not limited to the period between 4/24/2016 and 4/24/2017. Johnston seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnston seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

502.    Kevin Jones personally owns and uses the cellular phone number xxx-xxx-4712. This number is a residential telephone subscription. On 5/17/2005, Jones registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jones within a 12-month period after Jones was registered on the National Do Not Call Registry, including but not limited to the period between 6/1/2017 and 8/4/2017. Jones seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $1,500 for at least 3 negligent violations of

47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

503.     Trevor Jones personally owns and uses the cellular phone number xxx-xxx-6854. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 1,347 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jones seeks an amount not less than $2,020,500 for at least 1,347 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,020,500 for at least 1,347 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $673,500 for at least 1,347 negligent violations of 47 U.S.C. § 227(b), and not less than $673,500 for at least 1,347 negligent violations of 47 U.S.C. § 227(c).

504.     Jeremiah Jones personally owns and uses the cellular phone number xxx-xxx-8678. This number is a residential telephone subscription and is Jones's personal number and only phone. He uses this number for all his personal calls but also takes work-related calls on his cell phone. He keeps it with him and charges it in his room at night. In the four years preceding 1/30/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jones seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

505.     Dan Jones personally owns and uses the cellular phone number xxx-xxx-1521. This number is a residential telephone subscription and is Jones's personal cell phone. On 7/2/2003, Jones registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jones within a 12-month period after Jones was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Jones seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

506.     Robert Jones personally owns and uses the cellular phone number xxx-xxx-1740. This number is a residential telephone subscription and is Jones's only phone. He uses this cell phone number for all his personal calls and it is on a personal or family plan with his cellular phone service provider. On 12/16/2004, Jones registered this number on the National Do Not Call Registry. Despite the fact that his number had been on the National Do Not Call Registry for over 12 years at that point, GoSmith began texting Jones, trying to get Jones to buy their leads. In the four years preceding 4/22/2020 (the date Jones's original Complaint was filed),

GoSmith sent Jones at least 140 telemarketing text messages at his personal cell phone number. At the peak, GoSmith was sending 2-3 texts per week, which continued for almost 3 years. Jones could never get any contact info or get a response from the text messages. He tried calling them back, to no avail. The texts just kept coming, and he could not stop them. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jones within a 12-month period after Jones was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Jones seeks an amount not less than $210,000 for at least 140 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $210,000 for at least 140 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $70,000 for at least 140 negligent violations of 47 U.S.C. § 227(b), and not less than $70,000 for at least 140 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Jones at least 140 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Jones seeks an amount not less than $70,000, attorney's fees, injunctive relief, and treble damages.

507.    Joseph Jones personally owns and uses the cellular phone number xxx-xxx-2445. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jones seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c).

508.    Joyce Joneschiet personally owns and uses the cellular phone number xxx-xxx-3592. This number is a residential telephone subscription and is Joneschiet's only phone number. Joneschiet uses this number for all her personal calls and carries the phone with her, charging it in her room at night. Joneschiet has had this number for over 15 years. On 7/7/2005, Joneschiet registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Joneschiet's original Complaint was filed), GoSmith sent Joneschiet at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Joneschiet within a 12-month period after Joneschiet was registered on the National Do Not Call Registry, including but not limited to the period between 2/16/2017 and 7/27/2017. Joneschiet seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Joneschiet seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Joneschiet at least 18 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone

solicitations in violation of RCW § 80.36.390, for which Joneschiet seeks an amount not less than $9,000, attorney's fees, injunctive relief, and treble damages.

509.    Russell Jorgenson personally owns and uses the cellular phone number xxx-xxx-1247. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Jorgenson's original Complaint was filed), GoSmith sent Jorgenson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jorgenson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jorgenson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Jorgenson at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Jorgenson seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

510.    Gary Joyner personally owns and uses the cellular phone number xxx-xxx-1630. This number is a residential telephone subscription and is Joyner's only phone. It is a cell phone with an individual or family plan from Joyner's cellular telephone service provider. Joyner uses this phone for all his personal calls. He carries this cell phone with him and plugs it in to charge in his room at night. In the four years preceding 4/27/2020 (the date Joyner's original Complaint was filed), GoSmith sent Joyner at least 127 telemarketing text messages at this number. Joyner found the texts very annoying. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Joyner seeks an amount not less than $190,500 for at least 127 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $190,500 for at least 127 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Joyner seeks an amount not less than $63,500 for at least 127 negligent violations of 47 U.S.C. § 227(b), and not less than $63,500 for at least 127 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Joyner at least 127 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Joyner seeks an amount not less than $63,500, attorney's fees, injunctive relief, and treble damages.

511.    Ted Judge personally owns and uses the cellular phone number xxx-xxx-8775. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Judge's original Complaint was filed), GoSmith sent Judge at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Judge seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Judge seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

512.    Rick Kader personally owns and uses the cellular phone number xxx-xxx-7690. This number is a residential telephone subscription. On 6/9/2010, Kader registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Kader's original Complaint was filed), GoSmith sent Kader 14. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation
of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at
least 2 text messages to Kader within a 12-month period after Kader was registered on the
National Do Not Call Registry, including but not limited to the period between 7/25/2016 and
7/25/2017. Kader seeks an amount not less than $25,500 for at least 17 knowing and willful
violations of 47 U.S.C. § 227(b), and an amount not less than $25,500 for at least 17 knowing
and willful violations of 47 U.S.C. § 227(c). Alternatively, Kader seeks an amount not less
than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(b), and not less than $8,500
for at least 17 negligent violations of 47 U.S.C. § 227(c).

513.    Maria Kahookele personally owns and uses the cellular phone number xxx-xxx-
1644. This number is a residential telephone subscription and is Kahookele's only phone
number. It is her personal cellphone and the number from which she makes all of her personal
calls. She pays for it out of her personal bank account and charges it in her bedroom at night. In
the four years preceding 1/30/2020 (the date Kahookele's original Complaint was filed),
GoSmith sent Kahookele at least 28 telemarketing text messages, about 2 per week, to
Kahookele's cell phone at this number. GoSmith knowingly and willfully sent these text
messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kahookele seeks
an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Kahookele seeks an amount not less than $14,000 for at least

28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

514.    Jodi Kaili personally owns and uses the cellular phone number xxx-xxx-5618. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Kaili's original Complaint was filed), GoSmith sent Kaili 18. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kaili seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kaili seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

515.    Blake Kapp personally owns and uses the cellular phone number xxx-xxx-3530. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Kapp's original Complaint was filed), GoSmith sent Kapp at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kapp seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kapp seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

516.     Nicholas Kardaras personally owns and uses the cellular phone number xxx-xxx-1391. This number is a residential telephone subscription and is Kardaras's personal cell phone, which he pays for out of his personal bank account and uses to make all his personal calls. In the four years preceding 4/21/2020 (the date Kardaras's original Complaint was filed), GoSmith sent at least 317 telemarketing text messages to Kardaras's personal cell phone at this number. GoSmith sent these texts 2-3 times per week and has been sending them for the past 3 years, which continued even after the filing of Mr. Kardaras's suit against GoSmith until it finally stopped a few months ago, belatedly. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kardaras seeks an amount not less than $475,500 for at least 317 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $475,500 for at least 317 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kardaras seeks an amount not less than $158,500 for at least 317 negligent violations of 47 U.S.C. § 227(b), and not less than $158,500 for at least 317 negligent violations of 47 U.S.C. § 227(c).

517.     Saul Kash personally owns and uses the cellular phone number xxx-xxx-6751. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Kash's original Complaint was filed), GoSmith sent Kash at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kash seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kash

seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

518.     Justin Kelberlau personally owns and uses the cellular phone number xxx-xxx-4705. This number is a residential telephone subscription and is Kelberlau's personal cell phone, which he pays for out of his personal bank account and uses to make all his personal calls. It is Kelberlau's only phone number. In the four years preceding 1/30/2020 (the date Kelberlau's original Complaint was filed), GoSmith sent Kelberlau at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kelberlau seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kelberlau seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

519.     Dennis Kellerman personally owns and uses the cellular phone number xxx-xxx-9570. This number is a residential telephone subscription and is Kellerman's personal cell phone, which he pays for out of his personal bank account and uses to make all his personal calls. It is Kellerman's only phone number, which he uses for all his personal calls and also for some work calls related to his home-based business. In the four years preceding 1/30/2020 (the date Kellerman's original Complaint was filed), GoSmith sent Kellerman at least 148 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kellerman seeks

an amount not less than $222,000 for at least 148 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $222,000 for at least 148 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Kellerman seeks an amount not less than $74,000 for at least

148 negligent violations of 47 U.S.C. § 227(b), and not less than $74,000 for at least 148

negligent violations of 47 U.S.C. § 227(c).

520.    Mike Kelly personally owns and uses the cellular phone number xxx-xxx-7250.

This number is a residential telephone subscription. On 7/24/2005, Kelly registered this

number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date

Kelly's original Complaint was filed), GoSmith sent Kelly at least 8 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kelly

within a 12-month period after Kelly was registered on the National Do Not Call Registry,

including but not limited to the period between 4/29/2016 and 4/29/2017. Kelly seeks an

amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47

U.S.C. § 227(c). Alternatively, Kelly seeks an amount not less than $4,000 for at least 8

negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent

violations of 47 U.S.C. § 227(c).

521.    Tim Kelly personally owns and uses the cellular phone number xxx-xxx-4728.

This number is a residential telephone subscription. On 6/30/2003, Kelly registered this

number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date

Kelly's original Complaint was filed), GoSmith sent Kelly at least 11 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kelly within a 12-month period after Kelly was registered on the National Do Not Call Registry, including but not limited to the period between 1/31/2017 and 1/31/2018. Kelly seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kelly seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kelly at least 11 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Kelly seeks an amount not less than $5,500, attorney's fees, injunctive relief, and treble damages.

522.    DeWayne Kelly personally owns and uses the cellular phone number xxx-xxx-0254. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Kelly's original Complaint was filed), GoSmith sent Kelly at least 677 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kelly seeks an amount not less than $1,015,500 for at least 677 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,015,500 for at least 677 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kelly seeks an amount not less than $338,500 for at least

677 negligent violations of 47 U.S.C. § 227(b), and not less than $338,500 for at least 677 negligent violations of 47 U.S.C. § 227(c).

523.     Michele Kelly personally owns and uses the cellular phone number xxx-xxx-2857. This number is a residential telephone subscription. On 11/6/2015, Kelly registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Kelly's original Complaint was filed), GoSmith sent Kelly at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kelly within a 12-month period after Kelly was registered on the National Do Not Call Registry, including but not limited to the period between 9/10/2017 and 9/20/2017. Kelly seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kelly seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kelly at least 45 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Kelly seeks an amount not less than $22,500, attorney's fees, injunctive relief, and treble damages.

524.     David Kennedy personally owns and uses the cellular phone number xxx-xxx-1018. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Kennedy's original Complaint was filed), GoSmith sent Kennedy at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kennedy seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kennedy seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

525.     William Kennedy personally owns and uses the cellular phone number xxx-xxx-0359. This number is a residential telephone subscription. On 12/8/2004, Kennedy registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Kennedy's original Complaint was filed), GoSmith sent Kennedy at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kennedy within a 12-month period after Kennedy was registered on the National Do Not Call Registry, including but not limited to the period between 6/29/2016 and 6/29/2017. Kennedy seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kennedy seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kennedy at least 16 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

1    Kennedy seeks an amount not less than $8,000, attorney's fees, injunctive relief, and treble

2    damages.

3         526.    Kaleb Kensmoe personally owns and uses the cellular phone number xxx-xxx-

4    5983. This number is a residential telephone subscription and was Kensmoe's only phone. He

5    used it for all his personal calls and paid for it out of his personal checking account. On

6    6/26/2009, Kensmoe registered this number on the National Do Not Call Registry. In the four

7    years preceding 4/22/2020 (the date Kensmoe's original Complaint was filed), GoSmith sent

8    Kensmoe at least 34 telemarketing text messages at this number. GoSmith knowingly and

9    willfully sent these text messages using an automatic telephone dialing system in violation of

10   47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully

11   sent these text messages without instituting procedures that meet the minimum standards

12   required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also

13   in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and

14   willfully sent at least 2 text messages to Kensmoe within a 12-month period after Kensmoe

15   was registered on the National Do Not Call Registry, including but not limited to the period

16   between 3/9/2017 and 10/8/2017. Kensmoe seeks an amount not less than $51,000 for at least

17   34 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $51,000

18   for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kensmoe

19   seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. §

20   227(b), and not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

21        527.    Jacob Kerlin personally owns and uses the cellular phone number xxx-xxx-6157.

22   This number is a residential telephone subscription and is Kerlin's personal cell phone, which

23   he pays for out of his personal bank account and uses to make all his personal calls. It is

24   Kerlin's only phone number, which he keeps with him and charges on his nightstand in his

25   room at night.  In the four years preceding 4/22/2020 (the date Kerlin's original Complaint was

26   filed), GoSmith sent Kerlin at least 11 telemarketing text messages at this number. GoSmith

27   knowingly and willfully sent these text messages using an automatic telephone dialing system

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kerlin seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kerlin seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kerlin at least 11 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Kerlin seeks an amount not less than $5,500, attorney's fees, injunctive relief, and treble damages.

528.   Thomas Kernan personally owns and uses the cellular phone number xxx-xxx-7150. This number is a residential telephone subscription, which Kernan pays for out of his personal bank account and uses to make all his personal calls. It is his only phone and he keeps it with him, charging it in his room at night. In the four years preceding 4/21/2020 (the date Kernan's original Complaint was filed), GoSmith sent Kernan at least 340 telemarketing text messages at this number. GoSmith sent the telemarketing texts to his personal cellphone about 4 times a week for well over a year. Kernan is still receiving text messages from Defendants, but not as often and reports receiving 2-3 a month, in spite of filing this lawsuit. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kernan seeks an amount not less than $510,000 for at least 340 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $510,000 for at least 340 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kernan seeks an amount

not less than $170,000 for at least 340 negligent violations of 47 U.S.C. § 227(b), and not less than $170,000 for at least 340 negligent violations of 47 U.S.C. § 227(c).

529.    Wes Keysor personally owns and uses the cellular phone number xxx-xxx-7076. Keysor has had this number for over 18 years. This number is a residential telephone subscription on a personal mobile plan with his cellular service provider. On 11/25/2003, Keysor registered this number on the National Do Not Call Registry. Keysor is a home inspector. The number was originally tied to the landline in his home, which he ported to his cell phone due to the mobile nature of his business. Keysor takes all his calls on this cell phone and does not have a landline home phone anymore. In the four years preceding 1/30/2020 (the date Keysor's original Complaint was filed), GoSmith sent Keysor's personal cell phone at least 2 telemarketing text messages per week, or more than 286 separate texts). GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Keysor within a 12-month period after Keysor was registered on the National Do Not Call Registry, including but not limited to the period between 5/8/2017 and 5/8/2018. Keysor seeks an amount not less than $429,000 for at least 286 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $429,000 for at least 286 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Keysor seeks an amount not less than $143,000 for at least 286 negligent violations of 47 U.S.C. § 227(b), and not less than $143,000 for at least 286 negligent violations of 47 U.S.C. § 227(c).

530.    Julia Kharitonenko personally owns and uses the cellular phone number xxx-xxx-3982. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Kharitonenko's original Complaint was filed), GoSmith sent Kharitonenko

at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kharitonenko seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kharitonenko seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

531. Geoff Kidder personally owns and uses the cellular phone number xxx-xxx-1278. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Kidder's original Complaint was filed), GoSmith sent Kidder at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kidder seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kidder seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

532. Steve Kincaid personally owns and uses the cellular phone number xxx-xxx-0307. This number is a residential telephone subscription, but it is Kincaid's business phone and he has another cellphone he uses for personal use. In the four years preceding 1/30/2020 (the date Kincaid's original Complaint was filed), GoSmith sent Kincaid at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an

1   automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

2   § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

3   procedures that meet the minimum standards required for telemarketing in violation of 47

4   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kincaid seeks an amount not less than $19,500 for

5   at least 13 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Kincaid seeks

6   an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b).

7       533.    Dennis Kisilev personally owns and uses the cellular phone number xxx-xxx-

8   8066. This number is a residential telephone subscription. On 12/14/2018, Kisilev registered

9   this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the

10  date Kisilev's original Complaint was filed), GoSmith sent Kisilev at least 29 telemarketing

11  text messages at this number. GoSmith knowingly and willfully sent these text messages using

12  an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47

13  C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

14  instituting procedures that meet the minimum standards required for telemarketing in violation

15  of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and

16  47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

17  Kisilev within a 12-month period after Kisilev was registered on the National Do Not Call

18  Registry, including but not limited to the period between 12/14/2018 and 12/14/2019. Kisilev

19  seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47

20  U.S.C. § 227(b), and an amount not less than $43,500 for at least 29 knowing and willful

21  violations of 47 U.S.C. § 227(c). Alternatively, Kisilev seeks an amount not less than $14,500

22  for at least 29 negligent violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least

23  29 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kisilev at least 29

24  commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an

25  undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which

26  Kisilev seeks an amount not less than $14,500, attorney's fees, injunctive relief, and treble

27  damages.

PLAINTIFFS' AMENDED COMPLAINT            - 295 -            **LawHQ, LLC**
2:2020-CV-00604-RSL                                         299 S Main St SLC, UT 84111
                                                            385-285-1090 ext. 30007

534.     Kevin Kittler personally owns and uses the cellular phone number xxx-xxx-2587. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Kittler's original Complaint was filed), GoSmith sent Kittler at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kittler seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kittler seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

535.     Michael Knauff personally owns and uses the cellular phone number xxx-xxx-9143. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Knauff's original Complaint was filed), GoSmith sent Knauff at least 46 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Knauff seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Knauff seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(b), and not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Knauff at least 46 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined

number of telephone solicitations in violation of RCW § 80.36.390, for which Knauff seeks an amount not less than $23,000, attorney's fees, injunctive relief, and treble damages.

536.     Vivian Knezevich personally owns and uses the cellular phone number xxx-xxx-9771. This number is a residential telephone subscription and is Knezevich's personal cell phone and her only phone. She uses it for all her personal calls, charges it at home, and carries it with her everywhere. It is the number her family and friends use to get in touch with her. In the four years preceding 4/28/2020 (the date Knezevich's original Complaint was filed), GoSmith sent Knezevich at least 138 telemarketing text messages at this number. Knezevich has screenshots of texts she received as early as June 2017 and as late as February 2019. GoSmith's texts would come in waves. At times, she received a text almost every day. Eventually, Knezevich would block the number, but she would inevitably start getting the texts from a new number. Knezevich was worried that GoSmith would eventually spoof the number of an actual client and didn't dare block all the numbers they texted her from. The constant texts harassed Knezevich and constantly interrupted her day. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Knezevich seeks an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Knezevich seeks an amount not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(b), and not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(c).

537.     Heidi Knutson personally owns and uses the cellular phone number xxx-xxx-5450. This number is a residential telephone subscription and is Knutson's only phone. She uses this number to make all her personal calls and it is the number by which all her friends and family contact her. She pays for it with her personal bank account and keeps it in her room

at night. Knutson runs a cleaning business out of her home and gives her personal phone number to her clients, but it is her only number and not a business-dedicated number. In the four years preceding 1/30/2020 (the date Knutson's original Complaint was filed), GoSmith sent Knutson at least 6 telemarketing text messages at this number and up to several times a week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Knutson seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Knutson seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

538.    Brandon Koch personally owns and uses the cellular phone number xxx-xxx-9080. This number is a residential telephone subscription and is Koch's only phone. This is his personal telephone number and the number he uses to do all of his personal calls. He pays for it out of his personal bank account and it is on a personal or family plan with his cellular service provider. In the four years preceding 4/22/2020 (the date Koch's original Complaint was filed), GoSmith sent Koch at least 83 telemarketing text messages at this number, often sending multiple texts a day. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Koch seeks an amount not less than $124,500 for at least 83 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $124,500 for at least 83 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Koch seeks an amount not less than $41,500 for at least 83 negligent violations of 47 U.S.C. §

227(b), and not less than $41,500 for at least 83 negligent violations of 47 U.S.C. §

227(c).Finally, GoSmith sent Koch at least 83 commercial text messages in violation of RCW

§§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations

in violation of RCW § 80.36.390, for which Koch seeks an amount not less than $41,500,

attorney's fees, injunctive relief, and treble damages.

539.    Joe Kokoruda personally owns and uses the cellular phone number xxx-xxx-0143.

This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the

date Kokoruda's original Complaint was filed), GoSmith sent Kokoruda at least 184

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kokoruda seeks

an amount not less than $276,000 for at least 184 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $276,000 for at least 184 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Kokoruda seeks an amount not less than $92,000 for at least

184 negligent violations of 47 U.S.C. § 227(b), and not less than $92,000 for at least 184

negligent violations of 47 U.S.C. § 227(c).

540.    Blaine Konow personally owns and uses the cellular phone number xxx-xxx-

6306. This number is a residential telephone subscription and is Konow's only phone. He

makes all of his personal calls using this cell phone. He does use it occasionally for work calls,

but he pays for it out of his personal bank account and this is the number his friends and family

use to contact him. He carries this phone with him and charges it in his room at night. On

7/24/2015, Konow registered this number on the National Do Not Call Registry. In the four

years preceding 4/21/2020 (the date Konow's original Complaint was filed), GoSmith sent

Konow at least 42 telemarketing text messages at this number. Konow would get up to 6 texts

a day. He tried blocking the texts and filing FCC complaints, but the texts kept coming for a

while. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Konow within a 12-month period after Konow was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Konow seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Konow seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

541.    Jason Kotar personally owns and uses the cellular phone number xxx-xxx-1517. This number is a residential telephone subscription and is Kotar's only phone. He uses this cell phone for all his personal calls and pays for it out of his personal bank account. He charges it at his house. He also takes work calls related to his home-based business on this phone. In the four years preceding 4/28/2020 (the date Kotar's original Complaint was filed), GoSmith sent Kotar at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kotar seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kotar seeks an amount not less than $27,000 for at least 54

negligent violations of 47 U.S.C. § 227(b), and not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

542.    Tim Kovalsky personally owns and uses the cellular phone number xxx-xxx-5667. This number is a residential telephone subscription. On 2/19/2008, Kovalsky registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Kovalsky's original Complaint was filed), GoSmith sent Kovalsky at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kovalsky within a 12-month period after Kovalsky was registered on the National Do Not Call Registry, including but not limited to the period between 2/14/2017 and 2/14/2018. Kovalsky seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kovalsky seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c).

543.    Jean Kropp personally owns and uses the cellular phone number xxx-xxx-0439. This number is a residential telephone subscription and is Kropp's personal phone. Her business has a separate number from her cell phone. This number is the only one she uses for communicating with friends and family. In the four years preceding 4/21/2020 (the date Kropp's original Complaint was filed), GoSmith sent Kropp at least 169 telemarketing text messages at this number. GoSmith sent Kropp's personal cell phone multiple texts each day for nearly a year. Kropp does commercial sales only. She responded to the texts to ask them to stop sending the texts and to tell them they had the wrong number, but they continued to send

her solicitations to purchase residential job leads. Kropp consistently told GoSmith that she was not interested and tried to opt out of any future texts.  The texts from GoSmith came from many different phone numbers. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kropp seeks an amount not less than $253,500 for at least 169 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $253,500 for at least 169 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kropp seeks an amount not less than $84,500 for at least 169 negligent violations of 47 U.S.C. § 227(b), and not less than $84,500 for at least 169 negligent violations of 47 U.S.C. § 227(c).

544.    Caleb Kruger personally owns and uses the cellular phone number xxx-xxx-5897. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Kruger's original Complaint was filed), GoSmith sent Kruger at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kruger seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kruger seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(b), and not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

545.    Daniel Kryger personally owns and uses the cellular phone number xxx-xxx-3711. This number is a residential telephone subscription. In the four years preceding

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

4/22/2020 (the date Kryger's original Complaint was filed), GoSmith sent Kryger at least 341 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kryger seeks an amount not less than $511,500 for at least 341 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $511,500 for at least 341 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kryger seeks an amount not less than $170,500 for at least 341 negligent violations of 47 U.S.C. § 227(b), and not less than $170,500 for at least 341 negligent violations of 47 U.S.C. § 227(c).

546.     Melissa Kuchman personally owns and uses the cellular phone number xxx-xxx-2355. This number is a residential telephone subscription and is Kuchman's only phone. This is her personal cell phone and she pays for it out of her personal bank account. This is the phone her friends and family use to contact Kuchman. On 9/4/2005, Kuchman registered this number on the National Do Not Call Registry. Despite being present on the National Do Not Call Registry for over 15 years, in the four years preceding 4/22/2020 (the date Kuchman's original Complaint was filed), GoSmith sent Kuchman at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kuchman within a 12-month period after Kuchman was registered on the National Do Not Call Registry, including but not limited to the period between 9/9/2017 and 9/16/2017. Kuchman seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47

U.S.C. § 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kuchman seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kuchman at least 28 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Kuchman seeks an amount not less than $14,000, attorney's fees, injunctive relief, and treble damages.

547.     Matthew Kuehn personally owns and uses the cellular phone number xxx-xxx-6386. This number is a residential telephone subscription and is Kuehn's personal cell phone. He has a separate number for his business phone. This number is strictly Kuehn's personal number and is used for friends and family, or only for customers in an emergency, but Kuehn has always tried to keep the numbers separate to protect his privacy. In the four years preceding 1/30/2020 (the date Kuehn's original Complaint was filed), GoSmith sent Kuehn's personal cell phone at least 2 telemarketing text messages per week, going silent for a while, then texting several times a week all over again. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kuehn seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kuehn seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

548.     Michael Kurz personally owns and uses the cellular phone number xxx-xxx-5879. This number is a residential telephone subscription and Kurz's only telephone. Kurz has used

this cell phone to communicate with family and friends since 1999.  Kurz pays for this cell phone with a personal bank account and keeps this cell phone on his at all times. On 1/17/2009, Kurz registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Kurz's original Complaint was filed), GoSmith sent Kurz at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kurz within a 12-month period after Kurz was registered on the National Do Not Call Registry, including but not limited to the period between 10/10/2016 and 10/10/2017. Kurz seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kurz seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

549.    Thomas Kyte personally owns and uses the cellular phone number xxx-xxx-8923. This number is a Kyte's personal, residential telephone subscription that Kyte has occasionally ¬used in a home-based business. In the four years preceding 4/30/2020 (the date Kyte's original Complaint was filed), Defendants knowingly sent at least 10 telemarketing text messages to Kyte at this number, without first obtaining Kyte's prior express consent in any form. On information and belief, the actual number of violations is much higher. Defendants knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Kyte does not wish to receive telephone solicitations and personally registered this residential telephone number on the National Do Not Call Registry on 01/15/2009. Defendants knowingly and willfully sent at least 5 text

messages to Kyte within a 12-month period after Kyte was registered on the National Do Not Call Registry, including but not limited to the period between 04/30/2016 and 04/30/2017, violating 47 U.S.C. § 227(c). Further, Defendants knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kyte seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kyte seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

550.    Irma Lainez personally owns and uses the cellular phone number xxx-xxx-3677. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Lainez's original Complaint was filed), GoSmith sent Lainez at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lainez seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lainez seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

551.    Steve Lambert personally owns and uses the cellular phone number xxx-xxx-1155. This number is a residential telephone subscription. On 5/19/2010, Lambert registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Lambert's original Complaint was filed), GoSmith sent Lambert at least 663 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lambert within a 12-month period after Lambert was registered on the National Do Not Call Registry, including but not limited to the period between 4/3/2017 and 4/3/2018. Lambert seeks an amount not less than $994,500 for at least 663 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $994,500 for at least 663 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lambert seeks an amount not less than $331,500 for at least 663 negligent violations of 47 U.S.C. § 227(b), and not less than $331,500 for at least 663 negligent violations of 47 U.S.C. § 227(c).

552.    Jeffrey Lambert personally owns and uses the cellular phone number xxx-xxx-4137. This number is a residential telephone subscription and is Lambert's personal cell phone. Lambert uses this cell phone to communicate with friends and family. Lambert keeps this cell phone on him at all times and charges the cell phone by his bedside at night. Lambert pays for this cell phone from a personal bank account. In the four years preceding 4/22/2020 (the date Lambert's original Complaint was filed), GoSmith sent Lambert at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lambert seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lambert seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

Finally, GoSmith sent Lambert at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Lambert seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

553.    Elam Lamdan personally owns and uses the cellular phone number xxx-xxx-0091. This number is a residential telephone subscription. On 1/4/2005, Lamdan registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Lamdan's original Complaint was filed), GoSmith sent Lamdan at least 549 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lamdan within a 12-month period after Lamdan was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Lamdan seeks an amount not less than $823,500 for at least 549 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $823,500 for at least 549 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lamdan seeks an amount not less than $274,500 for at least 549 negligent violations of 47 U.S.C. § 227(b), and not less than $274,500 for at least 549 negligent violations of 47 U.S.C. § 227(c).

554.    Randy Landman personally owns and uses the cellular phone number xxx-xxx-7714. This number is a residential telephone subscription and is Landman's only cell phone. Landman uses this cell phone to communicate with friends and family and keeps this phone on him at all times. Landman charges this phone near his bedside at night. On 1/14/2006, Landman registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Landman's original Complaint was filed), GoSmith sent

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 308 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Landman at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Landman within a 12-month period after Landman was registered on the National Do Not Call Registry, including but not limited to the period between 5/24/2017 and 6/24/2017. Landman seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Landman seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

555.    Lance Lane personally owns and uses the cellular phone number xxx-xxx-8857. This number is a residential telephone subscription and Lane's only cell phone. Lane uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Lane pays for this cell phone with funds from a personal bank account. In the four years preceding 4/28/2020 (the date Lane's original Complaint was filed), GoSmith sent Lane at least 588 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lane seeks an amount not less than $882,000 for at least 588 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $882,000 for at least 588 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lane seeks an amount not less than $294,000 for at least 588

negligent violations of 47 U.S.C. § 227(b), and not less than $294,000 for at least 588 negligent violations of 47 U.S.C. § 227(c).

556.    Christopher Lang personally owns and uses the cellular phone number xxx-xxx-8008. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Lang's original Complaint was filed), GoSmith sent Lang at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lang seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lang seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

557.    Donavon Largent personally owns and uses the cellular phone number xxx-xxx-6057. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Largent's original Complaint was filed), GoSmith sent Largent at least 98 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Largent seeks an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Largent seeks an amount not less than $49,000 for at least

1   98 negligent violations of 47 U.S.C. § 227(b), and not less than $49,000 for at least 98

2   negligent violations of 47 U.S.C. § 227(c).

3        558.    Eli Larreau personally owns and uses the cellular phone number xxx-xxx-4877.

4   This number is a residential telephone subscription and Larreau's only telephone. Larreau uses

5   this cell phone to communicate with family and friends and keeps this phone on him at all

6   times. Larreau charges this cell phone near his bedside at night. In the four years preceding

7   4/22/2020 (the date Larreau's original Complaint was filed), GoSmith sent Larreau at least 491

8   telemarketing text messages at this number. GoSmith sent these messages at all hours of the

9   day and every day of the week, including weekends and holidays; Larreau received 3 messages

10  on Christmas Day. Larreau tried tirelessly to stop the text messages but was unable to do so.

11  GoSmith knowingly and willfully sent these text messages using an automatic telephone

12  dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).

13  GoSmith knowingly and willfully sent these text messages without instituting procedures that

14  meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

15  47 C.F.R. § 64.1200(d). Larreau seeks an amount not less than $1,345,500 for at least 897

16  knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,345,500

17  for at least 897 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Larreau

18  seeks an amount not less than $448,500 for at least 897 negligent violations of 47 U.S.C. §

19  227(b), and not less than $448,500 for at least 897 negligent violations of 47 U.S.C. § 227(c).

20  Finally, GoSmith sent Larreau at least 897 commercial text messages in violation of RCW §§

21  19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in

22  violation of RCW § 80.36.390, for which Larreau seeks an amount not less than $448,500,

23  attorney's fees, injunctive relief, and treble damages.

24       559.    Torben Larsen personally owns and uses the cellular phone number xxx-xxx-

25  8464. This number is a residential telephone subscription and Larsen's only telephone. Larsen

26  uses this cell phone to communicate with friends and family and keeps this cell phone on him

27  at all times. Larsen pays for this cell phone with funds from a personal bank account. In the

PLAINTIFFS' AMENDED COMPLAINT      - 311 -      **LawHQ, LLC**
2:2020-CV-00604-RSL                                     299 S Main St SLC, UT 84111
                                             385-285-1090 ext. 30007

four years preceding 1/30/2020 (the date Larsen's original Complaint was filed), GoSmith sent Larsen at least 28 telemarketing text messages at this number. At times Defendants texted Larsen three times a week, others less. Larsen found it very irritating. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Larsen seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Larsen seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

560.    Jeremie Larsen personally owns and uses the cellular phone number xxx-xxx-4393. Larsen uses this number for work. In the four years preceding 4/27/2020 (the date Larsen's original Complaint was filed), GoSmith sent Larsen at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Larsen seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Larsen seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Larsen at least 9 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Larsen seeks an amount not less than $4,500, attorney's fees, injunctive relief, and treble damages.

561.    Swede Larson personally owns and uses the cellular phone number xxx-xxx-2473. This number is a residential telephone subscription and his Larson's personal cell phone. Larson uses this cell phone to communicate with family and friends and keeps this phone on him at all times. Larson charges this phone near his bedside at night. Larson pays for this cell

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 312 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

phone using funds from a personal bank account. In the four years preceding 4/22/2020 (the date Larson's original Complaint was filed), GoSmith sent Larson at least 103 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Larson seeks an amount not less than $154,500 for at least 103 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $154,500 for at least 103 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Larson seeks an amount not less than $51,500 for at least 103 negligent violations of 47 U.S.C. § 227(b), and not less than $51,500 for at least 103 negligent violations of 47 U.S.C. § 227(c).

562.    James Latronica personally owns and uses the cellular phone number xxx-xxx-1492. This number is a residential telephone subscription. On 1/11/2006, Latronica registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Latronica's original Complaint was filed), GoSmith sent Latronica at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Latronica within a 12-month period after Latronica was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Latronica seeks an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Latronica seeks an amount

not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(b), and not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(c).

563.    Edward LaValley personally owns and uses the cellular phone number xxx-xxx-9876. This number is a residential telephone subscription and is LaValley's only telephone. LaValley uses this phone to communicate with friends and family and keeps this phone on him at all times. LaValley charges this phone by his bedside at night. LaValley pays for this phone with funds from a personal bank account. In the four years preceding 1/30/2020 (the date LaValley's original Complaint was filed), GoSmith sent LaValley at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). LaValley seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, LaValley seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

564.    Josh Lawlor personally owns and uses the cellular phone number xxx-xxx-0374. This number is a residential telephone subscription. On 12/11/2004, Lawlor registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lawlor's original Complaint was filed), GoSmith sent Lawlor at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lawlor within a 12-month period after Lawlor was registered on the National Do Not Call Registry, including but not limited to the period between 6/20/2017 and 8/30/2017. Lawlor seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lawlor seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

565.    Ed Lawlor personally owns and uses the cellular phone number xxx-xxx-1995. This number is a residential telephone subscription. On 4/12/2008, Lawlor registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Lawlor's original Complaint was filed), GoSmith sent Lawlor at least 85 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lawlor within a 12-month period after Lawlor was registered on the National Do Not Call Registry, including but not limited to the period between 2/3/2017 and 2/3/2018. Lawlor seeks an amount not less than $127,500 for at least 85 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $127,500 for at least 85 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lawlor seeks an amount not less than $42,500 for at least 85 negligent violations of 47 U.S.C. § 227(b), and not less than $42,500 for at least 85 negligent violations of 47 U.S.C. § 227(c).

566.    Allisyn Layton personally owns and uses the cellular phone number xxx-xxx-2037. This number is a residential telephone subscription and Layton's only telephone. Layton

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 315 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

uses this cell phone to communicate with friends and family and keeps this phone on her at all times. Layton charges this phone by her bedside at night. In the four years preceding 1/30/2020 (the date Layton's original Complaint was filed), GoSmith sent Layton at least 3 telemarketing text messages per month at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Layton seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Layton seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c).

567.    Luu Le personally owns and uses the cellular phone number xxx-xxx-4559. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Le's original Complaint was filed), GoSmith sent Le at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Le seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Le seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).Finally, GoSmith sent Le at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of

RCW § 80.36.390, for which Le seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

568.     Carlos Ledesma personally owns and uses the cellular phone number xxx-xxx-1453. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ledesma's original Complaint was filed), GoSmith sent Ledesma at least 511 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ledesma seeks an amount not less than $766,500 for at least 511 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $766,500 for at least 511 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ledesma seeks an amount not less than $255,500 for at least 511 negligent violations of 47 U.S.C. § 227(b), and not less than $255,500 for at least 511 negligent violations of 47 U.S.C. § 227(c).

569.     Watson Lee personally owns and uses the cellular phone number xxx-xxx-8448. Lee uses this number for work.   In the four years preceding 1/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 420 telemarketing text messages at this number, at least five times a week. The barrage of text messages caused Lee significant stress. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).  Lee seeks an amount not less than $630,000 for at least 420 knowing and willful violations of 47 U.S.C. § 227(b). ,Alternatively, Lee seeks an amount not less than $210,000 for at least 420 negligent violations of 47 U.S.C. § 227(b).

570.     Samantha Lee personally owns and uses the cellular phone number xxx-xxx-4252. This number is a residential telephone subscription and Lee's only telephone. This cell phone is registered as a residential line with Lee's mobile carrier. Lee uses this phone to

communicate with friends and family. Lee pays for this phone with funds based out of her personal account. On 9/7/2016, Lee registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 5 telemarketing text messages at this number, all within a couple of months. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 6/3/2017 and 7/5/2017. Lee seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lee seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

571.    Nick Lee personally owns and uses the cellular phone number xxx-xxx-2271. This number is a residential telephone subscription. On 4/6/2013, Lee registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 6/9/2017 and 6/9/2018. Lee seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lee seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

572.    Justin Lee personally owns and uses the cellular phone number xxx-xxx-2018. This number is a residential telephone subscription and Lee's only telephone. Lee uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Lee pays for this cell phone with funds from his personal bank account. Lee charges this phone by his bedside at night. On 4/30/2006, Lee registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 20 telemarketing text messages at this number, with at least 1-2 arriving each week for several weeks. Lee estimates that 20 is a very conservative number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 11/4/2017 and 11/4/2018. Lee seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lee seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

573.     Jeffrey Lee personally owns and uses the cellular phone number xxx-xxx-4389. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lee seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lee seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

574.     Andre Lee personally owns and uses the cellular phone number xxx-xxx-2325. This number is a residential telephone subscription. On 5/9/2005, Lee registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 38 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 2/1/2017 and 7/27/2017. Lee seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lee seeks an amount not less than $19,000 for at least 38 negligent

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

violations of 47 U.S.C. § 227(b), and not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Lee at least 38 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Lee seeks an amount not less than $19,000, attorney's fees, injunctive relief, and treble damages.

575.    Matt LeFevre personally owns and uses the cellular phone number xxx-xxx-1299. This number is a residential telephone subscription and LeFevre's only telephone. LeFevre uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. LeFevre charges this cell phone by his bedside at night. On 4/16/2014, LeFevre registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date LeFevre's original Complaint was filed), GoSmith sent LeFevre at least 164 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to LeFevre within a 12-month period after LeFevre was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. LeFevre seeks an amount not less than $246,000 for at least 164 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $246,000 for at least 164 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, LeFevre seeks an amount not less than $82,000 for at least 164 negligent violations of 47 U.S.C. § 227(b), and not less than $82,000 for at least 164 negligent violations of 47 U.S.C. § 227(c).

576.    James Lehman personally owns and uses the cellular phone number xxx-xxx-9250. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Lehman's original Complaint was filed), GoSmith sent Lehman at least 541

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lehman seeks an amount not less than $811,500 for at least 541 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $811,500 for at least 541 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lehman seeks an amount not less than $270,500 for at least 541 negligent violations of 47 U.S.C. § 227(b), and not less than $270,500 for at least 541 negligent violations of 47 U.S.C. § 227(c).

577.     Scott Leishman personally owns and uses the cellular phone number xxx-xxx-7593. This number is a residential telephone subscription. On 6/14/2005, Leishman registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Leishman's original Complaint was filed), GoSmith sent Leishman at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Leishman within a 12-month period after Leishman was registered on the National Do Not Call Registry, including but not limited to the period between 5/20/2016 and 5/20/2017. Leishman seeks an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Leishman seeks an amount not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(b), and not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(c).

578.    Eric Leverenz personally owns and uses the cellular phone number xxx-xxx-3820. This number is a residential telephone subscription and Leverenz's only telephone. Leverenz uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Leverenz charges this phone by his bedside at night.   On 2/27/2009, Leverenz registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Leverenz's original Complaint was filed), GoSmith sent Leverenz at least 725 telemarketing text messages at this number. Some weeks, Leverenz received 5 telemarketing messages per week from Defendants. Other weeks, it was as many as 15 telemarketing messages per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Leverenz within a 12-month period after Leverenz was registered on the National Do Not Call Registry, including but not limited to the period between 4/25/2017 and 4/25/2018. Leverenz seeks an amount not less than $1,087,500 for at least 725 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,087,500 for at least 725 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Leverenz seeks an amount not less than $362,500 for at least 725 negligent violations of 47 U.S.C. § 227(b), and not less than $362,500 for at least 725 negligent violations of 47 U.S.C. § 227(c).

579.    Yosi Levi personally owns and uses the cellular phone number xxx-xxx-2636. This number is a residential telephone subscription. On 11/18/2006, Levi registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Levi's original Complaint was filed), GoSmith sent Levi at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Levi within a 12-month period after Levi was registered on the National Do Not Call Registry, including but not limited to the period between 5/26/2017 and 5/26/2018. Levi seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Levi seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

580.    Gregory Lewandowski personally owns and uses the cellular phone number xxx-xxx-8944. This number is a residential telephone subscription. On 2/15/2005, Lewandowski registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lewandowski's original Complaint was filed), GoSmith sent Lewandowski at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lewandowski within a 12-month period after Lewandowski was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Lewandowski seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lewandowski seeks an amount not less than $1,000 for at least 2 negligent violations of 47

U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

581.     Joseph Lewis personally owns and uses the cellular phone number xxx-xxx-7307. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Lewis's original Complaint was filed), GoSmith sent Lewis at least 883 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lewis seeks an amount not less than $1,324,500 for at least 883 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,324,500 for at least 883 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lewis seeks an amount not less than $441,500 for at least 883 negligent violations of 47 U.S.C. § 227(b), and not less than $441,500 for at least 883 negligent violations of 47 U.S.C. § 227(c).

582.     Tom Lewis personally owns and uses the cellular phone number xxx-xxx-5535. This number is a residential telephone subscription that Lewis uses for work and personal communication. In the four years preceding 1/30/2020 (the date Lewis's original Complaint was filed), GoSmith sent Lewis at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lewis seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lewis seeks an amount

not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less

than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

583.    Max Lewis personally owns and uses the cellular phone number xxx-xxx-7755.

This number is a residential telephone subscription and Lewis's only telephone. Lewis uses this

cell phone to communicate with friends and family and keeps this cell phone on him at all

times. Lewis pays for this cell phone with funds from a personal account. In the four years

preceding 4/28/2020 (the date Lewis's original Complaint was filed), GoSmith sent Lewis at

least 64 telemarketing text messages at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lewis seeks an

amount not less than $96,000 for at least 64 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $96,000 for at least 64 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Lewis seeks an amount not less than $32,000 for at least 64

negligent violations of 47 U.S.C. § 227(b), and not less than $32,000 for at least 64 negligent

violations of 47 U.S.C. § 227(c).

584.    Kris Lichtenberg personally owns and uses the cellular phone number xxx-xxx-

9598. This number is a residential telephone subscription. In the four years preceding

4/30/2020 (the date Lichtenberg's original Complaint was filed), GoSmith sent Lichtenberg at

least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lichtenberg seeks

an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Lichtenberg seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

585.    Brandon Light personally owns and uses the cellular phone number xxx-xxx-0739. This number is a residential telephone subscription and Light's only cell phone. Light uses a different telephone number for his work. Light uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Light pays for this cell phone with funds from his personal bank account. Light charges this cell phone by his bedside at night. In the four years preceding 1/30/2020 (the date Light's original Complaint was filed), GoSmith sent Light at least 123 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Light seeks an amount not less than $184,500 for at least 123 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $184,500 for at least 123 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Light seeks an amount not less than $61,500 for at least 123 negligent violations of 47 U.S.C. § 227(b), and not less than $61,500 for at least 123 negligent violations of 47 U.S.C. § 227(c).

586.    James Lillis personally owns and uses the cellular phone number xxx-xxx-4608. This number is a residential telephone subscription that Lillis uses for work and personal calls. In the four years preceding 1/30/2020 (the date Lillis's original Complaint was filed), GoSmith sent Lillis at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lillis

seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lillis seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

587.    Adam Lindley personally owns and uses the cellular phone number xxx-xxx-0299. This number is a residential telephone subscription that Lindley uses for both work and personal calls. This cell phone is registered on a family plan with Lindley's mobile carrier. In the four years preceding 1/30/2020 (the date Lindley's original Complaint was filed), GoSmith sent Lindley at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lindley seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lindley seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

588.    Victor Livoti personally owns and uses the cellular phone number xxx-xxx-9177. This number is a residential telephone subscription. On 1/1/2011, Livoti registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Livoti's original Complaint was filed), GoSmith sent Livoti at least 35 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Livoti within a 12-month period after Livoti was registered on the National Do Not Call Registry, including but not limited to the period between 9/24/2016 and 9/24/2017. Livoti seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Livoti seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c).

589.    Kelan Loch personally owns and uses the cellular phone number xxx-xxx-5840. This number is a residential telephone subscription and is Loch's only telephone. Loch uses this number to communicate with family and friends and keeps this cell phone on him at all times. Loch charges his cell phone by his bedside at night. On 1/13/2006, Loch registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Loch's original Complaint was filed), GoSmith sent Loch at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Loch within a 12-month period after Loch was registered on the National Do Not Call Registry, including but not limited to the period between 8/21/2017 and 8/21/2018. Loch seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loch seeks an amount not less than $28,500 for at least 57

negligent violations of 47 U.S.C. § 227(b), and not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

590.    Jazmin Locke personally owns and uses the cellular phone number xxx-xxx-6372. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Locke's original Complaint was filed), GoSmith sent Locke at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Locke seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Locke seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

591.    Steve Locke personally owns and uses the cellular phone number xxx-xxx-0350. This number is a residential telephone subscription and Locke's only telephone. Locke uses this number to communicate with friends and family. This cell phone is registered on a family plan with Locke's mobile carrier. Locke charges this phone at home near his bedside at night. In the four years preceding 4/28/2020 (the date Locke's original Complaint was filed), GoSmith sent Locke at least 9 telemarketing text messages at this number. GoSmith also texted other members on Locke's family plan, including his children. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Locke seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 330 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

U.S.C. § 227(c). Alternatively, Locke seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

592.    Peter Loda personally owns and uses the cellular phone number xxx-xxx-2113. This number is a residential telephone subscription and Loda's only cell phone. Loda uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Loda charges this cell phone in his home by his bedside at night. In the four years preceding 4/28/2020 (the date Loda's original Complaint was filed), GoSmith sent Loda at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Loda seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loda seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

593.    James Logan personally owns and uses the cellular phone number xxx-xxx-9810. This number is a residential telephone subscription. On 9/24/2005, Logan registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Logan's original Complaint was filed), GoSmith sent Logan at least 357 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Logan within a 12-month period after Logan was registered on the National Do Not Call Registry, including but not limited to the period between 3/29/2017 and 3/29/2018. Logan seeks an amount not less than $535,500 for at least 357 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $535,500 for at least 357 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Logan seeks an amount not less than $178,500 for at least 357 negligent violations of 47 U.S.C. § 227(b), and not less than $178,500 for at least 357 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Logan at least 357 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Logan seeks an amount not less than $178,500, attorney's fees, injunctive relief, and treble damages.

594.    Jodie Loman personally owns and uses the cellular phone number xxx-xxx-9197. This number is a residential telephone subscription and Loman's only telephone. Loman uses this cell phone to communicate with friends and family and carries this cell phone on him at all times. In the four years preceding 4/28/2020 (the date Loman's original Complaint was filed), GoSmith sent Loman at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Loman seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loman seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

595.     Paul Longo personally owns and uses the cellular phone number xxx-xxx-0148. This number is a residential telephone subscription and Longo's only cell phone. Longo uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Longo charges this cell phone near his bedside at night. On 2/6/2007, Longo registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Longo's original Complaint was filed), GoSmith sent Longo at least 75 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Longo within a 12-month period after Longo was registered on the National Do Not Call Registry, including but not limited to the period between 12/4/2016 and 12/4/2017. Longo seeks an amount not less than $112,500 for at least 75 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $112,500 for at least 75 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Longo seeks an amount not less than $37,500 for at least 75 negligent violations of 47 U.S.C. § 227(b), and not less than $37,500 for at least 75 negligent violations of 47 U.S.C. § 227(c).

596.     Juan Lopez personally owns and uses the cellular phone number xxx-xxx-4426. This number is a residential telephone subscription and Lopez's only cell phone. Lopez uses this phone to communicate with family and friends. Lopez pays for this cell phone out of his own personal account and it is registered on a family plan with his wife (who also received hundreds of text messages from GoSmith on her personal cell phone). Lopez charges this cell phone by his bedside at night. In the four years preceding 1/30/2020 (the date Lopez's original Complaint was filed), GoSmith sent Lopez at least 439 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 333 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lopez seeks an amount not less than $658,500 for at least 439 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $658,500 for at least 439 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lopez seeks an amount not less than $219,500 for at least 439 negligent violations of 47 U.S.C. § 227(b), and not less than $219,500 for at least 439 negligent violations of 47 U.S.C. § 227(c).

597.    Darren Loux personally owns and uses the cellular phone number xxx-xxx-2387. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Loux's original Complaint was filed), GoSmith sent Loux at least 257 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Loux seeks an amount not less than $385,500 for at least 257 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $385,500 for at least 257 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loux seeks an amount not less than $128,500 for at least 257 negligent violations of 47 U.S.C. § 227(b), and not less than $128,500 for at least 257 negligent violations of 47 U.S.C. § 227(c).

598.    Douglas Love personally owns and uses the cellular phone number xxx-xxx-0903. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Love's original Complaint was filed), GoSmith sent Love at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Love seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Love seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Love at least 12 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Love seeks an amount not less than $6,000, attorney's fees, injunctive relief, and treble damages.

599.    Richard Lowes personally owns and uses the cellular phone number xxx-xxx-1608. This number is a residential telephone subscription. On 11/26/2016, Lowes registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Lowes's original Complaint was filed), GoSmith sent Lowes at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lowes within a 12-month period after Lowes was registered on the National Do Not Call Registry, including but not limited to the period between 11/26/2016 and 11/26/2017. Lowes seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lowes seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

600.    Ryan Loyd personally owns and uses the cellular phone number xxx-xxx-3315. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Loyd's original Complaint was filed), GoSmith sent Loyd at least 143 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Loyd seeks an amount not less than $214,500 for at least 143 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $214,500 for at least 143 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loyd seeks an amount not less than $71,500 for at least 143 negligent violations of 47 U.S.C. § 227(b), and not less than $71,500 for at least 143 negligent violations of 47 U.S.C. § 227(c).

601.    Daniel Luckman personally owns and uses the cellular phone number xxx-xxx-3555. This number is a residential telephone subscription and is Luckman's personal cell phone and only phone number. He uses it for all his personal calls and also uses it at times for work calls related to his home-based business. He pays for it out of his personal bank account and does not have a business plan with his cellphone provider (it is an individual or family plan). In the four years preceding 1/30/2020 (the date Luckman's original Complaint was filed), GoSmith sent Luckman at least 60 telemarketing text messages at this number. There were weeks when GoSmith would text his personal number 3 times or more and this went on for quite a while. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Luckman seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Luckman seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(b), and not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c).

602.   Adam Ludwig personally owns and uses the cellular phone number xxx-xxx-8973. This number is a residential telephone subscription and is Ludwig's only phone. He uses it for all his personal calls and has started using it with his home-based business on occasion. In the four years preceding 4/22/2020 (the date Ludwig's original Complaint was filed), GoSmith sent Ludwig at least 104 telemarketing text messages at this number. The texts came from at least 44 different numbers, each one of which was used to text Ludwig a handful of times. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ludwig seeks an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ludwig seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(b), and not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(c).

603.   John Lundwall personally owns and uses the cellular phone number xxx-xxx-0182. This number is a residential telephone subscription. On 7/10/2007, Lundwall registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Lundwall's original Complaint was filed), GoSmith sent Lundwall at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and

47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lundwall within a 12-month period after Lundwall was registered on the National Do Not Call Registry, including but not limited to the period between 8/11/2016 and 8/11/2017. Lundwall seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lundwall seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

604.    Mike Lynch personally owns and uses the cellular phone number xxx-xxx-0073. This number is a residential telephone subscription and is Lynch's only phone. However, Lynch uses this phone for business. In the four years preceding 4/21/2020 (the date Lynch's original Complaint was filed), GoSmith sent Lynch at least 81 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lynch seeks an amount not less than $121,500 for at least 81 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Lynch seeks an amount not less than $40,500 for at least 81 negligent violations of 47 U.S.C. § 227(b).

605.    Donavon J. Lyness personally owns and uses the cellular phone number xxx-xxx-2387. This number is a residential telephone subscription that is Lyness's personal cell phone and only phone number. In the four years preceding 4/22/2020 (the date Lyness's original Complaint was filed), GoSmith sent Lyness at least 24 telemarketing text messages at this number, sometimes as many as two per day GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 338 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lyness seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lyness seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).Finally, GoSmith sent Lyness at least 24 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Lyness seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

606.     Tara Lynn Snow personally owns and uses the cellular phone number xxx-xxx-2475. This number is a residential telephone subscription and is Snow's personal cell phone and her only phone. She pays for it out of her personal bank account, carries it with her, and uses it for all her personal calls. She charges it on her nightstand every night. On 3/26/2009, Snow registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Snow's original Complaint was filed), GoSmith sent Snow at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages to Snow's personal cellphone using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lynn snow within a 12-month period after Snow was registered on the National Do Not Call Registry, including but not limited to the period between 9/15/2017 and 9/27/2017. Snow seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Snow

seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

607.    Nichole Lynott personally owns and uses the cellular phone number xxx-xxx-6619. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Lynott's original Complaint was filed), GoSmith sent Lynott at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lynott seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lynott seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

608.    Vlad Lysov personally owns and uses the cellular phone number xxx-xxx-7202. This number is a residential telephone subscription and is Lysov's only phone and his personal cell phone. He pays for it out of his personal bank account, carries it with him, and uses it for all his personal calls. He charges it in his room at night. On 11/13/2019, Lysov registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Lysov's original Complaint was filed), GoSmith sent Lysov at least 41 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lysov

within a 12-month period after Lysov was registered on the National Do Not Call Registry, including but not limited to the period between 11/13/2019 and 1/30/2020. Lysov seeks an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lysov seeks an amount not less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(b), and not less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Lysov at least 41 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Lysov seeks an amount not less than $20,500, attorney's fees, injunctive relief, and treble damages.

609.    Edward (Eddie) Maciel personally owns and uses the cellular phone number xxx-xxx-9865. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Maciel's original Complaint was filed), GoSmith sent Maciel at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Maciel seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Maciel seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(b), and not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

610.    Grani MacKay personally owns and uses the cellular phone number xxx-xxx-2900. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date MacKay's original Complaint was filed), GoSmith sent MacKay at least 48 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). MacKay seeks an
amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $72,000 for at least 48 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, MacKay seeks an amount not less than $24,000 for at least
48 negligent violations of 47 U.S.C. § 227(b), and not less than $24,000 for at least 48
negligent violations of 47 U.S.C. § 227(c).

611.    John Macy personally owns and uses the cellular phone number xxx-xxx-9581.
This number is a residential telephone subscription but Macy uses this cell phone exclusively
for business. In the four years preceding 4/21/2020 (the date Macy's original Complaint was
filed), GoSmith sent Macy at least 200 telemarketing text messages at this number. GoSmith
knowingly and willfully sent these text messages using an automatic telephone dialing system
in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Macy seeks an
amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. §
227(b). Alternatively, Macy seeks an amount not less than $100,000 for at least 200 negligent
violations of 47 U.S.C. § 227(b).

612.    Rafael Maga personally owns and uses the cellular phone number xxx-xxx-1208.
This number is a residential telephone subscription and is Maga's only phone and his personal
cell phone. He pays for it out of his personal bank account, carries it with him, and uses it for
all his personal calls. He charges it in his room at night. In the four years preceding 4/22/2020
(the date Maga's original Complaint was filed), GoSmith sent Maga at least 43 telemarketing
text messages at this number. GoSmith knowingly and willfully sent these text messages using
an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47
C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without
instituting procedures that meet the minimum standards required for telemarketing in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Maga seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Maga seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Maga at least 43 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Maga seeks an amount not less than $21,500, attorney's fees, injunctive relief, and treble damages.

613.    Stevan Major personally owns and uses the cellular phone number xxx-xxx-5514. This number is a residential telephone subscription, and this number is Major's only phone and his personal cell phone. He pays for it out of his personal bank account, carries it with him, and uses it for all his personal calls. He charges it in his room at night. It is the phone that he uses to talk to his wife, kids, and other family members. On 6/17/2010, Major registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Major's original Complaint was filed), GoSmith sent Major at least 97 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Major within a 12-month period after Major was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Major seeks an amount not less than $145,500 for at least 97 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $145,500 for at least 97 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Major seeks an amount not less than $48,500 for at least 97

negligent violations of 47 U.S.C. § 227(b), and not less than $48,500 for at least 97 negligent violations of 47 U.S.C. § 227(c).

614.    Mark Malkowski personally owns and uses the cellular phone number xxx-xxx-4699. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Malkowski's original Complaint was filed), GoSmith sent Malkowski at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Malkowski seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Malkowski seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

615.    David Mallon personally owns and uses the cellular phone number xxx-xxx-8310. This number is a residential telephone subscription, but Mallon uses this cell phone for business purposes only. In the four years preceding 1/30/2020 (the date Mallon's original Complaint was filed), GoSmith sent Mallon at least 2, sometimes 3, telemarketing text messages a week for several months at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mallon seeks an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Mallon seeks an amount not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(b).

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 344 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

616.    Fernando Mancilla personally owns and uses the cellular phone number xxx-xxx-4278. This number is a residential telephone subscription. On 12/10/2004, Mancilla registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Mancilla's original Complaint was filed), GoSmith sent Mancilla at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mancilla within a 12-month period after Mancilla was registered on the National Do Not Call Registry, including but not limited to the period between 3/9/2017 and 3/9/2018. Mancilla seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mancilla seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

617.    James Mandichak personally owns and uses the cellular phone number xxx-xxx-3157. This number is a residential telephone subscription. On 9/11/2018, Mandichak registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Mandichak's original Complaint was filed), GoSmith sent Mandichak at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

least 2 text messages to Mandichak within a 12-month period after Mandichak was registered on the National Do Not Call Registry, including but not limited to the period between 9/11/2018 and 9/11/2019. Mandichak seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mandichak seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(b), and not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

618.    Les Mann personally owns and uses the cellular phone number xxx-xxx-5112. This number is a residential telephone subscription and is Mann's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. On 10/10/2003, Mann registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Mann's original Complaint was filed), GoSmith sent Mann at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mann within a 12-month period after Mann was registered on the National Do Not Call Registry, including but not limited to the period between 5/27/2017 and 5/27/2018. Mann seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mann seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

619.     Josh Manwaring personally owns and uses the cellular phone number xxx-xxx-4378. This number is a residential telephone subscription. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. On 10/12/2010, Manwaring registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Manwaring's original Complaint was filed), GoSmith sent Manwaring at least 176 telemarketing text messages to Manwaring's personal cell phone at this number. Manwaring complained to his wife and associates about the number of texts GoSmith sent over the years and the annoyance. Manwaring texted back and asked to be removed from their list, but the texts from GoSmith kept coming. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Manwaring within a 12-month period after Manwaring was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Manwaring seeks an amount not less than $264,000 for at least 176 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $264,000 for at least 176 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Manwaring seeks an amount not less than $88,000 for at least 176 negligent violations of 47 U.S.C. § 227(b), and not less than $88,000 for at least 176 negligent violations of 47 U.S.C. § 227(c).

620.     Nathan Marchese personally owns and uses the cellular phone number xxx-xxx-8539. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Marchese's original Complaint was filed), GoSmith sent Marchese at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Marchese seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Marchese seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

621.    Chanse Mariotti personally owns and uses the cellular phone number xxx-xxx-3033. This number is a residential telephone subscription and is Mariotti's personal cell phone, which he uses at times in his home-based business. Mariotti has a slightly different story: GoSmith obtained his number when someone fraudulently posted a negative review about Mariotti's service on GoSmith's site. Mariotti was able to prove that the review was a fake and threatened to sue GoSmith if they didn't remove the review, due to the damage it was causing his reputation and business. GoSmith eventually removed the review, but they began texting Mariotti as many as three to five times a day, attempting to sell him advertising space and "leads." In the four years preceding 4/22/2020 (the date Mariotti's original Complaint was filed), GoSmith sent Mariotti at least 186 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mariotti seeks an amount not less than $279,000 for at least 186 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $279,000 for at least 186 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mariotti seeks an amount not less than $93,000 for at least 186 negligent violations of 47 U.S.C. § 227(b), and not less than $93,000 for at least 186 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent

Mariotti at least 186 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Mariotti seeks an amount not less than $93,000, attorney's fees, injunctive relief, and treble damages.

622.     Bailey Marshall personally owns and uses the cellular phone number xxx-xxx-1167. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Marshall's original Complaint was filed), GoSmith sent Marshall at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Marshall seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Marshall seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

623.     Darrell Martin personally owns and uses the cellular phone number xxx-xxx-6220. This number is a residential telephone subscription and is listed as a personal plan with Martin's cellular service provider. Martin has a separate, dedicated phone number for his business calls that ends in -9672. On 8/15/2007, Martin registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Martin's original Complaint was filed), GoSmith sent Martin at least 79 telemarketing text messages at this number, more than 30 messages per year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Martin within a 12-month period after Martin was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 6/14/2018. Martin seeks an amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Martin seeks an amount not less than $39,500 for at least 79 negligent violations of 47 U.S.C. § 227(b), and not less than $39,500 for at least 79 negligent violations of 47 U.S.C. § 227(c).

624. Amanda Martinez personally owns and uses the cellular phone number xxx-xxx-2907. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Martinez's original Complaint was filed), GoSmith sent Martinez at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Martinez seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Martinez seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

625. Michael Marton personally owns and uses the cellular phone number xxx-xxx-4537. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Marton's original Complaint was filed), GoSmith sent Marton at least 74 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Marton seeks an amount not less than $111,000 for at least 74 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $111,000 for at least 74 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Marton seeks an amount not less than $37,000 for at least 74 negligent violations of 47 U.S.C. § 227(b), and not less than $37,000 for at least 74 negligent violations of 47 U.S.C. § 227(c).

626.    Lenny Mason personally owns and uses the cellular phone number xxx-xxx-2237. This number is a residential telephone subscription and is Mason's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. On 6/3/2008, Mason registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Mason's original Complaint was filed), GoSmith sent Mason at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mason within a 12-month period after Mason was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 6/22/2017. Mason seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mason seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mason at least

15 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Mason seeks an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

627.    Lisa Massey personally owns and uses the cellular phone number xxx-xxx-5485. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Massey's original Complaint was filed), GoSmith sent Massey at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Massey seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Massey seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

628.    Jeric Massey personally owns and uses the cellular phone number xxx-xxx-7615. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Massey's original Complaint was filed), GoSmith sent Massey at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Massey seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Massey seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. §

227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

629.    Paul Mata personally owns and uses the cellular phone number xxx-xxx-5184.

This number is a residential telephone subscription and is Mata's only phone number. It is his

personal cell phone. He pays for it out of his personal bank account and uses it for all his

personal calls. It is on a personal or family plan with his cellular service provider. In the four

years preceding 4/21/2020 (the date Mata's original Complaint was filed), GoSmith sent Mata

at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent

these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mata seeks an

amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Mata seeks an amount not less than $2,000 for at least 4 negligent

violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of

47 U.S.C. § 227(c).

630.    Robert Mathewson personally owns and uses the cellular phone number xxx-xxx-

0590. This number is a residential telephone subscription. On 8/2/2009, Mathewson registered

this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the

date Mathewson's original Complaint was filed), GoSmith sent Mathewson at least 6

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

least 2 text messages to Mathewson within a 12-month period after Mathewson was registered on the National Do Not Call Registry, including but not limited to the period between 2/4/2017 and 6/22/2017. Mathewson seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mathewson seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

631.    Amir Mathiasen personally owns and uses the cellular phone number xxx-xxx-2546. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Mathiasen's original Complaint was filed), GoSmith sent Mathiasen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mathiasen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mathiasen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mathiasen at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Mathiasen seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

632.    Carritha Matthews personally owns and uses the cellular phone number xxx-xxx-6417. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Matthews's original Complaint was filed), GoSmith sent Matthews at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Matthews seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Matthews seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

633.    Jackie Maxey personally owns and uses the cellular phone number xxx-xxx-7074. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Maxey's original Complaint was filed), GoSmith sent Maxey at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Maxey seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Maxey seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

634.    Marlin Mayes Jr. personally owns and uses the cellular phone number xxx-xxx-7306. This number is a residential telephone subscription on a family plan and is Mayes's only phone number. However, Mayes uses this number exclusively for work. In the four years preceding 1/30/2020 (the date Mayes Jr.'s original Complaint was filed), GoSmith sent Mayes Jr. at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mayes Jr. seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Mayes Jr. seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b).

635.    Brady Mayson personally owns and uses the cellular phone number xxx-xxx-2200. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Mayson's original Complaint was filed), GoSmith sent Mayson at least 44 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mayson seeks an amount not less than $66,000 for at least 44 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $66,000 for at least 44 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mayson seeks an amount not less than $22,000 for at least 44 negligent violations of 47 U.S.C. § 227(b), and not less than $22,000 for at least 44 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mayson at least 44 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Mayson seeks an amount not less than $22,000, attorney's fees, injunctive relief, and treble damages.

636.    Matt Mcauslan personally owns and uses the cellular phone number xxx-xxx-1293. This number is a residential telephone subscription and is Mcauslan's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. In

the four years preceding 4/22/2020 (the date Mcauslan's original Complaint was filed), GoSmith sent Mcauslan at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mcauslan seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mcauslan seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mcauslan at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Mcauslan seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

637.    Robert McCarthy personally owns and uses the cellular phone number xxx-xxx-9280. This number is a residential telephone subscription and is McCarthy's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. In the four years preceding 1/30/2020 (the date McCarthy's original Complaint was filed), GoSmith sent McCarthy at least 3 or more telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). McCarthy seeks an amount not less than $252,000 for at least 168 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less

than $252,000 for at least 168 knowing and willful violations of 47 U.S.C. § 227(c).
Alternatively, McCarthy seeks an amount not less than $84,000 for at least 168 negligent
violations of 47 U.S.C. § 227(b), and not less than $84,000 for at least 168 negligent violations
of 47 U.S.C. § 227(c).

638.    Larry McClure personally owns and uses the cellular phone number xxx-xxx-
4685. This number is a residential telephone subscription. On 10/11/2011, McClure registered
this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the
date McClure's original Complaint was filed), GoSmith sent McClure at least 7 telemarketing
text messages at this number. GoSmith knowingly and willfully sent these text messages using
an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47
C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without
instituting procedures that meet the minimum standards required for telemarketing in violation
of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and
47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to
McClure within a 12-month period after McClure was registered on the National Do Not Call
Registry, including but not limited to the period between 6/22/2017 and 6/22/2018. McClure
seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47
U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful
violations of 47 U.S.C. § 227(c). Alternatively, McClure seeks an amount not less than $3,500
for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7
negligent violations of 47 U.S.C. § 227(c).

639.    Mark McCreary personally owns and uses the cellular phone number xxx-xxx-
5459. This number is a residential telephone subscription and is McCreary's only phone
number. It is his personal cell phone. He pays for it out of his personal bank account and uses it
for all his personal calls. It is on a personal or family plan with his cellular service provider. He
charges it at night in his room. On 7/29/2008, McCreary registered this number on the National
Do Not Call Registry. In the four years preceding 4/27/2020 (the date McCreary's original

Complaint was filed), GoSmith sent McCreary at least 16 telemarketing text messages and phone calls at this number. Go Smith sent the texts twice a day at times, up to 3-4 times per week. GoSmith also called McCreary's personal cell phone number, 4-5 times a month. McCreary was never able to get anyone to answer when he texted in reply or called back attempting to stop the texts and calls. This went on for several months until McCreary just started blocking the calls. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McCreary within a 12-month period after McCreary was registered on the National Do Not Call Registry, including but not limited to the period between 12/14/2016 and 9/29/2017. McCreary seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, McCreary seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

640.   Lillian McDonald personally owns and uses the cellular phone number xxx-xxx-9015. This number is a residential telephone subscription that McDonald used for business exclusively. In the four years preceding 4/28/2020 (the date McDonald's original Complaint was filed), GoSmith sent McDonald at least 8 telemarketing text messages at this number. Upon information and belief, the actual number is much, much higher. McDonald tried to get the messages to stop, replying "STOP," but the texts kept coming. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 359 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). McDonald seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, McDonald seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b).

641.     Leona McFalls Zeqiri personally owns and uses the cellular phone number xxx-xxx-6939. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date McFalls Zeqiri's original Complaint was filed), GoSmith sent McFalls Zeqiri at least 99 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). McFalls Zeqiri seeks an amount not less than $148,500 for at least 99 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $148,500 for at least 99 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, McFalls Zeqiri seeks an amount not less than $49,500 for at least 99 negligent violations of 47 U.S.C. § 227(b), and not less than $49,500 for at least 99 negligent violations of 47 U.S.C. § 227(c).

642.     Chris Mcgonagle personally owns and uses the cellular phone number xxx-xxx-0058. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Mcgonagle's original Complaint was filed), GoSmith sent Mcgonagle at least 37 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mcgonagle seeks an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $55,500 for at least 37 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Mcgonagle seeks an amount not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(b), and not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mcgonagle at least 37 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Mcgonagle seeks an amount not less than $18,500, attorney's fees, injunctive relief, and treble damages.

643.   Krystal McKinnie personally owns and uses the cellular phone number xxx-xxx-3547. This number is a residential telephone subscription and is McKinnie's personal phone number (her only phone number). She pays for it out of her personal account and uses it for all her personal calls. On 7/1/2011, McKinnie registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date McKinnie's original Complaint was filed), GoSmith sent McKinnie at least 135 telemarketing text messages at this number. McKinnie received texts from Defendants almost every day for months on end, to the point where she checked to make sure she was still on the Do Not Call Registry because the volume was so great. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McKinnie within a 12-month period after McKinnie was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. McKinnie seeks an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, McKinnie seeks an

1   amount not less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(b), and

2   not less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(c).

3         644.    Joseph McPherson personally owns and uses the cellular phone number xxx-xxx-

4   4547. This number is a residential telephone subscription and is McPherson's only phone. He

5   uses it for all his personal calls and pays for it out of his personal bank account. He keeps it

6   with him and charges it on his nightstand every night. His family and friends call him at this

7   number. On 7/28/2006, McPherson registered this number on the National Do Not Call

8   Registry. In the four years preceding 1/30/2020 (the date McPherson's original Complaint was

9   filed), GoSmith sent McPherson at least two telemarketing text messages per week at this

10   number. GoSmith knowingly and willfully sent these text messages using an automatic

11   telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

12   64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

13   procedures that meet the minimum standards required for telemarketing in violation of 47

14   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

15   C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

16   McPherson within a 12-month period after McPherson was registered on the National Do Not

17   Call Registry, including but not limited to the period between 4/30/2017 and 7/18/2017.

18   McPherson seeks an amount not less than $61,500 for at least 41 knowing and willful

19   violations of 47 U.S.C. § 227(b), and an amount not less than $61,500 for at least 41 knowing

20   and willful violations of 47 U.S.C. § 227(c). Alternatively, McPherson seeks an amount not

21   less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(b), and not less than

22   $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(c).

23         645.    Kenneth McPherson personally owns and uses the cellular phone number xxx-

24   xxx-5316. This number is a residential telephone subscription and McPherson's only cell

25   phone. McPherson uses this cell phone for all his personal calls and keeps this cell phone on

26   him at all times. He charges this cell phone near his bedside at night and pays for it out of his

27   personal bank account. On 12/12/2008, McPherson registered this number on the National Do

PLAINTIFFS' AMENDED COMPLAINT     - 362 -     **LawHQ, LLC**
2:2020-CV-00604-RSL     299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Not Call Registry. In the four years preceding 4/22/2020 (the date McPherson's original Complaint was filed), GoSmith sent McPherson at least 274 telemarketing text messages at this number. McPherson endured a six-month period where GoSmith texted him at least once a day on weekdays and 2-3 times on Saturdays and Sundays. After a while, the texts tapered off. McPherson tried to get the texts to stop but could not. He complained to his telephone service provider, but there was nothing they could do at the time. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McPherson within a 12-month period after McPherson was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2017 and 8/15/2017. McPherson seeks an amount not less than $411,000 for at least 274 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $411,000 for at least 274 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, McPherson seeks an amount not less than $137,000 for at least 274 negligent violations of 47 U.S.C. § 227(b), and not less than $137,000 for at least 274 negligent violations of 47 U.S.C. § 227(c).

646.    Wess Meader personally owns and uses the cellular phone number xxx-xxx-8056. This number is a residential telephone subscription. On 4/10/2019, Meader registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Meader's original Complaint was filed), GoSmith sent Meader at least 44 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

1   C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Meader

2   within a 12-month period after Meader was registered on the National Do Not Call Registry,

3   including but not limited to the period between 4/10/2019 and 1/30/2020. Meader seeks an

4   amount not less than $66,000 for at least 44 knowing and willful violations of 47 U.S.C. §

5   227(b), and an amount not less than $66,000 for at least 44 knowing and willful violations of

6   47 U.S.C. § 227(c). Alternatively, Meader seeks an amount not less than $22,000 for at least 44

7   negligent violations of 47 U.S.C. § 227(b), and not less than $22,000 for at least 44 negligent

8   violations of 47 U.S.C. § 227(c).

9      647.   Nick Means personally owns and uses the cellular phone number xxx-xxx-8187.

10  This number is a residential telephone subscription and is Means's personal cell phone and only

11  phone number. He pays for it out of his personal account and uses it for all her personal calls.

12  In the four years preceding 4/22/2020 (the date Means's original Complaint was filed),

13  GoSmith sent at least 450 telemarketing text messages and phone calls to Means's cell phone at

14  this number. GoSmith texted Means 2-3 times a day. Means tried to opt out every time.

15  GoSmith also called Means personal cell phone multiple times a week. The harassment went

16  on for more than 6 months at this level. The calls and texts distracted Means several times a

17  day for no reason. Every time, Means would drop what he was doing to check the message or

18  call, only to find out it was GoSmith. It caused him great frustration. GoSmith knowingly and

19  willfully sent these text messages using an automatic telephone dialing system in violation of

20  47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully

21  sent these text messages without instituting procedures that meet the minimum standards

22  required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

23  Means seeks an amount not less than $675,000 for at least 450 knowing and willful violations

24  of 47 U.S.C. § 227(b), and an amount not less than $675,000 for at least 450 knowing and

25  willful violations of 47 U.S.C. § 227(c). Alternatively, Means seeks an amount not less than

26  $225,000 for at least 450 negligent violations of 47 U.S.C. § 227(b), and not less than

27  $225,000 for at least 450 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent

Means at least 450 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Means seeks an amount not less than $225,000, attorney's fees, injunctive relief, and treble damages.

648.    Ruben Medina personally owns and uses the cellular phone number xxx-xxx-4055. This number is a residential telephone subscription that is Medina's personal cell phone. The business has a landline in the office with a separate, dedicated number. Medina uses his cell phone for all personal calls In the four years preceding 1/30/2020 (the date Medina's original Complaint was filed), GoSmith sent Medina at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Medina seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Medina seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(b), and not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(c).

649.    Justin Meier personally owns and uses the cellular phone number xxx-xxx-9833. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Meier's original Complaint was filed), GoSmith sent Meier at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Meier seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Meier seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

650.    DJ Melodia Sr personally owns and uses the cellular phone number xxx-xxx-5771. This number is a residential telephone subscription, but Melodia Sr uses it for business only. In the four years preceding 4/29/2020 (the date Melodia Sr's original Complaint was filed), GoSmith sent Melodia Sr at least 20 telemarketing text messages at this number. Every time, Melodia Sr. responded, "Please stop texting me," but GoSmith continued to harass him. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Melodia Sr seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Melodia Sr seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b).

651.    Timothy Melvin personally owns and uses the cellular phone number xxx-xxx-5198. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Melvin's original Complaint was filed), GoSmith sent Melvin at least 284 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Melvin seeks an amount not less than $426,000 for at least 284 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $426,000 for at least 284 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Melvin seeks an amount not less than $142,000 for at least

284 negligent violations of 47 U.S.C. § 227(b), and not less than $142,000 for at least 284 negligent violations of 47 U.S.C. § 227(c).

652.    James Mendez personally owns and uses the cellular phone number xxx-xxx-7615. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Mendez's original Complaint was filed), GoSmith sent Mendez at least 111 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mendez seeks an amount not less than $166,500 for at least 111 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $166,500 for at least 111 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mendez seeks an amount not less than $55,500 for at least 111 negligent violations of 47 U.S.C. § 227(b), and not less than $55,500 for at least 111 negligent violations of 47 U.S.C. § 227(c).

653.    David Mendola personally owns and uses the cellular phone number xxx-xxx-1527. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Mendola's original Complaint was filed), GoSmith sent Mendola at least 1,589 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mendola seeks an amount not less than $2,383,500 for at least 1,589 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,383,500 for at least 1,589 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mendola seeks an amount not less than

$794,500 for at least 1,589 negligent violations of 47 U.S.C. § 227(b), and not less than

$794,500 for at least 1,589 negligent violations of 47 U.S.C. § 227(c).

654.    Scott Meola personally owns and uses the cellular phone number xxx-xxx-1505. This number is a residential telephone subscription and is Meola's only phone. He uses this phone in all his personal calls and it is how his family and friends contact him. In the four years preceding 4/22/2020 (the date Meola's original Complaint was filed), GoSmith sent Meola at least 15 telemarketing text messages at this number. Meola attempted several times to find out who was calling him by calling the numbers back. He did not get any answers. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Meola seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Meola seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Meola at least 15 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Meola seeks an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

655.    Liz Meraz personally owns and uses the cellular phone number xxx-xxx-4564. This number is a residential telephone subscription and is Liz's personal cell phone, not a business phone. She pays for it out of her personal bank account and uses it for all her personal calls. She keeps it with her and charges it at night in her room, and this is the number her friends and family use to contact her. In the four years preceding 4/28/2020 (the date Meraz's original Complaint was filed), GoSmith sent Meraz at least 665 telemarketing text messages

and phone calls to her personal cell phone at this number. GoSmith sent 2-3 messages per day, off and on, for a period of over two years and also tried to solicit through automatically-dialed telemarketing calls to her cell phone number. Meraz tried calling back and asking to be removed or unsubscribed but she was never successful at getting them to stop calling. Meraz received messages at all hours of the day and sometimes even at night. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Meraz seeks an amount not less than $997,500 for at least 665 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $997,500 for at least 665 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Meraz seeks an amount not less than $332,500 for at least 665 negligent violations of 47 U.S.C. § 227(b), and not less than $332,500 for at least 665 negligent violations of 47 U.S.C. § 227(c).

656.    Brian Mersereau personally owns and uses the cellular phone number xxx-xxx-4957. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Mersereau's original Complaint was filed), GoSmith sent Mersereau at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mersereau seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mersereau seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

657.     Chris Michael personally owns and uses the cellular phone number xxx-xxx-5929. This number is a residential telephone subscription and a cell phone that Michael rarely uses for personal use, since his wife has a phone they use to talk to family and friends. In the four years preceding 4/28/2020 (the date Michael's original Complaint was filed), GoSmith sent Michael at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Michael seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Michael seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b).

658.     Cristian Millan personally owns and uses the cellular phone number xxx-xxx-4237. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Millan's original Complaint was filed), GoSmith sent Millan at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Millan seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Millan seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

659.     Mark Miller personally owns and uses the cellular phone number xxx-xxx-4479. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the

date Miller's original Complaint was filed), GoSmith sent Miller at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Miller seeks an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Miller seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(b), and not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c).

660.     Jay Miller personally owns and uses the cellular phone number xxx-xxx-6528. This number is a residential telephone subscription. On 2/19/2015, Miller registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Miller's original Complaint was filed), GoSmith sent Miller at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Miller within a 12-month period after Miller was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Miller seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Miller seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

661.     Matthew Miller personally owns and uses the cellular phone number xxx-xxx-2046. This number is a residential telephone subscription and is Miller's only phone. He uses this cell phone for all his personal calls and pays for it out of his personal bank account. It is how his friends and family contact him and is on a family or individual plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Miller's original Complaint was filed), GoSmith sent at least 581 telemarketing text messages and phone calls to Miller's personal cell phone at this number. There was a period of about 4-5 months where GoSmith sent Miller several texts a week and called him about 5 times a week. Miller describes those months as "miserable." Even when Miller repetitively told them to leave him alone, they still kept calling and texting him, several times waking him from sleep. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Miller seeks an amount not less than $871,500 for at least 581 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $871,500 for at least 581 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Miller seeks an amount not less than $290,500 for at least 581 negligent violations of 47 U.S.C. § 227(b), and not less than $290,500 for at least 581 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Miller at least 581 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Miller seeks an amount not less than $290,500, attorney's fees, injunctive relief, and treble damages.

662.     Hoyt Milliner personally owns and uses the cellular phone number xxx-xxx-9280. This number is a residential telephone subscription that Milliner uses strictly for his home-based business. He does use it for personal calls, but rarely. In the four years preceding 1/30/2020 (the date Milliner's original Complaint was filed), GoSmith sent Milliner at least 46

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Milliner seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Milliner seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(b).

663.    Ryan Milly personally owns and uses the cellular phone number xxx-xxx-9110. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Milly's original Complaint was filed), GoSmith sent Milly at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Milly seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Milly seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

664.    Rosemary Minjarez personally owns and uses the cellular phone number xxx-xxx-7951. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Minjarez's original Complaint was filed), GoSmith sent Minjarez at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Minjarez seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Minjarez seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b), and not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c).

665.    Michelle Minton personally owns and uses the cellular phone number xxx-xxx-2412. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Minton's original Complaint was filed), GoSmith sent Minton at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Minton seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Minton seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

666.    John Mitchell personally owns and uses the cellular phone number xxx-xxx-6052. This number is a residential telephone subscription and is Mitchell's personal cell phone. He uses it for his personal calls and friends and family contact him on this phone. He keeps it with him and charges it in his room at night. In the four years preceding 4/30/2020 (the date Mitchell's original Complaint was filed), GoSmith sent and made at least 10 telemarketing text messages and phone calls to Mitchell's personal cell phone at this number, asking him to contact them to purchase remodeling leads. When Mitchell answered GoSmith's phone calls, he stated he was not interested and GoSmith still kept calling. Mitchell called the numbers

back to ask to be removed from GoSmith's internal Do Not Call list and still received calls. Mitchell told one of the GoSmith representatives that he wouldn't look at their leads without a check payment first and GoSmith could not produce it. GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mitchell seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mitchell seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

667.    Harry Mitchell personally owns and uses the cellular phone number xxx-xxx-3443. This number is a residential telephone subscription. On 4/10/2009, Mitchell registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Mitchell's original Complaint was filed), GoSmith sent Mitchell at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mitchell within a 12-month period after Mitchell was registered on the National Do Not Call Registry, including but not limited to the period between 6/12/2017 and 6/12/2018. Mitchell seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mitchell seeks an amount not less than $2,000 for at least 4

negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

668.   Mohamed personally owns and uses the cellular phone number xxx-xxx-9986. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Mohamed's original Complaint was filed), GoSmith sent Mohamed at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mohamed seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mohamed seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

669.   Joshua Montgomery personally owns and uses the cellular phone number xxx-xxx-1035. This number is a residential telephone subscription. On 7/22/2005, Montgomery registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Montgomery's original Complaint was filed), GoSmith sent Montgomery at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Montgomery within a 12-month period after Montgomery was registered on the National Do Not Call Registry, including but not limited to the period

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

between 4/27/2016 and 4/27/2017. Montgomery seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Montgomery seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Montgomery at least 9 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Montgomery seeks an amount not less than $4,500, attorney's fees, injunctive relief, and treble damages.

670.    Craig Montgomery personally owns and uses the cellular phone number xxx-xxx-9299. This number is a residential telephone subscription. On 10/4/2007, Montgomery registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Montgomery's original Complaint was filed), GoSmith sent Montgomery at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Montgomery within a 12-month period after Montgomery was registered on the National Do Not Call Registry, including but not limited to the period between 2/4/2017 and 2/4/2018. Montgomery seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Montgomery seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

671.     Israel Montijo personally owns and uses the cellular phone number xxx-xxx-4779. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Montijo's original Complaint was filed), GoSmith sent Montijo at least 582 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Montijo seeks an amount not less than $873,000 for at least 582 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $873,000 for at least 582 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Montijo seeks an amount not less than $291,000 for at least 582 negligent violations of 47 U.S.C. § 227(b), and not less than $291,000 for at least 582 negligent violations of 47 U.S.C. § 227(c).

672.     Kerry Moody personally owns and uses the cellular phone number xxx-xxx-1332. This number is a residential telephone subscription and is Moody's personal cell phone. He makes his personal calls with this phone and keeps it with him, charging it in his house at night. His friends and family contact him on this number. In the four years preceding 1/30/2020 (the date Moody's original Complaint was filed), GoSmith sent Moody at least 35 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moody seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moody seeks an amount not less than $17,500 for at least 35

negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c).

673.    Michael Moon personally owns and uses the cellular phone number xxx-xxx-7408. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Moon's original Complaint was filed), GoSmith sent Moon at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moon seeks an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moon seeks an amount not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(b), and not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(c).

674.    Peter Moore personally owns and uses the cellular phone number xxx-xxx-8864. This number is a residential telephone subscription and is part of Moore's family plan with his cellular phone service provider. He takes his personal calls and texts with this phone and keeps it with him at all times, but he also uses it for his work in his security system business, which he has always run from his home. This phone charges on his nightstand at night and is his only phone number. In the four years preceding 4/21/2020 (the date Moore's original Complaint was filed), GoSmith sent Moore's personal cell phone at least 113 telemarketing text messages, at least 2-4 times a week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moore seeks an amount not less than $169,500 for

at least 113 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $169,500 for at least 113 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moore seeks an amount not less than $56,500 for at least 113 negligent violations of 47 U.S.C. § 227(b), and not less than $56,500 for at least 113 negligent violations of 47 U.S.C. § 227(c).

675.    Gary Moore personally owns and uses the cellular phone number xxx-xxx-5904. This number is a residential telephone subscription and is Moore's personal cell phone. This is his only phone. He makes his personal calls with this phone and keeps it with him, charging it in his house at night. His friends and family contact him on this number. On 12/4/2005, Moore registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Moore's original Complaint was filed), GoSmith sent Moore at least 119 telemarketing text messages at this number, 2-3 times per week for about a year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Moore within a 12-month period after Moore was registered on the National Do Not Call Registry, including but not limited to the period between 4/24/2017 and 7/11/2017. Moore seeks an amount not less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moore seeks an amount not less than $59,500 for at least 119 negligent violations of 47 U.S.C. § 227(b), and not less than $59,500 for at least 119 negligent violations of 47 U.S.C. § 227(c).

676.    Peter Moore personally owns and uses the cellular phone number xxx-xxx-1018. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Moore's original Complaint was filed), GoSmith sent Moore at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moore seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moore seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

677.    Kellen Moore personally owns and uses the cellular phone number xxx-xxx-0448. This number is a residential telephone subscription that Moore uses strictly for his home-based business. In the four years preceding 4/28/2020 (the date Moore's original Complaint was filed), GoSmith sent Moore at least 784 telemarketing text messages at this number, at least 4-5 times a week for well over three years. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moore seeks an amount not less than $1,176,000 for at least 784 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Moore seeks an amount not less than $392,000 for at least 784 negligent violations of 47 U.S.C. § 227(b).

678.    Todd Morgan personally owns and uses the cellular phone number xxx-xxx-7763. This number is a residential telephone subscription. On 1/20/2007, Morgan registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Morgan's original Complaint was filed), GoSmith sent Morgan at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Morgan within a 12-month period after Morgan was registered on the National Do Not Call Registry, including but not limited to the period between 4/14/2017 and 4/14/2018. Morgan seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Morgan seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

679.   Michael Moronez personally owns and uses the cellular phone number xxx-xxx-0308. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Moronez's original Complaint was filed), GoSmith sent Moronez at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moronez seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moronez seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

680.   Kelly Morrison personally owns and uses the cellular phone number xxx-xxx-2095. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Morrison's original Complaint was filed), GoSmith sent Morrison at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Morrison seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Morrison seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

681. David Morse personally owns and uses the cellular phone number xxx-xxx-5244. This number is a residential telephone subscription and is Morse's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Morse's original Complaint was filed), GoSmith sent Morse's personal number at least 228 telemarketing text messages, texting him 3-4 per week at a minimum for at least 8 months straight, trying to sell him leads. Morse had not signed up with GoSmith and had no idea how they got his personal number. Most of the "leads" were for window installation, which Morse does not do. The texts were extremely annoying, and Morse could not get them to stop. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Morse seeks an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Morse seeks an amount not less than $114,000 for at least 228 negligent violations of 47 U.S.C. § 227(b), and not less than $114,000 for at least 228 negligent violations of 47 U.S.C. § 227(c).

682.     Shawn Moshos personally owns and uses the cellular phone number xxx-xxx-3172. This number is a residential telephone subscription and is Moshos's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/27/2020 (the date Moshos's original Complaint was filed), GoSmith sent Moshos's cellular number at least 326 telemarketing text messages, at least every other day for almost two years. Moshos tried several times to opt out or unsubscribe from their list, replying "STOP" at least three times, but GoSmith did not stop texting him. This annoyed Moshos considerably. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moshos seeks an amount not less than $489,000 for at least 326 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $489,000 for at least 326 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moshos seeks an amount not less than $163,000 for at least 326 negligent violations of 47 U.S.C. § 227(b), and not less than $163,000 for at least 326 negligent violations of 47 U.S.C. § 227(c).

683.     James Mott personally owns and uses the cellular phone number xxx-xxx-0642. This number is a residential telephone subscription. Mott uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. Mott's family does have a landline in their home, but they never use it and Mott prefers to conduct his personal calls and matters through his cell phone. In the four years preceding 4/21/2020 (the date Mott's original Complaint was filed), GoSmith sent Mott at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mott seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mott seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

684.    Michael Moul personally owns and uses the cellular phone number xxx-xxx-5630. This number is a residential telephone subscription. Moul uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account, although he does use it for some work calls in his home-based business. In the four years preceding 1/30/2020 (the date Moul's original Complaint was filed), GoSmith sent Moul at least 137 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moul seeks an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moul seeks an amount not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(b), and not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(c).

685.    Damian Mount personally owns and uses the cellular phone number xxx-xxx-9476. This number is a residential telephone subscription. Mount uses this cell phone for all his personal calls, keeps it with him, charges it on his bedstand in his room at night, and pays for it out of his personal bank account. It is on a family plan with his cell phone service provider. On 1/16/2006, Mount registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Mount's original Complaint was filed), GoSmith sent

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Mount at least 182 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mount within a 12-month period after Mount was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Mount seeks an amount not less than $273,000 for at least 182 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $273,000 for at least 182 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mount seeks an amount not less than $91,000 for at least 182 negligent violations of 47 U.S.C. § 227(b), and not less than $91,000 for at least 182 negligent violations of 47 U.S.C. § 227(c).

686.    Josiah Elias (Joe) Moya personally owns and uses the cellular phone number xxx-xxx-7999. This number is a residential telephone subscription and is Moya's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it on his dresser at night, and it is on his family plan with his cell phone service provider. In the four years preceding 1/30/2020 (the date Moya's original Complaint was filed), GoSmith sent Moya at least 293 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moya seeks an amount not less than $439,500 for at least 293 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $439,500 for at least 293 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moya seeks an amount not less than $146,500 for at least

293 negligent violations of 47 U.S.C. § 227(b), and not less than $146,500 for at least 293 negligent violations of 47 U.S.C. § 227(c).

687.    Matt Moyer personally owns and uses the cellular phone number xxx-xxx-5574. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Moyer's original Complaint was filed), GoSmith sent Moyer at least 206 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moyer seeks an amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moyer seeks an amount not less than $103,000 for at least 206 negligent violations of 47 U.S.C. § 227(b), and not less than $103,000 for at least 206 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Moyer at least 206 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Moyer seeks an amount not less than $103,000, attorney's fees, injunctive relief, and treble damages.

688.    Alex Murdock personally owns and uses the cellular phone number xxx-xxx-0533. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Murdock's original Complaint was filed), GoSmith sent Murdock at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Murdock seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Murdock seeks an amount not less than $1,500 for at least 3 negligent

violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of

47 U.S.C. § 227(c).

689.    Susan Murphy personally owns and uses the cellular phone number xxx-xxx-

4457. This number is a residential telephone subscription and is Murphy's only phone number.

She uses this cell phone for all her personal calls, keeps it with her at all times, and charges it

in her room at night. She pays for it out of her personal bank account and it is on her individual

or family plan with her cell phone service provider. On 1/25/2006, Murphy registered this

number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date

Murphy's original Complaint was filed), GoSmith sent Murphy at least 2 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Murphy

within a 12-month period after Murphy was registered on the National Do Not Call Registry,

including but not limited to the period between 5/31/2017 and 5/31/2018. Murphy seeks an

amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Murphy seeks an amount not less than $1,000 for at least 2 negligent

violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of

47 U.S.C. § 227(c).

690.    Rebecca Murphy personally owns and uses the cellular phone number xxx-xxx-

1068. This number is a residential telephone subscription and is Murphy's only phone number.

She uses this cell phone for all her personal calls, keeps it with her at all times, and charges it

in her room at night. She pays for it out of her personal bank account and it is on her individual or family plan with her cell phone service provider. In the four years preceding 4/22/2020 (the date Murphy's original Complaint was filed), GoSmith sent Murphy's personal cell phone at least 42 telemarketing text messages at this number. GoSmith sent about 3 texts a week for several months, which Murphy found very annoying. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Murphy seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Murphy seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Murphy at least 42 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Murphy seeks an amount not less than $21,000, attorney's fees, injunctive relief, and treble damages.

691.    Jon Mutka personally owns and uses the cellular phone number xxx-xxx-2438. This number is a residential telephone subscription. On 10/1/2007, Mutka registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Mutka's original Complaint was filed), GoSmith sent Mutka at least 61 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mutka within a 12-month period after Mutka was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Mutka seeks an amount not less than $91,500 for at least 61 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $91,500 for at least 61 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mutka seeks an amount not less than $30,500 for at least 61 negligent violations of 47 U.S.C. § 227(b), and not less than $30,500 for at least 61 negligent violations of 47 U.S.C. § 227(c).

692.    Shawn Nagano personally owns and uses the cellular phone number xxx-xxx-9258. This number is a residential telephone subscription and is Nagano's personal cell phone and his only personal phone. He uses this cell phone for all his personal calls and matters, his friends and family call this phone number, and he keeps it with him and charges it in his room at night. He pays for it out of his personal bank account. His business has a separate, dedicated business line that ends in -1199. In the four years preceding 4/22/2020 (the date Nagano's original Complaint was filed), GoSmith sent Nagano's personal cell phone at least 12 telemarketing text messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nagano seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nagano seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Nagano at least 12 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone

solicitations in violation of RCW § 80.36.390, for which Nagano seeks an amount not less than $6,000, attorney's fees, injunctive relief, and treble damages.

693.    Matthew Nagy personally owns and uses the cellular phone number xxx-xxx-9860. This number is a residential telephone subscription. On 11/3/2006, Nagy registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Nagy's original Complaint was filed), GoSmith sent Nagy at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nagy within a 12-month period after Nagy was registered on the National Do Not Call Registry, including but not limited to the period between 4/26/2017 and 4/26/2018. Nagy seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nagy seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

694.    Daniel Neaga personally owns and uses the cellular phone number xxx-xxx-0044. This number is a residential telephone subscription and it is Neaga's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Neaga's original Complaint was filed), GoSmith sent Neaga at least 130 telemarketing text messages and phone calls at this number. GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully

sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Neaga seeks an amount not less than $195,000 for at least 130 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $195,000 for at least 130 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Neaga seeks an amount not less than $65,000 for at least 130 negligent violations of 47 U.S.C. § 227(b), and not less than $65,000 for at least 130 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Neaga at least 130 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Neaga seeks an amount not less than $65,000, attorney's fees, injunctive relief, and treble damages.

695.    Keith Nelson personally owns and uses the cellular phone number xxx-xxx-2706. This number is a residential telephone subscription. This number is a residential telephone subscription and it is Nelson's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account.  On 7/11/2013, Nelson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Nelson's original Complaint was filed), GoSmith sent Nelson at least 38 telemarketing text messages at this number. Nelson received 1-2 messages a week from GoSmith, telling him, for example, that someone needed help painting or that they had clients who needed tile repaired. He consistently replied 'STOP' but the messages kept coming. Nelson never paid for the leads and continued trying to opt-out of the messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nelson

within a 12-month period after Nelson was registered on the National Do Not Call Registry, including but not limited to the period between 6/16/2017 and 6/16/2018. Nelson seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nelson seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(b), and not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

696.    Ken Nelson personally owns and uses the cellular phone number xxx-xxx-4019. This number is a residential telephone subscription and it is Nelson's only phone number. He uses this cell phone for all his personal calls, keeps it with him, family calls him on it, and he charges it in his room at night. He uses this number with his home-based business, as well. In the four years preceding 1/30/2020 (the date Nelson's original Complaint was filed), GoSmith sent Nelson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nelson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nelson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

697.    Dan Nelson personally owns and uses the cellular phone number xxx-xxx-4246. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Nelson's original Complaint was filed), GoSmith sent Nelson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nelson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nelson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

698.     Vesselin Nenchev personally owns and uses the cellular phone number xxx-xxx-3028. This number is a residential telephone subscription, but Nenchev uses it for business. On 9/17/2003, Nenchev registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Nenchev's original Complaint was filed), GoSmith sent Nenchev's cell phone at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nenchev within a 12-month period after Nenchev was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Nenchev seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Nenchev seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Nenchev at least 22 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Nenchev seeks an amount not less than $11,000, attorney's fees, injunctive relief, and treble damages.

699.     Stephany Nguyen personally owns and uses the cellular phone number xxx-xxx-2575. This number is a residential telephone subscription. In the four years preceding

4/21/2020 (the date Nguyen's original Complaint was filed), GoSmith sent Nguyen at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nguyen seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nguyen seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

700.     Dean Nguyen personally owns and uses the cellular phone number xxx-xxx-8601. This number is a residential telephone subscription and it is Nguyuen's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. On 7/28/2005, Nguyen registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Nguyen's original Complaint was filed), GoSmith sent Nguyen's personal cell phone at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nguyen within a 12-month period after Nguyen was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Nguyen seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

and willful violations of 47 U.S.C. § 227(c). Alternatively, Nguyen seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Nguyen at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Nguyen seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

701.    Ina Nicole personally owns and uses the cellular phone number xxx-xxx-9175. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Nicole's original Complaint was filed), GoSmith sent Nicole at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nicole seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nicole seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

702.    Samuel Nieblas personally owns and uses the cellular phone number xxx-xxx-5271. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Nieblas's original Complaint was filed), GoSmith sent Nieblas at least 104 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nieblas seeks an

1    amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. §

2    227(b), and an amount not less than $156,000 for at least 104 knowing and willful violations of

3    47 U.S.C. § 227(c). Alternatively, Nieblas seeks an amount not less than $52,000 for at least

4    104 negligent violations of 47 U.S.C. § 227(b), and not less than $52,000 for at least 104

5    negligent violations of 47 U.S.C. § 227(c).

6          703.     Brent Nielson personally owns and uses the cellular phone number xxx-xxx-5778.

7    This number is a residential telephone subscription and it is Nielson's only phone number. He

8    uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night,

9    and pays for it out of his personal bank account. On 1/20/2015, Nielson registered this number

10   on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Nielson's

11   original Complaint was filed), GoSmith sent Nielson at least 18 telemarketing text messages to

12   his cell phone at this number. GoSmith knowingly and willfully sent these text messages using

13   an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47

14   C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

15   instituting procedures that meet the minimum standards required for telemarketing in violation

16   of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and

17   47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

18   Nielson within a 12-month period after Nielson was registered on the National Do Not Call

19   Registry, including but not limited to the period between 8/6/2017 and 8/15/2017. Nielson

20   seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47

21   U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful

22   violations of 47 U.S.C. § 227(c). Alternatively, Nielson seeks an amount not less than $9,000

23   for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least

24   18 negligent violations of 47 U.S.C. § 227(c).

25          704.     Vincent Noffleo personally owns and uses the cellular phone number xxx-xxx-

26   1972. This number is a residential telephone subscription. In the four years preceding

27   1/30/2020 (the date Noffleo's original Complaint was filed), GoSmith sent Noffleo at least 16

PLAINTIFFS' AMENDED COMPLAINT       - 397 -        **LawHQ, LLC**
2:2020-CV-00604-RSL                               299 S Main St SLC, UT 84111
                                              385-285-1090 ext. 30007

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Noffleo seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Noffleo seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

705.    Christina Noftsker personally owns and uses the cellular phone number xxx-xxx-9928. This number is a residential telephone subscription and it is Noftsker's only phone number. She uses this cell phone for all her personal calls, keeps it with her during the day, and charges it in her room at night. This is the number her friends and family use to contact her. On 10/7/2007, Noftsker registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Noftsker's original Complaint was filed), GoSmith sent Noftsker at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Noftsker within a 12-month period after Noftsker was registered on the National Do Not Call Registry, including but not limited to the period between 2/15/2017 and 7/18/2017. Noftsker seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Noftsker

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

1    seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b),

2    and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

3        706.    Henry Nott personally owns and uses the cellular phone number xxx-xxx-3559.

4    This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the

5    date Nott's original Complaint was filed), GoSmith sent Nott at least 47 telemarketing text

6    messages at this number. GoSmith knowingly and willfully sent these text messages using an

7    automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

8    § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

9    procedures that meet the minimum standards required for telemarketing in violation of 47

10   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nott seeks an amount not less than $70,500 for at

11   least 47 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

12   $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

13   Nott seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. §

14   227(b), and not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(c).

15   Finally, GoSmith sent Nott at least 47 commercial text messages in violation of RCW §§

16   19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in

17   violation of RCW § 80.36.390, for which Nott seeks an amount not less than $23,500,

18   attorney's fees, injunctive relief, and treble damages.

19       707.    Jose Nunez personally owns and uses the cellular phone number xxx-xxx-7857.

20   This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the

21   date Nunez's original Complaint was filed), GoSmith sent Nunez at least 2 telemarketing text

22   messages at this number. GoSmith knowingly and willfully sent these text messages using an

23   automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

24   § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

25   procedures that meet the minimum standards required for telemarketing in violation of 47

26   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Nunez seeks an amount not less than $3,000 for at

27   least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nunez seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

708.    Gabriel Nunez personally owns and uses the cellular phone number xxx-xxx-8644. This number is a residential telephone subscription and it is Nguyuen's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. On 9/23/2014, Nunez registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Nunez's original Complaint was filed), GoSmith sent Nunez's personal cell phone at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nunez within a 12-month period after Nunez was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 6/27/2017. Nunez seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nunez seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

709.    James Oakes personally owns and uses the cellular phone number xxx-xxx-4814. This number is a residential telephone subscription and it is Oakes's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/21/2020 (the date Oakes's original Complaint was filed), GoSmith sent Oakes's personal cell phone at least

1,074 telemarketing text messages and phone calls at this number. GoSmith began sending the messages and calls around November of 2018 and the texts and calls came from hundreds of different phone numbers. GoSmith sent texts to Oakes on a daily basis and often sent more than one message daily. Oakes initially tried blocking each number but soon realized this was ineffective. The texts clogged up his entire inbox. Oakes continued to receive daily texts until he filed this lawsuit.  GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Oakes seeks an amount not less than $1,611,000 for at least 1,074 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,611,000 for at least 1,074 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Oakes seeks an amount not less than $537,000 for at least 1,074 negligent violations of 47 U.S.C. § 227(b), and not less than $537,000 for at least 1,074 negligent violations of 47 U.S.C. § 227(c).

710.     Cody O'Donnell personally owns and uses the cellular phone number xxx-xxx-2542. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date O'Donnell's original Complaint was filed), GoSmith sent O'Donnell at least 38 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). O'Donnell seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, O'Donnell seeks an amount not less than $19,000 for at least

38 negligent violations of 47 U.S.C. § 227(b), and not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

711.   Rodney Ohlinger personally owns and uses the cellular phone number xxx-xxx-7616. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ohlinger's original Complaint was filed), GoSmith sent Ohlinger at least 524 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ohlinger seeks an amount not less than $786,000 for at least 524 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $786,000 for at least 524 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ohlinger seeks an amount not less than $262,000 for at least 524 negligent violations of 47 U.S.C. § 227(b), and not less than $262,000 for at least 524 negligent violations of 47 U.S.C. § 227(c).

712.   Christopher O'Leary personally owns and uses the cellular phone number xxx-xxx-1768. This number is a residential telephone subscription and it is O'Leary's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/22/2020 (the date O'Leary's original Complaint was filed), GoSmith sent O'Leary at least 9 telemarketing text messages at this number, at a rate of about two texts a week. Upon information and belief, O'Leary asserts that the text messages continued weekly for six months to a year, so the actual number of violations is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). O'Leary seeks an

amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, O'Leary seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent O'Leary at least 9 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which O'Leary seeks an amount not less than $4,500, attorney's fees, injunctive relief, and treble damages.

713.    Michael Olson personally owns and uses the cellular phone number xxx-xxx-4040. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Olson's original Complaint was filed), GoSmith sent Olson at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Olson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Olson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

714.    Darren Orange personally owns and uses the cellular phone number xxx-xxx-8519. This number is a residential telephone subscription and it is Orange's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. On 4/7/2013, Orange registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Orange's original Complaint was filed), GoSmith sent Orange at least 23 telemarketing

text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Orange within a 12-month period after Orange was registered on the National Do Not Call Registry, including but not limited to the period between 8/1/2016 and 7/8/2017. Orange seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Orange seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

715.    Dean Orem personally owns and uses the cellular phone number xxx-xxx-0731. This number is a residential telephone subscription and it is Orem's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and it is on his family or individual plan with his cellular phone service provider. In the four years preceding 1/30/2020 (the date Orem's original Complaint was filed), GoSmith sent Orem at least 102 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Orem seeks an amount not less than $153,000 for at least 102 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $153,000 for at least 102 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Orem seeks an amount not less than $51,000 for at least 102

negligent violations of 47 U.S.C. § 227(b), and not less than $51,000 for at least 102 negligent violations of 47 U.S.C. § 227(c).

716.    Shann Ormsbee personally owns and uses the cellular phone number xxx-xxx-6053. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ormsbee's original Complaint was filed), GoSmith sent Ormsbee at least 128 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ormsbee seeks an amount not less than $192,000 for at least 128 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $192,000 for at least 128 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ormsbee seeks an amount not less than $64,000 for at least 128 negligent violations of 47 U.S.C. § 227(b), and not less than $64,000 for at least 128 negligent violations of 47 U.S.C. § 227(c).

717.    Federico Ornelas personally owns and uses the cellular phone number xxx-xxx-6448. This number is a residential telephone subscription and although Ornelas uses it occasionally for business, it is his only phone. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and it is on his family or individual plan with his cellular phone service provider. In the four years preceding 1/30/2020 (the date Ornelas's original Complaint was filed), GoSmith sent Ornelas well over 200 telemarketing text messages at this number, about 10-15 times per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ornelas seeks an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ornelas seeks an amount not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(b), and not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c).

718.    Evan Ortiz personally owns and uses the cellular phone number xxx-xxx-1866. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ortiz's original Complaint was filed), GoSmith sent Ortiz at least 60 telemarketing text messages at this number, multiple times a day, which Ortiz found very annoying. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ortiz seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ortiz seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(b), and not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c).

719.    Randall Overbey personally owns and uses the cellular phone number xxx-xxx-0291. This number is a residential telephone subscription. He uses this cell phone for personal calls, keeps it with him, charges it in his room at night, and it is on his family or plan with his cellular phone service provider. In the four years preceding 1/30/2020 (the date Overbey's original Complaint was filed), GoSmith sent Overbey at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Overbey seeks an amount not less than $22,500

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less

than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Overbey seeks an amount not less than $7,500 for at least 15 negligent violations

of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C.

§ 227(c).

720.    Phillips Owens personally owns and uses the cellular phone number xxx-xxx-

6006. This number is a residential telephone subscription. In the four years preceding

4/28/2020 (the date Owens's original Complaint was filed), GoSmith sent Owens at least 72

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Owens seeks an

amount not less than $108,000 for at least 72 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $108,000 for at least 72 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Owens seeks an amount not less than $36,000 for at least 72

negligent violations of 47 U.S.C. § 227(b), and not less than $36,000 for at least 72 negligent

violations of 47 U.S.C. § 227(c).

721.    Erik Paavola personally owns and uses the cellular phone number xxx-xxx-7761.

This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the

date Paavola's original Complaint was filed), GoSmith sent Paavola at least 39 telemarketing

text messages at this number. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47

C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

instituting procedures that meet the minimum standards required for telemarketing in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Paavola seeks an amount not less than

$58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(b), and an amount

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Paavola seeks an amount not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(b), and not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(c).

722.    Brandon Pack personally owns and uses the cellular phone number xxx-xxx-7246. This number is a residential telephone subscription and is Pack's personal cell phone. In the four years preceding 4/22/2020 (the date Pack's original Complaint was filed), GoSmith sent Pack at least 204 telemarketing text messages at this number. GoSmith sent the texts almost daily and sent enough texts that Pack was worried about who had his information and why he was receiving these texts. When he tried blocking the numbers, GoSmith sent them from a different number. It interrupted Pack's day, causing him lost time and frustration. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pack seeks an amount not less than $306,000 for at least 204 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $306,000 for at least 204 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pack seeks an amount not less than $102,000 for at least 204 negligent violations of 47 U.S.C. § 227(b), and not less than $102,000 for at least 204 negligent violations of 47 U.S.C. § 227(c).

723.    Benjamin Painter personally owns and uses the cellular phone number xxx-xxx-2475. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Painter's original Complaint was filed), GoSmith sent Painter at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Painter seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Painter seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

724.    David Palanker personally owns and uses the cellular phone number xxx-xxx-4490. This number is a residential telephone subscription and is Palanke'rs only phone. He uses this cell phone for personal calls, keeps it with him, charges it in his room at night, and it is on his family or plan with his cellular phone service provider. On 6/10/2009, Palanker registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Palanker's original Complaint was filed), GoSmith sent Palanker at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Palanker within a 12-month period after Palanker was registered on the National Do Not Call Registry, including but not limited to the period between 6/12/2017 and 6/12/2018. Palanker seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Palanker seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

725.    Larry Palmer personally owns and uses the cellular phone number xxx-xxx-7510. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the

date Palmer's original Complaint was filed), GoSmith sent Palmer at least 59 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Palmer seeks an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $88,500 for at least 59 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Palmer seeks an amount not less than $29,500 for at least 59 negligent violations of 47 U.S.C. § 227(b), and not less than $29,500 for at least 59 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Palmer at least 59 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Palmer seeks an amount not less than $29,500, attorney's fees, injunctive relief, and treble damages.

726.    Shawn Palmer personally owns and uses the cellular phone number xxx-xxx-4060. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Palmer's original Complaint was filed), GoSmith sent Palmer at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Palmer seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Palmer seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(b), and not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(c).

727.     Joe Panettieri personally owns and uses the cellular phone number xxx-xxx-3048. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Panettieri's original Complaint was filed), GoSmith sent Panettieri at least 1,687 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Panettieri seeks an amount not less than $2,530,500 for at least 1,687 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,530,500 for at least 1,687 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Panettieri seeks an amount not less than $843,500 for at least 1,687 negligent violations of 47 U.S.C. § 227(b), and not less than $843,500 for at least 1,687 negligent violations of 47 U.S.C. § 227(c).

728.     Felix Pantoja personally owns and uses the cellular phone number xxx-xxx-9202. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Pantoja's original Complaint was filed), GoSmith sent Pantoja at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pantoja seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pantoja seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

729.     Lester Parillon personally owns and uses the cellular phone number xxx-xxx-8746. This number is a residential telephone subscription and Parillon's only phone number.

He takes all his calls with it, and it is the only phone he uses to talk to family and friends. He pays for it out of his personal account and charges it on his nightstand by his bed every night. He has a personal plan with his cellphone service provider. In the four years preceding 4/27/2020 (the date Parillon's original Complaint was filed), GoSmith sent Parillon at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Parillon seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Parillon seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

730.    Steven Parker personally owns and uses the cellular phone number xxx-xxx-9489. This number is a residential telephone subscription. On 12/16/2004, Parker registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Parker's original Complaint was filed), GoSmith sent Parker at least 690 telemarketing text messages at this number, about five texts daily. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Parker within a 12-month period after Parker was registered on the National Do Not Call Registry, including but not limited to the period between 6/13/2017 and 6/13/2018. Parker seeks an amount not less than $1,035,000 for at least 690 knowing and

willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,035,000 for at least 690 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Parker seeks an amount not less than $345,000 for at least 690 negligent violations of 47 U.S.C. § 227(b), and not less than $345,000 for at least 690 negligent violations of 47 U.S.C. § 227(c).

731.     Devin Parker personally owns and uses the cellular phone number xxx-xxx-0124. This number is a residential telephone subscription and is Parker's only phone number. He takes all his calls with it, and it is the only phone he uses to talk to family and friends. He pays for it out of his personal account and charges it on his nightstand by his bed every night.  He has a personal plan with his cellphone service provider. On 10/10/2009, Parker registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Parker's original Complaint was filed), GoSmith sent Parker's personal cell phone at least 208 telemarketing text messages and phone calls at this number. GoSmith knowingly and willfully sent these text messages and phone calls using an automatic telephone dialing system in violation of 47 U.S.C. 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to Parker within a 12-month period after Parker was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Parker seeks an amount not less than $312,000 for at least 208 knowing and willful violations of 47 U.S.C. 227(b), and an amount not less than $312,000 for at least 208 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Parker seeks an amount not less than $104,000 for at least 208 negligent violations of 47 U.S.C. 227(b), and not less than $104,000 for at least 208 negligent violations of 47 U.S.C. 227(c).

732.     David Parnham personally owns and uses the cellular phone number xxx-xxx-5805. This number is a residential telephone subscription. In the four years preceding

4/22/2020 (the date Parnham's original Complaint was filed), GoSmith sent Parnham at least 540 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Parnham seeks an amount not less than $810,000 for at least 540 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $810,000 for at least 540 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Parnham seeks an amount not less than $270,000 for at least 540 negligent violations of 47 U.S.C. § 227(b), and not less than $270,000 for at least 540 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Parnham at least 540 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Parnham seeks an amount not less than $270,000, attorney's fees, injunctive relief, and treble damages.

733.    Larry Patenaude personally owns and uses the cellular phone number xxx-xxx-1297. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Patenaude's original Complaint was filed), GoSmith sent Patenaude at least 58 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Patenaude seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Patenaude seeks an amount not less than $29,000 for at least

58 negligent violations of 47 U.S.C. § 227(b), and not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

734.    Tom Patterson personally owns and uses the cellular phone number xxx-xxx-6801. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Patterson's original Complaint was filed), GoSmith sent Patterson at least 254 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Patterson seeks an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Patterson seeks an amount not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(b), and not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(c).

735.    Jacob Payne personally owns and uses the cellular phone number xxx-xxx-8909. This number is a residential telephone subscription and was Payne's only phone number for many years until 2020. He took all his calls with it, and it was the only phone he used to talk to family and friends. He carried it with him and charged it on his nightstand by his bed every night.  He has a family plan with his cellphone service provider. On 8/28/2010, Payne registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Payne's original Complaint was filed), GoSmith sent Payne at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Payne within a 12-month period after Payne was registered on the National Do Not Call Registry, including but not limited to the period between 4/26/2017 and 8/4/2017. Payne seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Payne seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

736.    Adam Pearson personally owns and uses the cellular phone number xxx-xxx-4168. This number is a residential telephone subscription and is Pearson's only phone. He has it on a family plan with his cellular phone service provider and keeps it charging next to his night stand every night. It is the phone number he uses to conduct all his personal calls and matters. In the four years preceding 4/28/2020 (the date Pearson's original Complaint was filed), GoSmith sent Pearson at least 45 telemarketing text messages and an unknown number of telemarketing calls at this number. GoSmith called and texted Pearson at all hours of the day and night, a couple of times a week, at first. Then it slowed down for a while and then started back up a couple of times a week for a long period. GoSmith badgered Pearson to the point that he texted them back, telling them to stop harassing him, but GoSmith kept contacting him by phone and text. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pearson seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pearson seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

737.     Gale Pelan personally owns and uses the cellular phone number xxx-xxx-4356. This number is a residential telephone subscription. On 8/7/2008, Pelan registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Pelan's original Complaint was filed), GoSmith sent Pelan at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Pelan within a 12-month period after Pelan was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Pelan seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pelan seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Pelan at least 4 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Pelan seeks an amount not less than $2,000, attorney's fees, injunctive relief, and treble damages.

738.     Lee Pennington personally owns and uses the cellular phone number xxx-xxx-6186. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Pennington's original Complaint was filed), GoSmith sent Pennington at least 3 telemarketing text messages per day at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pennington seeks an amount not less than $1,180,500 for at least 787 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,180,500 for at least 787 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pennington seeks an amount not less than $393,500 for at least 787 negligent violations of 47 U.S.C. § 227(b), and not less than $393,500 for at least 787 negligent violations of 47 U.S.C. § 227(c).

739.    Arnulfo Perez personally owns and uses the cellular phone number xxx-xxx-1482. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Perez's original Complaint was filed), GoSmith sent Perez at least 118 telemarketing text messages and calls at this number, up to 4 times daily from different numbers, all attempting to sell Defendants' services. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Perez seeks an amount not less than $177,000 for at least 118 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $177,000 for at least 118 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Perez seeks an amount not less than $59,000 for at least 118 negligent violations of 47 U.S.C. § 227(b), and not less than $59,000 for at least 118 negligent violations of 47 U.S.C. § 227(c).

740.    Carlos Perez personally owns and uses the cellular phone number xxx-xxx-4510. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Perez's original Complaint was filed), GoSmith sent Perez at least 105 telemarketing text messages at this number and an unknown number of telemarketing calls, sometimes up to five times a day, all from local numbers and soliciting Perez to buy Porch's and/or GoSmith's services and to purchase leads or advertise through Defendants. Perez is unsure exactly how many calls he received, but found the daily harassment annoying and invasive and complained to his wife. The calls stopped suddenly one day. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Perez seeks an amount not less than $157,500 for at least 105 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $157,500 for at least 105 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Perez seeks an amount not less than $52,500 for at least 105 negligent violations of 47 U.S.C. § 227(b), and not less than $52,500 for at least 105 negligent violations of 47 U.S.C. § 227(c).

741.    David Perez personally owns and uses the cellular phone number xxx-xxx-8245. This number is a residential telephone subscription. On 5/29/2010, Perez registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Perez's original Complaint was filed), GoSmith sent Perez at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Perez within a 12-month period after Perez was registered on the National Do Not Call Registry, including but not limited to the period between 6/21/2016 and 6/21/2017. Perez seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Perez seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c).

742.    Ammon Petersen personally owns and uses the cellular phone number xxx-xxx-8438. This number is a residential telephone subscription and is different from Ammon's telephone that is used solely for business. Petersen uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. This cell phone is registered on a family plan with Petersen's family. In the four years preceding 1/30/2020 (the date Petersen's original Complaint was filed), GoSmith sent Petersen at least 37 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Petersen seeks an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Petersen seeks an amount not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(b), and not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(c).

743.    Shane Petersen personally owns and uses the cellular phone number xxx-xxx-2797. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Petersen's original Complaint was filed), GoSmith sent Petersen at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Petersen seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Petersen seeks an amount not less than $2,500 for at least 5 negligent

1   violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of

2   47 U.S.C. § 227(c).

3   744.    George Peterson personally owns and uses the cellular phone number xxx-xxx-

4   8438. This number is a residential telephone subscription. In the four years preceding

5   1/30/2020 (the date Peterson's original Complaint was filed), GoSmith sent Peterson at least

6   141 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

7   text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

8   227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

9   text messages without instituting procedures that meet the minimum standards required for

10   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Peterson seeks an

11   amount not less than $211,500 for at least 141 knowing and willful violations of 47 U.S.C. §

12   227(b), and an amount not less than $211,500 for at least 141 knowing and willful violations of

13   47 U.S.C. § 227(c). Alternatively, Peterson seeks an amount not less than $70,500 for at least

14   141 negligent violations of 47 U.S.C. § 227(b), and not less than $70,500 for at least 141

15   negligent violations of 47 U.S.C. § 227(c).

16   745.    Darryl Peterson personally owns and uses the cellular phone number xxx-xxx-

17   4581. This number is a residential telephone subscription and is Peterson's only telephone.

18   Peterson uses this cell phone to communicate with family and friends and keeps this cell phone

19   on him at all times. Peterson charges this phone near his bedside at night. On 1/27/2015,

20   Peterson registered this number on the National Do Not Call Registry. In the four years

21   preceding 4/24/2020 (the date Peterson's original Complaint was filed), GoSmith sent Peterson

22   at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent

23   these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

24   227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

25   text messages without instituting procedures that meet the minimum standards required for

26   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation

27   of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

least 2 text messages to Peterson within a 12-month period after Peterson was registered on the National Do Not Call Registry, including but not limited to the period between 1/9/2017 and 1/9/2018. Peterson seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Peterson seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b), and not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

746.    John Petree personally owns and uses the cellular phone number xxx-xxx-7370. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Petree's original Complaint was filed), GoSmith sent Petree at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Petree seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Petree seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

747.    Maria Petromanolakis personally owns and uses the cellular phone number xxx-xxx-7077. This number is a residential telephone subscription which Petromanolakis does not use for business. Petromanolakis uses this cell phone to communicate with her family and friends and keeps this phone on her at all times. Petromanolakis pays for this cell phone with funds out of her personal bank account. Petromanolakis charges this phone near her bedside at night. On 10/9/2012, Petromanolakis registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Petromanolakis's original Complaint was filed), GoSmith sent Petromanolakis at least 15 telemarketing text messages at this

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Petromanolakis within a 12-month period after Petromanolakis was registered on the National Do Not Call Registry, including but not limited to the period between 6/16/2017 and 7/5/2017. Petromanolakis seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Petromanolakis seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

748.     Daniel Phinney personally owns and uses the cellular phone number xxx-xxx-6973. This number is a residential telephone subscription and Phinney's only phone. Phinney uses this phone to communicate with family and friends and keeps this phone on him at all times. In the four years preceding 4/27/2020 (the date Phinney's original Complaint was filed), GoSmith sent Phinney at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Phinney seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Phinney seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Phelps

at least 25 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Phelps seeks an amount not less than $12,500, attorney's fees, injunctive relief, and treble damages.

749.    Michael Philpot personally owns and uses the cellular phone number xxx-xxx-1139. This number is a residential telephone subscription. On 6/3/2005, Philpot registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Philpot's original Complaint was filed), GoSmith sent Philpot at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Philpot within a 12-month period after Philpot was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 9/21/2017. Philpot seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Philpot seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

750.    Daniel Phinney personally owns and uses the cellular phone number xxx-xxx-6973. This number is a residential telephone subscription. This is Phinney's personal cellphone and his only number. He pays for it out of his personal bank account, has an individual/family plan with his cellphone service provider, carries the phone with him, makes all his personal calls with it, and charges it in his room at night. In the four years preceding 4/27/2020 (the date Phinney's original Complaint was filed), GoSmith sent Phinney at least 13 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Phinney seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Phinney seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Phinney at least 13 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Phinney seeks an amount not less than $6,500, attorney's fees, injunctive relief, and treble damages.

751.    Matthew Pirone personally owns and uses the cellular phone number xxx-xxx-8181. This number is a residential telephone subscription that Pirone uses for work. In the four years preceding 1/30/2020 (the date Pirone's original Complaint was filed), GoSmith sent Pirone at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Pirone seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Pirone seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(b).

752.    Jim Pitzer personally owns and uses the cellular phone number xxx-xxx-9159. Pitzer uses this phone for work. In the four years preceding 4/22/2020 (the date Pitzer's original Complaint was filed), GoSmith sent Pitzer at least 83 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

64.1200(a)(7). Pitzer seeks an amount not less than $124,500 for at least 83 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Pitzer seeks an amount not less than $41,500 for at least 83 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Pitzer at least 83 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Pitzer seeks an amount not less than $41,500, attorney's fees, injunctive relief, and treble damages.

753.    Richard Poe personally owns and uses the cellular phone number xxx-xxx-4049. This number is a residential telephone subscription. On 2/3/2004, Poe registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Poe's original Complaint was filed), GoSmith sent Poe at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Poe within a 12-month period after Poe was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 7/8/2017. Poe seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Poe seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

754.    Doug Politi personally owns and uses the cellular phone number xxx-xxx-9590. This number is a residential telephone subscription that Politi keeps on him at all times. Politi uses this cell phone to communicate with family and friends. Politi pays for this cell phone with funds from his personal bank account. Politi charges this cell phone by his bedside at

night. In the four years preceding 4/29/2020 (the date Politi's original Complaint was filed), GoSmith sent Politi at least 156 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Politi seeks an amount not less than $234,000 for at least 156 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $234,000 for at least 156 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Politi seeks an amount not less than $78,000 for at least 156 negligent violations of 47 U.S.C. § 227(b), and not less than $78,000 for at least 156 negligent violations of 47 U.S.C. § 227(c).

755.    Barry Pollock personally owns and uses the cellular phone number xxx-xxx-9318 . This number is a residential telephone subscription and is separate from Pollock's business telephone number xxx-xxx-2814. Pollock uses this cell phone to communicate with his family and friends and keeps this cell phone on him at all times. Pollock pays for this cell phone with funds out of his personal bank account. Pollock charges this cell phone near his bedside at night. In the four years preceding 1/30/2020 (the date Pollock's original Complaint was filed), GoSmith sent Pollock at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pollock seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pollock seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

756.    Nathan Pool personally owns and uses the cellular phone number xxx-xxx-6388. This number is a residential telephone subscription. On 3/10/2009, Pool registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Pool's original Complaint was filed), GoSmith sent Pool at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Pool within a 12-month period after Pool was registered on the National Do Not Call Registry, including but not limited to the period between 6/25/2017 and 7/3/2017. Pool seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pool seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

757.    Kelly Pope personally owns and uses the cellular phone number xxx-xxx-3887. This number is a residential telephone subscription. On 10/18/2016, Pope registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Pope's original Complaint was filed), GoSmith sent Pope at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Pope

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

within a 12-month period after Pope was registered on the National Do Not Call Registry, including but not limited to the period between 1/28/2017 and 9/28/2017. Pope seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pope seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(b), and not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

758.   Crystal Porter personally owns and uses the cellular phone number xxx-xxx-0584. This number is a residential telephone subscription and Porter's only cell phone. Porter uses this cell phone to communicate with family and friends and keeps this cell phone on her at all times. Porter pays for this cell phone with funds out of her personal bank account. Porter charges this cell phone by her bedside at night. In the four years preceding 1/30/2020 (the date Porter's original Complaint was filed), GoSmith sent Porter at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Porter seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Porter seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

759.   David Povelite personally owns and uses the cellular phone number xxx-xxx-7069. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Povelite's original Complaint was filed), GoSmith sent Povelite at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Povelite seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Povelite seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

760.    Shiloh Powers personally owns and uses the cellular phone number xxx-xxx-5611. This number is a residential telephone subscription which Powers uses for personal uses. Powers communicates uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Powers pays for this cell phone out of his personal bank account. In the four years preceding 4/22/2020 (the date Powers's original Complaint was filed), GoSmith sent Powers at least 82 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Powers seeks an amount not less than $123,000 for at least 82 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $123,000 for at least 82 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Powers seeks an amount not less than $41,000 for at least 82 negligent violations of 47 U.S.C. § 227(b), and not less than $41,000 for at least 82 negligent violations of 47 U.S.C. § 227(c).

761.    Chrisopher Oetzel personally owns and uses the cellular phone number xxx-xxx-4325. This number is a residential telephone subscription And Oetzel's personal cell phone. Oetzel uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Oetzel pays for this cell phone with funds from his personal bank account.

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

In the four years preceding 4/27/2020 (the date Oetzel's original Complaint was filed), GoSmith sent Oetzel at least 79 telemarketing text messages and phone calls at this number. GoSmith regularly called Oetzel after 8:00PM. Oetzel complaint to his wife and business partner about the text messages and phone calls which he tried tirelessly to stop. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Oetzel seeks an amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Oetzel seeks an amount not less than $39,500 for at least 79 negligent violations of 47 U.S.C. § 227(b), and not less than $39,500 for at least 79 negligent violations of 47 U.S.C. § 227(c).

762.    Daniel Priedigkeit personally owns and uses the cellular phone number xxx-xxx-8457. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Priedigkeit's original Complaint was filed), GoSmith sent Priedigkeit at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Priedigkeit seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Priedigkeit seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(b).

763.    Jeremie Prock personally owns and uses the cellular phone number xxx-xxx-0333. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Prock's original Complaint was filed), GoSmith sent Prock at least 95 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Prock seeks an amount not less than $142,500 for at least 95 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $142,500 for at least 95 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Prock seeks an amount not less than $47,500 for at least 95 negligent violations of 47 U.S.C. § 227(b), and not less than $47,500 for at least 95 negligent violations of 47 U.S.C. § 227(c).

764.     Eric Proctor personally owns and uses the cellular phone number xxx-xxx-2105. This number is a residential telephone subscription and Proctor's only telephone. Proctor uses this cell phone to communicate with family and friends and carries this cell phone with him at all times. Proctor pays for this cell phone with funds from his personal bank account. Proctor charges this cell phone near his bedside at night. In the four years preceding 4/27/2020 (the date Proctor's original Complaint was filed), GoSmith sent Proctor at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Proctor seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Proctor seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

765.     Shane Prouty personally owns and uses the cellular phone number xxx-xxx-0777. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Prouty's original Complaint was filed), GoSmith sent Prouty at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 432 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Prouty seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Prouty seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

766.    D S Purdum personally owns and uses the cellular phone number xxx-xxx-9903. This number is a residential telephone subscription. On 5/12/2007, Purdum registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Purdum's original Complaint was filed), GoSmith sent Purdum at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Purdum within a 12-month period after Purdum was registered on the National Do Not Call Registry, including but not limited to the period between 1/28/2017 and 1/28/2018. Purdum seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Purdum seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Purdum at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of

telephone solicitations in violation of RCW § 80.36.390, for which Purdum seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

767. Lance Purser personally owns and uses the cellular phone number xxx-xxx-4469. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Purser's original Complaint was filed), GoSmith sent Purser at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Purser seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Purser seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

768. Humberto Quevedo personally owns and uses the cellular phone number xxx-xxx-6705. This number is a residential telephone subscription and his Quevedo's only telephone. Quevedo uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. In the four years preceding 1/30/2020 (the date Quevedo's original Complaint was filed), GoSmith sent Quevedo at least 3,782 telemarketing text messages at this number. GoSmith would often send Quevedo text messages and phone calls after midnight. Quevedo tried tirelessly to stop the text messages and telephone calls to no avail. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Quevedo seeks an amount not less than $5,673,000 for at least 3,782 knowing and willful violations of 47 U.S.C. § 227(b), and an

1    amount not less than $5,673,000 for at least 3,782 knowing and willful violations of 47 U.S.C.

2    § 227(c). Alternatively, Quevedo seeks an amount not less than $1,891,000 for at least 3,782

3    negligent violations of 47 U.S.C. § 227(b), and not less than $1,891,000 for at least 3,782

4    negligent violations of 47 U.S.C. § 227(c).

5        769.    Jack Rabin personally owns and uses the cellular phone number xxx-xxx-5617.

6    This number is a residential telephone subscription and Rabin's only telephone. Rabin uses this

7    cell phone to communicate with family and friends and keeps this cell phone on him at all

8    times. Rabin charges this cell phone near his bedside at night. Rabin pays for this cell phone

9    with funds from his personal bank account. On 1/8/2006, Rabin registered this number on the

10    National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Rabin's original

11    Complaint was filed), GoSmith sent Rabin at least 2,437 telemarketing text messages at this

12    number. GoSmith knowingly and willfully sent these text messages using an automatic

13    telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

14    64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

15    procedures that meet the minimum standards required for telemarketing in violation of 47

16    U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

17    C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rabin

18    within a 12-month period after Rabin was registered on the National Do Not Call Registry,

19    including but not limited to the period between 6/12/2016 and 6/12/2017. Rabin seeks an

20    amount not less than $3,655,500 for at least 2,437 knowing and willful violations of 47 U.S.C.

21    § 227(b), and an amount not less than $3,655,500 for at least 2,437 knowing and willful

22    violations of 47 U.S.C. § 227(c). Alternatively, Rabin seeks an amount not less than

23    $1,218,500 for at least 2,437 negligent violations of 47 U.S.C. § 227(b), and not less than

24    $1,218,500 for at least 2,437 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent

25    Rabin at least 2437 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090,

26    80.36.400, and an undetermined number of telephone solicitations in violation of RCW §

27

80.36.390, for which Rabin seeks an amount not less than $1,218,500, attorney's fees, injunctive relief, and treble damages.

770.    Michael Ramcharan personally owns and uses the cellular phone number xxx-xxx-6081. This number is a residential telephone subscription and Ramcharan's only telephone. Ramcharan uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Ramcharan pays for this cell phone with funds out of a personal bank account. Ramcharan charges this cell phone by his bedside at night. In the four years preceding 1/30/2020 (the date Ramcharan's original Complaint was filed), GoSmith sent Ramcharan at least 329 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ramcharan seeks an amount not less than $493,500 for at least 329 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $493,500 for at least 329 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ramcharan seeks an amount not less than $164,500 for at least 329 negligent violations of 47 U.S.C. § 227(b), and not less than $164,500 for at least 329 negligent violations of 47 U.S.C. § 227(c).

771.    Nancy Ramirez personally owns and uses the cellular phone number xxx-xxx-9548. This number is a residential telephone subscription and is Ramirez's only cell phone. Ramirez uses this cell phone to communicate with family and friends and carries this cell phone on her at all times. Ramirez pays for this cell phone with funds out of her personal bank account. Ramirez charges this cell phone by her bedside at night. In the four years preceding 4/28/2020 (the date Ramirez's original Complaint was filed), GoSmith sent Ramirez at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ramirez seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ramirez seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(b), and not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

772.     Camie Ramirez personally owns and uses the cellular phone number xxx-xxx-0444. This number is a residential telephone subscription and Ramirez's only cell phone. Ramirez uses this cell phone to communicate with family and friends and carries this cell phone on her at all times. Ramirez pays for this cell phone with funds out of her personal bank account. Ramirez charges this cell phone by her bedside at night. In the four years preceding 4/22/2020 (the date Ramirez's original Complaint was filed), GoSmith sent Ramirez at least 17 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ramirez seeks an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ramirez seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(b), and not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(c).

773.     Richard Randall personally owns and uses the cellular phone number xxx-xxx-6644. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Randall's original Complaint was filed), GoSmith sent Randall at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

- 437 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Randall seeks an
amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $42,000 for at least 28 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Randall seeks an amount not less than $14,000 for at least
28 negligent violations of 47 U.S.C. § 227(b), and not less than $14,000 for at least 28
negligent violations of 47 U.S.C. § 227(c).

774.    Richard Rands personally owns and uses the cellular phone number xxx-xxx-
6700. This number is a residential telephone subscription. On 9/13/2008, Rands registered this
number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date
Rands's original Complaint was filed), GoSmith sent Rands at least 2 telemarketing text
messages at this number. GoSmith knowingly and willfully sent these text messages using an
automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.
§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting
procedures that meet the minimum standards required for telemarketing in violation of 47
U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47
C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rands
within a 12-month period after Rands was registered on the National Do Not Call Registry,
including but not limited to the period between 12/4/2016 and 12/4/2017. Rands seeks an
amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b),
and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. §
227(c). Alternatively, Rands seeks an amount not less than $1,000 for at least 2 negligent
violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of
47 U.S.C. § 227(c). Finally, GoSmith sent Rands at least 2 commercial text messages in
violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of

telephone solicitations in violation of RCW § 80.36.390, for which Rands seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

775.    Charles Rankin personally owns and uses the cellular phone number xxx-xxx-1880. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Rankin's original Complaint was filed), GoSmith sent Rankin at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rankin seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rankin seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

776.    Jason Rapp personally owns and uses the cellular phone number xxx-xxx-5671. This number is a residential telephone subscription and Rapp's only cell phone.  Rapp uses this cell phone to communicate with family and friends and carries this cell phone on him at all times. Rapp pays for this cell phone with funds out of his personal bank account. Rapp charges this cell phone by his bedside at night. On 2/16/2012, Rapp registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Rapp's original Complaint was filed), GoSmith sent Rapp at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rapp within a 12-month period after Rapp was registered on the National Do Not Call Registry, including but not limited to the period between 9/18/2016 and 8/17/2017. Rapp seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rapp seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Rapp at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Rapp seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

777.    Gary Ray personally owns and uses the cellular phone number xxx-xxx-3207. This number is a residential telephone subscription. On 5/28/2009, Ray registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Ray's original Complaint was filed), GoSmith sent Ray at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Ray within a 12-month period after Ray was registered on the National Do Not Call Registry, including but not limited to the period between 5/5/2016 and 5/5/2017. Ray seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ray seeks an amount not less than $2,000 for at least 4 negligent violations of 47

U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

778.    Michael Redden personally owns and uses the cellular phone number xxx-xxx-7623. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Redden's original Complaint was filed), GoSmith sent Redden at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Redden seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Redden seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

779.    Kelli Reece personally owns and uses the cellular phone number xxx-xxx-6465. This number is a residential telephone subscription and Reece's only cell phone.  Reece uses this cell phone to communicate with family and friends and carries this cell phone on him at all times. Reece pays for this cell phone with funds out of his personal bank account. Reece charges this cell phone by his bedside at night. In the four years preceding 4/22/2020 (the date Reece's original Complaint was filed), GoSmith sent Reece at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Reece seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Reece seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Reece at least 3 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Reece seeks an amount not less than $1,500, attorney's fees, injunctive relief, and treble damages.

780.    Emily Refi personally owns and uses the cellular phone number xxx-xxx-5669. This number is a residential telephone subscription. On 12/7/2004, Refi registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Refi's original Complaint was filed), GoSmith sent Refi at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Refi within a 12-month period after Refi was registered on the National Do Not Call Registry, including but not limited to the period between 12/11/2016 and 12/11/2017. Refi seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Refi seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

781.    Paula Reger personally owns and uses the cellular phone number xxx-xxx-8367. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Reger's original Complaint was filed), GoSmith sent Reger at least 35 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Reger seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Reger seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(b), and not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c).

782.    Tim Reid personally owns and uses the cellular phone number xxx-xxx-9746. This number is a residential telephone subscription. On 10/31/2014, Reid registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Reid's original Complaint was filed), GoSmith sent Reid at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Reid within a 12-month period after Reid was registered on the National Do Not Call Registry, including but not limited to the period between 11/21/2017 and 11/21/2018. Reid seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Reid seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

783.    Brian Reiswig personally owns and uses the cellular phone number xxx-xxx-0390. This number is a residential telephone subscription. On 7/6/2003, Reiswig registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Reiswig's original Complaint was filed), GoSmith sent Reiswig at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Reiswig within a 12-month period after Reiswig was registered on the National Do Not Call Registry, including but not limited to the period between 3/4/2017 and 7/3/2017. Reiswig seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Reiswig seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Reiswig at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Reiswig seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

784.    Alan Reynolds personally owns and uses the cellular phone number xxx-xxx-4387. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Reynolds's original Complaint was filed), GoSmith sent Reynolds at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Reynolds seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Reynolds seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

785.    Keith Reynolds personally owns and uses the cellular phone number xxx-xxx-2328. Reynolds uses this number to communicate with family and friends and for work. In the four years preceding 4/28/2020 (the date Reynolds's original Complaint was filed), GoSmith sent Reynolds at least 17 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Reynolds seeks an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Reynolds seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(b).

786.    TJ Rhodes III personally owns and uses the cellular phone number xxx-xxx-4891. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Rhodes III's original Complaint was filed), GoSmith sent Rhodes III at least 87 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rhodes III seeks an amount not less than $130,500 for at least 87 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $130,500 for at least 87 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rhodes III seeks an amount not less than $43,500 for at least

87 negligent violations of 47 U.S.C. § 227(b), and not less than $43,500 for at least 87 negligent violations of 47 U.S.C. § 227(c).

787.     Jon Ribble personally owns and uses the cellular phone number xxx-xxx-1828. This number is a residential telephone subscription and is Ribble's only phone. This is his personal cell phone, which he uses for all his personal calls and pays for out of his personal bank account. In the four years preceding 4/24/2020 (the date Ribble's original Complaint was filed), GoSmith sent Ribble at least 15 telemarketing text messages at this number. Upon information and belief, the actual number is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ribble seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ribble seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

788.     Aaron Ribble personally owns and uses the cellular phone number xxx-xxx-1824. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ribble's original Complaint was filed), GoSmith sent Ribble at least 46 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ribble seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

1    Ribble seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. §

2    227(b), and not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c).

3        789.    Jason Rice personally owns and uses the cellular phone number xxx-xxx-3430.

4    This number is a residential telephone subscription and was Rice's only phone for many years.

5    This is his personal cell phone number, which he uses for all his personal calls and pays for out

6    of his personal bank account. He has never used this phone for his home-based business, which

7    has always had a separate number solely for business calls that ends in -9309. On 1/25/2009,

8    Rice registered this number on the National Do Not Call Registry. In the four years preceding

9    1/30/2020 (the date Rice's original Complaint was filed), GoSmith sent Rice at least 53

10   telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

11   messages using an automatic telephone dialing system in violation of 47 U.S.C. §

12   227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

13   text messages without instituting procedures that meet the minimum standards required for

14   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation

15   of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

16   least 2 text messages to Rice within a 12-month period after Rice was registered on the

17   National Do Not Call Registry, including but not limited to the period between 6/24/2017 and

18   7/8/2017. Rice seeks an amount not less than $79,500 for at least 53 knowing and willful

19   violations of 47 U.S.C. § 227(b), and an amount not less than $79,500 for at least 53 knowing

20   and willful violations of 47 U.S.C. § 227(c). Alternatively, Rice seeks an amount not less than

21   $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(b), and not less than $26,500 for

22   at least 53 negligent violations of 47 U.S.C. § 227(c).

23       790.    Keith Richards personally owns and uses the cellular phone number xxx-xxx-

24   4155. This number is a residential telephone subscription. On 5/5/2005, Richards registered

25   this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the

26   date Richards's original Complaint was filed), GoSmith sent Richards at least 3 telemarketing

27   text messages at this number. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Richards within a 12-month period after Richards was registered on the National Do Not Call Registry, including but not limited to the period between 1/27/2017 and 1/27/2018. Richards seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Richards seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

791.    Calvin Richards personally owns and uses the cellular phone number xxx-xxx-4164. This number is a residential telephone subscription and was Richard's only phone number for many years. In the four years preceding 4/22/2020 (the date Richards's original Complaint was filed), GoSmith sent Richards at least 420 telemarketing text messages and phone calls at this number, at a rate of over twice a day. GoSmith made so many calls and sent so many texts to Richards that he hired a secretary in desperation, just to filter calls and texts and got a new number so he could keep his number private from GoSmith. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Richards seeks an amount not less than $630,000 for at least 420 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $630,000 for at least 420 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Richards seeks an amount not less than $210,000 for at least 420 negligent violations of 47 U.S.C. § 227(b), and not less

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 448 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

than $210,000 for at least 420 negligent violations of 47 U.S.C. § 227(c). Finally, Richards claims actual damages in the amount of the cost of his new telephone number and the cost of hiring a secretary to manage his previously personal phone calls and texts.

792.    Stephen Richardson personally owns and uses the cellular phone number xxx-xxx-4675. This number is a residential telephone subscription and is Richardson's personal cellphone. On 8/14/2004, Richardson registered this number on the National Do Not Call Registry. Richardson eventually used this cellphone for mixed personal use and for work calls relating to his home-based business, which had a separate landline he established in 1990.  In the four years preceding 4/28/2020 (the date Richardson's original Complaint was filed), GoSmith sent Richardson at least 74 telemarketing text messages at this number. Richardson did not know how to stop the texts. He was annoyed and complained about it with other small business owners who were receiving identical texts from GoSmith that interrupted their days. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Richardson within a 12-month period after Richardson was registered on the National Do Not Call Registry, including but not limited to the period between 9/10/2016 and 9/10/2017. Richardson seeks an amount not less than $111,000 for at least 74 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $111,000 for at least 74 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Richardson seeks an amount not less than $37,000 for at least 74 negligent violations of 47 U.S.C. § 227(b), and not less than $37,000 for at least 74 negligent violations of 47 U.S.C. § 227(c).

793.    Crystal Richie personally owns and uses the cellular phone number xxx-xxx-4086. This number is a residential telephone subscription. In the four years preceding

4/28/2020 (the date Richie's original Complaint was filed), GoSmith sent Richie at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Richie seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Richie seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(b), and not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

794.    Phillip Ricks personally owns and uses the cellular phone number xxx-xxx-4422. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Ricks's original Complaint was filed), GoSmith sent Ricks at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ricks seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ricks seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

795.    James Riggs personally owns and uses the cellular phone number xxx-xxx-5157. This number is a residential telephone subscription. In the four years preceding 4/29/2020 (the date Riggs's original Complaint was filed), GoSmith sent Riggs at least 1,296 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using

an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Riggs seeks an amount not less than $1,944,000 for at least 1,296 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,944,000 for at least 1,296 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Riggs seeks an amount not less than $648,000 for at least 1,296 negligent violations of 47 U.S.C. § 227(b), and not less than $648,000 for at least 1,296 negligent violations of 47 U.S.C. § 227(c).

796.    Anthony Rivera personally owns and uses the cellular phone number xxx-xxx-7324. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Rivera's original Complaint was filed), GoSmith sent Rivera at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rivera seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rivera seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

797.    Shawn Robbins personally owns and uses the cellular phone number xxx-xxx-9682. This number is a residential telephone subscription and is Robbin's only phone number. He uses this cell phone for all his personal calls. He does take work-related calls on this phone, but it is on an individual/family plan with his cellphone service provider and he pays for it out of his personal bank account. He keeps it with him, his family and friends call this number, and

he charges it in his room at night. In the four years preceding 4/28/2020 (the date Robbins's original Complaint was filed), GoSmith sent Robbins at least 13 telemarketing text messages at this number. When Robbins questioned GoSmith for more information, they tried to sell him leads and services, which he did not want. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Robbins seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Robbins seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

798.    Owen Roberts personally owns and uses the cellular phone number xxx-xxx-1765. This number is a residential telephone subscription and is Robbin's only phone number. He uses this cell phone for all his personal calls. He does take work-related calls on this phone, but it is on an individual/family plan with his cellphone service provider and he pays for it out of his personal bank account. He keeps it with him, his family and friends call this number, and he charges it in his room at night. On 12/20/2016, Roberts registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Roberts's original Complaint was filed), GoSmith sent Roberts at least 26 telemarketing text messages at this number. Roberts believes the number to be much higher and states that GoSmith texted him daily for weeks at a time, that he would have to stop working to answer texts, which made him upset and he would have to take time to cool down so he could go back to work. When he received GoSmith's first text, he responded "STOP," but GoSmith did not stop sending the texts. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Roberts within a 12-month period after Roberts was registered on the National Do Not Call Registry, including but not limited to the period between 2/25/2017 and 8/23/2017. Roberts seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Roberts seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Roberts at least 26 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Roberts seeks an amount not less than $13,000, attorney's fees, injunctive relief, and treble damages.

799.    Charles Robinson personally owns and uses the cellular phone number xxx-xxx-0741. This number is a residential telephone subscription. On 2/2/2018, Robinson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Robinson's original Complaint was filed), GoSmith sent Robinson at least 39 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Robinson within a 12-month period after Robinson was registered on the National Do Not Call Registry, including but not limited to the period between 2/2/2018 and 2/7/2018. Robinson seeks an amount not less than $58,500 for at least 39 knowing and

willful violations of 47 U.S.C. § 227(b), and an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Robinson seeks an amount not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(b), and not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(c).

800.    Raysho Robinson personally owns and uses the cellular phone number xxx-xxx-0609. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Robinson's original Complaint was filed), GoSmith sent Robinson at least 39 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Robinson seeks an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Robinson seeks an amount not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(b), and not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(c).

801.    Scott Robinson personally owns and uses the cellular phone number xxx-xxx-3173. This number is a residential telephone subscription. On 9/21/2011, Robinson registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Robinson's original Complaint was filed), GoSmith sent Robinson at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Robinson within a 12-month period after Robinson was registered on the National Do Not Call Registry, including but not limited to the period between 4/13/2017 and 4/13/2018. Robinson seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Robinson seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

802.    Reese Robinson personally owns and uses the cellular phone number xxx-xxx-5142. This number is a residential telephone subscription and is Robinson's only phone number. Robinson pays for it out of a personal bank account, carries the phone at all times, and charges it at home every night. It is the number Robinson uses for all personal communication. In the four years preceding 4/27/2020 (the date Robinson's original Complaint was filed), GoSmith sent Robinson at least 312 telemarketing text messages at this number. GoSmith typically sent Robinson's cell phone a text promising a "lead" on the weekend, with 2 or 3 alerts that came in soon after saying that someone was waiting and urging her to respond. This continued for 6-9 months. Robinson does not know how GoSmith got the phone number and could not figure out how to get off their list. Robinson did not want to be solicited and was not pursuing the "leads" in any way. Robinson tried to opt out by clicking for more information and trying to text with a person, but could never contact an individual, which Robinson found suspicious and deduced the leads were being sent by an automated system. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Robinson seeks an amount not less than $468,000 for at least 312 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $468,000 for at least 312 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Robinson seeks an amount

not less than $156,000 for at least 312 negligent violations of 47 U.S.C. § 227(b), and not less than $156,000 for at least 312 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Robinson at least 312 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Robinson seeks an amount not less than $156,000, attorney's fees, injunctive relief, and treble damages.

803.    Tom Roche personally owns and uses the cellular phone number xxx-xxx-7100. This number is a residential telephone subscription. On 1/28/2017, Roche registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Roche's original Complaint was filed), GoSmith sent Roche at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Roche within a 12-month period after Roche was registered on the National Do Not Call Registry, including but not limited to the period between 5/26/2017 and 5/26/2018. Roche seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Roche seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

804.    Kyle Rodenhauser personally owns and uses the cellular phone number xxx-xxx-7166. This number is a residential telephone subscription and is Rodenhauser's only phone number. He has a personal/family plan with his cell phone service provider, carries the phone at all times, and charges it at home every night. Rodenhauser uses this number for all personal

communication. In the four years preceding 1/30/2020 (the date Rodenhauser's original Complaint was filed), GoSmith sent Rodenhauser at least 328 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rodenhauser seeks an amount not less than $492,000 for at least 328 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $492,000 for at least 328 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rodenhauser seeks an amount not less than $164,000 for at least 328 negligent violations of 47 U.S.C. § 227(b), and not less than $164,000 for at least 328 negligent violations of 47 U.S.C. § 227(c).

805.    Lilach Rodgers personally owns and uses the cellular phone number xxx-xxx-9002. This number is a residential telephone subscription, and this is Rodgers's only phone. Rodgers works out of her home as a freelancer. She makes all her calls with this phone number and this is the number for all her personal calls and matters. Her friends and family call her on this number and it is on a personal/family phone plan with her cellular service provider. On 11/11/2015, Rodgers registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Rodgers's original Complaint was filed), GoSmith sent Rodgers at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rodgers within a 12-month period after Rodgers was registered on the National Do Not Call Registry, including but not limited to the period

between 8/29/2016 and 8/29/2017. Rodgers seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rodgers seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

806.    Mark Anthony Rodriguez personally owns and uses the cellular phone number xxx-xxx-9739. This number is a residential telephone subscription and is Rodriguez's personal cell phone. He uses this phone to make all his personal calls with friends and family but also takes calls for his home-based business on this phone. He pays for it out of his personal bank account and it is a personal or family plan with his phone provider. He carries this phone everywhere and charges it in his bedroom at night. In the four years preceding 4/27/2020 (the date Rodriguez's original Complaint was filed), GoSmith sent Rodriguez at least 11 telemarketing text messages at this number, all within a space of just a few days. Rodriguez asked GoSmith to "STOP" and finally was unsubscribed. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rodriguez seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rodriguez seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

807.    Cesar Rodriguez personally owns and uses the cellular phone number xxx-xxx-8977. This number is a residential telephone subscription, but Rodriguez uses it with his home-based business. In the four years preceding 4/22/2020 (the date Rodriguez's original Complaint was filed), GoSmith sent Rodriguez at least 156 telemarketing text messages at this number.

GoSmith sent Rodriguez's cellphone these text messages 3-4 times a week for almost a year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rodriguez seeks an amount not less than $234,000 for at least 156 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Rodriguez seeks an amount not less than $78,000 for at least 156 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Rodriguez at least 156 commercial text megssages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Rodriguez seeks an amount not less than $78,000, attorney's fees, injunctive relief, and treble damages.

808.    Joseph Rodriguez-Amaya personally owns and uses the cellular phone number xxx-xxx-6072. This number is a residential telephone subscription.  It is Rodriguez-Amaya's personal cell phone. He uses this phone to make all his personal calls with friends and family but also takes calls for his home-based business on this phone. He pays for it out of his personal bank account and it is on a personal or family plan with his phone provider. He carries this phone everywhere and charges it in his bedroom at night. In the four years preceding 4/21/2020 (the date Rodriguez-Amaya's original Complaint was filed), GoSmith sent Rodriguez-Amaya at least 280 telemarketing text messages and phone calls at this number. In the beginning, Rodriguez-Amaya thought someone was sending him actual leads, not soliciting purchases. He would try to schedule the jobs with GoSmith, only to discover the texts were telemarketing messages and fake leads. GoSmith sent Rodriguez-Amaya's personal cell phone 4-5 texts a week. Every time he blocked a number, they would text him from a different one. The texts harassed Rodriguez-Amaya and inconvenienced him. He also received phone calls from GoSmith. GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and

1   calls without instituting procedures that meet the minimum standards required for

2   telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rodriguez-

3   Amaya seeks an amount not less than $420,000 for at least 280 knowing and willful violations

4   of 47 U.S.C. § 227(b), and an amount not less than $420,000 for at least 280 knowing and

5   willful violations of 47 U.S.C. § 227(c). Alternatively, Rodriguez-Amaya seeks an amount not

6   less than $140,000 for at least 280 negligent violations of 47 U.S.C. § 227(b), and not less than

7   $140,000 for at least 280 negligent violations of 47 U.S.C. § 227(c).

8       809.    Ronald Rohinsky personally owns and uses the cellular phone number xxx-xxx-

9   1107. This number is a residential telephone subscription and is Rohinsky's personal cell

10  phone. In the four years preceding 4/29/2020 (the date Rohinsky's original Complaint was

11  filed), GoSmith sent Rohinsky at least 301 telemarketing text messages at this number.

12  GoSmith knowingly and willfully sent these text messages almost daily using an automatic

13  telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

14  64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

15  procedures that meet the minimum standards required for telemarketing in violation of 47

16  U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rohinsky seeks an amount not less than $451,500

17  for at least 301 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less

18  than $451,500 for at least 301 knowing and willful violations of 47 U.S.C. § 227(c).

19  Alternatively, Rohinsky seeks an amount not less than $150,500 for at least 301 negligent

20  violations of 47 U.S.C. § 227(b), and not less than $150,500 for at least 301 negligent

21  violations of 47 U.S.C. § 227(c).

22      810.    Goretty Romero personally owns and uses the cellular phone number xxx-xxx-

23  8296. This number is a residential telephone subscription. In the four years preceding

24  4/27/2020 (the date Romero's original Complaint was filed), GoSmith sent Romero at least 33

25  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

26  messages using an automatic telephone dialing system in violation of 47 U.S.C. §

27  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

PLAINTIFFS' AMENDED COMPLAINT    - 460 -    **LawHQ, LLC**
2:2020-CV-00604-RSL    299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Romero seeks an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Romero seeks an amount not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(b), and not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(c).

811.    Les Romfo personally owns and uses the cellular phone number xxx-xxx-4447. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Romfo's original Complaint was filed), GoSmith sent Romfo at least 71 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Romfo seeks an amount not less than $106,500 for at least 71 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $106,500 for at least 71 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Romfo seeks an amount not less than $35,500 for at least 71 negligent violations of 47 U.S.C. § 227(b), and not less than $35,500 for at least 71 negligent violations of 47 U.S.C. § 227(c).

812.    Robert Ronquillo personally owns and uses the cellular phone number xxx-xxx-5111. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Ronquillo's original Complaint was filed), GoSmith sent Ronquillo at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ronquillo seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ronquillo seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

813.    DeAnna Rose-Lydon personally owns and uses the cellular phone number xxx-xxx-2849. This number is a residential telephone subscription. On 10/10/2003, Rose-Lydon registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Rose-Lydon's original Complaint was filed), GoSmith sent Rose-Lydon at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rose-Lydon within a 12-month period after Rose-Lydon was registered on the National Do Not Call Registry, including but not limited to the period between 5/23/2017 and 5/23/2018. Rose-Lydon seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rose-Lydon seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c).

814.    Drew Rosenberg personally owns and uses the cellular phone number xxx-xxx-8513. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Rosenberg's original Complaint was filed), GoSmith sent Rosenberg at

least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rosenberg seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rosenberg seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

815.     Tyler Roth personally owns and uses the cellular phone number xxx-xxx-7775. This number is a residential telephone subscription and is Roth's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Roth has a personal/family plan with his cellphone service provider, and this is the number he uses with his family and friends. He pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Roth's original Complaint was filed), GoSmith sent Roth at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Roth seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Roth seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

816.    Artem Rudyy personally owns and uses the cellular phone number xxx-xxx-2001. This number is a residential telephone subscription and is Rudyy's personal and only phone. Rudyy uses this phone for all personal calls and pays for it out of a personal bank account. It is on an individual/family plan with the cellphone service provider and is the phone Rudyy's family and friends call. In the four years preceding 4/22/2020 (the date Rudyy's original Complaint was filed), GoSmith sent Rudyy at least 60 telemarketing text messages at this number, as many as 2-5 each day for around two weeks, which annoyed Rudyy very much. Rudyy texted them to stop. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rudyy seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rudyy seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(b), and not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Rudyy at least 60 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Rudyy seeks an amount not less than $30,000, attorney's fees, injunctive relief, and treble damages.

817.    Anthony Scott Rue personally owns and uses the cellular phone number xxx-xxx-2690. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Rue's original Complaint was filed), GoSmith sent Rue at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rue seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rue seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

818.    Andrew Rusinchak personally owns and uses the cellular phone number xxx-xxx-6045. This number is a residential telephone subscription and is Rusinchak's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Rusinchak has a personal/family plan with his cellphone service provider and this is the number he uses with his family and friends. He pays for it out of his personal bank account. In the four years preceding 1/30/2020 (the date Rusinchak's original Complaint was filed), GoSmith sent Rusinchak at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rusinchak seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rusinchak seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

819.    Paul Ryals personally owns and uses the cellular phone number xxx-xxx-2030. This number is a residential telephone subscription and is Ryals's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Ryals has a personal/family plan with his cellphone service provider and this is the number he uses with his family and friends. He pays for it out of his personal bank account. On

6/29/2003, Ryals registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Ryals's original Complaint was filed), GoSmith sent Ryals at least 42 telemarketing text messages and phone calls at this number. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and calls to Ryals within a 12-month period after Ryals was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Ryals seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ryals seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

820.     Michael Ryan personally owns and uses the cellular phone number xxx-xxx-2993. This number is a residential telephone subscription and is Ryan's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Ryan has a personal/family plan with his cellphone service provider, and this is the number he uses with his family and friends. He pays for it out of his personal bank account. On 2/5/2015, Ryan registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Ryan's original Complaint was filed), GoSmith sent Ryan at least 288 telemarketing text messages and phone calls at this number, bugging him daily. GoSmith knowingly and willfully sent these text messages and phone calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and phone calls

without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages or calls to Ryan within a 12-month period after Ryan was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Ryan seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ryan seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(b), and not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(c).

821.    Richard David (Rich) Rzasa personally owns and uses the cellular phone number xxx-xxx-6607. This number is a residential telephone subscription and is Rzasa's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. It is the only phone he owns in the house. Rzasa's number is on a family plan with his cellphone service provider, AT&T, and this is the number he uses with his family and friends. He pays for it out of his personal bank account. On 8/6/2006, Rzasa registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Rzasa's original Complaint was filed), GoSmith sent Rzasa at least 206 telemarketing text messages and calls at this number, which is Rzasa's personal phone. Rzasa remember receiving at least 2 telemarketing texts and/or calls per week, all from different numbers. If he replied to the texts with a number, he got an immediate and automated response. If he texted anything else, he never got a response. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

least 2 text messages and/or calls to Rzasa within a 12-month period after Rzasa was registered on the National Do Not Call Registry, including but not limited to the period between 4/29/2017 and 4/29/2018. Rzasa seeks an amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rzasa seeks an amount not less than $103,000 for at least 206 negligent violations of 47 U.S.C. § 227(b), and not less than $103,000 for at least 206 negligent violations of 47 U.S.C. § 227(c).

822.    Brad Rzechua personally owns and uses the cellular phone number xxx-xxx-0350. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Rzechua's original Complaint was filed), GoSmith sent Rzechua at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rzechua seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rzechua seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Rzechua at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Rzechua seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

823.    Edward Salan personally owns and uses the cellular phone number xxx-xxx-5326. This number is a residential telephone subscription and is Salan's personal cell phone number. In the four years preceding 4/28/2020 (the date Salan's original Complaint was filed), GoSmith sent Salan at least 8 telemarketing text messages at this number. GoSmith knowingly and

willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Salan seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Salan seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

824.    Adam Salas personally owns and uses the cellular phone number xxx-xxx-8382. This number is Salas's personal phone number. He pays for it out of his personal bank account and uses it for all his personal calls. Salas had a home-based business prior to late 2011, which is when he shut down his business. His phone number has been strictly personal ever since (and was used for all his personal calls even prior to 2011). In the four years preceding 1/30/2020 (the date Salas's original Complaint was filed), GoSmith sent Salas at least 94 telemarketing text messages and phone calls to his personal cell phone at this number. Go Smith did not begin texting or calling Salas until 2017, more than 5 years after he had shut down his business. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Salas seeks an amount not less than $141,000 for at least 94 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $141,000 for at least 94 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Salas seeks an amount not less than $47,000 for at least 94 negligent violations of 47 U.S.C. § 227(b), and not less than $47,000 for at least 94 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

825.    Noelle Salinas personally owns and uses the cellular phone number xxx-xxx-1197. This number is a residential telephone subscription. It is Salinas's only phone and has always been her personal phone. She pays for it out of her personal account, charges it in her room at night, and carries it with her daily. It is the number all her friends and family use to contact her and is the number she uses for all of her personal calls. Finally, Salinas runs a catering business out of her home. She is not a contractor for home repairs or services. In the four years preceding 1/30/2020 (the date Salinas's original Complaint was filed), GoSmith sent Salinas at least 58 telemarketing text messages and calls at this number, asking her to purchase home services leads. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Salinas seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Salinas seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(b), and not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

826.    Elizabeth Sanchez personally owns and uses the cellular phone number xxx-xxx-3440. This number is a residential telephone subscription. On 7/8/2006, Sanchez registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Sanchez's original Complaint was filed), GoSmith sent Sanchez at least 272 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sanchez within a 12-month period after Sanchez was registered on the National Do Not Call Registry, including but not limited to the period between 7/23/2016 and 7/23/2017. Sanchez seeks an amount not less than $408,000 for at least 272 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $408,000 for at least 272 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sanchez seeks an amount not less than $136,000 for at least 272 negligent violations of 47 U.S.C. § 227(b), and not less than $136,000 for at least 272 negligent violations of 47 U.S.C. § 227(c).

827.     William Kevin Sanders personally owns and uses the cellular phone number xxx-xxx-2065. This number is a residential telephone subscription and is Sanders's only phone. He uses it for his personal calls and also in his home-based business. He pays for it out of his personal bank account and it is an individual/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Sanders's original Complaint was filed), GoSmith sent Sanders at least 66 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sanders seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sanders seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(b), and not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(c).

828.     Brian Sangster personally owns and uses the cellular phone number xxx-xxx-7683. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Sangster's original Complaint was filed), GoSmith sent Sangster at least 141 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

text messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sangster seeks an
amount not less than $211,500 for at least 141 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $211,500 for at least 141 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Sangster seeks an amount not less than $70,500 for at least
141 negligent violations of 47 U.S.C. § 227(b), and not less than $70,500 for at least 141
negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sangster at least 141
commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an
undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which
Sangster seeks an amount not less than $70,500, attorney's fees, injunctive relief, and treble
damages.

829.    Jerry Sarich personally owns and uses the cellular phone number xxx-xxx-1727.
This number is a residential telephone subscription. On 10/13/2011, Sarich registered this
number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date
Sarich's original Complaint was filed), GoSmith sent Sarich at least 15 telemarketing text
messages at this number. GoSmith knowingly and willfully sent these text messages using an
automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.
§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting
procedures that meet the minimum standards required for telemarketing in violation of 47
U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47
C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sarich
within a 12-month period after Sarich was registered on the National Do Not Call Registry,
including but not limited to the period between 4/23/2017 and 4/23/2018. Sarich seeks an
amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Sarich seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

830.    Chad Sauer personally owns and uses the cellular phone number xxx-xxx-1030. This number is a residential telephone subscription and is Sauer's only phone. He uses it for his personal calls and also in his home-based business. He pays for it out of his personal bank account and it is an individual/family plan with his cellphone service provider. On 5/12/2005, Sauer registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sauer's original Complaint was filed), GoSmith sent Sauer at least 187 telemarketing text messages at this number, 1-3 times a week for many months. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sauer within a 12-month period after Sauer was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Sauer seeks an amount not less than $280,500 for at least 187 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $280,500 for at least 187 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sauer seeks an amount not less than $93,500 for at least 187 negligent violations of 47 U.S.C. § 227(b), and not less than $93,500 for at least 187 negligent violations of 47 U.S.C. § 227(c).

831.    James Savage personally owns and uses the cellular phone number xxx-xxx-3025. This number is a residential telephone subscription and is Savage's only phone. He uses this phone for all his personal calls, carries it with him during the day, charges it in his room at night, and pays for it out of his personal bank account. He uses it in his home-based business, but it is a personal/family plan with his cellphone service provider. In the four years preceding

4/22/2020 (the date Savage's original Complaint was filed), GoSmith sent Savage at least 439 telemarketing text messages and phone calls at this number. GoSmith called and texted Savage at least 3 times a week and as much as 10 times a week for many months.  Once Savage answered a call from GoSmith and spoke to a representative who explained he would be charged for every lead he accepted and that the leads were not guaranteed to be people actually requesting service. Savage declined to purchase the leads and asked to be removed from the list. GoSmith's text continued, however. Savage grew accustomed to the non-stop harassment and would have to clear his phone occasionally to purge the messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Savage seeks an amount not less than $658,500 for at least 439 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $658,500 for at least 439 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Savage seeks an amount not less than $219,500 for at least 439 negligent violations of 47 U.S.C. § 227(b), and not less than $219,500 for at least 439 negligent violations of 47 U.S.C. § 227(c).

832.    Alex Sawicki personally owns and uses the cellular phone number xxx-xxx-0957. This number is a residential telephone subscription. On 7/24/2007, Sawicki registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Sawicki's original Complaint was filed), GoSmith sent Sawicki at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sawicki

within a 12-month period after Sawicki was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 6/22/2018. Sawicki seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sawicki seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

833.    Nicholas Schaffer personally owns and uses the cellular phone number xxx-xxx-3130. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Schaffer's original Complaint was filed), GoSmith sent Schaffer at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Schaffer seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Schaffer seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

834.    Jeffrey Schick personally owns and uses the cellular phone number xxx-xxx-7564. Schick uses this number for work. In the four years preceding 4/28/2020 (the date Schick's original Complaint was filed), GoSmith sent Schick at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Schick seeks an amount not less than $22,500 for at least 15 knowing and

willful violations of 47 U.S.C. § 227(b). Alternatively, Schick seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b).

835.    Todd Schild personally owns and uses the cellular phone number xxx-xxx-5114. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Schild's original Complaint was filed), GoSmith sent Schild at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Schild seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Schild seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

836.    James Schneck personally owns and uses the cellular phone number xxx-xxx-7182. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Schneck's original Complaint was filed), GoSmith sent Schneck at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Schneck seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Schneck seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

837.     Cody Schneider personally owns and uses the cellular phone number xxx-xxx-8894. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Schneider's original Complaint was filed), GoSmith sent Schneider at least 211 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Schneider seeks an amount not less than $316,500 for at least 211 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $316,500 for at least 211 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Schneider seeks an amount not less than $105,500 for at least 211 negligent violations of 47 U.S.C. § 227(b), and not less than $105,500 for at least 211 negligent violations of 47 U.S.C. § 227(c).

838.     Steven Schubach personally owns and uses the cellular phone number xxx-xxx-0067. Schubach uses this cell phone for work. In the four years preceding 4/27/2020 (the date Schubach's original Complaint was filed), GoSmith sent Schubach at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Schubach seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Schubach seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Schubach at least 20 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Schubach seeks an amount not less than $10,000, attorney's fees, injunctive relief, and treble damages.

839.     John Schulte personally owns and uses the cellular phone number xxx-xxx-5539. This number is a residential telephone subscription. On 8/6/2015, Schulte registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date

Schulte's original Complaint was filed), GoSmith sent Schulte at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Schulte within a 12-month period after Schulte was registered on the National Do Not Call Registry, including but not limited to the period between 5/23/2017 and 5/23/2018. Schulte seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Schulte seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

840.    Kyle Schultz personally owns and uses the cellular phone number xxx-xxx-8801. This number is a residential telephone subscription and is Schultz's only phone. He uses this phone for all his personal calls, carries it with him during the day, charges it in his room at night, and pays for it out of his personal bank account. He uses it in his home-based business, but it is a personal/family plan with his cellphone service provider. On 5/19/2017, Schultz registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Schultz's original Complaint was filed), GoSmith sent Schultz at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

least 2 text messages to Schultz within a 12-month period after Schultz was registered on the National Do Not Call Registry, including but not limited to the period between 5/19/2017 and 7/22/2017. Schultz seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Schultz seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Schultz at least 13 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Schultz seeks an amount not less than $6,500, attorney's fees, injunctive relief, and treble damages.

841.    John Sciarra personally owns and uses the cellular phone number xxx-xxx-4276. This number is a residential telephone subscription. On 4/29/2005, Sciarra registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Sciarra's original Complaint was filed), GoSmith sent Sciarra at least 18 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sciarra within a 12-month period after Sciarra was registered on the National Do Not Call Registry, including but not limited to the period between 7/1/2016 and 7/1/2017. Sciarra seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sciarra seeks an amount not less than $9,000 for at least 18

negligent violations of 47 U.S.C. § 227(b), and not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

842.    Savannah Scroggs personally owns and uses the cellular phone number xxx-xxx-1095. This number is a residential telephone subscription and is Ms. Scrogg's only phone number. It is her personal cell phone, which she uses for all personal calls, gives to family and friends, and pays for out of a personal bank account. She carries it with her and charges it on her nightstand every night. It is on a personal/family plan with her cellphone service provider. In the four years preceding 1/30/2020 (the date Scroggs's original Complaint was filed), GoSmith sent Scroggs at least 104 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Scroggs seeks an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Scroggs seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(b), and not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(c).

843.    Jesse Seale personally owns and uses the cellular phone number xxx-xxx-6655. This number is a residential telephone subscription. In the four years preceding 12/16/2019 (the date Seale's original Complaint was filed), GoSmith sent Seale at least 400 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Seale seeks an amount not less than $600,000 for at least 400 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $600,000 for at least 400

knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Seale seeks an amount not less than $200,000 for at least 400 negligent violations of 47 U.S.C. § 227(b), and $200,000 for at least 400 negligent violations of 47 U.S.C. § 227(c).

844.    Jonathan Sealy personally owns and uses the cellular phone number xxx-xxx-6071. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Sealy's original Complaint was filed), GoSmith sent Sealy at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sealy seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sealy seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sealy at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Sealy seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

845.    Elizabeth Sears personally owns and uses the cellular phone number xxx-xxx-5662. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Sears's original Complaint was filed), GoSmith sent Sears at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sears seeks an

amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Sears seeks an amount not less than $21,000 for at least 42

negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent

violations of 47 U.S.C. § 227(c).

846.    Kirk Secrist personally owns and uses the cellular phone number xxx-xxx-4092.

This number is a residential telephone subscription and is Secrist's only phone number. It is his

personal cell phone, which he uses for all personal calls, gives to family and friends. He carries

it with him and charges it on his nightstand every night. It is on a personal/family plan with his

cellphone service provider. On 1/27/2009, Secrist registered this number on the National Do

Not Call Registry. In the four years preceding 4/22/2020 (the date Secrist's original Complaint

was filed), GoSmith sent Secrist at least 254 telemarketing text messages and calls at this

number, non-stop, multiple times per week. In Secrist's own words: "GoSmith bugged the hell

out of me." GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Secrist

within a 12-month period after Secrist was registered on the National Do Not Call Registry,

including but not limited to the period between 8/5/2017 and 8/5/2018. Secrist seeks an amount

not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $381,000 for at least 254 knowing and willful violations of 47

U.S.C. § 227(c). Alternatively, Secrist seeks an amount not less than $127,000 for at least 254

negligent violations of 47 U.S.C. § 227(b), and not less than $127,000 for at least 254 negligent

violations of 47 U.S.C. § 227(c).

847.     James Seltenreich personally owns and uses the cellular phone number xxx-xxx-3872. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Seltenreich's original Complaint was filed), GoSmith sent Seltenreich at least 51 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Seltenreich seeks an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Seltenreich seeks an amount not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(b), and not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(c).

848.     Andrei Serebryakov personally owns and uses the cellular phone number xxx-xxx-5306. This number is a residential telephone subscription and is mainly used for Serebryakov's home-based business calls, although he does take some personal calls with this number. In the four years preceding 4/22/2020 (the date Serebryakov's original Complaint was filed), GoSmith sent Serebryakov at least 55 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Serebryakov seeks an amount not less than $82,500 for at least 55 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Serebryakov seeks an amount not less than $27,500 for at least 55 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Serebryakov at least 55 commercial text messages in violation of RCW §§

19.190.060, 19.86.090, and 80.36.400, for which Serebryakov seeks an amount not less than $27,500, attorney's fees, injunctive relief, and treble damages.

849.    David Servatius personally owns and uses the cellular phone number xxx-xxx-1647. This number is a residential telephone subscription. On 8/22/2006, Servatius registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Servatius's original Complaint was filed), GoSmith sent Servatius at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Servatius within a 12-month period after Servatius was registered on the National Do Not Call Registry, including but not limited to the period between 8/2/2017 and 8/4/2017. Servatius seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Servatius seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

850.    Marcel Seyss personally owns and uses the cellular phone number xxx-xxx-8869. This number is a residential telephone subscription that is mainly used for Seyss's home-based business calls, although he does take some personal calls with this number. In the four years preceding 4/22/2020 (the date Seyss's original Complaint was filed), GoSmith sent Seyss at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Seyss seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Seyss seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(b). Finally, GoSmith sent Seyss at least 30 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, and 80.36.400, for which Seyss seeks an amount not less than $15,000, attorney's fees, injunctive relief, and treble damages.

851.     Stephen Andrew Shadwick personally owns and uses the cellular phone number xxx-xxx-0686. This number is a residential telephone subscription and is Shadwick's only phone number. It is his personal cell phone, which he uses for all personal calls, gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Shadwick's original Complaint was filed), GoSmith sent Shadwick at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shadwick seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shadwick seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

852.     Michael Shanaberger personally owns and uses the cellular phone number xxx-xxx-6382. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Shanaberger's original Complaint was filed), GoSmith sent Shanaberger at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shanaberger seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shanaberger seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Shanaberger at least 24 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Shanaberger seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

853.    Nathaniel Shannon personally owns and uses the cellular phone number xxx-xxx-9645. This number is a residential telephone subscription and is Shannon's only phone number. It is his personal cell phone, which he uses for all personal calls, gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Shannon's original Complaint was filed), GoSmith sent Shannon at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shannon seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shannon seeks an amount not less than $40,000 for at least 80 negligent

violations of 47 U.S.C. § 227(b), and not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

854.    Scot Shaw personally owns and uses the cellular phone number xxx-xxx-4027. This number is a residential telephone subscription. On 11/10/2009, Shaw registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Shaw's original Complaint was filed), GoSmith sent Shaw at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Shaw within a 12-month period after Shaw was registered on the National Do Not Call Registry, including but not limited to the period between 3/23/2017 and 7/8/2017. Shaw seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shaw seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

855.    Richard Shay personally owns and uses the cellular phone number xxx-xxx-4282. This number is a residential telephone subscription. On 4/1/2011, Shay registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Shay's original Complaint was filed), GoSmith sent Shay at least 46 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Shay within a 12-month period after Shay was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Shay seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shay seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(b), and not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Shay at least 46 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Shay seeks an amount not less than $23,000, attorney's fees, injunctive relief, and treble damages.

856.    Chris Sheehan personally owns and uses the cellular phone number xxx-xxx-2066. This number is a residential telephone subscription and is Sheehan's only phone number. It is his personal cell phone, which he uses for all personal calls, gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Sheehan's original Complaint was filed), GoSmith sent Sheehan at least 15 telemarketing text messages and calls at this number. Every time, Sheehan replied "STOP," but the messages would keep coming. The messages came from all different numbers. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sheehan seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sheehan seeks an amount not less than $7,500

for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

857.     Lyle Douglas Sheneman personally owns and uses the cellular phone number xxx-xxx-9607. This number is a residential telephone subscription and is Sheehan's personal phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. Sheneman also has a business-only cell phone ending in -5151, which GoSmith also texted. In the four years preceding 4/22/2020 (the date Sheneman's original Complaint was filed), GoSmith sent Sheneman's personal cell phone number at least 51 telemarketing text messages and phone calls, and an unknown number of text messages and phone calls to his business cell phone. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sheneman seeks an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sheneman seeks an amount not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(b), and not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(c).

858.     Dennis Shepherd personally owns and uses the cellular phone number xxx-xxx-6735. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Shepherd's original Complaint was filed), GoSmith sent Shepherd at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shepherd seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shepherd seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

859.    Svetlana Shewaye personally owns and uses the cellular phone number xxx-xxx-7441. This number is a residential telephone subscription. On 6/2/2009, Shewaye registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Shewaye's original Complaint was filed), GoSmith sent Shewaye at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Shewaye within a 12-month period after Shewaye was registered on the National Do Not Call Registry, including but not limited to the period between 7/22/2017 and 7/26/2017. Shewaye seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shewaye seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(b), and not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

860.    Charles Shields personally owns and uses the cellular phone number xxx-xxx-7247. This number is a residential telephone subscription and is Shields's personal phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a

personal/family plan with his cellphone service provider.  In the four years preceding 01/30/2020 (the date Shields's original Complaint was filed), GoSmith sent Shields at least 144 telemarketing text messages at this number. Upon information and belief, the actual number of violations was much higher. Shields states that Defendants were 'aggravating me to death,' and that he received at least 4-5 telemarketing text solicitations per week for years. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shields seeks an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shields seeks an amount not less than $72,000 for at least 144 negligent violations of 47 U.S.C. § 227(b), and $72,000 for at least 144 negligent violations of 47 U.S.C. § 227(c).

861.    Timothy Shiner personally owns and uses the cellular phone number xxx-xxx-6914. This number is a residential telephone subscription and is Shiner's personal phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. On 12/5/2014, Shiner registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Shiner's original Complaint was filed), GoSmith sent Shiner at least 54 telemarketing text messages at this number, sending 1-2 messages a month, about 20 each year. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith

knowingly and willfully sent at least 2 text messages to Shiner within a 12-month period after Shiner was registered on the National Do Not Call Registry, including but not limited to the period between 5/13/2017 and 5/13/2018. Shiner seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shiner seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(b), and not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

862. Christy Sholes personally owns and uses the cellular phone number xxx-xxx-6425. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Sholes's original Complaint was filed), GoSmith sent Sholes at least 160 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sholes seeks an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sholes seeks an amount not less than $80,000 for at least 160 negligent violations of 47 U.S.C. § 227(b), and not less than $80,000 for at least 160 negligent violations of 47 U.S.C. § 227(c).

863. Shawn Shore personally owns and uses the cellular phone number xxx-xxx-7380. This number is a residential telephone subscription. On 7/9/2003, Shore registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Shore's original Complaint was filed), GoSmith sent Shore at least 52 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47
U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47
C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Shore
within a 12-month period after Shore was registered on the National Do Not Call Registry,
including but not limited to the period between 4/28/2016 and 4/28/2017. Shore seeks an
amount not less than $78,000 for at least 52 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $78,000 for at least 52 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Shore seeks an amount not less than $26,000 for at least 52
negligent violations of 47 U.S.C. § 227(b), and not less than $26,000 for at least 52 negligent
violations of 47 U.S.C. § 227(c).

864.    Debbie Shulda personally owns and uses the cellular phone number xxx-xxx-
9061. This number is a residential telephone subscription. In the four years preceding
4/27/2020 (the date Shulda's original Complaint was filed), GoSmith sent Shulda at least 187
telemarketing text messages at this number. GoSmith knowingly and willfully sent these text
messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shulda seeks an
amount not less than $280,500 for at least 187 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $280,500 for at least 187 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Shulda seeks an amount not less than $93,500 for at least
187 negligent violations of 47 U.S.C. § 227(b), and not less than $93,500 for at least 187
negligent violations of 47 U.S.C. § 227(c).

865.    Christopher Siegel personally owns and uses the cellular phone number xxx-xxx-
8739. This number is a residential telephone subscription. In the four years preceding
4/27/2020 (the date Siegel's original Complaint was filed), GoSmith sent Siegel at least 1,673
telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Siegel seeks an amount not less than $2,509,500 for at least 1,673 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,509,500 for at least 1,673 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Siegel seeks an amount not less than $836,500 for at least 1,673 negligent violations of 47 U.S.C. § 227(b), and not less than $836,500 for at least 1,673 negligent violations of 47 U.S.C. § 227(c).

866.     Valentin Siller personally owns and uses the cellular phone number xxx-xxx-2488. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Siller's original Complaint was filed), GoSmith sent Siller at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Siller seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Siller seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(b), and not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

867.     Joshua Simonson personally owns and uses the cellular phone number xxx-xxx-7717. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Simonson's original Complaint was filed), GoSmith sent Simonson at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Simonson seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Simonson seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

868.    Max Sisson personally owns and uses the cellular phone number xxx-xxx-1629. This number is a residential telephone subscription and is Sisson's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Sisson's original Complaint was filed), GoSmith sent Sisson at least 2 telemarketing text messages and/or phone calls at this number. Upon information and belief, the actual number of text messages sent and phone calls made is much higher. GoSmith knowingly and willfully sent these text messages and/or phone calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and/or phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sisson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sisson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

869.    Ben Skelton personally owns and uses the cellular phone number xxx-xxx-3509. This number is a residential telephone subscription and is on a personal plan with his cellphone

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

service provider. In the four years preceding 1/30/2020 (the date Skelton's original Complaint

was filed), GoSmith sent Skelton at least 8 telemarketing text messages at this number.

GoSmith knowingly and willfully sent these text messages using an automatic telephone

dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7).

GoSmith knowingly and willfully sent these text messages without instituting procedures that

meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

47 C.F.R. § 64.1200(d). Skelton seeks an amount not less than $12,000 for at least 8 knowing

and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8

knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Skelton seeks an amount

not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than

$4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

870.    Daniel Skinner personally owns and uses the cellular phone number xxx-xxx-

8616. This number is a residential telephone subscription and is Skinner's only phone number.

It is his personal cell phone, which he uses for all personal calls, and which he gives to family

and friends. He carries it with him and charges it on his nightstand every night. It is on a

personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020

(the date Skinner's original Complaint was filed), GoSmith sent Skinner at least 390

telemarketing text messages and phone calls at this number. The calls and texts started out

heavy, arriving on a daily basis and then tapered off at the end. GoSmith knowingly and

willfully sent these text messages using an automatic telephone dialing system in violation of

47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully

sent these text messages without instituting procedures that meet the minimum standards

required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

Skinner seeks an amount not less than $585,000 for at least 390 knowing and willful violations

of 47 U.S.C. § 227(b), and an amount not less than $585,000 for at least 390 knowing and

willful violations of 47 U.S.C. § 227(c). Alternatively, Skinner seeks an amount not less than

$195,000 for at least 390 negligent violations of 47 U.S.C. § 227(b), and not less than $195,000 for at least 390 negligent violations of 47 U.S.C. § 227(c).

871.    Shane Skyler personally owns and uses the cellular phone number xxx-xxx-0843. This number is a residential telephone subscription, but Skyler uses this for his business line only. In the four years preceding 4/28/2020 (the date Skyler's original Complaint was filed), GoSmith sent Skyler at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Skyler seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Skyler seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b).

872.    Julie Skymba personally owns and uses the cellular phone number xxx-xxx-5759. This number is a residential telephone subscription. On 1/13/2006, Skymba registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Skymba's original Complaint was filed), GoSmith sent Skymba at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Skymba within a 12-month period after Skymba was registered on the National Do Not Call Registry, including but not limited to the period between 6/7/2017 and 7/10/2017. Skymba seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 497 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(c). Alternatively, Skymba seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

873.     Claude Slate personally owns and uses the cellular phone number xxx-xxx-0263. This number is a residential telephone subscription. On 8/29/2019, Slate registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Slate's original Complaint was filed), GoSmith sent Slate at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Slate within a 12-month period after Slate was registered on the National Do Not Call Registry, including but not limited to the period between 8/29/2019 and 1/30/2020. Slate seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Slate seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

874.     Phil Slezak personally owns and uses the cellular phone number xxx-xxx-4844. This number is a residential telephone subscription, but Slezak uses it for business only. On 12/15/2004, Slezak registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Slezak's original Complaint was filed), GoSmith sent Slezak at least 144 telemarketing text messages at this number, which Slezak received from Defendants at least daily. Upon information and belief, the actual number of violations is much higher. GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Slezak within a 12-month period after Slezak was registered on the National Do Not Call Registry, including but not limited to the period between 5/3/2017 and 5/3/2018. Slezak seeks an amount not less than $216,000 for at least 144 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Slezak seeks an amount not less than $72,000 for at least 144 negligent violations of 47 U.S.C. § 227(b).

875.    Michelle Slocum personally owns and uses the cellular phone number xxx-xxx-9945. This number is a business cellular phone. In the four years preceding 1/30/2020 (the date Slocum's original Complaint was filed), GoSmith sent Slocum at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Slocum seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Slocum seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b).

876.    David Smalt personally owns and uses the cellular phone number xxx-xxx-7013. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Smalt's original Complaint was filed), GoSmith sent Smalt at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Smalt seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smalt seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(b), and not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

877.    Corey Smiley personally owns and uses the cellular phone number xxx-xxx-3171. This number is a residential telephone subscription and is Smiley's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/27/2020 (the date Smiley's original Complaint was filed), GoSmith sent Smiley at least 77 telemarketing text messages and calls at this number, at least once or twice a day in the beginning, which tapered off eventually. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Smiley seeks an amount not less than $115,500 for at least 77 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $115,500 for at least 77 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smiley seeks an amount not less than $38,500 for at least 77 negligent violations of 47 U.S.C. § 227(b), and not less than $38,500 for at least 77 negligent violations of 47 U.S.C. § 227(c).

878.    Jeremy Smith personally owns and uses the cellular phone number xxx-xxx-6158. This number is a residential telephone subscription and is Smith's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his house every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/21/2020 (the date

Smith's original Complaint was filed), GoSmith sent Smith at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Smith seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smith seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

879.    Billy Smith personally owns and uses the cellular phone number xxx-xxx-9878. This number is a residential telephone subscription. On 8/23/2005, Smith registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Smith's original Complaint was filed), GoSmith sent Smith at least 12 telemarketing text messages and calls at this number. Smith asked GoSmith to stop multiple times, but the texts and calls got more frequent. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Smith within a 12-month period after Smith was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Smith seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smith seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Smith at least 12 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Smith seeks an amount not less than $6,000, attorney's fees, injunctive relief, and treble damages.

880.     Josh Sneed personally owns and uses the cellular phone number xxx-xxx-7016. This number is a residential telephone subscription and is Sneed's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his house every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/21/2020 (the date Sneed's original Complaint was filed), GoSmith sent Sneed at least 360 telemarketing text messages at this number, at least 2 texts per day. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sneed seeks an amount not less than $540,000 for at least 360 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $540,000 for at least 360 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sneed seeks an amount not less than $180,000 for at least 360 negligent violations of 47 U.S.C. § 227(b), and not less than $180,000 for at least 360 negligent violations of 47 U.S.C. § 227(c).

881.     Allen Soule personally owns and uses the cellular phone number xxx-xxx-5158. This number is a residential telephone subscription and is Soule's personal cell phone. In the four years preceding 4/28/2020 (the date Soule's original Complaint was filed), GoSmith sent Soule at least 43 telemarketing text messages and calls at this number. GoSmith called Soule several times a day, but he only answered about 10 times. The final time Soule answered, he told them he wasn't interested and blocked their numbers. GoSmith knowingly and willfully sent these text messages and made these calls using an automatic telephone dialing system in

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Soule seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Soule seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(b), and not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

882.    Natahsya Spears personally owns and uses the cellular phone number xxx-xxx-5227. This number is a residential telephone subscription and is Spears's only phone number. It is her personal cell phone, which she uses for all personal calls, and which she gives to family and friends. She carries it with her and charges it in her room every night. It is on a personal/family plan with her cellphone service provider. In the four years preceding 1/30/2020 (the date Spears's original Complaint was filed), GoSmith sent Spears at least 56 telemarketing text messages at this number, at a rate of about 4 per week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Spears seeks an amount not less than $84,000 for at least 56 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $84,000 for at least 56 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spears seeks an amount not less than $28,000 for at least 56 negligent violations of 47 U.S.C. § 227(b), and not less than $28,000 for at least 56 negligent violations of 47 U.S.C. § 227(c).

883.    Michael Spencer personally owns and uses the cellular phone number xxx-xxx-0961. This number is a residential telephone subscription. On 8/26/2008, Spencer registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the

date Spencer's original Complaint was filed), GoSmith sent Spencer at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Spencer within a 12-month period after Spencer was registered on the National Do Not Call Registry, including but not limited to the period between 5/28/2017 and 6/29/2017. Spencer seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spencer seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

884.     Edward Spiegelberg personally owns and uses the cellular phone number xxx-xxx-7135. This number is a residential telephone subscription and is Spiegelberg's only phone number. It is her personal cell phone, which she uses for all personal calls, and which she gives to family and friends. She carries it with her and charges it in her room every night. It is on a personal/family plan with her cellphone service provider. In the four years preceding 4/28/2020 (the date Spiegelberg's original Complaint was filed), GoSmith sent Spiegelberg at least 148 telemarketing text messages at this number. At first, it was 1-2 texts a day for many months. It then became more random. However, Defendants are STILL texting Speigelberg through Porch. Defendants knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Defendants knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Spiegelberg seeks an amount not less than

$222,000 for at least 148 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $222,000 for at least 148 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spiegelberg seeks an amount not less than $74,000 for at least 148 negligent violations of 47 U.S.C. § 227(b), and not less than $74,000 for at least 148 negligent violations of 47 U.S.C. § 227(c).

885.    Raymond Spinell personally owns and uses the cellular phone number xxx-xxx-9395. This number is a residential telephone subscription and is Spinell's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Spinell's original Complaint was filed), GoSmith sent Spinell at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Spinell seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spinell seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(b), and not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

886.    Jonathan Spry personally owns and uses the cellular phone number xxx-xxx-8206. This number is a residential telephone subscription and is Spry's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 3/4/2009, Spry registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date

Spry's original Complaint was filed), GoSmith sent Spry at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Spry within a 12-month period after Spry was registered on the National Do Not Call Registry, including but not limited to the period between 4/23/2017 and 4/23/2018. Spry seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spry seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(b), and not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

887.    Nick Squires personally owns and uses the cellular phone number xxx-xxx-9362. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Squires's original Complaint was filed), GoSmith sent Squires at least 133 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Squires seeks an amount not less than $199,500 for at least 133 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $199,500 for at least 133 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Squires seeks an amount not less than $66,500 for at least 133 negligent violations of 47 U.S.C. § 227(b), and not less than $66,500 for at least 133 negligent violations of 47 U.S.C. § 227(c).

888.    Lynda Stack personally owns and uses the cellular phone number xxx-xxx-3936. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Stack's original Complaint was filed), GoSmith sent Stack at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stack seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stack seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

889.    Micah Stafford personally owns and uses the cellular phone number xxx-xxx-9423. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Stafford's original Complaint was filed), GoSmith sent Stafford at least 103 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stafford seeks an amount not less than $154,500 for at least 103 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $154,500 for at least 103 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stafford seeks an amount not less than $51,500 for at least 103 negligent violations of 47 U.S.C. § 227(b), and not less than $51,500 for at least 103 negligent violations of 47 U.S.C. § 227(c).

890.    Jeanette Stanley personally owns and uses the cellular phone number xxx-xxx-1655. This number is a residential telephone subscription. In the four years preceding

1/30/2020 (the date Stanley's original Complaint was filed), GoSmith sent Stanley at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stanley seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stanley seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

891.    Nick Stanley personally owns and uses the cellular phone number xxx-xxx-8490. This number is a residential telephone subscription and is Stanley's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider.  In the four years preceding 4/22/2020 (the date Stanley's original Complaint was filed), GoSmith sent Stanley at least 104 telemarketing text messages and calls at this number. Stanley noticed that GoSmith was spoofing local numbers in order to trick him into answering or returning their calls. If he missed a call, he would try to call them back, only to speak to someone who had no idea what he was talking about and was not affiliated with GoSmith at all. His own number was spoofed, and he ended up in a conversation with multiple people whose numbers GoSmith had used to call and text each other on behalf of GoSmith, but who really were innocent victims of phone number identity theft. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stanley seeks an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stanley seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(b), and not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Stanley at least 104 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Stanley seeks an amount not less than $52,000, attorney's fees, injunctive relief, and treble damages.

892.    Brandon Starkes personally owns and uses the cellular phone number xxx-xxx-7852. This number is a residential telephone subscription that Starkes uses for both business and personal use. In the four years preceding 1/30/2020 (the date Starkes's original Complaint was filed), GoSmith sent Starkes at least 343 telemarketing text messages at this number, on occasion messaging Starkes 4-5 per day, using a new number to contact Starkes each time. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Starkes seeks an amount not less than $514,500 for at least 343 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Starkes seeks an amount not less than $171,500 for at least 343 negligent violations of 47 U.S.C. § 227(b).

893.    LaShanette Starks personally owns and uses the cellular phone number xxx-xxx-3471. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Starks's original Complaint was filed), GoSmith sent Starks at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Starks seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Starks seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

894.     Nathan Steele personally owns and uses the cellular phone number xxx-xxx-2811. This number is a residential telephone subscription and is Steele's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 3/6/2018, Steele registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Steele's original Complaint was filed), GoSmith sent Steele at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Steele within a 12-month period after Steele was registered on the National Do Not Call Registry, including but not limited to the period between 3/6/2018 and 3/6/2019. Steele seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Steele seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

895.     Peter Steffen personally owns and uses the cellular phone number xxx-xxx-0781. This number is a residential telephone subscription and is Steffen's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Steffen's original Complaint was filed), GoSmith sent Steffen at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Steffen seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Steffen seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(b), and not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

896.     Dan Stephenson personally owns and uses the cellular phone number xxx-xxx-5102. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Stephenson's original Complaint was filed), GoSmith sent Stephenson at least 87 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stephenson seeks an amount not less than $130,500 for at least 87 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $130,500 for at least 87 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stephenson seeks an amount not less than $43,500 for at

least 87 negligent violations of 47 U.S.C. § 227(b), and not less than $43,500 for at least 87 negligent violations of 47 U.S.C. § 227(c).

897.   John Sterling personally owns and uses the cellular phone number xxx-xxx-7247. This number is a residential telephone subscription and is Sterling's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 3/5/2009, Sterling registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sterling's original Complaint was filed), GoSmith sent Sterling at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sterling within a 12-month period after Sterling was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Sterling seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sterling seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sterling at least 29 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Sterling seeks an amount not less than $14,500, attorney's fees, injunctive relief, and treble damages.

898.     Yaakov Stern personally owns and uses the cellular phone number xxx-xxx-0013. This number is a residential telephone subscription and is Stern's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Stern's original Complaint was filed), GoSmith sent Stern at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stern seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stern seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

899.     Justin Stewart personally owns and uses the cellular phone number xxx-xxx-6912. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Stewart's original Complaint was filed), GoSmith sent Stewart at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stewart seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stewart seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Finally, GoSmith sent Stewart at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Stewart seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

900.    Christopher Stipanich personally owns and uses the cellular phone number xxx-xxx-8607. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Stipanich's original Complaint was filed), GoSmith sent Stipanich at least 2,549 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stipanich seeks an amount not less than $3,823,500 for at least 2,549 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,823,500 for at least 2,549 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stipanich seeks an amount not less than $1,274,500 for at least 2,549 negligent violations of 47 U.S.C. § 227(b), and not less than $1,274,500 for at least 2,549 negligent violations of 47 U.S.C. § 227(c).

901.    Lonnie Stockton personally owns and uses the cellular phone number xxx-xxx-2014. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Stockton's original Complaint was filed), GoSmith sent Stockton at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Stockton seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Stockton seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(b), and not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Stockton at least 50 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Stockton seeks an amount not less than $25,000, attorney's fees, injunctive relief, and treble damages.

902.    Mike Strodtman personally owns and uses the cellular phone number xxx-xxx-4229. This number is a residential telephone subscription and is Strodtman's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 8/14/2005, Strodtman registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Strodtman's original Complaint was filed), GoSmith sent Strodtman at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Strodtman within a 12-month period after Strodtman was registered on the National Do Not Call Registry, including but not limited to the period between 5/25/2017 and 7/24/2017. Strodtman seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Strodtman seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 515 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

903.     Robb Strommen personally owns and uses the cellular phone number xxx-xxx-9009. This number is a residential telephone subscription and is Strommen's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Strommen's original Complaint was filed), GoSmith sent Strommen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Strommen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Strommen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Strommen at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Strommen seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

904.     Dan Stubbs personally owns and uses the cellular phone number xxx-xxx-0232. This number is a residential telephone subscription and is Stubbs's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 7/1/2007, Stubbs registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Stubbs's original Complaint was filed), GoSmith sent Stubbs at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Stubbs within a 12-month period after Stubbs was registered on the National Do Not Call Registry, including but not limited to the period between 5/29/2017 and 9/14/2017. Stubbs seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stubbs seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

905.    Thomas Stumborg personally owns and uses the cellular phone number xxx-xxx-5601. This number is a residential telephone subscription. On 9/9/2005, Stumborg registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Stumborg's original Complaint was filed), GoSmith sent Stumborg at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Stumborg within a 12-month period after Stumborg was registered on the National Do Not Call Registry, including but not limited to the period between 5/25/2017 and 5/25/2018. Stumborg seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stumborg seeks an amount not less than $4,500

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 517 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

906.    Raymond Sullivan personally owns and uses the cellular phone number xxx-xxx-3150. This number is a residential telephone subscription. On 10/10/2003, Sullivan registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Sullivan's original Complaint was filed), GoSmith sent Sullivan at least 152 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sullivan within a 12-month period after Sullivan was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Sullivan seeks an amount not less than $228,000 for at least 152 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $228,000 for at least 152 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sullivan seeks an amount not less than $76,000 for at least 152 negligent violations of 47 U.S.C. § 227(b), and not less than $76,000 for at least 152 negligent violations of 47 U.S.C. § 227(c).

907.    Brian Sullivan personally owns and uses the cellular phone number xxx-xxx-3053. This number is a residential telephone subscription. On 10/3/2009, Sullivan registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sullivan's original Complaint was filed), GoSmith sent Sullivan at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sullivan within a 12-month period after Sullivan was registered on the National Do Not Call Registry, including but not limited to the period between 7/10/2017 and 7/10/2018. Sullivan seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sullivan seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sullivan at least 5 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Sullivan seeks an amount not less than $2,500, attorney's fees, injunctive relief, and treble damages.

908.     Dan Sundstrom personally owns and uses the cellular phone number xxx-xxx-2300. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Sundstrom's original Complaint was filed), GoSmith sent Sundstrom at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sundstrom seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sundstrom seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b), and not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c).

909.     Chris Sutton personally owns and uses the cellular phone number xxx-xxx-0770. This number is a residential telephone subscription. On 5/19/2009, Sutton registered this

number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Sutton's original Complaint was filed), GoSmith sent Sutton at least 9 telemarketing text messages and calls at this number. Sutton received approximately four texts per week from GoSmith over the course of several weeks. He requested, then demanded, that they stop sending him texts almost every time. Finally, he threatened to turn them in to the proper authorities and call a lawyer. After two or three more calls where he repeated his threat, GoSmith's texts and calls finally stopped. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sutton within a 12-month period after Sutton was registered on the National Do Not Call Registry, including but not limited to the period between 2/17/2017 and 2/17/2018. Sutton seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sutton seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

910.   John Suver personally owns and uses the cellular phone number xxx-xxx-1129. This number is a residential telephone subscription and is Suver's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Suver's original Complaint was filed), GoSmith sent Suver at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Suver seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Suver seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Suver at least 6 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Suver seeks an amount not less than $3,000, attorney's fees, injunctive relief, and treble damages.

911.    Curtis Sveen personally owns and uses the cellular phone number xxx-xxx-9324. This number is a residential telephone subscription and is Sveen's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 11/10/2017, Sveen registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sveen's original Complaint was filed), GoSmith sent Sveen at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sveen within a 12-month period after Sveen was registered on the National Do Not Call Registry, including but not limited to the period between 11/10/2017 and 11/10/2018. Sveen seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sveen seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b), and not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sveen at least 21 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Sveen seeks an amount not less than $10,500, attorney's fees, injunctive relief, and treble damages.

912.    Shelley Sykes personally owns and uses the cellular phone number xxx-xxx-3068. This number is a residential telephone subscription. On 8/22/2003, Sykes registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sykes's original Complaint was filed), GoSmith sent Sykes at least 58 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sykes within a 12-month period after Sykes was registered on the National Do Not Call Registry, including but not limited to the period between 10/1/2016 and 7/18/2017. Sykes seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sykes seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(b), and not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

913.    Rodney Syms personally owns and uses the cellular phone number xxx-xxx-1892. This number is a residential telephone subscription. On 7/26/2006, Syms registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 522 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

Syms's original Complaint was filed), GoSmith sent Syms at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Syms within a 12-month period after Syms was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Syms seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Syms seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Syms at least 26 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Syms seeks an amount not less than $13,000, attorney's fees, injunctive relief, and treble damages.

914.    Igor Sysun personally owns and uses the cellular phone number xxx-xxx-8122. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Sysun's original Complaint was filed), GoSmith sent Sysun at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sysun seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Sysun seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sysun at least 15 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Sysun seeks an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

915.    John Zachary (Zack) Talmage personally owns and uses the cellular phone number xxx-xxx-4286. This number is a residential telephone subscription and is Talmage's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Talmage's original Complaint was filed), GoSmith sent Talmage at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Talmage seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Talmage seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(b), and not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

916.    Ann Taylor personally owns and uses the cellular phone number xxx-xxx-4733. This number is a residential telephone subscription and is Taylor's only phone number. It is her personal cell phone, which she uses for all personal calls, and which she gives to family and friends. She carries it with her and charges it in her room every night. It is on a personal/family plan with her cellphone service provider. She also uses it in her freelance work as a stained

lead glass artist. On 12/15/2004, Taylor registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor's personal cell phone at least 7 telemarketing text messages and calls, offering her unrelated and irrelevant construction and contractor "leads" for purchase. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and calls  to Taylor within a 12-month period after Taylor was registered on the National Do Not Call Registry, including but not limited to the period between 10/2/2016 and 8/12/2017. Taylor seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

917.    Lori Taylor personally owns and uses the cellular phone number xxx-xxx-5672. This number is a residential telephone subscription and is Taylor's only phone number. It is her personal cell phone, which she uses for all personal calls, and which she gives to family and friends. She carries it with her and charges it in her room every night. It is on a personal/family plan with her cellphone service provider. In the four years preceding 1/30/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Taylor seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(b), and not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

918.    Norman Taylor personally owns and uses the cellular phone number xxx-xxx-9434. This number is a residential telephone subscription and is Taylor's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor at least 3,346 telemarketing text messages and phone calls at this number. When the calls and texts first started, Taylor was getting multiple messages and calls each day from GoSmith on his personal cell phone. He finally blocked each number as it came up on his phone. A few times, desperate for the calls and messages to stop, Taylor selected the "get more information" option, trying to reach someone who would take him off GoSmith's list, but the texts and messages only increased in frequency. Most of the "leads" were for geographical areas some 200+ miles away. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Taylor seeks an amount not less than $5,019,000 for at least 3,346 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $5,019,000 for at least 3,346 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $1,673,000 for at least 3,346 negligent violations of 47 U.S.C. § 227(b), and not less than $1,673,000 for at least 3,346 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL

- 526 -

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

919.   Grant Taylor personally owns and uses the cellular phone number xxx-xxx-5222. This number is a residential telephone subscription and is Taylor's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a personal/family plan with his cellphone service provider. On 3/23/2010, Taylor registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Taylor's original Complaint was filed), Defendants sent Taylor at least 560 telemarketing text messages and calls at this number. The calls, texts, and emails were extremely disruptive. For several months, Taylor received multiple texts a day or week. When Porch acquired GoSmith, the harassment continued, but through Porch's platform. Even as recently as 11/6/2020, Taylor was receiving unsolicited calls and an email from Porch.com at his personal cell phone number, in spite of this lawsuit he filed. Defendants knowingly and willfully sent text messages and calls to Taylor using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). Defendants knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Defendants knowingly and willfully sent at least 2 text messages or calls to Taylor within a 12-month period after Taylor was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017 and the period between 11/6/2019 and 11/6/2020. Taylor seeks an amount not less than $840,000 for at least 560 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $840,000 for at least 560 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $280,000 for at least 560 negligent violations of 47 U.S.C. § 227(b), and not less than $280,000 for at least 560 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Taylor at least 560 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

RCW § 80.36.390, for which Taylor seeks an amount not less than $280,000, attorney's fees, injunctive relief, and treble damages.

920.    Chris Taylor personally owns and uses the cellular phone number xxx-xxx-6712. This number is a residential telephone subscription and is Taylor's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor at least 60 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Taylor seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(b), and not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Taylor at least 60 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Taylor seeks an amount not less than $30,000, attorney's fees, injunctive relief, and treble damages.

921.    Ryan Teini personally owns and uses the cellular phone number xxx-xxx-3775. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Teini's original Complaint was filed), GoSmith sent Teini at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

1   procedures that meet the minimum standards required for telemarketing in violation of 47

2   U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Teini seeks an amount not less than $43,500 for at

3   least 29 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

4   $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

5   Teini seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. §

6   227(b), and not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

7        922.    Joshua Tenney personally owns and uses the cellular phone number xxx-xxx-

8   8347. This number is a residential telephone subscription and is Tenney's only phone number.

9   It is his personal cell phone, which he uses for all personal calls, and which he gives to family

10   and friends. He carries it with him and charges it in his room on his nightstand every night. It is

11   on a family plan under his wife's name with their cellphone service provider. They do not have

12   a landline in their residence. In the four years preceding 1/30/2020 (the date Tenney's original

13   Complaint was filed), GoSmith sent Tenney at least 504 telemarketing text messages and calls

14   at this number, sometimes 3-4 times a day.  GoSmith knowingly and willfully sent these text

15   messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. §

16   227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

17   text messages and calls without instituting procedures that meet the minimum standards

18   required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

19   Tenney seeks an amount not less than $756,000 for at least 504 knowing and willful violations

20   of 47 U.S.C. § 227(b), and an amount not less than $756,000 for at least 504 knowing and

21   willful violations of 47 U.S.C. § 227(c). Alternatively, Tenney seeks an amount not less than

22   $252,000 for at least 504 negligent violations of 47 U.S.C. § 227(b), and not less than

23   $252,000 for at least 504 negligent violations of 47 U.S.C. § 227(c).

24        923.    Aleksandar Tesanovic personally owns and uses the cellular phone number xxx-

25   xxx-0174. This number is a residential telephone subscription, and this is Tesanovic's personal

26   cell phone number, which he uses for all his personal calls, having a separate, dedicated

27   business line for each of his previous home-based businesses. On 8/17/2011, Tesanovic

PLAINTIFFS' AMENDED COMPLAINT      - 529 -        **LawHQ, LLC**
2:2020-CV-00604-RSL                                    299 S Main St SLC, UT 84111
                                                    385-285-1090 ext. 30007

registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Tesanovic's original Complaint was filed), GoSmith sent Tesanovic well over 100 telemarketing text messages and calls at this number. He saved many of the messages, which have dates ranging from to April 11, 2017 to January 6, 2018, when GoSmith sent him 3 messages in a single day. Tesanovic states that it "felt like I belonged to a special circle of hell." GoSmith also texted and called his business number, ending in -6633, so Tesanovic also has an unknown number of ATDS claims for the business line under 47 U.S.C. § 227(b). GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to Tesanovic within a 12-month period after Tesanovic was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Tesanovic seeks an amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tesanovic seeks an amount not less than $50,000 for at least 100 negligent violations of 47 U.S.C. § 227(b), and not less than $50,000 for at least 100 negligent violations of 47 U.S.C. § 227(c).

924.    Todd Thaw personally owns and uses the cellular phone number xxx-xxx-7452. This number is a residential telephone subscription and this is Thaw's personal cell phone number, which he uses for all his personal calls, having a separate, dedicated business line for his home-based businesses. On 1/18/2015, Thaw registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Thaw's original Complaint was filed), GoSmith sent Thaw at least 33 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone

dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Thaw within a 12-month period after Thaw was registered on the National Do Not Call Registry, including but not limited to the period between 6/24/2016 and 6/24/2017. Thaw seeks an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $49,500 for at least 33 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Thaw seeks an amount not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(b), and not less than $16,500 for at least 33 negligent violations of 47 U.S.C. § 227(c).

925.     Bill Thompson personally owns and uses the cellular phone number xxx-xxx-1248. This number is a residential telephone subscription. On 11/16/2007, Thompson registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Thompson's original Complaint was filed), GoSmith sent Thompson at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Thompson within a 12-month period after Thompson was registered on the National Do Not Call Registry, including but not limited to the period between 8/28/2017 and 8/28/2018. Thompson seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Thompson seeks an

amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

926. Brandon Thompson personally owns and uses the cellular phone number xxx-xxx-8211. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Thompson's original Complaint was filed), GoSmith sent Thompson at least 38 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Thompson seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Thompson seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(b), and not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

927. Jack Thompson personally owns and uses the cellular phone number xxx-xxx-8115. This number is a residential telephone subscription and is Thompson's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. However, he has a business plan through Verizon Wireless for his phone service.  On 2/21/2008, Thompson registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Thompson's original Complaint was filed), GoSmith sent Thompson at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also

in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Thompson within a 12-month period after Thompson was registered on the National Do Not Call Registry, including but not limited to the period between 2/15/2017 and 2/15/2018. Thompson seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Thompson seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Thompson at least 8 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Thompson seeks an amount not less than $4,000, attorney's fees, injunctive relief, and treble damages.

928. Konan Thornblade personally owns and uses the cellular phone number xxx-xxx-7626. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Thornblade's original Complaint was filed), GoSmith sent Thornblade at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Thornblade seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Thornblade seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Thornblade at least 9 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined

number of telephone solicitations in violation of RCW § 80.36.390, for which Thornblade

seeks an amount not less than $4,500, attorney's fees, injunctive relief, and treble damages.

929.    Michael Tietje personally owns and uses the cellular phone number xxx-xxx-

2380. This number is a residential telephone subscription. In the four years preceding

1/30/2020 (the date Tietje's original Complaint was filed), GoSmith sent Tietje at least 150

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tietje seeks an

amount not less than $225,000 for at least 150 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $225,000 for at least 150 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Tietje seeks an amount not less than $75,000 for at least 150

negligent violations of 47 U.S.C. § 227(b), and not less than $75,000 for at least 150 negligent

violations of 47 U.S.C. § 227(c).

930.    Arturo A. Tinajero Nunez personally owns and uses the cellular phone number

xxx-xxx-2194. This number is a residential telephone subscription. In the four years preceding

4/27/2020 (the date Tinajero Nunez's original Complaint was filed), GoSmith sent Tinajero

Nunez at least 14 telemarketing text messages at this number. GoSmith knowingly and

willfully sent these text messages using an automatic telephone dialing system in violation of

47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully

sent these text messages without instituting procedures that meet the minimum standards

required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

Tinajero Nunez seeks an amount not less than $21,000 for at least 14 knowing and willful

violations of 47 U.S.C. § 227(b), and an amount not less than $21,000 for at least 14 knowing

and willful violations of 47 U.S.C. § 227(c). Alternatively, Tinajero Nunez seeks an amount

not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(b), and not less than

$7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Tinajero Nunez at least 14 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Tinajero Nunez seeks an amount not less than $7,000, attorney's fees, injunctive relief, and treble damages.

931.    Jacob Tingle personally owns and uses the cellular phone number xxx-xxx-3734. This number is a residential telephone subscription and is Tingle's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Tingle's original Complaint was filed), GoSmith sent Tingle at least 78 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tingle seeks an amount not less than $117,000 for at least 78 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $117,000 for at least 78 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tingle seeks an amount not less than $39,000 for at least 78 negligent violations of 47 U.S.C. § 227(b), and not less than $39,000 for at least 78 negligent violations of 47 U.S.C. § 227(c).

932.    Oron Tipton personally owns and uses the cellular phone number xxx-xxx-5804. This number is a residential telephone subscription. On 7/3/2009, Tipton registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Tipton's original Complaint was filed), GoSmith sent Tipton at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Tipton within a 12-month period after Tipton was registered on the National Do Not Call Registry, including but not limited to the period between 2/19/2017 and 6/28/2017. Tipton seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tipton seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

933.    John Tompkins II personally owns and uses the cellular phone number xxx-xxx-2629. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Tompkins II's original Complaint was filed), GoSmith sent Tompkins II at least 962 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tompkins II seeks an amount not less than $1,443,000 for at least 962 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,443,000 for at least 962 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tompkins II seeks an amount not less than $481,000 for at least 962 negligent violations of 47 U.S.C. § 227(b), and not less than $481,000 for at least 962 negligent violations of 47 U.S.C. § 227(c).

934.    David Torres personally owns and uses the cellular phone number xxx-xxx-4832. This number is a residential telephone subscription and is Torres's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and

friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. On 06/27/2005, Torres registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Torres's original Complaint was filed), GoSmith sent Torres at least 1,045 telemarketing text messages at this number, at the rate of 5-7 times per week, although Torres had been on the Do Not Call Registry for over 10 years before Defendants started contacting him. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Torres within a 12-month period after Torres was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Torres seeks an amount not less than $1,567,500 for at least 1,045 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,567,500 for at least 1,045 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Torres seeks an amount not less than $522,500 for at least 1,045 negligent violations of 47 U.S.C. § 227(b), and $522,500 for at least 1,045 negligent violations of 47 U.S.C. § 227(c).

935.    William Torrey personally owns and uses the cellular phone number xxx-xxx-7434. This number is a residential telephone subscription but is used exclusively for Torrey's work as a luxury interior designer. He has a separate, dedicated landline for personal use. In the four years preceding 1/30/2020 (the date Torrey's original Complaint was filed), GoSmith sent Torrey at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

Torrey seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Torrey seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b).

936.    Mike Towe personally owns and uses the cellular phone number xxx-xxx-0101. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Towe's original Complaint was filed), GoSmith sent Towe at least 795 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Towe seeks an amount not less than $1,192,500 for at least 795 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $1,192,500 for at least 795 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Towe seeks an amount not less than $397,500 for at least 795 negligent violations of 47 U.S.C. § 227(b), and not less than $397,500 for at least 795 negligent violations of 47 U.S.C. § 227(c).

937.    Esteban Trevino personally owns and uses the cellular phone number xxx-xxx-9900. This number is a residential telephone subscription and is Trevino's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Trevino's original Complaint was filed), GoSmith sent Trevino at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Trevino seeks an

amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47

U.S.C. § 227(c). Alternatively, Trevino seeks an amount not less than $3,500 for at least 7

negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent

violations of 47 U.S.C. § 227(c).

938.    Yannick Truchi personally owns and uses the cellular phone number xxx-xxx-

3505. This number is a residential telephone subscription and is Truchi's personal phone line. It

is part of a family plan with his cellphone service provider and Truchi uses it for personal calls

as well as client calls for his home-based business. On 10/18/2018, Truchi registered this

number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date

Truchi's original Complaint was filed), GoSmith sent Truchi at least 105 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Truchi

within a 12-month period after Truchi was registered on the National Do Not Call Registry,

including but not limited to the period between 10/18/2018 and 10/18/2019. Truchi seeks an

amount not less than $157,500 for at least 105 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $157,500 for at least 105 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Truchi seeks an amount not less than $52,500 for at least

105 negligent violations of 47 U.S.C. § 227(b), and not less than $52,500 for at least 105

negligent violations of 47 U.S.C. § 227(c).

939.    Joann Trussell personally owns and uses the cellular phone number xxx-xxx-

6766. This number is a residential telephone subscription. In the four years preceding

4/22/2020 (the date Trussell's original Complaint was filed), GoSmith sent Trussell at least 38

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Trussell seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Trussell seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(b), and not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Trussell at least 38 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Trussell seeks an amount not less than $19,000, attorney's fees, injunctive relief, and treble damages.

940.     Travis Trusty personally owns and uses the cellular phone number xxx-xxx-9138. This number is a residential telephone subscription and is Trusty's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 4/27/2020 (the date Trusty's original Complaint was filed), GoSmith sent Trusty at least 320 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Trusty seeks an amount not less than $480,000 for at least 320 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $480,000 for at least 320 knowing and willful violations of

47 U.S.C. § 227(c). Alternatively, Trusty seeks an amount not less than $160,000 for at least 320 negligent violations of 47 U.S.C. § 227(b), and not less than $160,000 for at least 320 negligent violations of 47 U.S.C. § 227(c).

941.   Ryan Tweed personally owns and uses the cellular phone number xxx-xxx-9445. This number is a residential telephone subscription and is Tweed's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Tweed's original Complaint was filed), GoSmith sent Tweed at least 150 telemarketing text messages and calls at this number. Tweed tried to unsubscribe and asked GoSmith to take him off its list. After several attempts, GoSmith finally stopped contacting him. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tweed seeks an amount not less than $225,000 for at least 150 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $225,000 for at least 150 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tweed seeks an amount not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(b), and not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(c).

942.   Brandon Tyler personally owns and uses the cellular phone number xxx-xxx-2146. This number is a residential telephone subscription is Tyler's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. On 3/7/2019, Tyler registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the

date Tyler's original Complaint was filed), GoSmith sent Tyler at least 46 telemarketing text messages at this number. Tyler felt that the texts were "relentless." GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Tyler within a 12-month period after Tyler was registered on the National Do Not Call Registry, including but not limited to the period between 3/7/2019 and 1/30/2020. Tyler seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tyler seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(b), and not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c).

943.    Joseph Tyler personally owns and uses the cellular phone number xxx-xxx-7610. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Tyler's original Complaint was filed), GoSmith sent Tyler at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tyler seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tyler seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(b), and not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Tyler at least 68 commercial text messages in violation of RCW §§

19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Tyler seeks an amount not less than $34,000, attorney's fees, injunctive relief, and treble damages.

944.     Jeff Tyree personally owns and uses the cellular phone number xxx-xxx-8620. This number is a residential telephone subscription but Tyree uses the cell phone for business also. On 10/24/2007, Tyree registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Tyree's original Complaint was filed), GoSmith sent Tyree at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Tyree within a 12-month period after Tyree was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Tyree seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tyree seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Tyree at least 10 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Tyree seeks an amount not less than $5,000, attorney's fees, injunctive relief, and treble damages.

945.     Jaime Vaca personally owns and uses the cellular phone number xxx-xxx-7332. This number is a residential telephone subscription. On 9/24/2008, Vaca registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Vaca's

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

original Complaint was filed), GoSmith sent Vaca at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Vaca within a 12-month period after Vaca was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 9/22/2017. Vaca seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vaca seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

946.    Terrie Vaden personally owns and uses the cellular phone number xxx-xxx-1344. This number is a residential telephone subscription and is Vaden's only phone number. It is Vaden's personal cell phone, which is used for all personal calls, and which is given to family and friends. Vaden carries the phone throughout the day and charges it on a nightstand every night. It is on an individual/family plan with the cellphone service provider. In the four years preceding 4/28/2020 (the date Vaden's original Complaint was filed), GoSmith sent Vaden at least 63 telemarketing text messages and calls at this number. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vaden seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $94,500 for at least 63 knowing

and willful violations of 47 U.S.C. § 227(c). Alternatively, Vaden seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

947.    Ron Van Tienderen personally owns and uses the cellular phone number xxx-xxx-8554. This number is a residential telephone subscription and is Tienderen's only phone. It is his personal cell phone. In the four years preceding 4/22/2020 (the date Van Tienderen's original Complaint was filed), GoSmith sent Van Tienderen at least 329 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Van Tienderen seeks an amount not less than $493,500 for at least 329 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $493,500 for at least 329 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Van Tienderen seeks an amount not less than $164,500 for at least 329 negligent violations of 47 U.S.C. § 227(b), and not less than $164,500 for at least 329 negligent violations of 47 U.S.C. § 227(c).

948.    Robert VanderKloot personally owns and uses the cellular phone number xxx-xxx-4428. This number is a residential telephone subscription and is VanderKloot's only phone number. It is VanderKloot's personal cell phone, which is used for all personal calls, and which is given to family and friends. He carries the phone throughout the day and charges it on a nightstand every night. It is on an individual/family plan with the cellphone service provider. In the four years preceding 4/28/2020 (the date VanderKloot's original Complaint was filed), GoSmith sent VanderKloot at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). VanderKloot seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, VanderKloot seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

949.   Ivonne Varges personally owns and uses the cellular phone number xxx-xxx-7052. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Varges's original Complaint was filed), GoSmith sent Varges at least 2,043 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Varges seeks an amount not less than $3,064,500 for at least 2,043 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,064,500 for at least 2,043 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Varges seeks an amount not less than $1,021,500 for at least 2,043 negligent violations of 47 U.S.C. § 227(b), and not less than $1,021,500 for at least 2,043 negligent violations of 47 U.S.C. § 227(c).

950.   Gheorghe Vasile personally owns and uses the cellular phone number xxx-xxx-7505. This number is a residential telephone subscription and is Vasile's only phone number. It is his personal cell phone, which is used for all personal calls, and which is given to family and friends. He carries the phone throughout the day and charges it on a nightstand every night. It is on an individual/family plan with the cellphone service provider. In the four years preceding 4/21/2020 (the date Vasile's original Complaint was filed), GoSmith sent Vasile at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vasile seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vasile seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

951.     Ricky Vaughn personally owns and uses the cellular phone number xxx-xxx-9602. This number is a residential telephone subscription and is Vaughn's personal cell phone number. He uses it for all personal calls, and it is how he is contacted by family and friends. He carries the phone throughout the day and charges it on a nightstand every night. It is on an individual/family plan with the cellphone service provider. He has a separate phone line for his business, ending in -1177. In the four years preceding 1/30/2020 (the date Vaughn's original Complaint was filed), GoSmith sent Vaughn at least 318 telemarketing text messages and calls at this number. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vaughn seeks an amount not less than $477,000 for at least 318 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $477,000 for at least 318 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vaughn seeks an amount not less than $159,000 for at least 318 negligent violations of 47 U.S.C. § 227(b), and not less than $159,000 for at least 318 negligent violations of 47 U.S.C. § 227(c).

952.     Eric Vawter personally owns and uses the cellular phone number xxx-xxx-0512. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the

date Vawter's original Complaint was filed), GoSmith sent Vawter at least 351 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vawter seeks an amount not less than $526,500 for at least 351 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $526,500 for at least 351 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vawter seeks an amount not less than $175,500 for at least 351 negligent violations of 47 U.S.C. § 227(b), and not less than $175,500 for at least 351 negligent violations of 47 U.S.C. § 227(c).

953.    Sara Vega personally owns and uses the cellular phone number xxx-xxx-5224. This number is a residential telephone subscription and is Vega's personal cell phone number. She uses it for all personal calls, and it is how she is contacted by family and friends. She carries the phone throughout the day and charges it on a nightstand every night. It is on an individual/family plan with the cellphone service provider. In the four years preceding 4/21/2020 (the date Vega's original Complaint was filed), GoSmith sent Vega at least 13 telemarketing text messages at this number. Vega was confused by the messages and complained of them to her husband, her mother, her sister, and a friend. She ignored the messages or attempted to decline them. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vega seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vega seeks an amount not less than $6,500 for at least 13

1  negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent

2  violations of 47 U.S.C. § 227(c).

3  954.    Juan Vega personally owns and uses the cellular phone number xxx-xxx-0830.

4  This number is a residential telephone subscription. On 1/6/2005, Vega registered this number

5  on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Vega's

6  original Complaint was filed), GoSmith sent Vega at least 65 telemarketing text messages at

7  this number. GoSmith knowingly and willfully sent these text messages using an automatic

8  telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

9  64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

10  procedures that meet the minimum standards required for telemarketing in violation of 47

11  U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

12  C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Vega

13  within a 12-month period after Vega was registered on the National Do Not Call Registry,

14  including but not limited to the period between 2/10/2017 and 2/10/2018. Vega seeks an

15  amount not less than $97,500 for at least 65 knowing and willful violations of 47 U.S.C. §

16  227(b), and an amount not less than $97,500 for at least 65 knowing and willful violations of

17  47 U.S.C. § 227(c). Alternatively, Vega seeks an amount not less than $32,500 for at least 65

18  negligent violations of 47 U.S.C. § 227(b), and not less than $32,500 for at least 65 negligent

19  violations of 47 U.S.C. § 227(c).

20  955.    Keyshla Velez personally owns and uses the cellular phone number xxx-xxx-

21  6417. This number is a residential telephone subscription. In the four years preceding

22  4/29/2020 (the date Velez's original Complaint was filed), GoSmith sent Velez at least 45

23  telemarketing text messages at this number. GoSmith knowingly and willfully sent these text

24  messages using an automatic telephone dialing system in violation of 47 U.S.C. §

25  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

26  text messages without instituting procedures that meet the minimum standards required for

27  telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Velez seeks an

amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Velez seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(b), and not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

956.    Sheldon Virgin personally owns and uses the cellular phone number xxx-xxx-7812. This number is a residential telephone subscription and is Virgin's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Virgin's original Complaint was filed), GoSmith sent Virgin at least 158 telemarketing text messages and calls at this number. Virgin repeatedly asked to unsubscribe, but GoSmith did not respond. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Virgin seeks an amount not less than $237,000 for at least 158 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $237,000 for at least 158 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Virgin seeks an amount not less than $79,000 for at least 158 negligent violations of 47 U.S.C. § 227(b), and not less than $79,000 for at least 158 negligent violations of 47 U.S.C. § 227(c).

957.    Amy Vogel personally owns and uses the cellular phone number xxx-xxx-6092. This number is a residential telephone subscription and is Vogel's personal cell phone which she uses for her personal calls and pays for out of a personal bank account. It is on a personal/family plan with her cellphone service provider. In the four years preceding 1/30/2020 (the date Vogel's original Complaint was filed), GoSmith sent Vogel at least 32 telemarketing

text messages at this number, about 2-3 times per week. Additionally, Defendants solicited Vogel during the winter for snow removal, even though Vogel and her husband do not offer that service at all. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vogel seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vogel seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(b), and not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Vogel at least 32 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Vogel seeks an amount not less than $16,000, attorney's fees, injunctive relief, and treble damages.

958.   Jim Voyles personally owns and uses the cellular phone number xxx-xxx-1561. This number is a residential telephone subscription and is Voyles's personal cell phone which he uses for his personal calls and pays for out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/24/2020 (the date Voyles's original Complaint was filed), GoSmith sent Voyles at least 15 telemarketing text messages at this number, at least one text per week for three months. Voyles replied several times that he was not interested and never received a response, while the texts kept coming. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Voyles seeks an amount not less than $22,500 for

at least 15 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Voyles seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(b), and not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

959.    Nicole Wade personally owns and uses the cellular phone number xxx-xxx-0859. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Wade's original Complaint was filed), GoSmith sent Wade at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wade seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wade seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

960.    Dean Walden personally owns and uses the cellular phone number xxx-xxx-2314. This number is a residential telephone subscription and is Walden's personal cell phone which he uses for his personal calls and pays for out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Walden's original Complaint was filed), GoSmith sent Walden at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Walden seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. §

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

227(b), and an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Walden seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(b), and not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

961.    Desjawn Waldrop personally owns and uses the cellular phone number xxx-xxx-6062. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Waldrop's original Complaint was filed), GoSmith sent Waldrop at least 66 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Waldrop seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Waldrop seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(b), and not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Waldrop at least 66 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Waldrop seeks an amount not less than $33,000, attorney's fees, injunctive relief, and treble damages.

962.    Russell Walker personally owns and uses the cellular phone number xxx-xxx-8679. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Walker's original Complaint was filed), GoSmith sent Walker at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Walker seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Walker seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

963.     Jeremy Wallen personally owns and uses the cellular phone number xxx-xxx-1743. This number is a residential telephone subscription and is Wallen's personal cell phone. It is his only phone, and the phone he uses for his personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. On 10/12/2012, Wallen registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Wallen's original Complaint was filed), GoSmith sent Wallen at least 64 telemarketing text messages at this number. Upon information and belief, the actual number of violations is much higher. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wallen within a 12-month period after Wallen was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2017 and 4/28/2018. Wallen seeks an amount not less than $96,000 for at least 64 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $96,000 for at least 64 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wallen seeks an amount not less than $32,000 for at least 64 negligent violations of 47 U.S.C. § 227(b), and not less than $32,000 for at least 64 negligent violations of 47 U.S.C. § 227(c).

964.     Taylor Warchot personally owns and uses the cellular phone number xxx-xxx-2788. This number is a residential telephone subscription and is Warchot's only phone number, which he uses for all his personal calls. In the four years preceding 4/21/2020 (the date Warchot's original Complaint was filed), GoSmith sent Warchot at least 50 telemarketing text messages, at least 1-3 texts per day at this number for a month. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Warchot seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Warchot seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(b), and not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c).

965.     Scott Wargo personally owns and uses the cellular phone number xxx-xxx-7424. This number is a residential telephone subscription and is Wargo's personal cell phone. It is his only phone, and the phone he uses for his personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Wargo's original Complaint was filed), GoSmith sent Wargo at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wargo seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wargo seeks an amount not less than $3,500 for at least 7

negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

966.    Leland Washington personally owns and uses the cellular phone number xxx-xxx-2314. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Washington's original Complaint was filed), GoSmith sent Washington at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Washington seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Washington seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(b), and not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Washington at least 7 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Washington seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

967.    Chere Watson personally owns and uses the cellular phone number xxx-xxx-5818. This number is a residential telephone subscription and is Watson's personal cell phone. It is her only phone, and the phone she uses for her personal calls. She pays for it out of a personal bank account. It is on a personal/family plan with her cellphone service provider. On 12/15/2004, Watson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Watson's original Complaint was filed), GoSmith sent Watson at least 2,115 telemarketing text messages at this number. Watson received, on average, 15 texts per week from Defendants. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Watson within a 12-month period after Watson was registered on the National Do Not Call Registry, including but not limited to the period between 5/18/2017 and 5/18/2018. Watson seeks an amount not less than $3,172,500 for at least 2,115 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $3,172,500 for at least 2,115 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Watson seeks an amount not less than $1,057,500 for at least 2,115 negligent violations of 47 U.S.C. § 227(b), and not less than $1,057,500 for at least 2,115 negligent violations of 47 U.S.C. § 227(c).

968.     Jim Watson personally owns and uses the cellular phone number xxx-xxx-5389. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Watson's original Complaint was filed), GoSmith sent Watson at least 133 telemarketing text messages at this number, which were sent between 3-4 times a week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Watson seeks an amount not less than $199,500 for at least 133 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $199,500 for at least 133 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Watson seeks an amount not less than $66,500 for at least 133 negligent violations of 47 U.S.C. § 227(b), and not less than $66,500 for at least 133 negligent violations of 47 U.S.C. § 227(c).

969.     Bruce Watson personally owns and uses the cellular phone number xxx-xxx-9282. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Watson's original Complaint was filed), GoSmith sent Watson at least 24

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Watson seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Watson seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

970.     Jonathan Way personally owns and uses the cellular phone number xxx-xxx-9900. This number is a residential telephone subscription but is used primarily for business. In the four years preceding 4/29/2020 (the date Way's original Complaint was filed), GoSmith sent Way at least 375 telemarketing text messages at this number, despite Way's repeated attempts to reply "STOP" and be unsubscribed. Way researched the company and concluded the leads were fake and that there was no value in GoSmith's services, but they kept bombarding him with text messages. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Way seeks an amount not less than $562,500 for at least 375 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Way seeks an amount not less than $187,500 for at least 375 negligent violations of 47 U.S.C. § 227(b).

971.     Robert Waynick personally owns and uses the cellular phone number xxx-xxx-8056. This number is a residential telephone subscription and is Waynick's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal

bank account. It is on a personal/family plan with his cellphone service provider. He does make work calls relating to his home-based business with this phone. In the four years preceding 1/30/2020 (the date Waynick's original Complaint was filed), GoSmith sent Waynick at least 16 telemarketing text messages at this number, which Waynick is still receiving although this lawsuit has been filed. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Waynick seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Waynick seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(b), and not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

972.    Wendell Weedon personally owns and uses the cellular phone number xxx-xxx-0323. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Weedon's original Complaint was filed), GoSmith sent Weedon at least 58 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Weedon seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Weedon seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(b), and not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

973.    Matthew Wegener personally owns and uses the cellular phone number xxx-xxx-1560. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Wegener's original Complaint was filed), GoSmith sent Wegener at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wegener seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wegener seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(b), and not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

974.    Brandon Weichers personally owns and uses the cellular phone number xxx-xxx-1066. This number is a residential telephone subscription and is Weichers's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider.  In the four years preceding 4/28/2020 (the date Weichers's original Complaint was filed), GoSmith sent Weichers at least 230 telemarketing text messages at this number, at least one message a day. There was never a way for Weichers to opt out of receiving the messages and they wouldn't stop sending them. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Weichers seeks an amount not less than $345,000 for at least 230 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $345,000 for at least 230 knowing and willful violations of 47 U.S.C. § 227(c).

1   Alternatively, Weichers seeks an amount not less than $115,000 for at least 230 negligent

2   violations of 47 U.S.C. § 227(b), and not less than $115,000 for at least 230 negligent

3   violations of 47 U.S.C. § 227(c).

4   975.   Kevin Weller personally owns and uses the cellular phone number xxx-xxx-3694.

5   This number is a residential telephone subscription and is Weller's personal cell phone. It is his

6   only phone, and the phone he uses for personal calls. He pays for it out of a personal bank

7   account. It is on a personal/family plan with his cellphone service provider. In the four years

8   preceding 1/30/2020 (the date Weller's original Complaint was filed), GoSmith sent Weller at

9   least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent

10  these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

11  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

12  text messages without instituting procedures that meet the minimum standards required for

13  telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Weller seeks an

14  amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. §

15  227(b), and an amount not less than $15,000 for at least 10 knowing and willful violations of

16  47 U.S.C. § 227(c). Alternatively, Weller seeks an amount not less than $5,000 for at least 10

17  negligent violations of 47 U.S.C. § 227(b), and not less than $5,000 for at least 10 negligent

18  violations of 47 U.S.C. § 227(c).

19  976.   Jessica Welshiemer personally owns and uses the cellular phone number xxx-xxx-

20  9737. This number is a residential telephone subscription. In the four years preceding

21  4/21/2020 (the date Welshiemer's original Complaint was filed), GoSmith sent Welshiemer at

22  least 67 telemarketing text messages at this number. GoSmith knowingly and willfully sent

23  these text messages using an automatic telephone dialing system in violation of 47 U.S.C. §

24  227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

25  text messages without instituting procedures that meet the minimum standards required for

26  telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Welshiemer seeks

27  an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Welshiemer seeks an amount not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(b), and not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(c).

977. Tauna Westwood personally owns and uses the cellular phone number xxx-xxx-5708. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Westwood's original Complaint was filed), GoSmith sent Westwood at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Westwood seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Westwood seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Westwood at least 9 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Westwood seeks an amount not less than $4,500, attorney's fees, injunctive relief, and treble damages.

978. Lilly Wetzel personally owns and uses the cellular phone number xxx-xxx-8331. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Wetzel's original Complaint was filed), GoSmith sent Wetzel at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wetzel seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wetzel seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(b), and not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

979.    Wayne White personally owns and uses the cellular phone number xxx-xxx-0371. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date White's original Complaint was filed), GoSmith sent White at least 67 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). White seeks an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, White seeks an amount not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(b), and not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(c).

980.    Ronald White personally owns and uses the cellular phone number xxx-xxx-1194. This number is a residential telephone subscription and is White's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/24/2020 (the date White's original Complaint was filed), GoSmith sent White at least 158 telemarketing text messages at this number, at least 1 or 2 a week. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

§ 64.1200(d). White seeks an amount not less than $237,000 for at least 158 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $237,000 for at least 158 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, White seeks an amount not less than $79,000 for at least 158 negligent violations of 47 U.S.C. § 227(b), and not less than $79,000 for at least 158 negligent violations of 47 U.S.C. § 227(c).

981.    Benjamin White personally owns and uses the cellular phone number xxx-xxx-4314. This number is a residential telephone subscription and is White's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date White's original Complaint was filed), GoSmith sent White at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). White seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, White seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(b), and not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent White at least 22 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which White seeks an amount not less than $11,000, attorney's fees, injunctive relief, and treble damages.

982.    Mark Whited personally owns and uses the cellular phone number xxx-xxx-5985. This number is a residential telephone subscription and is Whited's personal cell phone. It is his only phone, and the phone he uses for personal calls. It is on a personal/family plan with his

cellphone service provider. On 2/3/2006, Whited registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Whited's original Complaint was filed), GoSmith sent Whited at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Whited within a 12-month period after Whited was registered on the National Do Not Call Registry, including but not limited to the period between 9/15/2017 and 9/15/2018. Whited seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Whited seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(b), and not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

983.    Craig Whyde personally owns and uses the cellular phone number xxx-xxx-8516. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Whyde's original Complaint was filed), GoSmith sent Whyde at least 500 telemarketing text messages at this number, which has continued after the filing of this lawsuit, although Whyde has repeatedly asked Defendants to stop. Whyde states that he can't make the messages and calls stop, so he is forced to attempt to ignore them. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Whyde seeks an amount not less than $750,000 for at least 500 knowing and willful violations of 47 U.S.C. §

227(b), and an amount not less than $750,000 for at least 500 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Whyde seeks an amount not less than $250,000 for at least 500 negligent violations of 47 U.S.C. § 227(b), and not less than $250,000 for at least 500 negligent violations of 47 U.S.C. § 227(c).

984.    Rupa Wickrama personally owns and uses the cellular phone number xxx-xxx-6145. This number is a residential telephone subscription. On 6/29/2003, Wickrama registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Wickrama's original Complaint was filed), GoSmith sent Wickrama at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wickrama within a 12-month period after Wickrama was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Wickrama seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wickrama seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(b), and not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

985.    David Wigren personally owns and uses the cellular phone number xxx-xxx-5854. This number is a residential telephone subscription and is Wigren's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/24/2020 (the date Wigren's original Complaint was filed), GoSmith sent Wigren at least 171 telemarketing text messages at this number. GoSmith knowingly and

willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wigren seeks an amount not less than $256,500 for at least 171 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $256,500 for at least 171 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wigren seeks an amount not less than $85,500 for at least 171 negligent violations of 47 U.S.C. § 227(b), and not less than $85,500 for at least 171 negligent violations of 47 U.S.C. § 227(c).

986.     Justin Wilks personally owns and uses the cellular phone number xxx-xxx-5104. This number is a residential telephone subscription and is Wilks's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. On 4/12/2019, Wilks registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Wilks's original Complaint was filed), GoSmith sent Wilks at least 119 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wilks within a 12-month period after Wilks was registered on the National Do Not Call Registry, including but not limited to the period between 4/12/2019 and 1/30/2020. Wilks seeks an amount not less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wilks seeks an amount not

less than $59,500 for at least 119 negligent violations of 47 U.S.C. § 227(b), and not less than $59,500 for at least 119 negligent violations of 47 U.S.C. § 227(c).

987.    William Williams personally owns and uses the cellular phone number xxx-xxx-3004. This number is a residential telephone subscription, but Williams uses it for business use exclusively and does not take any personal calls at this number. In the four years preceding 1/30/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Williams seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(b). Alternatively, Williams seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(b).

988.    Eric Williams personally owns and uses the cellular phone number xxx-xxx-4882. This number is a residential telephone subscription and is Williams's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. On 4/22/2009, Williams registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Williams within a 12-month period after Williams was

registered on the National Do Not Call Registry, including but not limited to the period between 5/6/2017 and 5/6/2018. Williams seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Williams seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

989.    Galen Williams personally owns and uses the cellular phone number xxx-xxx-6246. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Williams seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Williams seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(b), and not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

990.    Robert Williams personally owns and uses the cellular phone number xxx-xxx-4267. This number is a residential telephone subscription and is Williams's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least 310 telemarketing text messages at this number, at a rate of 2 per day. The texts angered Williams and his coworkers and he expressed his frustration to his wife. GoSmith knowingly and willfully sent these text messages

using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and

47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without

instituting procedures that meet the minimum standards required for telemarketing in violation

of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Williams seeks an amount not less than

$465,000 for at least 310 knowing and willful violations of 47 U.S.C. § 227(b), and an amount

not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. § 227(c).

Alternatively, Williams seeks an amount not less than $155,000 for at least 310 negligent

violations of 47 U.S.C. § 227(b), and not less than $155,000 for at least 310 negligent

violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Williams at least 310 commercial text

messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined

number of telephone solicitations in violation of RCW § 80.36.390, for which Williams seeks

an amount not less than $155,000, attorney's fees, injunctive relief, and treble damages.

991. Brad Willms personally owns and uses the cellular phone number xxx-xxx-9503.

This number is a residential telephone subscription. On 11/29/2007, Willms registered this

number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date

Willms's original Complaint was filed), GoSmith sent Willms at least 2 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an

automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.

§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Willms

within a 12-month period after Willms was registered on the National Do Not Call Registry,

including but not limited to the period between 4/20/2017 and 4/20/2018. Willms seeks an

amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. §

227(c). Alternatively, Willms seeks an amount not less than $1,000 for at least 2 negligent

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

violations of 47 U.S.C. § 227(b), and not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Willms at least 2 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Willms seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

992.     Dennis Wilson personally owns and uses the cellular phone number xxx-xxx-0782. This number is a residential telephone subscription and is Wilson's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. On 7/1/2003, Wilson registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Wilson's original Complaint was filed), GoSmith sent Wilson at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wilson within a 12-month period after Wilson was registered on the National Do Not Call Registry, including but not limited to the period between 6/21/2017 and 7/1/2017. Wilson seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wilson seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

993.     Kenneth Wilson personally owns and uses the cellular phone number xxx-xxx-1554. This number is a residential telephone subscription. On 2/7/2016, Wilson registered this

number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Wilson's original Complaint was filed), GoSmith sent Wilson at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wilson within a 12-month period after Wilson was registered on the National Do Not Call Registry, including but not limited to the period between 6/23/2017 and 6/23/2017. Wilson seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wilson seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(b), and not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

994.    John Wilton personally owns and uses the cellular phone number xxx-xxx-1511. This number is a residential telephone subscription. On 9/29/2017, Wilton registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Wilton's original Complaint was filed), GoSmith sent Wilton at least 52 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wilton within a 12-month period after Wilton was registered on the National Do Not Call Registry, including but not limited to the period between 9/29/2017 and 9/29/2018. Wilton seeks an

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

amount not less than $78,000 for at least 52 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $78,000 for at least 52 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wilton seeks an amount not less than $26,000 for at least 52 negligent violations of 47 U.S.C. § 227(b), and not less than $26,000 for at least 52 negligent violations of 47 U.S.C. § 227(c).

995.    Allen Winters personally owns and uses the cellular phone number xxx-xxx-1502. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Winters's original Complaint was filed), GoSmith sent Winters at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Winters seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Winters seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(b), and not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

996.    Nathan Wismer personally owns and uses the cellular phone number xxx-xxx-2817. This number is a residential telephone subscription and is Wismer's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Wismer's original Complaint was filed), GoSmith sent Wismer at least 176 telemarketing text messages and/or calls at this number, at least one per week. Wismer remembers thinking, "I never signed up for this." Sometimes he tried to get a response, but no one ever replied. GoSmith knowingly and willfully sent these text messages and/or calls using an automatic telephone dialing system in

violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and/or calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wismer seeks an amount not less than $264,000 for at least 176 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $264,000 for at least 176 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wismer seeks an amount not less than $88,000 for at least 176 negligent violations of 47 U.S.C. § 227(b), and not less than $88,000 for at least 176 negligent violations of 47 U.S.C. § 227(c).

997.    Milton Witt personally owns and uses the cellular phone number xxx-xxx-4805. This number is a residential telephone subscription and is Witt's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Witt's original Complaint was filed), GoSmith sent Witt at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Witt seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Witt seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(b), and not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

998.    Jeffrey Wolf personally owns and uses the cellular phone number xxx-xxx-5020. This number is a residential telephone subscription and is Wolf's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

service provider. On 6/10/2016, Wolf registered this number on the National Do Not Call

Registry. In the four years preceding 1/30/2020 (the date Wolf's original Complaint was filed),

GoSmith sent Wolf at least 22 telemarketing text messages at this number. GoSmith knowingly

and willfully sent these text messages using an automatic telephone dialing system in violation

of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and

willfully sent these text messages without instituting procedures that meet the minimum

standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. §

64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith

knowingly and willfully sent at least 2 text messages to Wolf within a 12-month period after

Wolf was registered on the National Do Not Call Registry, including but not limited to the

period between 6/16/2017 and 7/20/2017. Wolf seeks an amount not less than $33,000 for at

least 22 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than

$33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

Wolf seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. §

227(b), and not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

999.    Ronald Wolfson personally owns and uses the cellular phone number xxx-xxx-

1111. This number is a residential telephone subscription and is Wolfson's personal cell phone.

It is his only phone, and the phone he uses for personal calls. He does not have a business

phone. He pays for it out of a personal bank account. It is on a personal/family plan with his

cellphone service provider. On 12/28/2007, Wolfson registered this number on the National Do

Not Call Registry. In the four years preceding 4/21/2020 (the date Wolfson's original

Complaint was filed), GoSmith sent Wolfson at least 69 telemarketing text messages at this

number. GoSmith knowingly and willfully sent these text messages using an automatic

telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wolfson within a 12-month period after Wolfson was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Wolfson seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wolfson seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(b), and not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

1000.   Russell Womer personally owns and uses the cellular phone number xxx-xxx-6448. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Womer's original Complaint was filed), GoSmith sent Womer at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Womer seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Womer seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(b), and not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Womer at least 31 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Womer seeks an amount not less than $15,500, attorney's fees, injunctive relief, and treble damages.

1001.   Pete Workman personally owns and uses the cellular phone number xxx-xxx-8097. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Workman's original Complaint was filed), GoSmith sent Workman at least

6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Workman seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Workman seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(b), and not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

1002.   Michael Wrenn personally owns and uses the cellular phone number xxx-xxx-2462. This number is a residential telephone subscription but he uses it as a work phone and does not bring it into his home. He does not advertise his home-based business or give his number to anyone except his clients by word of mouth. On 10/1/2008, Wrenn registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Wrenn's original Complaint was filed), GoSmith sent Wrenn at least 266 telemarketing text messages and calls at this number. GoSmith called numerous times daily, for months on end. Wrenn begged GoSmith to remove him from their list, but the calls kept coming. They interrupted his work and his day. The unsolicited messages and calls were maddening. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to Wrenn within a 12-month period after Wrenn was registered on the National Do Not Call Registry, including but not limited to the period between 7/13/2017 and 7/13/2018. Wrenn

seeks an amount not less than $399,000 for at least 266 knowing and willful violations of 47

U.S.C. § 227(b). Alternatively, Wrenn seeks an amount not less than $133,000 for at least 266

negligent violations of 47 U.S.C. § 227(b).

1003.   Milton Wright personally owns and uses the cellular phone number xxx-xxx-
7147. This number is a residential telephone subscription. In the four years preceding
1/30/2020 (the date Wright's original Complaint was filed), GoSmith sent Wright at least 100
telemarketing text messages at this number. GoSmith knowingly and willfully sent these text
messages using an automatic telephone dialing system in violation of 47 U.S.C. §
227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these
text messages without instituting procedures that meet the minimum standards required for
telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wright seeks an
amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. §
227(b), and an amount not less than $150,000 for at least 100 knowing and willful violations of
47 U.S.C. § 227(c). Alternatively, Wright seeks an amount not less than $50,000 for at least
100 negligent violations of 47 U.S.C. § 227(b), and not less than $50,000 for at least 100
negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Wright at least 100
commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an
undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which
Wright seeks an amount not less than $50,000, attorney's fees, injunctive relief, and treble
damages.

1004.   John Wright personally owns and uses the cellular phone number xxx-xxx-5443.
This number is a residential telephone subscription. On 8/17/2007, Wright registered this
number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date
Wright's original Complaint was filed), GoSmith sent Wright at least 113 telemarketing text
messages at this number. GoSmith knowingly and willfully sent these text messages using an
automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R.
§ 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wright within a 12-month period after Wright was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Wright seeks an amount not less than $169,500 for at least 113 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $169,500 for at least 113 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wright seeks an amount not less than $56,500 for at least 113 negligent violations of 47 U.S.C. § 227(b), and not less than $56,500 for at least 113 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Wright at least 113 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Wright seeks an amount not less than $56,500, attorney's fees, injunctive relief, and treble damages.

1005.   Justin Wylie personally owns and uses the cellular phone number xxx-xxx-8250. This number is a residential telephone subscription. On 5/22/2018, Wylie registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Wylie's original Complaint was filed), GoSmith sent Wylie at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wylie within a 12-month period after Wylie was registered on the National Do Not Call Registry, including but not limited to the period between 5/22/2018 and 5/22/2019. Wylie seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(b),

and an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wylie seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(b), and not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

1006.   Samuel Yador personally owns and uses the cellular phone number xxx-xxx-8387. This number is a residential telephone subscription. On 2/8/2019, Yador registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Yador's original Complaint was filed), GoSmith sent Yador at least 411 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Yador within a 12-month period after Yador was registered on the National Do Not Call Registry, including but not limited to the period between 2/8/2019 and 1/30/2020. Yador seeks an amount not less than $616,500 for at least 411 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $616,500 for at least 411 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yador seeks an amount not less than $205,500 for at least 411 negligent violations of 47 U.S.C. § 227(b), and not less than $205,500 for at least 411 negligent violations of 47 U.S.C. § 227(c).

1007.   Alexander Yakovlev personally owns and uses the cellular phone number xxx-xxx-8873. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Yakovlev's original Complaint was filed), GoSmith sent Yakovlev at least 48 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Yakovlev seeks an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yakovlev seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(b), and not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(c).

1008.   Pavel Yashin personally owns and uses the cellular phone number xxx-xxx-9280. This number is a residential telephone subscription and is Yashin's personal cell phone. It is Yashin's only phone, and the phone Yashin uses for personal calls. It is paid for out of a personal bank account. It is on a personal/family plan with the cellphone service provider. Yashin also uses this number with freelance work calls. In the four years preceding 4/28/2020 (the date Yashin's original Complaint was filed), GoSmith sent Yashin at least 200 telemarketing text messages and calls at this number, at least two per week, which Yashin kept trying to stop. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Yashin seeks an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yashin seeks an amount not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(b), and not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c).

1009.   Amy Yates personally owns and uses the cellular phone number xxx-xxx-5386. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Yates's original Complaint was filed), GoSmith sent Yates at least 11 telemarketing text

messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Yates seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yates seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

1010.   Mike Yeates personally owns and uses the cellular phone number xxx-xxx-6108. This number is a residential telephone subscription. On 8/18/2005, Yeates registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Yeates's original Complaint was filed), GoSmith sent Yeates at least 26 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Yeates within a 12-month period after Yeates was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Yeates seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yeates seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(b), and not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

1011.    Elena Yescas personally owns and uses the cellular phone number xxx-xxx-9565. This number is a residential telephone subscription. On 2/1/2018, Yescas registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Yescas's original Complaint was filed), GoSmith sent Yescas at least 137 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Yescas within a 12-month period after Yescas was registered on the National Do Not Call Registry, including but not limited to the period between 2/1/2018 and 2/1/2019. Yescas seeks an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $205,500 for at least 137 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yescas seeks an amount not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(b), and not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(c).

1012.    Benjamin Young personally owns and uses the cellular phone number xxx-xxx-0809. This number is a residential telephone subscription and is Young's personal cell phone. It is his only phone, and the phone he uses for personal calls. It is paid for out of a personal bank account. It is on a personal/family plan with the cellphone service provider. Young also uses this number with freelance work calls. In the four years preceding 1/30/2020 (the date Young's original Complaint was filed), GoSmith sent Young at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

1  U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Young seeks an amount not less than $102,000

2  for at least 68 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less

3  than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c).

4  Alternatively, Young seeks an amount not less than $34,000 for at least 68 negligent violations

5  of 47 U.S.C. § 227(b), and not less than $34,000 for at least 68 negligent violations of 47

6  U.S.C. § 227(c).

7     1013.   Steve Young personally owns and uses the cellular phone number xxx-xxx-1966.

8  This number is a residential telephone subscription and is Young's personal cell phone. It is his

9  only phone, and the phone he uses for personal calls. It is paid for out of a personal bank

10  account. It is on a personal/family plan with the cellphone service provider. Young does not

11  use this phone number for work, since he has an office with staff and a landline with its own

12  number at that office. Young keeps his personal and business calls separate and does not take

13  business calls on his personal cell phone. On 1/14/2006, Young registered this number on the

14  National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Young's

15  original Complaint was filed), GoSmith sent Young at least 594 telemarketing text messages

16  and/or calls at this number, at least a couple texts a day, sometimes more. GoSmith knowingly

17  and willfully sent these text messages and/or calls using an automatic telephone dialing system

18  in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith

19  knowingly and willfully sent these text messages and/or calls without instituting procedures

20  that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c)

21  and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. §

22  64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to

23  Young within a 12-month period after Young was registered on the National Do Not Call

24  Registry, including but not limited to the period between 7/21/2017 and 7/21/2018. Young

25  seeks an amount not less than $891,000 for at least 594 knowing and willful violations of 47

26  U.S.C. § 227(b), and an amount not less than $891,000 for at least 594 knowing and willful

27  violations of 47 U.S.C. § 227(c). Alternatively, Young seeks an amount not less than $297,000

for at least 594 negligent violations of 47 U.S.C. § 227(b), and not less than $297,000 for at least 594 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Young at least 594 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Young seeks an amount not less than $297,000, attorney's fees, injunctive relief, and treble damages.

1014.   Jamal Yuldashev personally owns and uses the cellular phone number xxx-xxx-8888. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Yuldashev's original Complaint was filed), GoSmith sent Yuldashev at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Yuldashev seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yuldashev seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

1015.   Waylon Zeigler personally owns and uses the cellular phone number xxx-xxx-4123. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Zeigler's original Complaint was filed), GoSmith sent Zeigler at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Zeigler seeks an

amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Zeigler seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(b), and not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Zeigler at least 11 commercial text messages in violation of RCW §§ 19.190.060, 19.86.090, 80.36.400, and an undetermined number of telephone solicitations in violation of RCW § 80.36.390, for which Zeigler seeks an amount not less than $5,500, attorney's fees, injunctive relief, and treble damages.

1016.   Ammar Ziadah personally owns and uses the cellular phone number xxx-xxx-7043. This number is a residential telephone subscription and is Ammar's personal cell phone and his only phone. In the four years preceding 1/30/2020 (the date Ziadah's original Complaint was filed), GoSmith sent Ziadah at least 552 telemarketing text messages at this number, at least 4 per week, and double that number of telemarketing calls each week. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ziadah seeks an amount not less than $2,484,000 for at least 1,656 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $2,484,000 for at least 1,656 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ziadah seeks an amount not less than $828,000 for at least 1,656 negligent violations of 47 U.S.C. § 227(b), and not less than $828,000 for at least 1,656 negligent violations of 47 U.S.C. § 227(c).

1017.   Paul Zoino personally owns and uses the cellular phone number xxx-xxx-5301. This number is a residential telephone subscription and is Zoino's personal cell phone. It is his only phone, and the phone he uses for personal calls. It is on a personal/family plan with the cellphone service provider. Zoino also uses this number with freelance work calls for his

home-based business. On 8/6/2005, Zoino registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Zoino's original Complaint was filed), GoSmith sent Zoino at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(7). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Zoino within a 12-month period after Zoino was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2017 and 4/27/2018. Zoino seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Zoino seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(b), and not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

1018.   Eliashib (Eli) Zwonitzer personally owns and uses the cellular phone number xxx-xxx-4376. This number is a residential telephone subscription and is Zwonitzer's personal cell phone. It is the only phone he uses for personal calls, having a separate, dedicated cell phone for his business calls (which ends in -8350 and is through a different cell phone carrier). Zwonitzer's personal cell phone, ending in -4376, is on a family plan with Verizon Wireless, and has always been dedicated to his personal calls. After Zwonitzer created his home-based business in 2018, he got a separate phone for his business. Zwonitzer's personal cell phone is on a personal/family plan with the cellphone service provider. In the four years preceding 4/28/2020 (the date Zwonitzer's original Complaint was filed), since 2018, GoSmith sent Zwonitzer at least 40 telemarketing text messages and calls at his personal cell phone number. GoSmith knowingly and willfully sent these text messages and calls using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §

PLAINTIFFS' AMENDED COMPLAINT
2:2020-CV-00604-RSL
- 587 -
**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

64.1200(a)(7). GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Zwonitzer seeks an amount not less than $60,000 for at least 40 knowing and willful violations of 47 U.S.C. § 227(b), and an amount not less than $60,000 for at least 40 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Zwonitzer seeks an amount not less than $20,000 for at least 40 negligent violations of 47 U.S.C. § 227(b), and not less than $20,000 for at least 40 negligent violations of 47 U.S.C. § 227(c).

## VI.    Legal Standard

### A.    *The Telephone Consumer Protection Act*

1019.    The Telephone Consumer Protection Act ("TCPA"; 47 U.S.C. § 227; 47 C.F.R. § 64.1200) is a federal law that imposes various restrictions on telephone calls, including the following:

1020.    **Autodialers** - No person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1).

1021.    **National Do Not Call Registry -** "No person or entity shall initiate any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

1022.    **Internal Do Not Call Lists** - "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber" without instituting procedures for maintaining an internal do-not-call list. 47 C.F.R. § 64.1200(d). These "procedures **must** meet the following **minimum** standards:" Telemarketers "**must** have a written policy, available upon demand, for maintaining a do-not-call list." *Id*. at (d), (d)(1). Anyone engaged in "any aspect of [the] telemarketing must be informed and trained in the existence and use of the do-not-call list." *Id*. at (d)(2). When people request not to receive calls, the telemarketer must

"record the request and place the subscriber's… telephone number on the do-not-call list," and the request must be honored within a "reasonable time." *Id*. at (d)(3). The telemarketer "**must** provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id*. at (d)(4) (emphasis added).

1023. **Delivery Restrictions** – "No person or entity may. . .[a]bandon more than three percent of all telemarketing calls that are answered live by a person, as measured over a 30-day period for a single calling campaign." 47 C.F.R. § 64.1200(a)(7). A call is abandoned "if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting." *Id*. If a live sales representative is not available within two seconds, "the telemarketer **must** provide: A prerecorded identification and opt-out message" that discloses the telemarketing purpose of the call and the name of the entity on whose behalf the call was placed and a telephone number for that entity that will permit the called person to make a do-not-call request. . . " *Id.* at (a)(7)(i)(A) (emphasis added). If the call is abandoned, the telemarketer **must** also provide an "automated, interactive voice-and/or key press-activated opt-out mechanism" that allows the called person to make a do-not-call request prior to terminating the call, which mechanism "**must** automatically record" the called person's request and "immediately terminate" the call. *Id*. at (a)(7)(i)(B) (emphasis added). Finally, the seller or telemarketer "**must** maintain records establishing compliance" with this section. *Id*. at (a)(7)(iii) (emphasis added).

**TCPA Terms Defined:**

1024. Both phone calls and text messages qualify as a "call" under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

1025. The consent standard rises from prior express consent to "prior express **written** consent" for any call to a cell phone that "introduces an advertisement or constitutes telemarketing" where the call is made using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(a)(2) (emphasis added).

1026.   The term "prior express written consent" means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system." *Id.* at (f)(8). The written agreement must "include a clear and conspicuous disclosure informing the person signing that [b]y executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system." *Id.* at (f)(8)(i)(A).

1027.   "The term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

1028.   The 9th Circuit has interpreted this to mean "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. Sep. 20, 2018).

1029.   "The term 'advertisement' means any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R 64.1200(f)(1).

1030.   "The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* at (f)(14).

1031.   "The term 'telemarketing' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* at (f)(12).

1032.   In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

1033.   "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores*, L.P., 705 F.3d 913, 918 (9th Cir. 2012)).

1034.   Calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003) (hereinafter "2003 FCC Order"). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id.*

### B.    *Standing Under the TCPA*

1035.   The TCPA provides a private right of action to any "person or entity" who receives autodialed, artificial, or prerecorded calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

1036.   The TCPA provides a private right of action to residential telephone subscribers who are registered on the Registry and who receive more than one telephone solicitation "within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5); *see also* 47 U.S.C. § 227(c)(1)-(3), 47 C.F.R. § 64.1200(c).

1037.   The TCPA provides a private right of action to residential telephone subscribers who receive more than one telemarketing call "within any 12-month period by or on behalf of the same entity" that has not instituted procedures that meet the minimum standards for telemarketing.  47 U.S.C. § 227(c)(5); *see also* 47 U.S.C. § 227(c)(1)(A), 47 C.F.R. § 64.1200(d).

1038.   In an action under 227(b), a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

1039.   A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

1040.   The receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA).

1041.   Recovery under the TCPA is allowed for each breach of the subsections independently. "Congress evidenced its intent that a person be able to recover for the telemarketer's failure to institute the minimum procedures for maintaining a do-not-call list as well as the additional harm of the call being automated." *Charvat v. NMP, LLC*, 656 F.3d 440, 448 (6th Cir. 2011). Thus, "a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if both violations occurred in the same telephone call." *Id.* at 449.

1042.   Congress made clear that the TCPA was meant to protect both consumers and businesses. Congress enumerated 15 findings when passing the TCPA, four of which explicitly reference businesses and Congress's intent to protect them:

1043.   "The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques." Congressional Statement of Findings, § 2, Pub.L. 102-243 (emphasis added).

1044.   "Over 30,000 businesses actively telemarket goods and services to business and residential customers." *Id.* (emphasis added).

1045.   "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce. *Id.* (emphasis added).

1046.   "The Federal Communications Commission should consider adopting reasonable restrictions on automated or prerecorded calls to businesses as well as to the home, consistent with the constitutional protections of free speech." *Id.* (emphasis added).

1047.   The regulations for the National Do Not Call Registry, found in 47 C.F.R. § 64.1200(c), and the regulations for company-specific Internal Do Not Call lists, found in 47 C.F.R. § 64.1200(d), apply to "wireless telephone numbers to the extent described in the [FCC] Commission's Report and Order, CG Docket No. 02-278, FCC 03-153." 47 C.F.R. § 64.1200(e).

1048.   In the Report and Order cited in the C.F.R. above, the FCC concluded "that the national database should allow for the registration of wireless telephone numbers, and that such action will better further the objectives of the TCPA and the Do-Not-Call Act." 2003 FCC Order, 18 FCC Rcd. 14014 at ¶ 33.

1049.   In 2005, the Direct Marketing Association ("DMA") asked the FCC to reconsider and make a ruling that "[i]f the caller is calling [a residential line] for a business purpose, and understands that the number dialed is used for business purposes, the caller should not have to scrub the number against the national DNC list." Petition for Reconsideration at 10, last accessed September 10, 2020 at https://ecfsapi.fcc.gov/file/6514782187.pdf.

1050.   The DMA gave examples of individuals fitting this description that the DMA wanted permission to contact, from "the American farmer [who] has a 'residential' listing, but uses that phone number both for personal use and for business purposes" to the self-employed consultant, freelance photographer, or web designer.  *Id.* at 9-10.

1051.   The FCC declared "[w]e disagree with the DMA that the rules should be revised to expressly exempt calls to business numbers." *Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd. 3788, 3793 (2005) (hereinafter

"2005 FCC Order"). "We also decline to exempt from the do-not-call rules those calls made to 'home-based businesses.'" *Id.* In other words, telemarketing calls to home-based businesses are prohibited. Mixed business and personal use of a residential number, particularly numbers used in connection with a home-based business, does not remove an individual's standing to bring claims for TCPA violations. The FCC has stated that residential telephone subscribers who also use their phone number for business purposes are protected on the Do Not Call Registry.

### C.   *Individual Officer Liability Under the TCPA*

1052.   Under the TCPA, an individual may be personally liable pursuant to 47 U.S.C. § 217, which provides that the "act, omission, or failure… of any officer… acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure… of such carrier or user as well as of that person." 47. U.S.C. § 217.

1053.   To violate the TCPA is to commit a tort, and a "corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F. 2d 602 (3d Cir. 1978).

1054.   When considering individual officer liability, courts have agreed that a corporate officer involved in the telemarketing may be personally liable under the TCPA. *See, e.g.*, *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, (3d Cir. 2018) ("[A] corporate officer can face personal liability under the TCPA for actions he personally authorized or took.") (J. Schwartz, concurring in the majority opinion, which reads: "a corporate officer can be personally liable [under the TCPA] if he . . . actively oversaw and directed the conduct."); *Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### D.     The Washington Consumer Protection Act, Automatic Dialing and Announcing Device Statute, Do Not Call Statute, and the Commercial Electronic Mail Act

1055.   The Washington Consumer Protection Act ("WCPA") is a Washington state law that imposes various restrictions on unfair business practices. RCW 19.86.010, et seq.

1056.   Under the WCPA, "[a]ny person who is injured in his or her business" may bring a civil suit for injunctive relief, damages, attorney's fees, and treble damages. RCW 19.86.090.

1057.   The Commercial Electronic Mail Act ("CEMA") precludes "the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service...." RCW 19.190.060. "No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular [service]." RCW 19.190.060(1).

1058.   A person may send commercial text messages only when the recipient "has clearly and affirmatively consented in advance" to the text messages. RCW 19.190.070(1)(b).

1059.   Sending electronic text messages without consent is "not reasonable in relation to the development and preservation of business," is "an unfair method of competition," and constitutes a violation of "chapter 19.86 RCW." *Id.* 19.190.060(2).

1060.   "'Commercial electronic text message'" means an electronic text message sent to promote... services for sale." RCW 19.190.010.

1061.   Sending electronic text messages without consent is "an unfair or deceptive act," occurring "in trade or commerce," and "vitally affect[s] the public interest." The text messages are a per se violation of the Washington Consumer Protection Act ("WCPA" or "CPA") under "chapter 19.86 RCW." *Id.* 19.190.060(2).

1062.   Because "there is no private right of action under CEMA, the only way to give effect to the legislature's stated intent is to construe the liquidated damages provision as

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

1    establishing the injury and causation elements of a CPA claim." *Gragg v. Orange Cab Co.*, 145

2    F. Supp. 3d 1046, 1053 (W.D. Wash. 2015) (J. Lasnik).

3       1063.   RCW § 80.36.400(2) provides that, "No person may use an automatic dialing and

4    announcing device for purposes of commercial solicitation. This section applies to all

5    commercial solicitation intended to be received by telephone customers within the state."

6       1064.   A violation of RCW § 80.36.400 is per se violation of the WCPA, RCW § 19.86.

7    "It shall be presumed that damages to the recipient of commercial solicitations made using an

8    automatic dialing and announcing device are five hundred dollars." RCW § 80.36.400(3).

9       1065.   RCW § 80.36.390 prohibits telephone solicitation within a one-year period

10   following the called party's statement or indication that he or she does not wish to be called

11   again.

12      1066.   A person aggrieved by repeated violations of RCW § 80.36.390 may bring a civil

13   action to recover damages. "The court shall award damages of at least one hundred dollars for

14   each individual violation of this section. If the aggrieved person prevails in a civil action under

15   this subsection, the court shall award the aggrieved person reasonable attorneys' fees and cost

16   of the suit." RCW § 80.36.390(6).

17       **E.    *Alter Ego Liability***

18      1067.   "The alter ego theory derives from the notion that courts should not respect the

19   separateness of a corporation and its parent where the parent exerts such an amount of control

20   and dominance over the corporation that it becomes a mere shell or "alter ego" of the parent for

21   accomplishing improper purposes. *Johnson v. Marriott Int'l Inc.*, 2017 WL 1957071, *4 (W.D.

22   Wa. May 11, 2017) (citing *U.S. v. Bestfoods*, 524 U.S. 51, 61-62 (1988)).

23      1068.   In order to establish an alter ego relationship, "the plaintiff must make out a prima

24   facie case '(1) that there is such unity of interest and ownership that the separate personalities

25   [of the two entities] no longer exist and (2) that failure to disregard [their separate identities]

26   would result in fraud or injustice.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001).

27

The plaintiff must show that the parent controls the subsidiary "to such a degree as to render the latter the mere instrumentality of the former." *Id.*

### F.    Vicarious Liability

1069.   For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd 12391, 12397 (¶ 13) (August 7, 1995).

1070.   In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 564 (January 4, 2008).

1071.   In 2013, the FCC instructed that Defendants may not avoid liability by outsourcing their telemarketing to third parties. *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6588 ¶37 (2013).

1072.   The FCC stated that corporations are "vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574. This includes principles of formal agency, apparent authority, and ratification. *Id.* at 6584.

1073.   Federal common law agency principles are based off of the Restatement (Third) of Agency. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1072-73 (9th Cir. 2019).

1074.   An agent has actual authority when "the agent reasonably believes... that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01 (2006).

1075.   An agent has apparent authority when "a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006).

1076.   If there is no agency relationship, ratification can create one. Ratification can happen in one of two ways: (i) When there is an "externally observable indication" that a principal has "[actual] knowledge of material facts" regarding a third party's acts, and accepts the benefits of—and consents to—said acts; or (ii) When a principal is "willful[ly] ignoran[t]" of the material facts of a third party's acts. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073-74 (9th Cir. 2019).

## VII.    First Cause of Action: Illegal Use of an ATDS

1077.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

1078.   The Defendants' use of an ATDS to contact Plaintiffs constitutes a violation of 47 U.S.C. § 227(b).

1079.   Alternatively, Defendants' abandonment of more than 3% of calls without providing: 1) information disclosing the telemarketing nature of the texts and calls, 2) information identifying the entity the calls and texts were placed on behalf of and a phone number where Plaintiffs could opt-out of the calls, and 3) an automatic opt-out mechanism within the text or call, constitutes a separate violation of 47 U.S.C. § 227(b)'s provisions as established and promulgated by 47 C.F.R. § 16.1200(a)(7).

1080.   As a result of Defendants' negligent violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 16.1200(a)(7), Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

1081.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 16.1200(a)(7), Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

1082.   Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

1

2

## VIII.   Second Cause of Action: Failure to Maintain and Follow

## Internal Do Not Call Procedures

3

4

1083.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

6

7

1084.   Defendants' contact of Plaintiffs' cellular phone numbers without instituting and following procedures that meet the minimum standards for telemarketing established in and promulgated by 47 C.F.R. §64.1200(d) constitutes a separate violation of 47 U.S.C. § 227(c).

8

9

10

1085.   As a result of Defendants' negligent violations of the internal do not call requirements of 47 C.F.R. §64.1200(d), Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

11

12

13

14

1086.   As a result of Defendants' knowing and/or willful violations of the internal do not call requirements of 47 C.F.R. §64.1200(d), Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

15

16

1087.   Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

17

18

## IX.   Third Cause of Action: Illegal Solicitation of Persons

## on the National Do Not all Registry

19

20

1088.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21

22

23

1089.   Defendants' contact of those Plaintiffs' cellular phones whose numbers appear on the National Do Not Call Registry constitutes violations of 47 U.S.C. § 227(c) and 47 C.F.R. §64.1200(c).

24

25

26

1090.   As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

27

1091.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §

227(c), Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every

violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

1092.   Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in

the future.

## X.     Fourth, Fifth, and Sixth Causes of Action:

## Violations of the WCPA and the Washington Do Not Call Statutes

1093.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint

as though fully stated herein.

1094.   Defendants' sending of commercial text messages to the Washington Plaintiffs'

cellular phones without consent constitutes violations of RCW 19.190.060 and a per se

violation of the WCPA, RCW 19.86.010.

1095.   Defendants' use of an automatic dialing and announcing device to send text

messages to and to call the Washington Plaintiffs' cellular phones without consent violates

RCW § 80.36.400 and is a per se violation of the WPCA.

1096.   Defendants' continued text messages and telephone calls to the Washington

Plaintiffs' within a year after the Washington Plaintiffs requested Defendants' stop contacting

them constitutes violations of RCW § 80.36.390.

1097.   As a result of Defendants' violations of RCW 19.190.060 and per se violations of

the WCPA, the Washington Plaintiffs are entitled to an award of $500.00 in statutory damages

for each and every violation, pursuant to RCW 19.190.060.

1098.   As a result of Defendants' violations of RCW § 80.36.400 and per se violations of

the WCPA, the Washington Plaintiffs are entitled to an award of $500.00 in statutory damages

for each and every violation, pursuant to RCW 19.190.060.

1099.   As a result of Defendants' violations of RCW § 80.36.390, the Washington

Plaintiffs are entitled to an award of $100.00 in statutory damages for each and every violation,

**LawHQ, LLC**
299 S Main St SLC, UT 84111
385-285-1090 ext. 30007

pursuant to RCW § 80.36.390. The Washington Plaintiffs are also entitled to recover reasonable attorney's fees pursuant to RCW § 80.36.390.

1100.   The Washington Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## XI.   Relief Requested

1101.   WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendants:

1102.   Plaintiffs seek an amount to be determined at trial that is not less than **$ 193,033,500.00** as a result of at least **128,700** violations of 47 U.S.C. § 227(b).

1103.   Plaintiffs also seek an amount to be determined at trial that is not less than **$ 183,662,500.00** as a result of at least **122,446** violations of 47 U.S.C. § 227(c).

1104.   Washington Plaintiffs also seek an amount to be determined at trial that is not less than **$ 5,858,500.00** as a result of at least **11,771** violations of RCW §§ 19.86.010, 19.86.090, 19.190.060, and 80.36.400.

1105.   Washington Plaintiffs also seek an amount to be determined at trial for violations of RCW § 80.36.390.

1106.   Plaintiffs seek costs pursuant to 28 U.S.C. § 1920.

1107.   Plaintiffs seek judgment interest pursuant to 28 U.S.C. § 1961.

1108.   Washington Plaintiffs seek attorney's fees pursuant to R.C.W. § 80.36.390.

1109.   Washington Plaintiffs seek treble damages pursuant to R.C.W. § 19.86.090.

1110.   Plaintiff Calvin Richards seeks actual damages in the amount of the cost of his new telephone number and the cost of hiring a secretary to manage his previously-personal phone calls and texts, which loss and harm GoSmith caused by spamming his personal number until Richards could no longer manage it.

1111.   Plaintiffs seek injunctive relief prohibiting such conduct in the future.

1112.   Plaintiffs seek any other relief the Court may deem just and proper.

1

## XII.   Jury Demand

2

1113.   Plaintiffs request a trial by jury of all claims that can be so tried.

3

4

Dated: November 25, 2020

5

/s/ *Rebecca Evans*
Rebecca Evans, UT #16846 (PHV)

6

/s/ *Crystal Cooke*

7

Crystal Cooke, ct28750 (PHV forthcoming)

/s/ *Mitchell West*

8

Mitchell West, WSBA #53103

9

10

**LAWHQ, LLC**
299 S. Main St. #1300

11

Salt Lake City, UT 84111
Phone: (385) 285-1090 ext. 30007

12

rebecca@lawhq.com
crystal.cooke@lawhq.com

13

mitchell.west@lawhq.com

14

*Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27