Honorable Robert S. Lasnik

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| **Bob Dawson**, et al,<br><br>    Plaintiffs,<br><br>v.<br><br>**Porch.com Inc., et al,**<br><br>    Defendants | Civil Case No.: 2:20-cv-00604-RSL<br><br>**PLAINTIFFS' FIFTH AMENDED COMPLAINT**<br><br>**JURY DEMAND**<br><br>**Judge Robert S. Lasnik** |

Plaintiffs file this Fifth Amended Complaint pursuant to the Court's Order. [ECF No. 178]. A redline of the Fifth Amended Complaint is included as Exhibit C.

### I.    Introduction

1.     Americans receive over 100 billion spam text messages every year.

2.     "Being deluged with 'spam' telemarketing phone calls or text messages is the bane of modern life. In a world where countless companies try to capture our attention, it can

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 1 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

be exasperating to receive yet another ping on a smartphone." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022).

3.    Defendants have spammed millions of Americans, including the 365 Plaintiffs in this case.

4.    Not only is the number of people that Defendants have spammed incredibly high, but the volume is huge. Many plaintiffs have received hundreds of spam text messages from Defendants in short periods of time. Plaintiff Bob Dawson received over 1,000 unsolicited spam text messages from Defendants. On many days he received 10 or more text messages. Some days he received multiple messages in a few minutes. Some months he received over 100 messages. The spam often came 7 days a week.

5.    Many of the Plaintiffs have tried to eliminate the harassment and invasion of privacy from unauthorized calls and text messages by registering their phone numbers on the National Do Not Call Registry ("DNCR"), and by directly asking Defendants to stop, but even that did not work. The messages continued even after stop requests were made, indicating that no one was reviewing these requests.

6.    Plaintiffs have no relationship with Defendants, have no account with Defendants, have never provided any phone number to Defendants, and have never agreed for Defendants to send any type of communication.

7.    Defendants simply blast text messages without caring whether they have consent, whether the recipient has asked for the calls to stop, or whether the recipient is on the DNCR.

8.    To make matters worse, Defendants hide their identity when sending the text messages to try to avoid getting caught.

9.    Three years after this lawsuit was originally filed, Porch is still making unwanted spam calls such as to Plaintiff Jimmy Gardner who received at least 5 calls from Porch in August and September of 2022.

10.    The 365 Plaintiffs in this lawsuit have had their home and privacy invaded by Defendants relentless spam.

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 2 -
CASE NO. 2:20-CV-00604-RSL

11. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

## II.    Parties

12. There are 365[1] Plaintiffs in this lawsuit, each of whom is a "person" as defined by 47 U.S.C. § 153 (39). Exhibit A lists Plaintiffs' names, county, state, phone number (that was spammed by Defendants), and the total number of telephone spam per each cause of action.

13. Defendant Porch.com, Inc ("Porch.com") is a domestic Delaware corporation with its principal place of business at 2201 1st Ave. S., Seattle, WA 98134.

14. Defendant GoSmith, Inc. ("GoSmith") is a domestic Delaware corporation with its principal place of business at 2200 1st Ave S, Seattle, WA, 98134, according to its August 13, 2020 Foreign Registration Statement with the Office of the Secretary of State.

15. Pursuant to the Court's June 9, 2025, Order Granting Defendants' Motion to Join Additional Parties (ECF 178), the business entities identified in that Order are required parties under Fed. R. Civ. P. 19 and therefore must be joined in this action. Accordingly, because those entities have refused to join as named plaintiffs, Plaintiffs join those entities as Defendants in this Fifth Amended Complaint solely to comply with the Court's Order and to ensure all indispensable parties are before the Court.

## III.    Jurisdiction and Venue

16. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

17. The Court has supplemental jurisdiction over the Washington Plaintiffs' state claims under 28 U.S.C. § 1367.

---

[1] Two Plaintiffs, Christopher Borges and Michael Fjeldheim, have settled their claims and have been removed from this amended Complaint.

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 3 -
CASE NO. 2:20-CV-00604-RSL

18.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a significant portion of the events giving rise to this lawsuit occurred in this district.

19.    The Court has personal jurisdiction over all the parties pursuant to the parties' agreement to consolidate all related matters in this District.

### IV.    Statement of Facts

*General Facts*

20.    Each Plaintiff received unwanted and unsolicited text messages from GoSmith.

21.    None of the Plaintiffs gave their phone number to Defendants, nor did any of the Plaintiffs consent in any way to the text messages.

22.    The text messages did not have an emergency purpose.

23.    GoSmith's text messages advertised leads for home improvement work.

24.    The text messages encouraged and required Plaintiffs to make a payment to obtain the leads. Thus, the text messages constitute "telemarketing" and "telephone solicitations" as defined by the TCPA; and constitute a "electronic commercial text message" as defined by the Revised Code of Washington.

25.    Here are two examples of text messages that Plaintiffs received:[2]

---

[2] *Also see* Exhibit B which is a sample of the messages GoSmith sent to Plaintiff Bob Dawson.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 4 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100



26.    As shown here, GoSmith encouraged Plaintiffs to spend $8 to purchase leads.

27.    Also, right before GoSmith shut down its website in 2020, its website contained the following notice, clearly indicating that users were required to "purchase leads."



28.    None of the text messages GoSmith sent ever asked Plaintiffs if they wanted to come work for Defendants or offered Plaintiffs employment at GoSmith or Porch.com.

*Facts Related to the National Do Not Call Registry*

29.    Claims based on a violation of the DNCR do not require an autodialer to be used.

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 5 -
CASE NO. 2:20-CV-00604-RSL

30. GoSmith knowingly and willfully sent telephone solicitations to the cell phones of 131 Plaintiffs each of whom registered their phone numbers on the DNCR, as set forth below in Section V. Statement of Individualized Facts and Claims.

31. GoSmith did this willfully and knowingly as GoSmith did not check the DNCR before sending any text messages.

32. Had GoSmith checked the DNCR, GoSmith would have seen that these 131 Plaintiffs each registered their phone number on the DNCR to stop telephone solicitations.

33. These 131 Plaintiffs each have a residential telephone subscription as evidence by various facts including that Plaintiffs have a personal/family phone plan, Plaintiffs pay for the bill with their own personal funds, Plaintiffs use the phone number for all their personal calls, this is Plaintiffs' only phone number, etc.

34. GoSmith sent more than one text message to each of these 131 Plaintiffs within a 12-month period while each of their phone numbers were registered on the DNCR.

*Facts Related to Minimum Telemarketing Standards under 47 C.F.R. § 64.1200(d)*

35. GoSmith knowingly and willfully sent telemarketing text messages to the cell phones of 365 Plaintiffs without instituting the required minimum standards in violation of 47 C.F.R. § 64.1200(d).

36. Claims under 47 C.F.R § 64.1200(d) do not require the use of an autodialer.

37. Not a single text message ever disclosed the name of the person or the name of the entity sending the text message. *See* Exhibit B.

38. GoSmith knowingly and willfully hides its identity when sending text messages to avoid legal complaints and lawsuits.

39. GoSmith purposefully uses hundreds of different phone numbers to send the text messages to prevent people from stopping the messages. When spamming Bob Dawson, GoSmith sent text messages using 117 different phone numbers.

40. When Plaintiffs asked for the messages to stop, GoSmith often would ignore the requests and continue to inundate Plaintiffs with spam.

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 6 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

41.     When any of the Plaintiffs responded with a question or tried to have a conversation with GoSmith, no one responded. For example, when Plaintiffs asked, "Who is this?" they received no reply.

42.     The 365  Plaintiffs with claims under 47 C.F.R § 64.1200(d) each have a residential telephone subscription as evidenced by various facts including that Plaintiffs have a personal/family phone plan, Plaintiffs pay for the bill with their own personal funds, Plaintiffs use the phone number for all their personal calls, this is Plaintiffs' only phone number, etc., as set forth below in Section V. Statement of Individualized Facts and Claims.

43.     GoSmith sent more than one text message to each of these 365  Plaintiffs within a 12-month period.

44.     All of these 365  Plaintiffs allege violations of 47 C.F.R § 64.1200(d)(4).

45.     Additionally, 28 of these 365 Plaintiffs allege violations of 47 C.F.R § 64.1200(d)(3). *See* Mark Anderson ¶ 66; Leo Anderson ¶ 67; Jesse Bird ¶ 82; Christopher Bouthner ¶ 88; Jon Buck ¶ 96; Amiee Cannon ¶ 101; Raymond Dodge Jr ¶ 145; David Dorsette ¶ 147; Jeremy Fogle ¶ 174; Brian Fontaine ¶ 175; Brandt Garrison ¶ 191; Vitaliy Grishko ¶ 206; Scott Harman ¶ 214; Jean Kropp ¶ 256; Eli Larreau ¶ 260; Josh Manwaring ¶ 280; Mark McCreary ¶ 286; Nick Means ¶ 289; Liz Meraz ¶ 293; David Morse ¶ 299; Shawn Moshos ¶ 300; Adam Pearson ¶ 318; Christopher Oetzel ¶ 328; Humberto Quevedo ¶ 330; James Savage ¶ 350; Norman Taylor ¶ 381; Ryan Tweed ¶ 392; Pavel Yashin ¶ 414.

### *Facts Related to Washington Commercial Electronic Text Messages*

46.     GoSmith knowingly and willfully sent commercial electronic text messages to the cell phone of 62 Washington-resident Plaintiffs, as set forth below in Section V. Statement of Individualized Facts and Claims.

47.     These 62 Plaintiffs are residents of Washington. *See* Exhibit A.

### *GoSmith Sent the Text Messages*

48.     Many of the text messages included website links such as www.smithjobs-2.com.

49.     These links were custom URLs that redirected to gosmith.com whenever clicked.

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 7 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

50.     The domain gosmith.com was owned and controlled by GoSmith until GoSmith shut it down on January 31, 2020.

### Injury to Plaintiffs

51.     Plaintiffs have lost time and have suffered annoyance, nuisance, and an egregious invasion of their privacy because of Defendants' text messages and calls.

52.     Defendants harmed Plaintiffs in the exact way that Congress sought to prevent by enacting the TCPA when they failed to institute and maintain internal do not call procedures and policies, when they failed to comply with the TCPA's requirements, and when they placed telemarketing text messages to Plaintiffs.

53.     Those Plaintiffs residing in the State of Washington were harmed by Defendants in the exact way the Washington Legislature sought to prevent.

### V.     Statement of Individualized Facts and Claims

54.     Bob Dawson personally owns and uses the cellular phone number xxx-xxx-8008. This number is a residential telephone subscription and is Dawson's personal cell phone. This is the same number Bob Dawson got in high school 17 years ago. Dawson still uses the number for all his personal calls and pays for this phone number from his personal bank account. In the four years preceding 4/22/2020 (the date Dawson's original Complaint was filed), GoSmith sent at least 1,131 telemarketing text messages to Dawson's personal cell phone at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dawson seeks an amount not less than $1,696,500 for at least 1,131 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dawson seeks an amount not less than $565,500 for at least 1,131 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Dawson at least 1,131 commercial text messages in violation of RCW § 19.190.060 for which Dawson seeks an amount not less than $565,500, attorney's fees, injunctive relief, and treble damages.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 8 -
CASE NO. 2:20-CV-00604-RSL

55.    David Abel personally owns and uses the cellular phone number xxx-xxx-1948. This number is a residential telephone subscription and is Abel's personal cell phone.  It is his only phone, on which he makes all of his personal calls. On 5/5/2007, Abel registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Abel's original Complaint was filed), GoSmith sent Abel at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Abel within a 12-month period after Abel was registered on the National Do Not Call Registry, including but not limited to the period between 12/27/2016 and 12/27/2017. Abel seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Abel seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

56.    Terry Adams personally owns and uses the cellular phone number xxx-xxx-1844. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Adams's original Complaint was filed), GoSmith sent Adams at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Adams seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Adams seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

57.    Steven Adickes personally owns and uses the cellular phone number xxx-xxx-5872. This number is Adickes's only phone. He does take business calls on his cellphone for his home-based business and lists this number on his website and business cards, but it is the only phone he uses to talk to family and friends. He mostly pays for it out of his personal bank

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

account, although his business pays for a portion of the monthly bill. Adickes keeps this phone in his residence or on his person and charges it by his bed every night. This number is a residential telephone subscription. On 06/30/2003, Adickes registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Adickes's original Complaint was filed), GoSmith sent Adickes 2 to 3 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Adickes within a 12-month period after Adickes was registered on the National Do Not Call Registry, including but not limited to the period between 02/14/2017 and 02/14/2018. Adickes seeks an amount not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Adickes seeks an amount not less than $155,000 for at least 310 negligent violations of 47 U.S.C. § 227(c).

58.    Sandra Aguilar personally owns and uses the cellular phone number xxx-xxx-6052. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Aguilar's original Complaint was filed), GoSmith sent Aguilar at least 659 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Aguilar seeks an amount not less than $988,500 for at least 659 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Aguilar seeks an amount not less than $329,500 for at least 659 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Aguilar at least 659 commercial text messages in violation of RCW § 19.190.060 for which Aguilar seeks an amount not less than $329,500, attorney's fees, injunctive relief, and treble damages.

59.    Larry Akins personally owns and uses the cellular phone number xxx-xxx-6943. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 10 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

date Akins's original Complaint was filed), GoSmith sent Akins at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Akins seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Akins seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. 227(c).

60.    Oscar Alfaro personally owns and uses the cellular phone number xxx-xxx-8465. This number is a residential telephone subscription. This is Alfaro's only number, and he uses the cell phone for both home and business purposes. Alfaro received more than one text from GoSmith on a daily basis for some time, which stopped when he filed this suit, which caused him frustration and annoyance trying to deal with the spam. In the four years preceding 4/28/2020 (the date Alfaro's original Complaint was filed), GoSmith sent Alfaro at least 109 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Alfaro seeks an amount not less than $163,500 for at least 109 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Alfaro seeks an amount not less than $54,500 for at least 109 negligent violations of 47 U.S.C. § 227(c).

61.    Jeffrey Allen personally owns and uses the cellular phone number xxx-xxx-6224. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Allen seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 11 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

62. Chelena Allen personally owns and uses the cellular phone number xxx-xxx-9608. This number is a residential telephone subscription. On 04/07/2005, Allen registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Allen within a 12-month period after Allen was registered on the National Do Not Call Registry, including but not limited to the period between 05/12/2017 and 05/12/2018. Allen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

63. Robert Allen personally owns and uses the cellular phone number xxx-xxx-4015. This number is a residential telephone subscription which Allen uses for both home and business use in his home-based business. It is his only cell phone. In the four years preceding 4/22/2020 (the date Allen's original Complaint was filed), GoSmith sent Allen between 3 and 4 telemarketing text messages each week at this number, which Allen says, "drove me crazy." GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Allen seeks an amount not less than $225,000 for at least 150 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allen seeks an amount not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(c).

64. Mike Allred personally owns and uses the cellular phone number xxx-xxx-4858. This number is a residential telephone subscription, and this is Allred's only phone. He makes all personal calls from this number and has a separate number for his business which is a landline that has an answering service. Allred does occasionally return after hours and

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 12 -
CASE NO. 2:20-CV-00604-RSL

emergency business calls from his personal cell phone, which is paid for by his business, but makes no personal calls from the business landline and conducts all his personal communication with the cell phone ending in -4858. He keeps the phone by his bed at night and charges it on his nightstand. In the four years preceding 4/22/2020 (the date Allred's original Complaint was filed), GoSmith sent Allred at least 139 telemarketing text messages at this number, at the rate of at least 2 per day for several months. Allred was so irritated with GoSmith's constant harassment that he asked his phone carrier to block the caller. The carrier said to opt out of the texts if the option was offered, but GoSmith did not offer Allred that option. Allred did not purchase anything from GoSmith or give GoSmith permission to contact him. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Allred seeks an amount not less than $208,500 for at least 139 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Allred seeks an amount not less than $69,500 for at least 139 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Allred at least 139 commercial text messages in violation of RCW § 19.190.060 for which Allred seeks an amount not less than $69,500, attorney's fees, injunctive relief, and treble damages.

65.    Dave Anderson personally owns and uses the cellular phone number xxx-xxx-4710. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 122 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $183,000 for at least 122 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $61,000 for at least 122 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Anderson at least 122

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

commercial text messages in violation of RCW § 19.190.060 for which Anderson seeks an amount not less than $61,000, attorney's fees, injunctive relief, and treble damages.

66.    Mark Anderson personally owns and uses the cellular phone number xxx-xxx-4700. This number is a residential telephone subscription and is Anderson's only phone. He uses this number for all his personal calls and keeps it with him at all times. He also uses this number for calls relating to his home-based business. On 4/23/2008, Anderson registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 200 telemarketing text messages at this number and also made numerous telemarketing calls to him at this number. Anderson asked GoSmith to stop sending the messages, replying with "STOP" on multiple occasions, but GoSmith kept contacting his cell phone at this number. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Anderson within a 12-month period after Anderson was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Anderson seeks an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c).

67.    Leo Anderson personally owns and uses the cellular phone number xxx-xxx-5704. This number is a personal, residential telephone subscription and this is his only personal phone. In the four years preceding 4/22/2020 (the date Anderson's original Complaint was filed), GoSmith sent Anderson at least 2,649 telemarketing text messages at this number. Anderson started receiving texts from GoSmith on his personal cell phone at this number while he was working as the project manager for a commercial construction company. He got at least one text per day and sometimes as many as five telemarketing texts per day from GoSmith. He

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 14 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

followed up with a couple of their leads and quickly realized they were not legitimate. Once he expressed interest, GoSmith started calling him to market leads to him in addition to the text messages. Anderson called and asked to be removed many times from GoSmith's list, but the calls and texts kept coming. Anderson complained to friends and family members that he could not get them to stop and how the leads they sent were made up names. GoSmith's calls and texts interrupted many meetings and work situations, and Anderson wasted a minimum of half an hour every time he tried to get them to stop. Anderson complained to his wife, children, and friends about the harassment and the invasion of his privacy. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Anderson seeks an amount not less than $3,973,500 for at least 2,649 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Anderson seeks an amount not less than $1,324,500 for at least 2,649 negligent violations of 47 U.S.C. § 227(c).

68.    Steve Antill personally owns and uses the cellular phone number xxx-xxx-2239. This number is a residential telephone subscription. It is Antill's only phone. He uses this cell phone for all his personal calls. He also uses it in his home-based business. In the four years preceding 4/27/2020 (the date Antill's original Complaint was filed), GoSmith sent Antill at least 69 telemarketing text messages at this number. Anthill remembers getting texts from GoSmith at odd hours and in the middle of the night. Anthill put his phone on silent at night to stop the frequent disruptions because GoSmith's texts would wake him and he would be unable to go back to sleep, causing him frustration and lost productivity. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Antill seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Antill seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

69.    Shelby Axtell personally owns and uses the cellular phone number xxx-xxx-0848. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Axtell's original Complaint was filed), GoSmith sent Axtell at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Axtell seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Axtell seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Axtell at least 45 commercial text messages in violation of RCW § 19.190.060 for which Axtell seeks an amount not less than $22,500, attorney's fees, injunctive relief, and treble damages.

70.    Jon Bahnemann personally owns and uses the cellular phone number xxx-xxx-8343. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Bahnemann's original Complaint was filed), GoSmith sent Bahnemann at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bahnemann seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bahnemann seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

71.    Carlton Baker personally owns and uses the cellular phone number xxx-xxx-4339. This number is a residential telephone subscription. It is Baker's only phone and he pays for it out of his personal bank account. He uses this phone exclusively in his personal calls and with family and friends. In the four years preceding 01/30/2020 (the date Baker's original Complaint was filed), GoSmith sent Baker a few telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 16 -
CASE NO. 2:20-CV-00604-RSL

47 C.F.R. § 64.1200(d). Baker seeks an amount not less than $360,000 for at least 240 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Baker seeks an amount not less than $120,000 for at least 240 negligent violations of 47 U.S.C. § 227(c).

72.    John Ballard personally owns and uses the cellular phone number xxx-xxx-8442. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ballard's original Complaint was filed), GoSmith sent Ballard at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ballard seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ballard seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

73.    Gabriel Barboza personally owns and uses the cellular phone number xxx-xxx-6147. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Barboza's original Complaint was filed), GoSmith sent Barboza at least 1,579 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Barboza seeks an amount not less than $2,368,500 for at least 1,579 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Barboza seeks an amount not less than $789,500 for at least 1,579 negligent violations of 47 U.S.C. § 227(c).

74.    Russ Barnes personally owns and uses the cellular phone number xxx-xxx-8122. This number is a residential telephone subscription and is Mr. Barnes's only phone. He pays for it out of his personal bank account and keeps it by his bed at night. Barnes uses this phone exclusively when contacting friends and family. He also uses this phone with his home-based business. In the four years preceding 1/30/2020 (the date Barnes's original Complaint was filed), GoSmith sent Barnes at least 20 telemarketing text messages at this number. GoSmith

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 17 -
CASE NO. 2:20-CV-00604-RSL

knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Barnes seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Barnes seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

75.     Danny Bashaw personally owns and uses the cellular phone number xxx-xxx-0650. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Bashaw's original Complaint was filed), GoSmith sent Bashaw at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bashaw seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bashaw seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

76.     Christopher Bass personally owns and uses the cellular phone number xxx-xxx-6693. This number is a residential telephone subscription on a personal cell phone plan with Bass's cellphone provider. Bass made all his personal calls on the phone and also occasionally took real estate calls from clients and vendors on his phone. On 6/23/2017, Bass registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Bass's original Complaint was filed), GoSmith sent Bass at least 121 telemarketing text messages and phone calls, a minimum of 2 each week at this number, sometimes more. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bass within a 12-month period after Bass was registered on the National Do Not Call Registry, including but not limited to the period between 8/22/2017 and 8/22/2018. Bass seeks an amount not less than

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 18 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

$181,500 for at least 121 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bass seeks an amount not less than $60,500 for at least 121 negligent violations of 47 U.S.C. § 227(c).

77.    Richard Bayhan personally owns and uses the cellular phone number xxx-xxx-1683. This number is a residential telephone subscription and is Bayhan's personal phone. Bayhan has 2 other lines he uses in his business, and this number is his personal cellphone. In the four years preceding 4/27/2020 (the date Bayhan's original Complaint was filed), GoSmith sent Bayhan at least 63 telemarketing text messages at this number, at a rate of more than 2 per week for many months. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bayhan seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bayhan seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Bayhan at least 63 commercial text messages in violation of RCW § 19.190.060 for which Bayhan seeks an amount not less than $31,500, attorney's fees, injunctive relief, and treble damages.

78.    Maurice Beale personally owns and uses the cellular phone number xxx-xxx-0639. This number is a residential telephone subscription and is Beale's only phone. While he doesn't make many personal calls, when he does, this is the phone he uses. Beale pays for his phone service out of his personal bank account and has his phone on an individual or family plan. He uses this phone number in his home-based business. In the four years preceding 01/30/2020 (the date Beale's original Complaint was filed), GoSmith sent Beale at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beale seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. §

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Beale seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

79.     Kevin Beirne personally owns and uses the cellular phone number xxx-xxx-5143. This number is a residential telephone subscription and Beirne uses this cell phone most of the time, although he does have other phones and numbers for other purposes. Beirne uses this phone for his personal calls to friends and family. In the four years preceding 4/29/2020 (the date Beirne's original Complaint was filed), GoSmith sent Beirne at least 495 telemarketing text messages at this number. GoSmith sent Beirne multiple telemarketing texts daily, both to this phone and to other numbers (which were not included in this calculation - the claims here are only for the texts and calls to the phone number ending in -5143). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beirne seeks an amount not less than $742,500 for at least 495 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beirne seeks an amount not less than $247,500 for at least 495 negligent violations of 47 U.S.C. § 227(c).

80.     Chris Beschen personally owns and uses the cellular phone number xxx-xxx-0719. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Beschen's original Complaint was filed), GoSmith sent Beschen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Beschen seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Beschen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

81.     Rick Bigham personally owns and uses the cellular phone number xxx-xxx-2176. This number is a residential telephone subscription. On 3/25/2015, Bigham registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 20 -
CASE NO. 2:20-CV-00604-RSL

Bigham's original Complaint was filed), GoSmith sent Bigham at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bigham within a 12-month period after Bigham was registered on the National Do Not Call Registry, including but not limited to the period between 6/11/2016 and 6/11/2017. Bigham seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bigham seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

82.    Jesse Bird personally owns and uses the cellular phone number xxx-xxx-7386. This number is a residential telephone subscription. This is Bird's personal cell phone, which he subscribes to under a personal or family plan and pays for out of his personal bank account. He uses this phone, and only this phone, to talk to his family and friends. He carries it with him and charges it on his nightstand by his bed at home. In the four years preceding 1/30/2020 (the date Bird's original Complaint was filed), GoSmith sent Bird at least 2 telemarketing text messages per a week, sometimes more. The telemarketing messages were always for construction or maintenance type jobs. However, Bird is an information technology specialist, and his business is Bird's PC Sales. Bird informed GoSmith that he worked in computer repairs, asked why they kept contacting him, and repeatedly asked GoSmith to stop bothering him and to put his number on their internal Do Not Call list. The telemarketing texts kept coming. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bird seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bird seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 21 -
CASE NO. 2:20-CV-00604-RSL

83.     Narottam Bishop personally owns and uses the cellular phone number xxx-xxx-1080. This number is a residential telephone subscription and is Bishop's only phone. It is a cellphone and is the only phone he uses to talk to family and friends. He pays for it out of his personal bank account and it is on an individual or family plan, not a business plan. On 6/2/2009, Bishop registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Bishop's original Complaint was filed), GoSmith sent Bishop 4 to 5 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bishop within a 12-month period after Bishop was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Bishop seeks an amount not less than $480,000 for at least 320 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bishop seeks an amount not less than $160,000 for at least 320 negligent violations of 47 U.S.C. § 227(c).

84.     Ronald Blakey personally owns and uses the cellular phone number xxx-xxx-4715. This number is a residential telephone subscription and is Blake's only phone. This is the only phone he uses to contact family and friends. He pays for it out of his personal bank account and it is an individual plan, not a business plan, with his phone provider. He keeps this cellphone with him at all times and charges it on his nightstand at night. On 10/21/2008, Blakey registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Blakey's original Complaint was filed), GoSmith sent Blakey at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Blakey within a 12-month period after Blakey was registered on

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 22 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

the National Do Not Call Registry, including but not limited to the period between 5/18/2017 and 11/21/2017. Blakey seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Blakey seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

85.    Andrew Boelman personally owns and uses the cellular phone number xxx-xxx-8329. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Boelman's original Complaint was filed), GoSmith sent Boelman at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boelman seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boelman seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

86.    Vadim Bondar personally owns and uses the cellular phone number xxx-xxx-1612. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Bondar's original Complaint was filed), GoSmith sent Bondar at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Bondar seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Bondar seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

87.    Russ Borne personally owns and uses the cellular phone number xxx-xxx-6999. On 2/1/2008, Borne registered this number on the National Do Not Call Registry.  This number now forwards to Borne's only phone, a cell phone, where he takes all calls (both personal calls and calls related to his home-based business, Pyro Plus Construction). In the four years preceding 4/27/2020 (the date Borne's original Complaint was filed), GoSmith sent Borne at

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

least 30 telemarketing text messages at this number. On information and belief, Borne believes the actual number to be much greater, having received so many spam calls and texts from GoSmith that he called it "pathetic." GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Borne within a 12-month period after Borne was registered on the National Do Not Call Registry, including but not limited to the period between 10/31/2016 and 8/4/2017. Borne seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Borne seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(c).

88.    Christopher Bouthner personally owns and uses the cellular phone number xxx-xxx-5227. This number is a residential telephone subscription and is Bouthner's only phone. This is the only number he has and is the phone he keeps on his person at all times. It is the same number he uses to make all his personal calls. He also takes business calls relating to his home-based business at this number. In the four years preceding 4/21/2020 (the date Bouthner's original Complaint was filed), GoSmith sent Bouthner at least 985 telemarketing text messages at this number. GoSmith sent Bouthner an average of 5-6 telemarketing text messages and calls each week, and sometimes sent as many as two per day. Bouthner tried to return GoSmith's calls to tell them to stop contacting him, but no one ever answered his calls to the same numbers from which they had called and texted him, indicating that an automatic service was texting and calling him instead of someone placing manual calls or texts. In addition, Bouthner replied to many of GoSmith's texts, asking them to stop texting him and telling GoSmith he was not interested in their service, but the texts and calls did not stop until Bouthner filed this suit, but Bouthner suffered years of irritation and annoyance. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 24 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

§ 64.1200(d). Bouthner seeks an amount not less than $1,477,500 for at least 985 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bouthner seeks an amount not less than $492,500 for at least 985 negligent violations of 47 U.S.C. § 227(c).

89.    Gary Bowlby personally owns and uses the cellular phone number xxx-xxx-9060. This number is a residential telephone subscription that is Bowlby's only phone. He uses it for all his personal calls and the business calls relating to his home-based business, which he pays for with both his personal and business funds. On 11/12/2004, Bowlby registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Bowlby's original Complaint was filed), GoSmith sent Bowlby at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Bowlby within a 12-month period after Bowlby was registered on the National Do Not Call Registry, including but not limited to the period between 5/6/2017 and 7/21/2017. Bowlby seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bowlby seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

90.    James Bowlin personally owns and uses the cellular phone number xxx-xxx-5759. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Bowlin's original Complaint was filed), GoSmith sent Bowlin at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bowlin seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bowlin seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 25 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

91.     James Boyd personally owns and uses the cellular phone number xxx-xxx-5743. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Boyd's original Complaint was filed), GoSmith sent Boyd at least 519 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Boyd seeks an amount not less than $778,500 for at least 519 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Boyd seeks an amount not less than $259,500 for at least 519 negligent violations of 47 U.S.C. § 227(c).

92.     Mark Bradley personally owns and uses the cellular phone number xxx-xxx-9368. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Bradley's original Complaint was filed), GoSmith sent Bradley at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Bradley seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Bradley seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).Finally, GoSmith sent Bradley at least 13 commercial text messages in violation of RCW § 19.190.060 for which Bradley seeks an amount not less than $6,500, attorney's fees, injunctive relief, and treble damages.

93.     Shawn Braley Sr. personally owns and uses the cellular phone number xxx-xxx-8278. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Braley Sr.'s original Complaint was filed), GoSmith sent Braley Sr. at least 38 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Braley Sr. seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 26 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Braley Sr. seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

94.     Mark Brown personally owns and uses the cellular phone number xxx-xxx-0432. This number is a residential telephone subscription that Brown registered on the National Do Not Call Registry on 2/3/2006. In the four years preceding 4/27/2020 (the date Brown's original Complaint was filed), GoSmith sent Brown at least 7 telemarketing text messages to his cellphone at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Brown within a 12-month period after Brown was registered on the National Do Not Call Registry, including but not limited to the period between 7/3/2017 and 7/3/2018. Finally, GoSmith sent Brown at least 7 commercial text messages in violation of RCW 19.190.060 for which Brown seeks an amount not less than $3,500. Finally, GoSmith sent Brown at least 7 commercial text messages in violation of RCW § 19.190.060 for which Brown seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

95.     Tracy Browning personally owns and uses the cellular phone number xxx-xxx-1271. This number is a residential telephone subscription. It is Browning's personal cellphone and is strictly for personal use. In the four years preceding 4/27/2020 (the date Browning's original Complaint was filed), GoSmith sent Browning at least 18 telemarketing text messages and an unknown number of telemarketing calls to her cellphone at this number. Browning does not know why GoSmith was contacting her, as she did not request the calls or texts and never gave consent to be contacted by GoSmith. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Browning seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 27 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

U.S.C. § 227(c). Alternatively, Browning seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

96.    Jon Buck personally owns and uses the cellular phone number xxx-xxx-2746. This number is a residential telephone subscription. This phone number is Buck's cellphone number. It is his only phone and he uses it for all his personal calls to family and friends, as well as in calls relating to his home-based business. In the four years preceding 4/22/2020 (the date Buck's original Complaint was filed), GoSmith sent Buck at least 70 telemarketing text messages and an unknown number of telemarketing calls to his cellphone at this number. GoSmith called and texted Buck at least 20 times a month for several months, enough that Buck found the calls harassing and "super annoying." Buck tried to get the calls and texts to stop, to no avail. GoSmith would not relent, despite his repeated requests and attempts to stop the texts and calls. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Buck seeks an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Buck seeks an amount not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(c).

97.    Roger Burt personally owns and uses the cellular phone number xxx-xxx-1585. This number is a residential telephone subscription. On 5/14/2008, Burt registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Burt's original Complaint was filed), GoSmith sent Burt at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Burt within a 12-month period after Burt was registered on the National Do Not Call Registry, including but not limited to the period between 12/8/2016 and 7/21/2017. Burt seeks an amount not less than

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 28 -
CASE NO. 2:20-CV-00604-RSL

$9,000 for at least 6 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Burt seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. 227(c).

98.    Michael Byers personally owns and uses the cellular phone number xxx-xxx-6663. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Byers's original Complaint was filed), GoSmith sent Byers at least 49 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Byers seeks an amount not less than $73,500 for at least 49 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Byers seeks an amount not less than $24,500 for at least 49 negligent violations of 47 U.S.C. § 227(c).

99.    William Troy Cain personally owns and uses the cellular phone number xxx-xxx-5566. This number is a residential telephone and is Cain's only phone. It is subscribed to a family plan with his cellphone carrier, which Cain pays for out of his personal bank account, and his wife and children have phones on the same family plan. In the four years preceding 1/30/2020 (the date Cain's original Complaint was filed), GoSmith sent Cain at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cain seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cain seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

100.    Luis Campuzano personally owns and uses the cellular phone number xxx-xxx-1117. This number is a residential telephone subscription and is Campuzano's personal cell phone. He makes all his personal calls with friends and family with this phone and has a separate phone number that he uses for his business. He does occasionally take business calls on his personal phone, but this is the phone he keeps with him at all times and charges in his

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 29 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

home. In the four years preceding 4/21/2020 (the date Campuzano's original Complaint was filed), GoSmith made at least 629 telemarketing calls and text messages to Campuzano at his personal cell phone at this number. Campuzano was extremely frustrated with these calls and texts, which he did not invite and did not consent to receive from GoSmith. GoSmith made between 7-10 telemarketing calls and texts to Campuzano's personal phone each week. GoSmith knowingly and willfully sent these text messages and made these calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Campuzano seeks an amount not less than $943,500 for at least 629 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Campuzano seeks an amount not less than $314,500 for at least 629 negligent violations of 47 U.S.C. § 227(c).

101.    Amiee Cannon personally owns and uses the cellular phone number xxx-xxx-4952. This number is a residential telephone subscription, which is on a personal plan with Cannon's cellphone service provider. This is her only phone, which she uses for all her personal calls. Cannon once had a home-based business, but it has been closed for many years now. In the four years preceding 4/28/2020 (the date Cannon's original Complaint was filed), GoSmith sent Cannon at least 20 telemarketing text messages and an unknown number of telemarketing calls at this number, without Cannon's permission, consent, or invitation. Cannon told GoSmith to stop calling and texting her, but GoSmith would not stop and kept annoying her. GoSmith knowingly and willfully sent these text messages and made these calls to Cannon without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cannon seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cannon seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

102.    Richard Keith Carlson personally owns and uses the cellular phone number xxx-xxx-4916. This number is a residential telephone subscription that is on a personal or family

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 30 -
CASE NO. 2:20-CV-00604-RSL

plan with Carlson's cellphone service provider. Carlson uses this phone for all his personal calls and carries the cellphone with him at all times. He charges it every night in his bedroom. He also takes calls related to his home-based business with this phone and his business pays for the service as a benefit. In the four years preceding 01/30/2020 (the date Carlson's original Complaint was filed), GoSmith sent Carlson at least 25 telemarketing text messages and made an unknown number of telemarketing calls to Carlson's personal cellphone at this number. Upon information and belief, the actual number of calls and texts is much, much higher. Carlson could not get the calls and texts from GoSmith to stop, and on 05/26/2018, Carlson registered this number on the National Do Not Call Registry. GoSmith continued to call and text him despite his presence on the Do Not Call Registry. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Carlson within a 12-month period after Carlson was registered on the National Do Not Call Registry, including but not limited to the period between 05/26/2018 and 05/26/2019. Carlson seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Carlson seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

103.    Josh Carrion personally owns and uses the cellular phone number xxx-xxx-8500. This number is a residential telephone subscription. On 2/12/2019, Carrion registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Carrion's original Complaint was filed), GoSmith sent Carrion at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Carrion within a 12-month period after Carrion was registered on the National Do Not Call

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 31 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Registry, including but not limited to the period between 2/12/2019 and 1/30/2020. Carrion seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Carrion seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

104.   Joel Cerv personally owns and uses the cellular phone number xxx-xxx-1666. This number is a residential telephone subscription. On 7/18/2007, Cerv registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Cerv's original Complaint was filed), GoSmith sent Cerv at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cerv within a 12-month period after Cerv was registered on the National Do Not Call Registry, including but not limited to the period between 5/2/2017 and 6/24/2017. Cerv seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cerv seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

105.   Nathan Chennette personally owns and uses the cellular phone number xxx-xxx-5540. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Chennette's original Complaint was filed), GoSmith sent Chennette at least 185 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Chennette seeks an amount not less than $277,500 for at least 185 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Chennette seeks an amount not less than $92,500 for at least 185 negligent violations of 47 U.S.C. 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 32 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

106. Roman Chernichenko personally owns and uses the cellular phone number xxx-xxx-0024. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Chernichenko's original Complaint was filed), GoSmith sent Chernichenko at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Chernichenko seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Chernichenko seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Chernichenko at least 19 commercial text messages in violation of RCW § 19.190.060 for which Chernichenko seeks an amount not less than $9,500, attorney's fees, injunctive relief, and treble damages.

107. Ted Christiansen personally owns and uses the cellular phone number xxx-xxx-1390. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Christiansen's original Complaint was filed), GoSmith sent Christiansen at least 517 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Christiansen seeks an amount not less than $775,500 for at least 517 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Christiansen seeks an amount not less than $258,500 for at least 517 negligent violations of 47 U.S.C. § 227(c).

108. Sean Clarke personally owns and uses the cellular phone number xxx-xxx-0684. This number is a residential telephone subscription  and is Clarke's personal cell phone. In fact, his cellphone service provider does not even offer business subscriptions. He pays for it out of his own account and keeps it with him all the time. Clarke makes his personal calls to family and friends with this phone and also makes calls related to his home-based business with this number. On 10/26/2018, Clarke registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Clarke's original Complaint was filed),

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 33 -
CASE NO. 2:20-CV-00604-RSL

GoSmith sent Clarke at least 16 telemarketing text messages at this number. Upon information and belief, the actual number is much higher. Clarke received several text messages a day initially, with a pause of about a week, and then renewed messages the following week. Out of frustration, Clarke signed up for the Do Not Call Registry, which seemed to have no effect. Clarke then began actively reporting frequent spammers (several numbers which belonged to Defendants) to ftc.gov over a period of 6-8 months. The number of Defendants' violations gradually declined in frequency after he did so. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clarke within a 12-month period after Clarke was registered on the National Do Not Call Registry, including but not limited to the period between 10/26/2018 and 10/26/2019. Clarke seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clarke seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

109. Russell Clegg personally owns and uses the cellular phone number xxx-xxx-5260. This number is a residential telephone subscription and is Clegg's personal cell phone. He pays for it out of his personal account and takes it with him everywhere. Clegg only uses his cellphone to talk to his wife, for emergencies, or for making calls related to his home-based business. In the four years preceding 4/22/2020 (the date Clegg's original Complaint was filed), GoSmith sent Clegg's personal cellphone at least 81 telemarketing text messages. On 8/24/2019, Clegg registered this number on the National Do Not Call Registry, but the messages from GoSmith did not stop. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clegg within a 12-month period after Clegg was registered on the

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 34 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

National Do Not Call Registry, including but not limited to the period between 9/24/2019 and 1/30/2020. Clegg seeks an amount not less than $121,500 for at least 81 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clegg seeks an amount not less than $40,500 for at least 81 negligent violations of 47 U.S.C. § 227(c).

110.    Lloyd Clements personally owns and uses the cellular phone number xxx-xxx-6021. This number is a residential telephone subscription. On 6/24/2008, Clements registered this number on the National Do Not Call Registry. In the four years preceding 4/30/2020 (the date Clements's original Complaint was filed), GoSmith sent Clements at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Clements within a 12-month period after Clements was registered on the National Do Not Call Registry, including but not limited to the period between 4/30/2016 and 4/30/2017. Clements seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Clements seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. § 227(c).

111.    Pietro Coco personally owns and uses the cellular phone number xxx-xxx-2436. This number is a residential telephone subscription and is Coco's personal cellphone. Coco has other virtual numbers he uses with apps that forward to his cellphone for business use with his home-based business, which other lines he can distinguish from calls and texts to his personal line. On 01/06/2009, Coco registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Coco's original Complaint was filed), GoSmith sent Coco's personal number at least 2 telemarketing text messages. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 35 -
CASE NO. 2:20-CV-00604-RSL

knowingly and willfully sent at least 2 text messages to Coco within a 12-month period after Coco was registered on the National Do Not Call Registry, including but not limited to the period between 06/08/2017 and 06/08/2018. Coco seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Coco seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

112.    Chris Cole personally owns and uses the cellular phone number xxx-xxx-4210. This number is a residential telephone subscription and is on an individual plan with Cole's cellphone service provider. It is Cole's only phone and he charges it on his nightstand every night. He pays for it out of the proceeds for his home-based business and when he retires, he will no longer have a personal cell phone. The phone he has now, with the number ending in -4210, is the phone he uses for all his communications. In the four years preceding 01/30/2020 (the date Cole's original Complaint was filed), GoSmith sent Cole at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cole seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cole seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

113.    Joseph Collins personally owns and uses the cellular phone number xxx-xxx-6213. This number is a residential telephone subscription in Collins's name. On 10/24/2008, Collins registered this number on the National Do Not Call Registry. However, in the four years preceding 01/30/2020 (the date Collins's original Complaint was filed), GoSmith sent Collins at least 380 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Collins within a 12-month period after Collins was registered on the National Do Not Call Registry, including but not limited to the

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 36 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

period between 06/09/2016 and 06/09/2017. Collins seeks an amount not less than $570,000 for at least 380 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Collins seeks an amount not less than $190,000 for at least 380 negligent violations of 47 U.S.C. § 227(c).

114.     Jeremy Collins personally owns and uses the cellular phone number xxx-xxx-0849. This number is a residential telephone subscription and is Collins's only phone. He pays for this cellphone and its service out of his personal bank account and it is on a personal or family line with his cellphone service provider. He keeps it with him at all times and charges it in his room at night. He makes all personal calls with this phone. In the four years preceding 01/30/2020 (the date Collins's original Complaint was filed), GoSmith sent Collins at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Collins seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Collins seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

115.     Paul Collis personally owns and uses the cellular phone number xxx-xxx-6395. This number is a residential telephone subscription and is Collis's personal cell phone. He has an individual or family plan with his cellphone service provider and uses this phone for all his personal calls in addition to call relating to his home-based business. In the four years preceding 01/30/2020 (the date Collis's original Complaint was filed), GoSmith sent Collis at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Collis seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Collis seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 37 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

116.    Nathan Collord personally owns and uses the cellular phone number xxx-xxx-9554. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Collord's original Complaint was filed), GoSmith sent Collord at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Collord seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Collord seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Collord at least 22 commercial text messages in violation of RCW § 19.190.060 for which Collord seeks an amount not less than $11,000, attorney's fees, injunctive relief, and treble damages.

117.    Michael Compton personally owns and uses the cellular phone number xxx-xxx-7574. This number is a residential telephone subscription and it is Compton's personal cell phone. He uses the phone in his home-based business, but it is also the phone he uses for all his personal calls and is paid for out of his personal bank account. He takes it everywhere with him and charges it in his room at night. On 05/21/2008, Compton registered this number on the National Do Not Call Registry. Despite this long history on the Do Not Call Registry, in the four years preceding 01/30/2020 (the date Compton's original Complaint was filed), GoSmith sent Compton at least 26 telemarketing text messages at this number. Compton received at least 2 telemarketing solicitations from GoSmith each week, asking him to buy their leads, which he never did. Compton has two phone numbers registered to the same personal cell phone. The second number, xxx-xxx-5176, also received telemarketing texts from GoSmith, directed at Compton. Compton had registered this second number on the National Do Not Call Registry on 8/19/2015. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to both

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 38 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

of Compton's cell phone numbers within a 12-month period after Compton was registered on the National Do Not Call Registry, including but not limited to the period between 05/08/2017 and 05/08/2018. Compton seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Compton seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c).

118.    Jessica Conde personally owns and uses the cellular phone number xxx-xxx-6726. This number is a residential telephone subscription. In the four years preceding 01/30/2020 (the date Conde's original Complaint was filed), GoSmith sent Conde at least 290 telemarketing text messages at this number. Defendants sent Conde messages several times a day, Monday through Friday, for over a year. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Conde seeks an amount not less than $435,000 for at least 290 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Conde seeks an amount not less than $145,000 for at least 290 negligent violations of 47 U.S.C. § 227(c).

119.    Willie Conklin personally owns and uses the cellular phone number xxx-xxx-9548. This number is a residential telephone subscription and is Conklin's only phone. Conklin pays for his cellular service through a family plan with his cellphone service provider. He pays for the phone through his personal bank account. He does occasionally receive calls relating to his home-based business, but he makes all of his personal calls with this phone. In the four years preceding 4/22/2020 (the date Conklin's original Complaint was filed), GoSmith sent Conklin at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Conklin seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Conklin seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Conklin at

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 39 -
CASE NO. 2:20-CV-00604-RSL

least 15 commercial text messages in violation of RCW § 19.190.060 for which Conklin seeks an amount not less than $7,500, attorney's fees, injunctive relief, and treble damages.

120.    Brent Cook personally owns and uses the cellular phone number xxx-xxx-0497. his number is a residential telephone subscription and is Cook's personal cell phone, with which he makes all of his personal calls. He carries the phone at all times and charges it in his home at night. He also uses it for calls relating to his home-based business, but his business has a different, dedicated office line. In the four years preceding 11/18/2020 (the date Cook's original Complaint was filed), GoSmith sent Cook at least 380 telemarketing text messages at this number, at least once every day. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cook seeks an amount not less than $570,000 for at least 380 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cook seeks an amount not less than $190,000 for at least 380 negligent violations of 47 U.S.C. § 227(c).

121.    Christina Cooke-Mayrant personally owns and uses the cellular phone number xxx-xxx-2839. This number is a residential telephone subscription and is Cooke-Mayrant's only phone. She has a family or individual plan with the cellphone service provider and pays for the phone through her personal bank account. In the four years preceding 1/30/2020 (the date Cooke-Mayrant's original Complaint was filed), GoSmith sent Cooke-Mayrant at least 68 telemarketing text messages at this number, trying to sell her painting and construction leads. Cooke-Mayrant was a realtor. She did not sign up for or request GoSmith's solicitations to her personal cell phone. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cooke-Mayrant seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cooke-Mayrant seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 40 -
CASE NO. 2:20-CV-00604-RSL

122.    Ron Cooper personally owns and uses the cellular phone number xxx-xxx-8678. This number is a residential telephone subscription and is Cooper's only phone. He pays for it out of his personal bank account and makes all of his personal calls with this phone, charging at night in his home. In the four years preceding 4/27/2020 (the date Cooper's original Complaint was filed), GoSmith sent Cooper at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cooper seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cooper seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Cooper at least 45 commercial text messages in violation of RCW § 19.190.060 for which Cooper seeks an amount not less than $22,500, attorney's fees, injunctive relief, and treble damages.

123.    Donald Coover personally owns and uses the cellular phone number xxx-xxx-9792. This number is a residential telephone subscription and is Coover's only phone, which he pays for out of his personal bank account and with which he makes all of his personal calls and also makes calls relating to his home-based business. On 8/30/2003, Coover registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Coover's original Complaint was filed), GoSmith sent Coover at least 68 telemarketing text messages at this number, at least two a week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Coover within a 12-month period after Coover was registered on the National Do Not Call Registry, including but not limited to the period between 2/16/2017 and 10/10/2017. Coover seeks an amount not less than $102,000 for at least 68 knowing and willful

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

violations of 47 U.S.C. § 227(c). Alternatively, Coover seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

124.    Hoshea Cordowin personally owns and uses the cellular phone number xxx-xxx-7359. This number is a residential telephone subscription. On 1/29/2008, Cordowin registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Cordowin's original Complaint was filed), GoSmith sent Cordowin at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cordowin within a 12-month period after Cordowin was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Cordowin seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cordowin seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

125.    William Corette, Jr. personally owns and uses the cellular phone number xxx-xxx-0043. This number is a residential telephone subscription. On 6/16/2006, Corette, Jr. registered this number on the National Do Not Call Registry. In the four years preceding 4/24/2020 (the date Corette, Jr.'s original Complaint was filed), GoSmith sent Corette, Jr. at least 7 telemarketing text messages at this number, although, upon information and belief, the actual number of messages is much higher. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Corette, Jr. within a 12-month period after Corette, Jr. was registered on the National Do Not Call Registry, including but not limited to the period between 6/28/2017 and 6/28/2018. Corette, Jr. seeks an amount not less than $10,500 for at least 7

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 42 -
CASE NO. 2:20-CV-00604-RSL

knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Corette, Jr. seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

126.    Regina Corley personally owns and uses the cellular phone number xxx-xxx-9253. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Corley's original Complaint was filed), GoSmith sent Corley at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Corley seeks an amount not less than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Corley seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c).

127.    Andrew Correa personally owns and uses the cellular phone number xxx-xxx-8857. This number is a residential telephone subscription and Correa's only cellphone. It is the phone on which he makes all of his personal calls, although he does take some business calls relating to his home-based business on this line as well. It is a personal or family plan with Correa's cellphone service provider, and Correa keeps the phone with him and charges it in his room at night. In the four years preceding 01/30/2020 (the date Correa's original Complaint was filed), GoSmith sent Correa at least 155 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Correa seeks an amount not less than $232,500 for at least 155 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Correa seeks an amount not less than $77,500 for at least 155 negligent violations of 47 U.S.C. § 227(c).

128.    Raymond Covington personally owns and uses the cellular phone number xxx-xxx-3719. This number is a residential telephone subscription and is Covington's only phone. He uses it for all his personal calls and it is on a personal or family cellular service plan. In the four years preceding 4/22/2020 (the date Covington's original Complaint was filed), GoSmith

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 43 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

sent Covington at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Covington seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Covington seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Covington at least 24 commercial text messages in violation of RCW § 19.190.060 for which Covington seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

129.    Brian Cox is a veteran who personally owns and uses the cellular phone number xxx-xxx-6670. This number is a residential telephone subscription and is Cox's only phone. His wife and children have their own phones and Cox and his family share a family plan with their cellular service provider. Cox uses his phone for all his personal calls and makes some calls relating to his home-based business with it, but it is his personal phone which he carries with him and charges in his room at night. On 08/22/2005, Cox registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Cox's original Complaint was filed), GoSmith sent Cox at least 38 telemarketing text messages at this number, sending at least 1-2 messages a day for several weeks. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cox within a 12-month period after Cox was registered on the National Do Not Call Registry, including but not limited to the period between 10/04/2017 and 06/26/2018. Cox seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cox seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 44 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

130.    Maurice Crabbe personally owns and uses the cellular phone number xxx-xxx-9483. This number is a residential telephone subscription and is Crabbe's personal cell phone, which he uses for all his personal calls and also in his home-based business. On 06/14/2009, Crabbe registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Crabbe's original Complaint was filed), GoSmith sent Crabbe at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Crabbe within a 12-month period after Crabbe was registered on the National Do Not Call Registry, including but not limited to the period between 07/04/2017 and 07/04/2018. Crabbe seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Crabbe seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(c)

131.    Brian Cramer personally owns and uses the cellular phone number xxx-xxx-9368. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Cramer's original Complaint was filed), GoSmith sent Cramer at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Cramer seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cramer seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

132.    Jim Crites personally owns and uses the cellular phone number xxx-xxx-0427. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Crites's original Complaint was filed), GoSmith sent Crites at least 221 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 45 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Crites seeks an amount not less than $331,500 for at least 221 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Crites seeks an amount not less than $110,500 for at least 221 negligent violations of 47 U.S.C. § 227(c).

133.    Tammy Cunningham personally owns and uses the cellular phone number xxx-xxx-1868. This number is a residential telephone subscription. On 5/13/2010, Cunningham registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Cunningham's original Complaint was filed), GoSmith sent Cunningham at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Cunningham within a 12-month period after Cunningham was registered on the National Do Not Call Registry, including but not limited to the period between 5/23/2017 and 5/23/2018. Cunningham seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Cunningham seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

134.    John Daschofsky personally owns and uses the cellular phone number xxx-xxx-5658. This number is a residential telephone subscription and is Daschofsky's personal cellphone, which he pays for out of his personal bank account. Daschofsky has only one phone for all of his communication needs and keeps this phone with him, charging it in his room at night. He makes all of his personal calls using this phone number. In the four years preceding 4/22/2020 (the date Daschofsky's original Complaint was filed), GoSmith sent Daschofsky at least 41 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Daschofsky

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 46 -
CASE NO. 2:20-CV-00604-RSL

seeks an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Daschofsky seeks an amount not less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Daschofsky at least 41 commercial text messages in violation of RCW § 19.190.060 for which Daschofsky seeks an amount not less than $20,500, attorney's fees, injunctive relief, and treble damages.

135.    Clint Davis personally owns and uses the cellular phone number xxx-xxx-7093. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Davis's original Complaint was filed), GoSmith sent Davis at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Davis seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Davis seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

136.    Jesse Debartolo personally owns and uses the cellular phone number xxx-xxx-7673. This number is a residential telephone subscription and is Debartolo's only phone. He uses this cellphone for all his personal calls and charges it in his room at night. He pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Debartolo's original Complaint was filed), GoSmith sent Debartolo at least 24 telemarketing text messages at this number. Debartolo did not return any of the calls or request or invite GoSmith's solicitations. He never gave GoSmith consent to text him, and GoSmith's texts were a source of constant annoyance to Debartolo. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Debartolo seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Debartolo seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Debartolo at least 24 commercial text

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 47 -
CASE NO. 2:20-CV-00604-RSL

messages in violation of RCW § 19.190.060 for which Debartolo seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

137.    John Desider personally owns and uses the cellular phone number xxx-xxx-9529. This is Desider's personal cellphone and he makes all of his calls with it. It is with him 24/7 and he does also use this number in his home-based business. In the four years preceding 01/30/2020 (the date Desider's original Complaint was filed), GoSmith sent Desider at least 112 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Desider seeks an amount not less than $168,000 for at least 112 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Desider seeks an amount not less than $56,000 for at least 112 negligent violations of 47 U.S.C. § 227(c).

138.    Steven Dick personally owns and uses the cellular phone number xxx-xxx-2219. This number is a residential telephone subscription. On 11/28/2013, Dick registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Dick's original Complaint was filed), GoSmith sent Dick at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dick within a 12-month period after Dick was registered on the National Do Not Call Registry, including but not limited to the period between 12/28/2016 and 8/3/2017. Dick seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Dick seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. 227(c).

139.    Byron Dickerson personally owns and uses the cellular phone number xxx-xxx-7721. This number is a residential telephone subscription. On 11/3/2018, Dickerson registered

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 48 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Dickerson's original Complaint was filed), GoSmith sent Dickerson at least 250 telemarketing text messages to his personal cell phone at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dickerson within a 12-month period after Dickerson was registered on the National Do Not Call Registry, including but not limited to the period between 11/3/2018 and 11/3/2019. Dickerson seeks an amount not less than $375,000 for at least 250 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dickerson seeks an amount not less than $125,000 for at least 250 negligent violations of 47 U.S.C. § 227(c).

140.    Nicholas DiGiuseppe personally owns and uses the cellular phone number xxx-xxx-7110. This number is a residential telephone subscription and is DiGiuseppe's only phone. It is a cellphone and DiGiuseppe uses it to make all his personal calls. He keeps it with him during the day and charges it in his room at night. In the four years preceding 4/28/2020 (the date DiGiuseppe's original Complaint was filed), GoSmith sent DiGiuseppe at least 312 telemarketing text messages at this number, at least one to two messages a day. The harassment went on for over a year, and DiGiuseppe complained to wife about GoSmith's texts. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). DiGiuseppe seeks an amount not less than $468,000 for at least 312 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, DiGiuseppe seeks an amount not less than $156,000 for at least 312 negligent violations of 47 U.S.C. § 227(c).

141.    David Dilmore personally owns and uses the cellular phone number xxx-xxx-6178. This number is a residential telephone subscription and it is his only phone. Dilmore makes all his personal calls with this phone, carries it with him, and charges it in his home. On

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 49 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

11/26/2008, Dilmore registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Dilmore's original Complaint was filed), GoSmith sent Dilmore at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dilmore within a 12-month period after Dilmore was registered on the National Do Not Call Registry, including but not limited to the period between 06/16/2017 and 06/22/2017. Dilmore seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dilmore seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

142.    Dustin Diteman personally owns and uses the cellular phone number xxx-xxx-0477. This number is a residential telephone subscription and is Diteman's only phone. He uses this number for all his personal calls, carries the phone on him the majority of the time, and charges it at night in his home. It is registered in his personal name under and individual or family plan with his cellular service provider, and Diteman pays for it out of his personal bank account. In the four years preceding 4/24/2020 (the date Diteman's original Complaint was filed), GoSmith sent Diteman at least 46 telemarketing text messages at this number. Diteman found the texts very annoying and was forced to drop what he was doing to deal with the texts and try to stop them. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Diteman seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Diteman seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c).

143.    Andy Ditz personally owns and uses the cellular phone number xxx-xxx-4200. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 50 -
CASE NO. 2:20-CV-00604-RSL

date Ditz's original Complaint was filed), GoSmith sent Ditz at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ditz seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ditz seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

144.    Kristopher Dixon personally owns and uses the cellular phone number xxx-xxx-0676. This number is a residential telephone subscription and is Dixon's only phone. This cellphone is the phone he makes all his personal calls with. In the four years preceding 1/30/2020 (the date Dixon's original Complaint was filed), GoSmith sent Dixon at least 88 telemarketing text messages at this number. Upon information and belief, the actual number of messages is much higher. There were times when Dixon received as many as five text messages a day from GoSmith, for weeks at a time. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dixon seeks an amount not less than $132,000 for at least 88 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dixon seeks an amount not less than $44,000 for at least 88 negligent violations of 47 U.S.C. § 227(c).

145.    Raymond Dodge Jr. personally owns and uses the cellular phone number xxx-xxx-0944. This number is a residential telephone subscription and is Dodge's personal cellphone, on which he makes his personal calls. On 10/11/2009, Dodge Jr registered this number on the National Do Not Call Registry. Despite his longtime presence on the Do Not Call List, in the four years preceding 4/27/2020 (the date Dodge Jr's original Complaint was filed), GoSmith sent at least 456 telemarketing text messages and telemarketing phone calls to Dodge's personal cell phone at this number. GoSmith would call Dodge while he was on a call with customer, which sometimes caused Dodge to lose the original call when he answered GoSmith's calls. Sometimes GoSmith kept Dodge on hold for over an hour or more while he

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 51 -
CASE NO. 2:20-CV-00604-RSL

attempted to have them remove his number from their internal do not call list. GoSmith's live agents were very pushy. Every time he spoke with them, Dodge told them he wasn't interested, but GoSmith kept texting and calling him, harassing him nearly daily. GoSmith would call and text between 2-6 times per week, and Dodge estimates that they cost him hundreds of hours of lost productivity. GoSmith finally stopped harassing Dodge when he filed this suit against them. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dodge Jr within a 12-month period after Dodge Jr was registered on the National Do Not Call Registry, including but not limited to the period between 3/3/2017 and 3/3/2018. Dodge Jr seeks an amount not less than $684,000 for at least 456 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dodge Jr seeks an amount not less than $228,000 for at least 456 negligent violations of 47 U.S.C. § 227(c).

146.    Michael Doherty personally owns and uses the cellular phone number xxx-xxx-2468.This number is Doherty's personal, residential telephone subscription that Doherty has used in a home-based business. Doherty was a resident of Alaska at the time of these events, although he has since moved to Pennsylvania. In the four years preceding 4/30/2020 (the date Doherty's original Complaint was filed), Defendants knowingly sent at least 29 telemarketing text messages to Doherty at this number, without first obtaining Doherty's prior express consent in any form. On information and belief, the actual number of violations is much higher.  GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Doherty seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Doherty seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 52 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

147.     David Dorsette personally owns and uses the cellular phone number xxx-xxx-3757. This number is a residential telephone subscription and is Dorsette's only phone. He uses this phone for all his personal calls and keeps it with him, charging it in his room at night. He pays for it out of his personal account. On 04/28/2007, Dorsette registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Dorsette's original Complaint was filed), GoSmith sent Dorsette at least 60 telemarketing text messages at this number. Upon information and belief, the actual number of violations is much, much higher. For example, in just one six-week period, Defendants texted Dorsette multiple times a day, despite Dorsette's urgent efforts to get GoSmith to stop sending the messages. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Dorsette within a 12-month period after Dorsette was registered on the National Do Not Call Registry, including but not limited to the period between 06/15/2017 and 07/27/2017. Dorsette seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dorsette seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c).

148.     Gregory Douglas personally owns and uses the cellular phone number xxx-xxx-6010. This number is Douglas's personal cellphone and is the only phone he uses to make all his personal calls. He carries it with him at all times and charges it in his room at night. He also uses this phone for work calls with his home-based business, although the business has 3 other dedicated lines. On 9/8/2018, Douglas registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Douglas's original Complaint was filed), GoSmith sent Douglas at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

§ 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Douglas within a 12-month period after Douglas was registered on the National Do Not Call Registry, including but not limited to the period between 9/8/2018 and 9/8/2019. Douglas seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Douglas seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

149.    Russell Dregne personally owns and uses the cellular phone number xxx-xxx-2461. This number is a residential telephone subscription that is Dregne's only phone. He uses this phone for all his personal calls and pays for it out of his personal account. He keeps it with him and charges it in his home at night. In the four years preceding 4/28/2020 (the date Dregne's original Complaint was filed), GoSmith sent Dregne at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dregne seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dregne seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

150.    Roni Duncan-Brown personally owns and uses the cellular phone number xxx-xxx-6315. This number is a residential telephone subscription that is Duncan-Brown's only phone. Duncan-Brown uses this cellphone for all personal calls and occasionally for home-based business calls. On 04/10/2015, Duncan-Brown registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Duncan-Brown's original Complaint was filed), GoSmith sent Duncan-Brown at least 2 telemarketing text messages per month at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 54 -
CASE NO. 2:20-CV-00604-RSL

messages to Duncan-Brown within a 12-month period after Duncan-Brown was registered on the National Do Not Call Registry, including but not limited to the period between 05/16/2017 and 05/16/2018. Duncan-Brown seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Duncan-Brown seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(c).

151.    Rachael Dunn personally owns and uses the cellular phone number xxx-xxx-3356. This number is a residential telephone subscription and is Dunn's only phone. She makes all her personal calls with this phone, pays for it out of her personal bank account, keeps it with her at all times, and charges it at night in her room. It is a personal or family plan with her cellular service provider. She also uses it for calls with her home-based business. In the four years preceding 4/28/2020 (the date Dunn's original Complaint was filed), GoSmith sent Dunn at least 131 telemarketing text messages and phone calls at this number, contacting her several times a week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dunn seeks an amount not less than $196,000 for at least 131 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dunn seeks an amount not less than $65,333 for at least 131 negligent violations of 47 U.S.C. § 227(c).

152.    David Dunn personally owns and uses the cellular phone number xxx-xxx-0202. This number is a residential telephone subscription. On 7/17/2013, Dunn registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Dunn's original Complaint was filed), GoSmith sent Dunn at least 58 telemarketing text messages and calls to his cellphone at this number. Dunn responded to each text and call by stating "Not interested" and "Who is this?" Dunn never received a response to his questions and the unsolicited and harassing sales calls and texts continued. GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

knowingly and willfully sent at least 2 text messages to Dunn within a 12-month period after Dunn was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Dunn seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dunn seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

153.    Elizabeth Durgin personally owns and uses the cellular phone number xxx-xxx-5539. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Durgin's original Complaint was filed), GoSmith sent Durgin at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Durgin seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Durgin seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. 227(c).

154.    Wade Dwiggins personally owns and uses the cellular phone number xxx-xxx-5969. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Dwiggins's original Complaint was filed), GoSmith sent Dwiggins , at this number, at least 2-3 telemarketing text messages a week, for months. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Dwiggins seeks an amount not less than $240,000 for at least 160 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Dwiggins seeks an amount not less than $80,000 for at least 160 negligent violations of 47 U.S.C. § 227(c).

155.    Derek Edenshaw personally owns and uses the cellular phone number xxx-xxx-0456. This number is a residential telephone subscription. In the four years preceding 4/30/2020 (the date Edenshaw's original Complaint was filed), GoSmith sent Edenshaw at least 537 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 56 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Edenshaw seeks an amount not less than $805,500 for at least 537 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Edenshaw seeks an amount not less than $268,500 for at least 537 negligent violations of 47 U.S.C. § 227(c).

156.    Carey Edler personally owns and uses the cellular phone number xxx-xxx-0930. This number is a residential telephone subscription that is Edler's personal cellphone. It is on a family plan and Edler uses it for all his personal calls. He pays for it out of his personal bank account. On 1/12/2008, Edler registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Edler's original Complaint was filed), GoSmith sent Edler at least 135 telemarketing text messages at this number, sending several texts per day and sometimes more than one in a single day. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Edler within a 12-month period after Edler was registered on the National Do Not Call Registry, including but not limited to the period between 5/5/2016 and 5/5/2017. Edler seeks an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Edler seeks an amount not less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(c).

157.    Jason Ellery personally owns and uses the cellular phone number xxx-xxx-4047. This number is a residential telephone subscription and is Ellery's personal cell phone. He uses it to make all his personal calls and pays for it out of his personal account. He carries it with him and charges it by his bed at night.  On 06/27/2008, Ellery registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Ellery's original Complaint was filed), GoSmith sent Ellery at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 57 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Ellery within a 12-month period after Ellery was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Ellery seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ellery seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

158.    William Emig personally owns and uses the cellular phone number xxx-xxx-8930. This number is a residential telephone subscription and is Emig's personal cell phone. It is his only phone and he uses it for all his personal calls. On 12/16/2004, Emig registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Emig's original Complaint was filed), GoSmith sent Emig at least 789 telemarketing text messages at this number, which texts only stopped when Emig filed this lawsuit. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Emig within a 12-month period after Emig was registered on the National Do Not Call Registry, including but not limited to the period between 5/14/2016 and 5/14/2017. Emig seeks an amount not less than $1,183,500 for at least 789 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Emig seeks an amount not less than $394,500 for at least 789 negligent violations of 47 U.S.C. § 227(c).

159.    Joseph "Joe" Endejan personally owns and uses the cellular phone number xxx-xxx-1835. This number is a residential telephone subscription on a family plan. Endejan pays for it out of his personal bank account. This is the only phone Endejan has and it is a cellphone. He has a very small home-based business doing handywork out of his home. He does not advertise for clients or post his number online, as it is his personal cell phone number. Almost

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 58 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

all of his clients come to him by word of mount and he knows the individual who referred them and builds a personal relationship with them all. On 12/02/2004, Endejan registered this number on the National Do Not Call Registry. Despite having been on the Do Not Call Registry for over 12 years, in the four years preceding 01/30/2020 (the date Endejan's original Complaint was filed), GoSmith sent Endejan at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Endejan within a 12-month period after Endejan was registered on the National Do Not Call Registry, including but not limited to the period between 05/19/2017 and 05/19/2018. Endejan seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Endejan seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

160.    Matthew Erickson personally owns and uses the cellular phone number xxx-xxx-5453. This number is a residential telephone subscription and is Erickson's personal cellphone. He pays for it out of his personal account and it is a personal plan with his cellular service provider. He uses it for all his personal calls, carries it with him, and charges it in his room at night. In the four years preceding 4/22/2020 (the date Erickson's original Complaint was filed), GoSmith sent Erickson at least 14 telemarketing text messages at this number. Upon information and belief, the actual number is much higher. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Erickson seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Erickson seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Erickson at least 14

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 59 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

commercial text messages in violation of RCW § 19.190.060 for which Erickson seeks an amount not less than $7,000, attorney's fees, injunctive relief, and treble damages.

161.    Roger Espinosa personally owns and uses the cellular phone number xxx-xxx-0209. This number is a residential telephone subscription. It is registered to Espinosa personally and is an individual plan with his cellular service provider. This is Espinosa's only phone and he uses it for all his personal calls and pays for it out of his personal account. He takes it home at night and charges it in his room. On 10/11/2003, Espinosa registered this number on the National Do Not Call Registry. Despite having been on the Do Not Call Registry for over 13 years, in the four years preceding 4/21/2020 (the date Espinosa's original Complaint was filed), GoSmith sent Espinosa at least 2 telemarketing text messages at this number (upon information and belief, the actual number is much, much higher). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Espinosa within a 12-month period after Espinosa was registered on the National Do Not Call Registry, including but not limited to the period between 2/22/2017 and 2/22/2018. Espinosa seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Espinosa seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

162.    Briana Ethington personally owns and uses the cellular phone number xxx-xxx-3362. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Ethington's original Complaint was filed), GoSmith sent Ethington at least 13 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Ethington seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 60 -
CASE NO. 2:20-CV-00604-RSL

227(c). Alternatively, Ethington seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. 227(c).

163.    Frederick Eubanks personally owns and uses the cellular phone number xxx-xxx-8478. This number is a residential telephone subscription and was Eubanks personal cell phone. It was his only phone and he paid for it out of personal accounts and used it for all his personal calls. In the four years preceding 4/22/2020 (the date Eubanks's original Complaint was filed), GoSmith sent Eubanks at least 80 telemarketing text messages and phone calls at this number, about 2-4 per day. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Eubanks seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Eubanks seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Eubanks at least 80 commercial text messages in violation of RCW § 19.190.060 for which Eubanks seeks an amount not less than $40,000, attorney's fees, injunctive relief, and treble damages.

164.    Jim Evangelista personally owns and uses the cellular phone number xxx-xxx-1323. This number is a residential telephone subscription that is Evangelista's only phone number. He uses it for all his calls and his personal matters and takes it home. He charges it on his bedstand each night. In the four years preceding 4/28/2020 (the date Evangelista's original Complaint was filed), GoSmith sent Evangelista at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Evangelista seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Evangelista seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

165.    Stephanie Evans personally owns and uses the cellular phone number xxx-xxx-0447. This number is a residential telephone subscription and is Evans's only phone. It is a cell

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

phone that she uses for all her personal calls and pays for out of her personal account. In the four years preceding 4/27/2020 (the date Evans's original Complaint was filed), GoSmith sent Evans at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Evans seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Evans seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

166.    Billy Ferguson personally owns and uses the cellular phone number xxx-xxx-2922. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ferguson's original Complaint was filed), GoSmith sent Ferguson at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ferguson seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ferguson seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

167.    Brandon Finlayson personally owns and uses the cellular phone number xxx-xxx-1971. This number is a residential telephone subscription and it is Finlayson's only phone. He uses it for his personal calls and pays for it out of his personal account. On 11/21/2008, Finlayson registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Finlayson's original Complaint was filed), GoSmith sent Finlayson at least 98 telemarketing text messages at this number, sending multiple messages each week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 62 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Finlayson within a 12-month period after Finlayson was registered on the National Do Not Call Registry, including but not limited to the period between 5/16/2016 and 5/16/2017. Finlayson seeks an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finlayson seeks an amount not less than $49,000 for at least 98 negligent violations of 47 U.S.C. § 227(c).

168.    Kaileb Finley personally owns and uses the cellular phone number xxx-xxx-8961. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Finley's original Complaint was filed), GoSmith sent Finley at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Finley seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finley seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

169.    James Finnell personally owns and uses the cellular phone number xxx-xxx-1763. This number is a residential telephone subscription and is Finnell's only phone. It is a cell phone that he has on a family plan with his cellular service provider. He makes all his personal calls with this phone and pays for it out of a personal account. He takes it everywhere and charges it in his room at night. On 1/6/2013, Finnell registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Finnell's original Complaint was filed), GoSmith sent Finnell at least 48 telemarketing text messages at this number, about 3-4 per week for around 4 months. The amount of spam messages was so frustrating to Finnell that he complained to his brother, friends, and mother about the calls. GoSmith would text Finnell using an ATDS and from many different numbers. Every time Finnell blocked a number from GoSmith, they would send him more messages from a new and different number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c),

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 63 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

GoSmith knowingly and willfully sent at least 2 text messages to Finnell within a 12-month period after Finnell was registered on the National Do Not Call Registry, including but not limited to the period between 2/1/2017 and 10/2/2017. Finnell seeks an amount not less than $72,000 for at least 48 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Finnell seeks an amount not less than $24,000 for at least 48 negligent violations of 47 U.S.C. § 227(c).

170.    Sharlyne Fisher personally owns and uses the cellular phone number xxx-xxx-3525. This number was a residential telephone subscription and was Fisher's only phone. It was a personal plan with her cell phone company and she made all her personal calls with that number and kept the phone charging by her bed at night. On 06/24/2013, Fisher registered this number on the National Do Not Call Registry.  She did make some work calls related to her home-based business with this number in the following years. In the four years preceding 01/30/2020 (the date Fisher's original Complaint was filed), GoSmith sent Fisher at least 3-4 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fisher within a 12-month period after Fisher was registered on the National Do Not Call Registry, including but not limited to the period between 05/03/2017 and 07/12/2017. Fisher seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fisher seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fisher at least 35 commercial text messages in violation of RCW § 19.190.060 for which Fisher seeks an amount not less than $17,500, attorney's fees, injunctive relief, and treble damages.

171.    Vern Flanery personally owns and uses the cellular phone number xxx-xxx-0105. This number is a residential telephone subscription and is Flanery's personal cell phone. It is on a family plan with his cellular service provider with his wife and children's phones. They pay

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 64 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

for this phone out of their personal bank account and Flanery makes all his personal calls with this number. On 8/3/2007, Flanery registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Flanery's original Complaint was filed), GoSmith sent Flanery at least 67 telemarketing text messages and calls to Flanery's personal cell phone at this number, calling multiple times a week and texting him multiple times a week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Flanery within a 12-month period after Flanery was registered on the National Do Not Call Registry, including but not limited to the period between 2/17/2017 and 2/17/2018. Flanery seeks an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Flanery seeks an amount not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Flanery at least 67 commercial text messages in violation of RCW § 19.190.060 for which Flanery seeks an amount not less than $33,500, attorney's fees, injunctive relief, and treble damages.

172.    David Fluckinger personally owns and uses the cellular phone number xxx-xxx-4743. This number is a residential telephone subscription and is Fluckinger's personal and only phone number. He uses is for all his personal calls and pays for it out of his personal account. He carries it on his person and keeps it by his bed at night. It is a personal/individual or family account with his cellular service provider. He also uses it to take work calls related to his home-based business. In the four years preceding 4/22/2020 (the date Fluckinger's original Complaint was filed), GoSmith sent Fluckinger at least 1,159 telemarketing text messages at this number. Fluckinger remembers getting as many as 3-5 text messages a day "for what seemed like forever." The harassment went on for many, many months. Fluckinger would have to stop working and put his tools down to check to see if it was an emergency personal call or a legitimate client. It was not only very disruptive to his productivity, but it also became very

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 65 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

stressful for Fluckinger personally. He reports that he considered getting a new phone number just "to make the nonsense stop," but that he couldn't even do that for relief because none of his customers would be able to get in touch with him, only knowing his personal number. The calls and texts were annoying during his personal time away from work, as well. Fluckinger states, "It was honestly one of the most annoying things I have ever had to deal with." GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fluckinger seeks an amount not less than $1,738,500 for at least 1,159 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fluckinger seeks an amount not less than $579,500 for at least 1,159 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fluckinger at least 1159 commercial text messages in violation of RCW § 19.190.060 for which Fluckinger seeks an amount not less than $579,500, attorney's fees, injunctive relief, and treble damages.

173.    Henry Fluger personally owns and uses the cellular phone number xxx-xxx-0098. This number is a residential telephone subscription. On 7/5/2015, Fluger registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Fluger's original Complaint was filed), GoSmith sent Fluger at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fluger within a 12-month period after Fluger was registered on the National Do Not Call Registry, including but not limited to the period between 6/11/2017 and 6/11/2018. Fluger seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fluger seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 66 -
CASE NO. 2:20-CV-00604-RSL

174. Jeremy Fogle personally owns and uses the cellular phone number xxx-xxx-4225. This number is a residential telephone subscription and is Fogle's only phone. He pays for this cell phone out of his personal bank account and uses this phone to make all his personal calls. In the four years preceding 4/22/2020 (the date Fogle's original Complaint was filed), GoSmith sent Fogle at least 388 telemarketing text messages at this number, texting Fogle roughly 2-3 messages every few days. Fogle repeatedly asked GoSmith to stop, but they just kept coming back. Fogle would get messages from GoSmith from about 5:00 a.m. until 9:00 p.m.. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fogle seeks an amount not less than $582,000 for at least 388 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fogle seeks an amount not less than $194,000 for at least 388 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Fogle at least 388 commercial text messages in violation of RCW § 19.190.060 for which Fogle seeks an amount not less than $194,000, attorney's fees, injunctive relief, and treble damages.

175. Brian Fontaine personally owns and uses the cellular phone number xxx-xxx-1206. This number is a residential telephone subscription and is Fontaine's personal and only phone. He has a personal/family cellular phone service plan and pays for it out of his personal bank account. He makes all his personal calls with this cell phone. In the four years preceding 01/30/2020 (the date Fontaine's original Complaint was filed), GoSmith sent Fontaine at least 98 telemarketing text messages at this number, at the rate of at least 2 solicitations per week for over a year. The messages commonly said, "(Name) needs (job) in your area. Reply 1 if interested." Fontaine complained to his wife that the solicitations were very aggravating, and that he didn't know who was sending them. He tried numerous times to stop the messages. Fontaine believes the telemarketing messages were automated because no one responded to his requests that the sender identify itself. Once, in order to discover the sender's identity, Fontaine selected the option to receive more information. A live person called him back from a different

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 67 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

number and tried to sell him GoSmith's leads. Fontaine was very busy and did not need any more work, but GoSmith just kept sending text messages, which frustrated Fontaine to no end. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fontaine seeks an amount not less than $147,000 for at least 98 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fontaine seeks an amount not less than $49,000 for at least 98 negligent violations of 47 U.S.C. § 227(c).

176.     Michael Fort personally owns and uses the cellular phone number xxx-xxx-8568. This number is a residential telephone subscription and this is his only phone number. On 9/22/2017, Fort registered this number on the National Do Not Call Registry. Fort pays for this phone out of his personal bank account and uses the phone for all his personal calls. In the four years preceding 4/29/2020 (the date Fort's original Complaint was filed), GoSmith sent Fort at least 490 telemarketing text messages at this number. GoSmith sent Fort multiple texts per week to his personal phone, claiming to have a potential client for Fort, and asking him to text 1 to reply/confirm. Some were even for clients not even in his state. Fort runs a small cleaning business out of his home. The texts from GoSmith were clearly the product of a spam bot and "were coming at an obnoxious, almost laughable rate, especially during the years of 2016-2019." GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Fort within a 12-month period after Fort was registered on the National Do Not Call Registry, including but not limited to the period between 9/22/2017 and 9/22/2018. Fort seeks an amount not less than $735,000 for at least 490 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fort seeks an amount not less than $245,000 for at least 490 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 68 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

177. Vaughn Foulger personally owns and uses the cellular phone number xxx-xxx-0407. This number is a residential telephone subscription, registered in his personal name, paid for out of his personal bank account. In the four years preceding 4/28/2020 (the date Foulger's original Complaint was filed), GoSmith sent Foulger at least 196 telemarketing text messages at this number, at least twice per week for well over a year. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Foulger seeks an amount not less than $294,000 for at least 196 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Foulger seeks an amount not less than $98,000 for at least 196 negligent violations of 47 U.S.C. § 227(c). -

178. Adam Francis personally owns and uses the cellular phone number xxx-xxx-2849. This number is a residential telephone subscription and is Francis's only phone and he makes all of his personal phone calls with this phone. In the four years preceding 4/22/2020 (the date Francis's original Complaint was filed), GoSmith sent Francis at least 174 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Francis seeks an amount not less than $261,000 for at least 174 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Francis seeks an amount not less than $87,000 for at least 174 negligent violations of 47 U.S.C. § 227(c).

179. Larry Freeman personally owns and uses the cellular phone number xxx-xxx-2623. This number is a residential telephone subscription and is Freeman's only telephone. Freeman uses this cell phone to communicate with family and friends. On 12/04/2004, Freeman registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Freeman's original Complaint was filed), GoSmith sent Freeman at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 69 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Freeman within a 12-month period after Freeman was registered on the National Do Not Call Registry, including but not limited to the period between 03/05/2016 and 03/05/2017. Freeman seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Freeman seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c).

180.    Randy Freemole personally owns and uses the cellular phone number xxx-xxx-0666. This number is a residential telephone subscription and is Freemole's only telephone. Freemole uses this phone to communicate with family and friends and keeps the phone with him at all times. On 06/04/2006, Freemole registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Freemole's original Complaint was filed), GoSmith sent Freemole at least 12 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Freemole within a 12-month period after Freemole was registered on the National Do Not Call Registry, including but not limited to the period between 06/15/2017 and 07/28/2017. Freemole seeks an amount not less than $18,000 for at least 12 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Freemole seeks an amount not less than $6,000 for at least 12 negligent violations of 47 U.S.C. § 227(c).

181.    Ray French personally owns and uses the cellular phone number xxx-xxx-6695. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date French's original Complaint was filed), GoSmith sent French at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 70 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). French seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, French seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

182.    Joe Frieden personally owns and uses the cellular phone number xxx-xxx-9242. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Frieden's original Complaint was filed), GoSmith sent Frieden at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Frieden seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Frieden seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

183.    David Frost personally owns and uses the cellular phone number xxx-xxx-9982. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Frost's original Complaint was filed), GoSmith sent Frost at least 37 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Frost seeks an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Frost seeks an amount not less than $18,500 for at least 37 negligent violations of 47 U.S.C. 227(c).

184.    Ron Fuentes personally owns and uses the cellular phone number xxx-xxx-4393. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Fuentes's original Complaint was filed), GoSmith sent Fuentes at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 71 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Fuentes seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Fuentes seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

185.    Tyler FuQua personally owns and uses the cellular phone number xxx-xxx-9956. This number is a residential telephone subscription and is FuQua's only telephone. On 11/12/2009, FuQua registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date FuQua's original Complaint was filed), GoSmith sent FuQua at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to FuQua within a 12-month period after FuQua was registered on the National Do Not Call Registry, including but not limited to the period between 1/15/2017 and 6/27/2017. FuQua seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, FuQua seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

186.    Chris Gabin personally owns and uses the cellular phone number xxx-xxx-0575. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Gabin's original Complaint was filed), GoSmith sent Gabin at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gabin seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gabin seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 72 -
CASE NO. 2:20-CV-00604-RSL

187. John Gangini personally owns and uses the cellular phone number xxx-xxx-6567. This number is a residential telephone subscription and is Gangini's only cell phone. Gangini uses this cell phone to talk with family and friends and pays the cell phone out of his personal bank account. On 09/03/2005, Gangini registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Gangini's original Complaint was filed), GoSmith sent Gangini at least one telemarketing text message per week at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gangini within a 12-month period after Gangini was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Gangini seeks an amount not less than $313,500 for at least 209 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gangini seeks an amount not less than $104,500 for at least 209 negligent violations of 47 U.S.C. § 227(c).

188. Jimmy Gardner personally owns and uses the cellular phone number xxx-xxx-0078. This number is a residential telephone subscription and is Gardner's only telephone. Gardner uses this cell phone to talk with family and friends and keeps the cell phone on him at all times. On 6/30/2012, Gardner registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Gardner's original Complaint was filed), GoSmith sent Gardner at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gardner within a 12-month period after Gardner was registered on the National Do Not Call Registry, including but not limited to the period between 3/1/2017 and 9/6/2017. Gardner seeks an amount not less than $42,000 for at

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 73 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gardner seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

189.    Kerry Garfinkle personally owns and uses the cellular phone number xxx-xxx-9014. This number is a residential telephone subscription and is Garfinkle's only phone. Garfinkle uses this cell phone to communicate with friends and family and for all other purposes as Garfinkle has no other phone or computer. In the four years preceding 01/30/2020 (the date Garfinkle's original Complaint was filed), GoSmith sent Garfinkle at least 2 telemarketing text messages per week at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Garfinkle seeks an amount not less than $435,000 for at least 290 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garfinkle seeks an amount not less than $145,000 for at least 290 negligent violations of 47 U.S.C. § 227(c).

190.    Cody Garrett personally owns and uses the cellular phone number xxx-xxx-2967. This number is a residential telephone subscription and is Garrett's only telephone. Garrett uses the cell phone to communicate with friends and family and pays for the cell phone out of his personal bank account. Garrett keeps the cell phone on him at all times and charges it near his bedside at night. In the four years preceding 4/28/2020 (the date Garrett's original Complaint was filed), GoSmith sent Garrett at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Garrett seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garrett seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

191.    Brandt Garrison personally owns and uses the cellular phone number xxx-xxx-5401. This number is a residential telephone subscription and is Garrison's only telephone. Garrison uses the cell phone to communicate with family and friends and pays for the cell

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 74 -
CASE NO. 2:20-CV-00604-RSL

phone out of his personal bank account. Garrison keeps the cell phone on him at all times and charges it near his bedside at night. On 5/26/2017, Garrison registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Garrison's original Complaint was filed), GoSmith sent Garrison at least 202 telemarketing text messages at this number. Garrison contacted GoSmith at least 10 times by telephone requesting that the text messages and phone calls stop, but GoSmith continued sending him text messages. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Garrison within a 12-month period after Garrison was registered on the National Do Not Call Registry, including but not limited to the period between 5/26/2017 and 5/26/2018. Garrison seeks an amount not less than $303,000 for at least 202 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Garrison seeks an amount not less than $101,000 for at least 202 negligent violations of 47 U.S.C. § 227(c).

192.    Cy Gau personally owns and uses the cellular phone number xxx-xxx-8592. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Gau's original Complaint was filed), GoSmith sent Gau at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gau seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gau seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gau at least 7 commercial text messages in violation of RCW § 19.190.060 for which Gau seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

193.    Roger Gauthier personally owns and uses the cellular phone number xxx-xxx-1202. This number is a residential telephone subscription and has always been Gauthier's personal cell phone. Gauthier used this cell phone to communicate with family and friends and kept the cell phone on him at all times. In the four years preceding 4/22/2020 (the date Gauthier's original Complaint was filed), GoSmith sent Gauthier at least 27 telemarketing text messages and telephone calls at this number. GoSmith knowingly and willfully sent these text messages and telephone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gauthier seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gauthier seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gauthier at least 27 commercial text messages in violation of RCW § 19.190.060 for which Gauthier seeks an amount not less than $13,500, attorney's fees, injunctive relief, and treble damages.

194.    Matt Gibbons personally owns and uses the cellular phone number xxx-xxx-8254. This number is a residential telephone subscription and is Gibbons's only telephone. Gibbons uses the cell phone to communicate with family and friends and keeps the cell phone on him at all times. Gibbons pays for the cell phone out of his personal bank account. In the four years preceding 4/28/2020 (the date Gibbons's original Complaint was filed), GoSmith sent Gibbons at least 212 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gibbons seeks an amount not less than $318,000 for at least 212 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gibbons seeks an amount not less than $106,000 for at least 212 negligent violations of 47 U.S.C. § 227(c).

195.    Justin Glasglow personally owns and uses the cellular phone number xxx-xxx-0008. This number is a residential telephone subscription and is the only telephone used by Glasglow. Glasglow uses this cell phone to communicate with friends and family and keeps the

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 76 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

cell phone on him at all times. Glasglow uses the cell phone for limited business purposes. In the four years preceding 01/30/2020 (the date Glasglow's original Complaint was filed), GoSmith sent Glasglow at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Glasglow seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Glasglow seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

196.    DJ Glass personally owns and uses the cellular phone number xxx-xxx-2708. This number is a residential telephone subscription and is Glass's only telephone. Glass uses the cell phone to communicate with family and friend and keeps the cell phone on him at all times. Glass pays for the cell phone out of his personal bank account. On 06/22/2017, Glass registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Glass's original Complaint was filed), GoSmith sent Glass at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Glass within a 12-month period after Glass was registered on the National Do Not Call Registry, including but not limited to the period between 06/22/2017 and 06/22/2018. Glass seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Glass seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

197.    Scott Glubay personally owns and uses the cellular phone number xxx-xxx-3591. This number is a residential telephone subscription. On 7/9/2003, Glubay registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Glubay's original Complaint was filed), GoSmith sent Glubay at least 7 telemarketing text

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 77 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Glubay within a 12-month period after Glubay was registered on the National Do Not Call Registry, including but not limited to the period between 8/22/2016 and 8/22/2017. Glubay seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Glubay seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. 227(c).

198.    William Gomez personally owns and uses the cellular phone number xxx-xxx-9412. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Gomez's original Complaint was filed), GoSmith sent Gomez at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gomez seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gomez seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

199.    Robert Goold personally owns and uses the cellular phone number xxx-xxx-3270. This number is a residential telephone subscription. On 3/9/2019, Goold registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Goold's original Complaint was filed), GoSmith sent Goold at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Goold within a 12-month period after Goold was registered on the National Do Not Call Registry,

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 78 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

including but not limited to the period between 3/9/2019 and 1/30/2020. Goold seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Goold seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

200.    John Gorham personally owns and uses the cellular phone number xxx-xxx-9504. This number is a residential telephone subscription and is Gorham's only telephone. Gorham uses this cell phone to communicate with family and friends and keeps the cell phone on him at all times. In the four years preceding 4/27/2020 (the date Gorham's original Complaint was filed), GoSmith sent Gorham at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gorham seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gorham seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Gorham at least 107 commercial text messages in violation of RCW § 19.190.060 for which Gorham seeks an amount not less than $53,500, attorney's fees, injunctive relief, and treble damages.

201.    Mark Gotti personally owns and uses the cellular phone number xxx-xxx-9318. This number is a residential telephone subscription. On 2/21/2008, Gotti registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Gotti's original Complaint was filed), GoSmith sent Gotti at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gotti within a 12-month period after Gotti was registered on the National Do Not Call Registry, including but not limited to the period between 5/1/2017 and 5/1/2018. Gotti seeks an amount

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 79 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gotti seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

202.    Wes Goumaz personally owns and uses the cellular phone number xxx-xxx-2214. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Goumaz's original Complaint was filed), GoSmith sent Goumaz at least 70 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Goumaz seeks an amount not less than $105,000 for at least 70 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Goumaz seeks an amount not less than $35,000 for at least 70 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Goumaz at least 70 commercial text messages in violation of RCW § 19.190.060 for which Goumaz seeks an amount not less than $35,000, attorney's fees, injunctive relief, and treble damages.

203.    Chris Grasso personally owns and uses the cellular phone number xxx-xxx-7342. This number is a residential telephone subscription. On 1/10/2006, Grasso registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Grasso's original Complaint was filed), GoSmith sent Grasso at least 31 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Grasso within a 12-month period after Grasso was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Grasso seeks an amount not less than $46,500 for at least 31 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grasso seeks an amount not less than $15,500 for at least 31 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

204.    Tamyko Green personally owns and uses the cellular phone number xxx-xxx-4003. This number is a residential telephone subscription. On 4/13/2014, Green registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Green's original Complaint was filed), GoSmith sent Green at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Green within a 12-month period after Green was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Green seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Green seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

205.    Morgan Griffin personally owns and uses the cellular phone number xxx-xxx-7757. This number is a residential telephone subscription and Griffin's only telephone. Griffin uses this cell phone to communicate with family and friends and keeps this cell phone on her at all times. Griff charges the cell phone by her bed on her nightstand at night. In the four years preceding 4/28/2020 (the date Griffin's original Complaint was filed), GoSmith sent Griffin at least 297 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Griffin seeks an amount not less than $445,500 for at least 297 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Griffin seeks an amount not less than $148,500 for at least 297 negligent violations of 47 U.S.C. § 227(c).

206.    Vitaliy Grishko personally owns and uses the cellular phone number xxx-xxx-0469. This number is a residential telephone subscription and Grishko's only telephone. In the four years preceding 4/27/2020 (the date Grishko's original Complaint was filed), GoSmith

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 81 -
CASE NO. 2:20-CV-00604-RSL

sent Grishko at least 26 telemarketing text messages at this number. Grishko tried tirelessly to stop the unsolicited and invasive spam from GoSmith but was unsuccessful in doing so. The messages were invasive and incredibly annoying to Grishko. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Grishko seeks an amount not less than $39,000 for at least 26 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grishko seeks an amount not less than $13,000 for at least 26 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Grishko at least 26 commercial text messages in violation of RCW § 19.190.060 for which Grishko seeks an amount not less than $13,000, attorney's fees, injunctive relief, and treble damages.

207.    Travis Grob personally owns and uses the cellular phone number xxx-xxx-7583. This number is a residential telephone subscription and Grob's only telephone. Grob used the cell phone to communicate with family and friends and keeps the cell phone on him at all times. In the four years preceding 4/22/2020 (the date Grob's original Complaint was filed), GoSmith sent Grob at least 345 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Grob seeks an amount not less than $517,500 for at least 345 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Grob seeks an amount not less than $172,500 for at least 345 negligent violations of 47 U.S.C. § 227(c).

208.    David Gruce personally owns and uses the cellular phone number xxx-xxx-1300. This number is a residential telephone subscription. This number is a personal phone and is different from his business phone number xxx-xxx-0095. Gruce uses xxx-xxx-1300 to communicate with family and friends and keeps the phone on him at all times. Gruce pays for xxx-xxx-1300 out of his personal bank account. On 3/3/2006, Gruce registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Gruce's original Complaint was filed), GoSmith sent Gruce at least 18 telemarketing text messages at

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Gruce within a 12-month period after Gruce was registered on the National Do Not Call Registry, including but not limited to the period between 4/29/2016 and 4/29/2017. Gruce seeks an amount not less than $27,000 for at least 18 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gruce seeks an amount not less than $9,000 for at least 18 negligent violations of 47 U.S.C. § 227(c).

209.    Jewel Gurule personally owns and uses the cellular phone number xxx-xxx-0315. This number is a residential telephone subscription and is Gurule's only telephone. Gurule uses this cell phone to communicate with friends and family. Gurule pays for the cell phone out of his personal bank account. Gurule has the cell phone at all times and charges it near his bed side at night. In the four years preceding 4/22/2020 (the date Gurule's original Complaint was filed), GoSmith sent Gurule at least 254 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gurule seeks an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Gurule seeks an amount not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(c).

210.    Jody Gutierrez personally owns and uses the cellular phone number xxx-xxx-5394. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Gutierrez's original Complaint was filed), GoSmith sent Gutierrez at least 47 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Gutierrez seeks an amount not less than $70,500 for at least 47 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 83 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Gutierrez seeks an amount not less than $23,500 for at least 47 negligent violations of 47 U.S.C. § 227(c).

211.    Scott Hall personally owns and uses the cellular phone number xxx-xxx-5816. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Hall's original Complaint was filed), GoSmith sent Hall at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hall seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hall seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

212.    Keir Hamlin personally owns and uses the cellular phone number xxx-xxx-9599. This number is a residential telephone subscription and Hamlin's only telephone. Hamlin uses the cell phone to communicate with friends and family and has the cell phone on him at all times. Hamlin charges the cell phone in his bedroom at night. In the four years preceding 01/30/2020 (the date Hamlin's original Complaint was filed), GoSmith sent Hamlin at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hamlin seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hamlin seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

213.    J. Andy Hardwick personally owns and uses the cellular phone number xxx-xxx-2212. This number is a residential telephone subscription and Hardwick's only telephone. Hardwick uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. On 11/26/2004, Hardwick registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Hardwick's original Complaint was filed), GoSmith sent Hardwick at least 27 telemarketing text messages at this

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 84 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hardwick within a 12-month period after Hardwick was registered on the National Do Not Call Registry, including but not limited to the period between 12/20/2016 and 7/18/2017. Hardwick seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hardwick seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

214.    Scott Harman personally owns and uses the cellular phone number xxx-xxx-1760. This number is a residential telephone subscription. Harman uses this number for personal purposes only. On 3/23/2008, Harman registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Harman's original Complaint was filed), GoSmith sent Harman at least 29 telemarketing text messages and telephone calls at this number. The text messages and telephone calls often came during the evening and interrupted Harman's time with his family. Harman tried tirelessly to stop the text messages and telephone calls from GoSmith. Despite his repeated demands that the messages and calls stop, GoSmith continued relentlessly messaging and calling Harman. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Harman within a 12-month period after Harman was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Harman seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harman seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

215.    Demetrious Harmon personally owns and uses the cellular phone number xxx-xxx-5251. This number is a residential telephone subscription and Harmon's only telephone. Harmon uses this cell phone to communicate with friends and family and carries the cell phone with his at all hours. Harmon charges the cell phone near his bedside at night. In the four years preceding 01/30/2020 (the date Harmon's original Complaint was filed), GoSmith sent Harmon at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Harmon seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harmon seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

216.    Quinn Harrison personally owns and uses the cellular phone number xxx-xxx-9018. This number is a residential telephone subscription and Harrison's only telephone. Harrison uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Harrison charges the cell phone near his bedside at night. On 9/24/2010, Harrison registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Harrison's original Complaint was filed), GoSmith sent Harrison at least 45 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Harrison within a 12-month period after Harrison was registered on the National Do Not Call Registry, including but not limited to the period between 12/13/2016 and 8/26/2017. Harrison seeks an amount not less than $67,500 for at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Harrison seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

217. John Hart personally owns and uses the cellular phone number xxx-xxx-4143. This number is a residential telephone subscription and is Hart's only telephone. Hart uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Hart charges this cell phone by his bedside at night. In the four years preceding 01/30/2020 (the date Hart's original Complaint was filed), GoSmith sent Hart at least 50 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hart seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hart seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c).

218. Danny Hart personally owns and uses the cellular phone number xxx-xxx-This number is a residential telephone subscription and is Hart's only telephone. Hart uses this cell phone to communicate with friends and family and keeps the cell phone on him at all times. Hart charges this cell phone by his bedside at night. In the four years preceding 4/28/2020 (the date Hart's original Complaint was filed), GoSmith sent Hart at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hart seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hart seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

219. Ivan Hartavel personally owns and uses the cellular phone number xxx-xxx-7510. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Hartavel's original Complaint was filed), GoSmith sent Hartavel at least 8 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hartavel seeks an amount not less

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 87 -
CASE NO. 2:20-CV-00604-RSL

than $12,000 for at least 8 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hartavel seeks an amount not less than $4,000 for at least 8 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hartavel at least 8 commercial text messages in violation of RCW § 19.190.060 for which Hartavel seeks an amount not less than $4,000, attorney's fees, injunctive relief, and treble damages.

220.    Wesley Hawkins personally owns and uses the cellular phone number xxx-xxx-0534. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Hawkins's original Complaint was filed), GoSmith sent Hawkins at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hawkins seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hawkins seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

221.    Eva Haynes personally owns and uses the cellular phone number xxx-xxx-6073. This number is a residential telephone subscription and is Haynes's only telephone. Haynes uses this cell phone to communicate with friends and family. Haynes pays for this cell phone from a personal bank account. Haynes keeps this cell phone on her at all times and charges the cell phone by her bedside at night. On 6/26/2010, Haynes registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Haynes's original Complaint was filed), GoSmith sent Haynes at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Haynes within a 12-month period after Haynes was registered on the National Do Not Call Registry, including but not limited to the period between 6/1/2017 and 6/1/2018. Haynes seeks an

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 88 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Haynes seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

222.    Sherene Hazah personally owns and uses the cellular phone number xxx-xxx-1828. This number is a residential telephone subscription and Hazah's only telephone. Hazah uses this cell phone to communicate with friends and family and pays for the cell phone from a personal bank account. Hazah keeps this phone on him at all times and charges it near his bedside at night. In the four years preceding 4/28/2020 (the date Hazah's original Complaint was filed), GoSmith sent Hazah at least 11 telemarketing text messages at this number. The text messages regularly interrupted Hazah's work. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hazah seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hazah seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

223.    Patrick Hearn personally owns and uses the cellular phone number xxx-xxx-9814. This number is a residential telephone subscription and is Hearn's only telephone. This cell phone is on a residential subscription with Hearn's mobile carrier. Hearn uses this phone to communicate with family and friends. Hearn pays for the cell phone out of a personal bank account.  In the four years preceding 1/30/2020 (the date Hearn's original Complaint was filed), GoSmith sent Hearn at least one telemarketing text message per week at this number. During this time, Hearn was not self-employed, he was employed by a construction company. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hearn seeks an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hearn seeks an amount not less than $114,000 for at least 228 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

224. Danny Higgins personally owns and uses the cellular phone number xxx-xxx-8989. This number is a residential telephone subscription. On 8/19/2006, Higgins registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Higgins's original Complaint was filed), GoSmith sent Higgins at least 19 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Higgins within a 12-month period after Higgins was registered on the National Do Not Call Registry, including but not limited to the period between 1/3/2017 and 1/3/2018. Higgins seeks an amount not less than $28,500 for at least 19 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Higgins seeks an amount not less than $9,500 for at least 19 negligent violations of 47 U.S.C. § 227(c).

225. Joshua Hill personally owns and uses the cellular phone number xxx-xxx-2732. This number is a residential telephone subscription and Hill's only telephone. Hill uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Hill pays for this cell phone out of a personal bank account. Hill charges this cell phone by his bedside at night. In the four years preceding 1/30/2020 (the date Hill's original Complaint was filed), GoSmith sent Hill at least 107 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hill seeks an amount not less than $160,500 for at least 107 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hill seeks an amount not less than $53,500 for at least 107 negligent violations of 47 U.S.C. § 227(c).

226. Jabari Hillyer personally owns and uses the cellular phone number xxx-xxx-5277. This number is a residential telephone subscription and Hillyer's only telephone. Hillyer uses this cell phone to communicate with friends and family and keeps this cell phone on him at all

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 90 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

times. Hillyer pays for this cell phone out of his personal bank account. Hillyer charges this cell phone near his bedside at night. In the four years preceding 1/30/2020 (the date Hillyer's original Complaint was filed), GoSmith sent Hillyer at least 232 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hillyer seeks an amount not less than $348,000 for at least 232 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hillyer seeks an amount not less than $116,000 for at least 232 negligent violations of 47 U.S.C. § 227(c).

227.    Dylan Hockett personally owns and uses the cellular phone number xxx-xxx-3595. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Hockett's original Complaint was filed), GoSmith sent Hockett at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Hockett seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hockett seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Hockett at least 4 commercial text messages in violation of RCW 19.190.060 for which Hockett seeks an amount not less than $2,000.

228.    Randy Howard personally owns and uses the cellular phone number xxx-xxx-2288. This number is a residential telephone subscription and Howard's only telephone. Howard used this cell phone to communicate with family and friends and kept this cell phone on him at all times. Howard charged this cell phone by his bedside at night. In the four years preceding 4/28/2020 (the date Howard's original Complaint was filed), GoSmith sent Howard at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Howard seeks

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 91 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Howard seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c).

229.    Cory Huntsman personally owns and uses the cellular phone number xxx-xxx-2765. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Huntsman's original Complaint was filed), GoSmith sent Huntsman at least 51 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Huntsman seeks an amount not less than $76,500 for at least 51 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Huntsman seeks an amount not less than $25,500 for at least 51 negligent violations of 47 U.S.C. § 227(c).

230.    Brendan Hutchins personally owns and uses the cellular phone number xxx-xxx-0946. This number is a residential telephone subscription under Hutchins's name. On 7/11/2008, Hutchins registered this number on the National Do Not Call Registry. This is his personal cell phone and only phone number. It is paid for by his company and Hutchins uses it to take work calls, but he also uses the phone for his personal calls, carries it with him at all times, and charges it in his room at night. In the four years preceding 4/28/2020 (the date Hutchins's original Complaint was filed), GoSmith sent Hutchins at least 246 telemarketing text messages at this number. GoSmith texted Hutchins daily, sending him hundreds and hundreds of text solicitations. Hutchins would block each number as it came in and delete the text to free up his phone screen and get it out of recent conversations. Hutchins blocked hundreds of numbers that GoSmith used to spam him with, but the texts kept coming. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Hutchins within a 12-month period

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 92 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

after Hutchins was registered on the National Do Not Call Registry, including but not limited to the period between 3/3/2017 and 10/8/2017. Hutchins seeks an amount not less than $369,000 for at least 246 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Hutchins seeks an amount not less than $123,000 for at least 246 negligent violations of 47 U.S.C. § 227(c).

231.    Socrates Incarnato personally owns and uses the cellular phone number xxx-xxx-8478. This number is a residential telephone subscription and this is Incarnato's only phone. It is a cell phone that he pays for out of his personal account and it is the number he uses in all his personal calls. In the four years preceding 4/22/2020 (the date Incarnato's original Complaint was filed), GoSmith sent Incarnato at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Incarnato seeks an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Incarnato seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Incarnato at least 53 commercial text messages in violation of RCW § 19.190.060 for which Incarnato seeks an amount not less than $26,500, attorney's fees, injunctive relief, and treble damages.

232.    Christopher Inman personally owns and uses the cellular phone number xxx-xxx-7132. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Inman's original Complaint was filed), GoSmith sent Inman at least 37 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Inman seeks an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Inman seeks an amount not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 93 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

233.    Mark Jacobs personally owns and uses the cellular phone number xxx-xxx-6004. This number is a residential telephone subscription and is Jacobs's only phone number. He uses it for all his personal calls. On 10/28/2015, Jacobs registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Jacobs's original Complaint was filed), GoSmith sent Jacobs at least 62 telemarketing text messages at this number. The texts were frequent and annoying and came at all hours, interrupting both Jacobs's business and personal time. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jacobs within a 12-month period after Jacobs was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Jacobs seeks an amount not less than $93,000 for at least 62 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jacobs seeks an amount not less than $31,000 for at least 62 negligent violations of 47 U.S.C. § 227(c).

234.    Randy Jenkins personally owns and uses the cellular phone number xxx-xxx-2144. This number is a residential telephone subscription and is part of a personal or family plan with Jenkins's cellular phone service provider. Jenkins uses this phone for all his personal calls - he does not have a fixed residence, as his work required lots of travel, which in turn, required a cell phone. In the four years preceding 4/21/2020 (the date Jenkins's original Complaint was filed), GoSmith sent Jenkins at least 66 telemarketing text messages at this number, over a period of almost three months. Jenkins was "inundated with unsolicited job opportunities" from GoSmith via text message and requests to download GoSmith's phone app in order to view and purchase their leads. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jenkins seeks an amount not less than $99,000 for at least 66 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 94 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Jenkins seeks an amount not less than $33,000 for at least 66 negligent violations of 47 U.S.C. § 227(c).

235.    Derek Jenkins personally owns and uses the cellular phone number xxx-xxx-2381. This number is a residential telephone subscription and is Jenkin's personal cell phone. In the four years preceding 4/27/2020 (the date Jenkins's original Complaint was filed), GoSmith sent Jenkins at least 39 telemarketing text messages and an unknown number of soliciting phone calls at this number. GoSmith sent texts at least once or twice a week for almost a year. GoSmith sent the texts and made the calls at all times of the day, starting at 4:00 in the morning and going as late as 10 pm. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Jenkins seeks an amount not less than $58,500 for at least 39 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jenkins seeks an amount not less than $19,500 for at least 39 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Jenkins at least 39 commercial text messages in violation of RCW § 19.190.060 for which Jenkins seeks an amount not less than $19,500, attorney's fees, injunctive relief, and treble damages.

236.    Joshua Johnson personally owns and uses the cellular phone number xxx-xxx-1199. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 288 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(c).

237.    Daniel Johnson personally owns and uses the cellular phone number xxx-xxx-1529. This number is a residential telephone subscription and is Johnson's only number. He

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

uses it for all his personal calls and it is on a family or personal plan with his cellular service provider. In the four years preceding 4/22/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 2,075 telemarketing text messages at this number. GoSmith contacted Johnson between 2-4 times a day, 5-7 days a week for about 3 years. Initially, Johnson asked for more information regarding the "leads" GoSmith was selling, but there was never an active lead and Johnson called the texts a "wild goose chase," "dead end" and an "overwhelming annoyance." GoSmith texted Johnson from a barrage of different numbers with area codes from all over the United States. Johnson tried asking who was texting him over and over, but never got a response to his questions. He started deleting the messages because they were taking up all the space on his phone. The messages stopped abruptly when Johnson filed his lawsuit, leaving him "relieved" that the harassment is over. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Johnson seeks an amount not less than $4,117,500 for at least 2,745 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $1,372,500 for at least 2,745 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Johnson at least 2745 commercial text messages in violation of RCW § 19.190.060 for which Johnson seeks an amount not less than $1,372,500, attorney's fees, injunctive relief, and treble damages.

238.    Sandi Johnson personally owns and uses the cellular phone number xxx-xxx-6139. This number is a residential telephone subscription that is Johnson's personal cell phone. She uses it to make her personal calls. On 8/11/2007, Johnson registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Johnson's original Complaint was filed), GoSmith sent Johnson at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Johnson within a 12-month period after Johnson was registered on the National Do Not Call Registry, including but not limited to the period between 1/9/2017 and 1/9/2018. Johnson seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnson seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

239.   Shane Johnston personally owns and uses the cellular phone number xxx-xxx-4256. This number is a residential telephone subscription. On 9/7/2009, Johnston registered this number on the National Do Not Call Registry. In the four years preceding 4/24/2020 (the date Johnston's original Complaint was filed), GoSmith sent Johnston at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Johnston within a 12-month period after Johnston was registered on the National Do Not Call Registry, including but not limited to the period between 4/24/2016 and 4/24/2017. Johnston seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Johnston seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

240.   Kevin Jones personally owns and uses the cellular phone number xxx-xxx-4712. This number is a residential telephone subscription. On 5/17/2005, Jones registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Jones's original Complaint was filed), GoSmith sent Jones at least 3 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Jones

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

within a 12-month period after Jones was registered on the National Do Not Call Registry, including but not limited to the period between 6/1/2017 and 8/4/2017. Jones seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Jones seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

241.    Maria Kahookele personally owns and uses the cellular phone number xxx-xxx-1644. This number is a residential telephone subscription and is Kahookele's only phone number. It is her personal cellphone and the number from which she makes all of her personal calls. She pays for it out of her personal bank account and charges it in her bedroom at night. In the four years preceding 1/30/2020 (the date Kahookele's original Complaint was filed), GoSmith sent Kahookele at least 28 telemarketing text messages, about 2 per week, to Kahookele's cell phone at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kahookele seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kahookele seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

242.    Justin Kelberlau personally owns and uses the cellular phone number xxx-xxx-4705. This number is a residential telephone subscription and is Kelberlau's personal cell phone, which he pays for out of his personal bank account and uses to make all his personal calls. It is Kelberlau's only phone number. In the four years preceding 1/30/2020 (the date Kelberlau's original Complaint was filed), GoSmith sent Kelberlau at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kelberlau seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 98 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Kelberlau seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

243.    William Kennedy personally owns and uses the cellular phone number xxx-xxx-0359. This number is a residential telephone subscription. On 12/8/2004, Kennedy registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Kennedy's original Complaint was filed), GoSmith sent Kennedy at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kennedy within a 12-month period after Kennedy was registered on the National Do Not Call Registry, including but not limited to the period between 6/29/2016 and 6/29/2017. Kennedy seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kennedy seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kennedy at least 16 commercial text messages in violation of RCW § 19.190.060 for which Kennedy seeks an amount not less than $8,000, attorney's fees, injunctive relief, and treble damages.

244.    Kaleb Kensmoe personally owns and uses the cellular phone number xxx-xxx-5983. This number is a residential telephone subscription and was Kensmoe's only phone. He used it for all his personal calls and paid for it out of his personal checking account. On 6/26/2009, Kensmoe registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Kensmoe's original Complaint was filed), GoSmith sent Kensmoe at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kensmoe within a 12-month period

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 99 -
CASE NO. 2:20-CV-00604-RSL

after Kensmoe was registered on the National Do Not Call Registry, including but not limited to the period between 3/9/2017 and 10/8/2017. Kensmoe seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kensmoe seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

245.    Jacob Kerlin personally owns and uses the cellular phone number xxx-xxx-6157. This number is a residential telephone subscription and is Kerlin's personal cell phone, which he pays for out of his personal bank account and uses to make all his personal calls. It is Kerlin's only phone number, which he keeps with him and charges on his nightstand in his room at night.  In the four years preceding 4/22/2020 (the date Kerlin's original Complaint was filed), GoSmith sent Kerlin at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kerlin seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kerlin seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kerlin at least 11 commercial text messages in violation of RCW § 19.190.060 for which Kerlin seeks an amount not less than $5,500, attorney's fees, injunctive relief, and treble damages.

246.    Thomas Kernan personally owns and uses the cellular phone number xxx-xxx-7150. This number is a residential telephone subscription, which Kernan pays for out of his personal bank account and uses to make all his personal calls. It is his only phone and he keeps it with him, charging it in his room at night. In the four years preceding 4/21/2020 (the date Kernan's original Complaint was filed), GoSmith sent Kernan at least 340 telemarketing text messages at this number. GoSmith sent the telemarketing texts to his personal cellphone about 4 times a week for well over a year. Kernan is still receiving text messages from Defendants, but not as often and reports receiving 2-3 a month, in spite of filing this lawsuit. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 100 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kernan seeks an amount not less than $510,000 for at least 340 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kernan seeks an amount not less than $170,000 for at least 340 negligent violations of 47 U.S.C. § 227(c).

247.    Wes Keysor personally owns and uses the cellular phone number xxx-xxx-7076. Keysor has had this number for over 18 years. This number is a residential telephone subscription on a personal mobile plan with his cellular service provider. On 11/25/2003, Keysor registered this number on the National Do Not Call Registry. Keysor is a home inspector. The number was originally tied to the landline in his home, which he ported to his cell phone due to the mobile nature of his business. Keysor takes all his calls on this cell phone and does not have a landline home phone anymore. In the four years preceding 1/30/2020 (the date Keysor's original Complaint was filed), GoSmith sent Keysor's personal cell phone at least 2 telemarketing text messages per week, or more than 286 separate texts). GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Keysor within a 12-month period after Keysor was registered on the National Do Not Call Registry, including but not limited to the period between 5/8/2017 and 5/8/2018. Keysor seeks an amount not less than $429,000 for at least 286 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Keysor seeks an amount not less than $143,000 for at least 286 negligent violations of 47 U.S.C. § 227(c).

248.    Dennis Kisilev personally owns and uses the cellular phone number xxx-xxx-8066. This number is a residential telephone subscription. On 12/14/2018, Kisilev registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Kisilev's original Complaint was filed), GoSmith sent Kisilev at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in

PLAINTIFFS' FIFTH AMENDED COMPLAINT         - 101 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kisilev within a 12-month period after Kisilev was registered on the National Do Not Call Registry, including but not limited to the period between 12/14/2018 and 12/14/2019. Kisilev seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kisilev seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kisilev at least 29 commercial text messages in violation of RCW § 19.190.060 for which Kisilev seeks an amount not less than $14,500, attorney's fees, injunctive relief, and treble damages.

249.    Kevin Kittler personally owns and uses the cellular phone number xxx-xxx-2587. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Kittler's original Complaint was filed), GoSmith sent Kittler at least 42 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kittler seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kittler seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

250.    Michael Knauff personally owns and uses the cellular phone number xxx-xxx-9143. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Knauff's original Complaint was filed), GoSmith sent Knauff at least 46 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Knauff seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Knauff seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Knauff at least 46 commercial text

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 102 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

messages in violation of RCW § 19.190.060 for which Knauff seeks an amount not less than $23,000, attorney's fees, injunctive relief, and treble damages.

251.    Vivian Knezevich personally owns and uses the cellular phone number xxx-xxx-9771. This number is a residential telephone subscription and is Knezevich's personal cell phone and her only phone. She uses it for all her personal calls, charges it at home, and carries it with her everywhere. It is the number her family and friends use to get in touch with her. In the four years preceding 4/28/2020 (the date Knezevich's original Complaint was filed), GoSmith sent Knezevich at least 138 telemarketing text messages at this number. Knezevich has screenshots of texts she received as early as June 2017 and as late as February 2019. GoSmith's texts would come in waves. At times, she received a text almost every day. Eventually, Knezevich would block the number, but she would inevitably start getting the texts from a new number. Knezevich was worried that GoSmith would eventually spoof the number of an actual client and didn't dare block all the numbers they texted her from. The constant texts harassed Knezevich and constantly interrupted her day. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Knezevich seeks an amount not less than $207,000 for at least 138 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Knezevich seeks an amount not less than $69,000 for at least 138 negligent violations of 47 U.S.C. § 227(c).

252.    Heidi Knutson personally owns and uses the cellular phone number xxx-xxx-5450. This number is a residential telephone subscription and is Knutson's only phone. She uses this number to make all her personal calls and it is the number by which all her friends and family contact her. She pays for it with her personal bank account and keeps it in her room at night. Knutson runs a cleaning business out of her home and gives her personal phone number to her clients, but it is her only number and not a business-dedicated number. In the four years preceding 1/30/2020 (the date Knutson's original Complaint was filed), GoSmith sent Knutson at least 6 telemarketing text messages at this number and up to several times a

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Knutson seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Knutson seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c).

253.    Brandon Koch personally owns and uses the cellular phone number xxx-xxx-9080. This number is a residential telephone subscription and is Koch's only phone. This is his personal telephone number and the number he uses to do all of his personal calls. He pays for it out of his personal bank account and it is on a personal or family plan with his cellular service provider. In the four years preceding 4/22/2020 (the date Koch's original Complaint was filed), GoSmith sent Koch at least 83 telemarketing text messages at this number, often sending multiple texts a day. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Koch seeks an amount not less than $124,500 for at least 83 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Koch seeks an amount not less than $41,500 for at least 83 negligent violations of 47 U.S.C. § 227(c).Finally, GoSmith sent Koch at least 83 commercial text messages in violation of RCW § 19.190.060 for which Koch seeks an amount not less than $41,500, attorney's fees, injunctive relief, and treble damages.

254.    Joe Kokoruda personally owns and uses the cellular phone number xxx-xxx-0143. This number is a residential telephone subscription. In the four years preceding 4/24/2020 (the date Kokoruda's original Complaint was filed), GoSmith sent Kokoruda at least 184 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kokoruda seeks an amount not less than $276,000 for at least 184 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 104 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Kokoruda seeks an amount not less than $92,000 for at least 184 negligent violations of 47 U.S.C. § 227(c).

255.    Blaine Konow personally owns and uses the cellular phone number xxx-xxx-6306. This number is a residential telephone subscription and is Konow's only phone. He makes all of his personal calls using this cell phone. He does use it occasionally for work calls, but he pays for it out of his personal bank account and this is the number his friends and family use to contact him. He carries this phone with him and charges it in his room at night. On 7/24/2015, Konow registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Konow's original Complaint was filed), GoSmith sent Konow at least 42 telemarketing text messages at this number. Konow would get up to 6 texts a day. He tried blocking the texts and filing FCC complaints, but the texts kept coming for a while. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Konow within a 12-month period after Konow was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Konow seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Konow seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

256.    Jean Kropp personally owns and uses the cellular phone number xxx-xxx-0439. This number is a residential telephone subscription and is Kropp's personal phone. Her business has a separate number from her cell phone. This number is the only one she uses for communicating with friends and family. In the four years preceding 4/21/2020 (the date Kropp's original Complaint was filed), GoSmith sent Kropp at least 169 telemarketing text messages at this number. GoSmith sent Kropp's personal cell phone multiple texts each day for nearly a year. Kropp does commercial sales only. She responded to the texts to ask them to

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 105 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

stop sending the texts and to tell them they had the wrong number, but they continued to send her solicitations to purchase residential job leads. Kropp consistently told GoSmith that she was not interested and tried to opt out of any future texts.  The texts from GoSmith came from many different phone numbers. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kropp seeks an amount not less than $253,500 for at least 169 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kropp seeks an amount not less than $84,500 for at least 169 negligent violations of 47 U.S.C. § 227(c).

257.    Caleb Kruger personally owns and uses the cellular phone number xxx-xxx-5897. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Kruger's original Complaint was filed), GoSmith sent Kruger at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Kruger seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kruger seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

258.    Melissa Kuchman personally owns and uses the cellular phone number xxx-xxx-2355. This number is a residential telephone subscription and is Kuchman's only phone. This is her personal cell phone and she pays for it out of her personal bank account. This is the phone her friends and family use to contact Kuchman. On 9/4/2005, Kuchman registered this number on the National Do Not Call Registry. Despite being present on the National Do Not Call Registry for over 15 years, in the four years preceding 4/22/2020 (the date Kuchman's original Complaint was filed), GoSmith sent Kuchman at least 28 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 106 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kuchman within a 12-month period after Kuchman was registered on the National Do Not Call Registry, including but not limited to the period between 9/9/2017 and 9/16/2017. Kuchman seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kuchman seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Kuchman at least 28 commercial text messages in violation of RCW § 19.190.060 for which Kuchman seeks an amount not less than $14,000, attorney's fees, injunctive relief, and treble damages.

259.    Michael Kurz personally owns and uses the cellular phone number xxx-xxx-5879. This number is a residential telephone subscription and Kurz's only telephone. Kurz has used this cell phone to communicate with family and friends since 1999.  Kurz pays for this cell phone with a personal bank account and keeps this cell phone on his at all times. On 1/17/2009, Kurz registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Kurz's original Complaint was filed), GoSmith sent Kurz at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Kurz within a 12-month period after Kurz was registered on the National Do Not Call Registry, including but not limited to the period between 10/10/2016 and 10/10/2017. Kurz seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Kurz seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

260.    Eli Larreau personally owns and uses the cellular phone number xxx-xxx-4877. This number is a residential telephone subscription and Larreau's only telephone. Larreau uses this cell phone to communicate with family and friends and keeps this phone on him at all

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 107 -
CASE NO. 2:20-CV-00604-RSL

times. Larreau charges this cell phone near his bedside at night. In the four years preceding 4/22/2020 (the date Larreau's original Complaint was filed), GoSmith sent Larreau at least 491 telemarketing text messages at this number. GoSmith sent these messages at all hours of the day and every day of the week, including weekends and holidays; Larreau received 3 messages on Christmas Day. Larreau tried tirelessly to stop the text messages but was unable to do so. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Larreau seeks an amount not less than $1,345,500 for at least 897 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Larreau seeks an amount not less than $448,500 for at least 897 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Larreau at least 897 commercial text messages in violation of RCW § 19.190.060 for which Larreau seeks an amount not less than $448,500, attorney's fees, injunctive relief, and treble damages.

261.    Torben Larsen personally owns and uses the cellular phone number xxx-xxx-8464. This number is a residential telephone subscription and Larsen's only telephone. Larsen uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Larsen pays for this cell phone with funds from a personal bank account. In the four years preceding 1/30/2020 (the date Larsen's original Complaint was filed), GoSmith sent Larsen at least 28 telemarketing text messages at this number. At times Defendants texted Larsen three times a week, others less. Larsen found it very irritating. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Larsen seeks an amount not less than $42,000 for at least 28 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Larsen seeks an amount not less than $14,000 for at least 28 negligent violations of 47 U.S.C. § 227(c).

262.    Michael Larson personally owns and uses the cellular phone number xxx-xxx-2921. This number is a residential telephone subscription. In the four years preceding

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

4/27/2020 (the date Larson's original Complaint was filed), GoSmith sent Larson at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Larson seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Larson seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. 227(c).

263.    Allisyn Layton personally owns and uses the cellular phone number xxx-xxx-2037. This number is a residential telephone subscription and Layton's only telephone. Layton uses this cell phone to communicate with friends and family and keeps this phone on her at all times. Layton charges this phone by her bedside at night. In the four years preceding 1/30/2020 (the date Layton's original Complaint was filed), GoSmith sent Layton at least 3 telemarketing text messages per month at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Layton seeks an amount not less than $52,500 for at least 35 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Layton seeks an amount not less than $17,500 for at least 35 negligent violations of 47 U.S.C. § 227(c).

264.    Justin Lee personally owns and uses the cellular phone number xxx-xxx-2018. This number is a residential telephone subscription and Lee's only telephone. Lee uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Lee pays for this cell phone with funds from his personal bank account. Lee charges this phone by his bedside at night. On 4/30/2006, Lee registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lee's original Complaint was filed), GoSmith sent Lee at least 20 telemarketing text messages at this number, with at least 1-2 arriving each week for several weeks. Lee estimates that 20 is a very conservative number. GoSmith knowingly and willfully sent these text messages without instituting procedures that

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 109 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lee within a 12-month period after Lee was registered on the National Do Not Call Registry, including but not limited to the period between 11/4/2017 and 11/4/2018. Lee seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lee seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

265. Matt LeFevre personally owns and uses the cellular phone number xxx-xxx-1299. This number is a residential telephone subscription and LeFevre's only telephone. LeFevre uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. LeFevre charges this cell phone by his bedside at night. On 4/16/2014, LeFevre registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date LeFevre's original Complaint was filed), GoSmith sent LeFevre at least 164 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to LeFevre within a 12-month period after LeFevre was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. LeFevre seeks an amount not less than $246,000 for at least 164 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, LeFevre seeks an amount not less than $82,000 for at least 164 negligent violations of 47 U.S.C. § 227(c).

266. Eric Leverenz personally owns and uses the cellular phone number xxx-xxx-3820. This number is a residential telephone subscription and Leverenz's only telephone. Leverenz uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Leverenz charges this phone by his bedside at night.   On 2/27/2009, Leverenz registered this number on the National Do Not Call Registry. In the four years preceding

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 110 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

1/30/2020 (the date Leverenz's original Complaint was filed), GoSmith sent Leverenz at least 725 telemarketing text messages at this number. Some weeks, Leverenz received 5 telemarketing messages per week from Defendants. Other weeks, it was as many as 15 telemarketing messages per week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Leverenz within a 12-month period after Leverenz was registered on the National Do Not Call Registry, including but not limited to the period between 4/25/2017 and 4/25/2018. Leverenz seeks an amount not less than $1,087,500 for at least 725 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Leverenz seeks an amount not less than $362,500 for at least 725 negligent violations of 47 U.S.C. § 227(c).

267.    Gregory Lewandowski personally owns and uses the cellular phone number xxx-xxx-8944. This number is a residential telephone subscription. On 2/15/2005, Lewandowski registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Lewandowski's original Complaint was filed), GoSmith sent Lewandowski at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lewandowski within a 12-month period after Lewandowski was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Lewandowski seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lewandowski seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

268.    Tom Lewis personally owns and uses the cellular phone number xxx-xxx-5535. This number is a residential telephone subscription that Lewis uses for work and personal

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 111 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

communication. In the four years preceding 1/30/2020 (the date Lewis's original Complaint was filed), GoSmith sent Lewis at least 43 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lewis seeks an amount not less than $64,500 for at least 43 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lewis seeks an amount not less than $21,500 for at least 43 negligent violations of 47 U.S.C. § 227(c).

269.    Max Lewis personally owns and uses the cellular phone number xxx-xxx-7755. This number is a residential telephone subscription and Lewis's only telephone. Lewis uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Lewis pays for this cell phone with funds from a personal account. In the four years preceding 4/28/2020 (the date Lewis's original Complaint was filed), GoSmith sent Lewis at least 64 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lewis seeks an amount not less than $96,000 for at least 64 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lewis seeks an amount not less than $32,000 for at least 64 negligent violations of 47 U.S.C. § 227(c).

270.    Brandon Light personally owns and uses the cellular phone number xxx-xxx-0739. This number is a residential telephone subscription and Light's only cell phone. Light uses a different telephone number for his work. Light uses this cell phone to communicate with friends and family and keeps this cell phone on him at all times. Light pays for this cell phone with funds from his personal bank account. Light charges this cell phone by his bedside at night. In the four years preceding 1/30/2020 (the date Light's original Complaint was filed), GoSmith sent Light at least 123 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R.

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 112 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

§ 64.1200(d). Light seeks an amount not less than $184,500 for at least 123 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Light seeks an amount not less than $61,500 for at least 123 negligent violations of 47 U.S.C. § 227(c).

271.    Kelan Loch personally owns and uses the cellular phone number xxx-xxx-5840. This number is a residential telephone subscription and is Loch's only telephone. Loch uses this number to communicate with family and friends and keeps this cell phone on him at all times. Loch charges his cell phone by his bedside at night. On 1/13/2006, Loch registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Loch's original Complaint was filed), GoSmith sent Loch at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Loch within a 12-month period after Loch was registered on the National Do Not Call Registry, including but not limited to the period between 8/21/2017 and 8/21/2018. Loch seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loch seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

272.    Paul Longo personally owns and uses the cellular phone number xxx-xxx-0148. This number is a residential telephone subscription and Longo's only cell phone. Longo uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Longo charges this cell phone near his bedside at night. On 2/6/2007, Longo registered this number on the National Do Not Call Registry. In the four years preceding 4/29/2020 (the date Longo's original Complaint was filed), GoSmith sent Longo at least 75 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Longo within a 12-month period after Longo was registered on the National Do Not Call Registry, including but not limited to the period between 12/4/2016 and 12/4/2017. Longo seeks an amount not less than $112,500 for at least 75 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Longo seeks an amount not less than $37,500 for at least 75 negligent violations of 47 U.S.C. § 227(c).

273.    Ryan Loyd personally owns and uses the cellular phone number xxx-xxx-3315. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Loyd's original Complaint was filed), GoSmith sent Loyd at least 143 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Loyd seeks an amount not less than $214,500 for at least 143 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Loyd seeks an amount not less than $71,500 for at least 143 negligent violations of 47 U.S.C. § 227(c).

274.    Donavon J. Lyness personally owns and uses the cellular phone number xxx-xxx-2387. This number is a residential telephone subscription that is Lyness's personal cell phone and only phone number. In the four years preceding 4/22/2020 (the date Lyness's original Complaint was filed), GoSmith sent Lyness at least 24 telemarketing text messages at this number, sometimes as many as two per day GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Lyness seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lyness seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).Finally, GoSmith sent Lyness at least 24 commercial text messages in violation of RCW § 19.190.060 for which Lyness seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 114 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

275.     Vlad Lysov personally owns and uses the cellular phone number xxx-xxx-7202. This number is a residential telephone subscription and is Lysov's only phone and his personal cell phone. He pays for it out of his personal bank account, carries it with him, and uses it for all his personal calls. He charges it in his room at night. On 11/13/2019, Lysov registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Lysov's original Complaint was filed), GoSmith sent Lysov at least 41 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Lysov within a 12-month period after Lysov was registered on the National Do Not Call Registry, including but not limited to the period between 11/13/2019 and 1/30/2020. Lysov seeks an amount not less than $61,500 for at least 41 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Lysov seeks an amount not less than $20,500 for at least 41 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Lysov at least 41 commercial text messages in violation of RCW § 19.190.060 for which Lysov seeks an amount not less than $20,500, attorney's fees, injunctive relief, and treble damages.

276.     Stevan Major personally owns and uses the cellular phone number xxx-xxx-5514. This number is a residential telephone subscription, and this number is Major's only phone and his personal cell phone. He pays for it out of his personal bank account, carries it with him, and uses it for all his personal calls. He charges it in his room at night. It is the phone that he uses to talk to his wife, kids, and other family members. On 6/17/2010, Major registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Major's original Complaint was filed), GoSmith sent Major at least 97 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 115 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Major within a 12-month period after Major was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. Major seeks an amount not less than $145,500 for at least 97 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Major seeks an amount not less than $48,500 for at least 97 negligent violations of 47 U.S.C. § 227(c).

277.    Fernando Mancilla personally owns and uses the cellular phone number xxx-xxx-4278. This number is a residential telephone subscription. On 12/10/2004, Mancilla registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Mancilla's original Complaint was filed), GoSmith sent Mancilla at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mancilla within a 12-month period after Mancilla was registered on the National Do Not Call Registry, including but not limited to the period between 3/9/2017 and 3/9/2018. Mancilla seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mancilla seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

278.    James Mandichak personally owns and uses the cellular phone number xxx-xxx-3157. This number is a residential telephone subscription. On 9/11/2018, Mandichak registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Mandichak's original Complaint was filed), GoSmith sent Mandichak at least 69 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

least 2 text messages to Mandichak within a 12-month period after Mandichak was registered on the National Do Not Call Registry, including but not limited to the period between 9/11/2018 and 9/11/2019. Mandichak seeks an amount not less than $103,500 for at least 69 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mandichak seeks an amount not less than $34,500 for at least 69 negligent violations of 47 U.S.C. § 227(c).

279.    Les Mann personally owns and uses the cellular phone number xxx-xxx-5112. This number is a residential telephone subscription and is Mann's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. On 10/10/2003, Mann registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Mann's original Complaint was filed), GoSmith sent Mann at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Mann within a 12-month period after Mann was registered on the National Do Not Call Registry, including but not limited to the period between 5/27/2017 and 5/27/2018. Mann seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mann seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

280.    Josh Manwaring personally owns and uses the cellular phone number xxx-xxx-4378. This number is a residential telephone subscription. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. On 10/12/2010, Manwaring registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Manwaring's original Complaint was filed), GoSmith sent Manwaring at least 176 telemarketing text messages to Manwaring's personal cell phone at this number. Manwaring

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 117 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

complained to his wife and associates about the number of texts GoSmith sent over the years and the annoyance. Manwaring texted back and asked to be removed from their list, but the texts from GoSmith kept coming. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Manwaring within a 12-month period after Manwaring was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Manwaring seeks an amount not less than $264,000 for at least 176 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Manwaring seeks an amount not less than $88,000 for at least 176 negligent violations of 47 U.S.C. § 227(c).

281.    Nathan Marchese personally owns and uses the cellular phone number xxx-xxx-8539. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Marchese's original Complaint was filed), GoSmith sent Marchese at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Marchese seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Marchese seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

282.    Darrell Martin personally owns and uses the cellular phone number xxx-xxx-6220. This number is a residential telephone subscription and is listed as a personal plan with Martin's cellular service provider. Martin has a separate, dedicated phone number for his business calls that ends in -9672. On 8/15/2007, Martin registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Martin's original Complaint was filed), GoSmith sent Martin at least 79 telemarketing text messages at this number, more than 30 messages per year. GoSmith knowingly and willfully sent these text

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 118 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Martin within a 12-month period after Martin was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 6/14/2018. Martin seeks an amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Martin seeks an amount not less than $39,500 for at least 79 negligent violations of 47 U.S.C. § 227(c).

283. Paul Mata personally owns and uses the cellular phone number xxx-xxx-5184. This number is a residential telephone subscription and is Mata's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. In the four years preceding 4/21/2020 (the date Mata's original Complaint was filed), GoSmith sent Mata at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mata seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mata seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

284. Carritha Matthews personally owns and uses the cellular phone number xxx-xxx-6417. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Matthews's original Complaint was filed), GoSmith sent Matthews at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Matthews seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 119 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Matthews seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

285. Brady Mayson personally owns and uses the cellular phone number xxx-xxx-2200. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Mayson's original Complaint was filed), GoSmith sent Mayson at least 44 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mayson seeks an amount not less than $66,000 for at least 44 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mayson seeks an amount not less than $22,000 for at least 44 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mayson at least 44 commercial text messages in violation of RCW § 19.190.060 for which Mayson seeks an amount not less than $22,000, attorney's fees, injunctive relief, and treble damages.

286. Mark McCreary personally owns and uses the cellular phone number xxx-xxx-5459. This number is a residential telephone subscription and is McCreary's only phone number. It is his personal cell phone. He pays for it out of his personal bank account and uses it for all his personal calls. It is on a personal or family plan with his cellular service provider. He charges it at night in his room. On 7/29/2008, McCreary registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date McCreary's original Complaint was filed), GoSmith sent McCreary at least 16 telemarketing text messages and phone calls at this number. Go Smith sent the texts twice a day at times, up to 3-4 times per week. GoSmith also called McCreary's personal cell phone number, 4-5 times a month. McCreary was never able to get anyone to answer when he texted in reply or called back attempting to stop the texts and calls. This went on for several months until McCreary just started blocking the calls. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 120 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McCreary within a 12-month period after McCreary was registered on the National Do Not Call Registry, including but not limited to the period between 12/14/2016 and 9/29/2017. McCreary seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, McCreary seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

287. Chris Mcgonagle personally owns and uses the cellular phone number xxx-xxx-0058. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Mcgonagle's original Complaint was filed), GoSmith sent Mcgonagle at least 37 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mcgonagle seeks an amount not less than $55,500 for at least 37 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mcgonagle seeks an amount not less than $18,500 for at least 37 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Mcgonagle at least 37 commercial text messages in violation of RCW § 19.190.060 for which Mcgonagle seeks an amount not less than $18,500, attorney's fees, injunctive relief, and treble damages.

288. Krystal McKinnie personally owns and uses the cellular phone number xxx-xxx-3547. This number is a residential telephone subscription and is McKinnie's personal phone number (her only phone number). She pays for it out of her personal account and uses it for all her personal calls. On 7/1/2011, McKinnie registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date McKinnie's original Complaint was filed), GoSmith sent McKinnie at least 135 telemarketing text messages at this number. McKinnie received texts from Defendants almost every day for months on end, to the point where she checked to make sure she was still on the Do Not Call Registry because the volume was so great. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to McKinnie within a 12-month period after McKinnie was registered on the National Do Not Call Registry, including but not limited to the period between 1/30/2016 and 1/29/2017. McKinnie seeks an amount not less than $202,500 for at least 135 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, McKinnie seeks an amount not less than $67,500 for at least 135 negligent violations of 47 U.S.C. § 227(c).

289.    Nick Means personally owns and uses the cellular phone number xxx-xxx-8187. This number is a residential telephone subscription and is Means's personal cell phone and only phone number. He pays for it out of his personal account and uses it for all her personal calls. In the four years preceding 4/22/2020 (the date Means's original Complaint was filed), GoSmith sent at least 450 telemarketing text messages and phone calls to Means's cell phone at this number. GoSmith texted Means 2-3 times a day. Means tried to opt out every time. GoSmith also called Means personal cell phone multiple times a week. The harassment went on for more than 6 months at this level. The calls and texts distracted Means several times a day for no reason. Every time, Means would drop what he was doing to check the message or call, only to find out it was GoSmith. It caused him great frustration. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Means seeks an amount not less than $675,000 for at least 450 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Means seeks an amount not less than $225,000 for at least 450 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Means at least 450 commercial text messages in violation of RCW § 19.190.060 for which Means seeks an amount not less than $225,000, attorney's fees, injunctive relief, and treble damages.

290.    Ruben Medina personally owns and uses the cellular phone number xxx-xxx-4055. This number is a residential telephone subscription that is Medina's personal cell phone.

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

The business has a landline in the office with a separate, dedicated number. Medina uses his cell phone for all personal calls In the four years preceding 1/30/2020 (the date Medina's original Complaint was filed), GoSmith sent Medina at least 30 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Medina seeks an amount not less than $45,000 for at least 30 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Medina seeks an amount not less than $15,000 for at least 30 negligent violations of 47 U.S.C. § 227(c).

291.    Timothy Melvin personally owns and uses the cellular phone number xxx-xxx-5198. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Melvin's original Complaint was filed), GoSmith sent Melvin at least 284 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Melvin seeks an amount not less than $426,000 for at least 284 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Melvin seeks an amount not less than $142,000 for at least 284 negligent violations of 47 U.S.C. § 227(c).

292.    David Mendola personally owns and uses the cellular phone number xxx-xxx-1527. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Mendola's original Complaint was filed), GoSmith sent Mendola at least 1,589 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Mendola seeks an amount not less than $2,383,500 for at least 1,589 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Mendola seeks an amount not less than $794,500 for at least 1,589 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

293.    Liz Meraz personally owns and uses the cellular phone number xxx-xxx-4564. This number is a residential telephone subscription and is Liz's personal cell phone, not a business phone. She pays for it out of her personal bank account and uses it for all her personal calls. She keeps it with her and charges it at night in her room, and this is the number her friends and family use to contact her. In the four years preceding 4/28/2020 (the date Meraz's original Complaint was filed), GoSmith sent Meraz at least 665 telemarketing text messages and phone calls to her personal cell phone at this number. GoSmith sent 2-3 messages per day, off and on, for a period of over two years and also tried to solicit through automatically-dialed telemarketing calls to her cell phone number. Meraz tried calling back and asking to be removed or unsubscribed but she was never successful at getting them to stop calling. Meraz received messages at all hours of the day and sometimes even at night. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Meraz seeks an amount not less than $997,500 for at least 665 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Meraz seeks an amount not less than $332,500 for at least 665 negligent violations of 47 U.S.C. § 227(c).

294.    Mark Miller personally owns and uses the cellular phone number xxx-xxx-4479. This number is a residential telephone subscription. In the four years preceding 4/21/2020 (the date Miller's original Complaint was filed), GoSmith sent Miller at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Miller seeks an amount not less than $79,500 for at least 53 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Miller seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c).

295.    Gabriel Miranda personally owns and uses the cellular phone number xxx-xxx-8039. This number is a residential telephone subscription. In the four years preceding

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 124 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

4/27/2020 (the date Miranda's original Complaint was filed), GoSmith sent Miranda at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Miranda seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Miranda seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. 227(c).

296.    Craig Montgomery personally owns and uses the cellular phone number xxx-xxx-9299. This number is a residential telephone subscription. On 10/4/2007, Montgomery registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Montgomery's original Complaint was filed), GoSmith sent Montgomery at least 16 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Montgomery within a 12-month period after Montgomery was registered on the National Do Not Call Registry, including but not limited to the period between 2/4/2017 and 2/4/2018. Montgomery seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Montgomery seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

297.    Israel Montijo personally owns and uses the cellular phone number xxx-xxx-4779. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Montijo's original Complaint was filed), GoSmith sent Montijo at least 582 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Montijo seeks an amount not less than $873,000 for at least 582 knowing and willful violations of 47 U.S.C. §

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Montijo seeks an amount not less than $291,000 for at least 582 negligent violations of 47 U.S.C. § 227(c).

298. Gary Moore personally owns and uses the cellular phone number xxx-xxx-5904. This number is a residential telephone subscription and is Moore's personal cell phone. This is his only phone. He makes his personal calls with this phone and keeps it with him, charging it in his house at night. His friends and family contact him on this number. On 12/4/2005, Moore registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Moore's original Complaint was filed), GoSmith sent Moore at least 119 telemarketing text messages at this number, 2-3 times per week for about a year. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Moore within a 12-month period after Moore was registered on the National Do Not Call Registry, including but not limited to the period between 4/24/2017 and 7/11/2017. Moore seeks an amount not less than $178,500 for at least 119 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moore seeks an amount not less than $59,500 for at least 119 negligent violations of 47 U.S.C. § 227(c).

299. David Morse personally owns and uses the cellular phone number xxx-xxx-5244. This number is a residential telephone subscription and is Morse's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Morse's original Complaint was filed), GoSmith sent Morse's personal number at least 228 telemarketing text messages, texting him 3-4 per week at a minimum for at least 8 months straight, trying to sell him leads. Morse had not signed up with GoSmith and had no idea how they got his personal number. Most of the "leads" were for window installation, which Morse does not do. The texts were extremely annoying, and Morse could not get them to stop. GoSmith knowingly and willfully sent these text messages without instituting procedures that

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 126 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Morse seeks an amount not less than $342,000 for at least 228 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Morse seeks an amount not less than $114,000 for at least 228 negligent violations of 47 U.S.C. § 227(c).

300.    Shawn Moshos personally owns and uses the cellular phone number xxx-xxx-3172. This number is a residential telephone subscription and is Moshos's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/27/2020 (the date Moshos's original Complaint was filed), GoSmith sent Moshos's cellular number at least 326 telemarketing text messages, at least every other day for almost two years. Moshos tried several times to opt out or unsubscribe from their list, replying "STOP" at least three times, but GoSmith did not stop texting him. This annoyed Moshos considerably. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moshos seeks an amount not less than $489,000 for at least 326 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moshos seeks an amount not less than $163,000 for at least 326 negligent violations of 47 U.S.C. § 227(c).

301.    Michael Moul personally owns and uses the cellular phone number xxx-xxx-5630. This number is a residential telephone subscription. Moul uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account, although he does use it for some work calls in his home-based business. In the four years preceding 1/30/2020 (the date Moul's original Complaint was filed), GoSmith sent Moul at least 137 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moul seeks an amount not less than $205,500 for at least 137 knowing and willful

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

violations of 47 U.S.C. § 227(c). Alternatively, Moul seeks an amount not less than $68,500 for at least 137 negligent violations of 47 U.S.C. § 227(c).

302.    Josiah Elias (Joe) Moya personally owns and uses the cellular phone number xxx-xxx-7999. This number is a residential telephone subscription and is Moya's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it on his dresser at night, and it is on his family plan with his cell phone service provider. In the four years preceding 1/30/2020 (the date Moya's original Complaint was filed), GoSmith sent Moya at least 293 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moya seeks an amount not less than $439,500 for at least 293 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moya seeks an amount not less than $146,500 for at least 293 negligent violations of 47 U.S.C. § 227(c).

303.    Matt Moyer personally owns and uses the cellular phone number xxx-xxx-5574. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Moyer's original Complaint was filed), GoSmith sent Moyer at least 206 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Moyer seeks an amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Moyer seeks an amount not less than $103,000 for at least 206 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Moyer at least 206 commercial text messages in violation of RCW § 19.190.060 for which Moyer seeks an amount not less than $103,000, attorney's fees, injunctive relief, and treble damages.

304.    Alex Murdock personally owns and uses the cellular phone number xxx-xxx-0533. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Murdock's original Complaint was filed), GoSmith sent Murdock at least 3

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Murdock seeks an amount not less than $4,500 for at least 3 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Murdock seeks an amount not less than $1,500 for at least 3 negligent violations of 47 U.S.C. § 227(c).

305.    Susan Murphy personally owns and uses the cellular phone number xxx-xxx-4457. This number is a residential telephone subscription and is Murphy's only phone number. She uses this cell phone for all her personal calls, keeps it with her at all times, and charges it in her room at night. She pays for it out of her personal bank account and it is on her individual or family plan with her cell phone service provider. On 1/25/2006, Murphy registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Murphy's original Complaint was filed), GoSmith sent Murphy at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Murphy within a 12-month period after Murphy was registered on the National Do Not Call Registry, including but not limited to the period between 5/31/2017 and 5/31/2018. Murphy seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Murphy seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

306.    Dean Nguyen personally owns and uses the cellular phone number xxx-xxx-8601. This number is a residential telephone subscription and it is Nguyuen's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. On 7/28/2005, Nguyen registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Nguyen's

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 129 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

original Complaint was filed), GoSmith sent Nguyen's personal cell phone at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Nguyen within a 12-month period after Nguyen was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Nguyen seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Nguyen seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Nguyen at least 7 commercial text messages in violation of RCW § 19.190.060 for which Nguyen seeks an amount not less than $3,500, attorney's fees, injunctive relief, and treble damages.

307.    James Oakes personally owns and uses the cellular phone number xxx-xxx-4814. This number is a residential telephone subscription and it is Oakes's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. In the four years preceding 4/21/2020 (the date Oakes's original Complaint was filed), GoSmith sent Oakes's personal cell phone at least 1,074 telemarketing text messages and phone calls at this number. GoSmith began sending the messages and calls around November of 2018 and the texts and calls came from hundreds of different phone numbers. GoSmith sent texts to Oakes on a daily basis and often sent more than one message daily. Oakes initially tried blocking each number but soon realized this was ineffective. The texts clogged up his entire inbox. Oakes continued to receive daily texts until he filed this lawsuit.  GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Oakes seeks an amount not less than $1,611,000 for at least 1,074 knowing and willful violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Alternatively, Oakes seeks an amount not less than $537,000 for at least 1,074 negligent violations of 47 U.S.C. § 227(c).

308. Darren Orange personally owns and uses the cellular phone number xxx-xxx-8519. This number is a residential telephone subscription and it is Orange's only phone number. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and pays for it out of his personal bank account. On 4/7/2013, Orange registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Orange's original Complaint was filed), GoSmith sent Orange at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Orange within a 12-month period after Orange was registered on the National Do Not Call Registry, including but not limited to the period between 8/1/2016 and 7/8/2017. Orange seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Orange seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

309. Federico Ornelas personally owns and uses the cellular phone number xxx-xxx-6448. This number is a residential telephone subscription and although Ornelas uses it occasionally for business, it is his only phone. He uses this cell phone for all his personal calls, keeps it with him, charges it in his room at night, and it is on his family or individual plan with his cellular phone service provider. In the four years preceding 1/30/2020 (the date Ornelas's original Complaint was filed), GoSmith sent Ornelas well over 200 telemarketing text messages at this number, about 10-15 times per week. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ornelas seeks an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 131 -
CASE NO. 2:20-CV-00604-RSL

227(c). Alternatively, Ornelas seeks an amount not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c).

310.    Evan Ortiz personally owns and uses the cellular phone number xxx-xxx-1866. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Ortiz's original Complaint was filed), GoSmith sent Ortiz at least 60 telemarketing text messages at this number, multiple times a day, which Ortiz found very annoying. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ortiz seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ortiz seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c).

311.    Brandon Pack personally owns and uses the cellular phone number xxx-xxx-7246. This number is a residential telephone subscription and is Pack's personal cell phone. In the four years preceding 4/22/2020 (the date Pack's original Complaint was filed), GoSmith sent Pack at least 204 telemarketing text messages at this number. GoSmith sent the texts almost daily and sent enough texts that Pack was worried about who had his information and why he was receiving these texts. When he tried blocking the numbers, GoSmith sent them from a different number. It interrupted Pack's day, causing him lost time and frustration. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pack seeks an amount not less than $306,000 for at least 204 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pack seeks an amount not less than $102,000 for at least 204 negligent violations of 47 U.S.C. § 227(c).

312.    David Palanker personally owns and uses the cellular phone number xxx-xxx-4490. This number is a residential telephone subscription and is Palanke'rs only phone. He uses this cell phone for personal calls, keeps it with him, charges it in his room at night, and it is on his family or plan with his cellular phone service provider. On 6/10/2009, Palanker registered

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Palanker's original Complaint was filed), GoSmith sent Palanker at least 10 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Palanker within a 12-month period after Palanker was registered on the National Do Not Call Registry, including but not limited to the period between 6/12/2017 and 6/12/2018. Palanker seeks an amount not less than $15,000 for at least 10 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Palanker seeks an amount not less than $5,000 for at least 10 negligent violations of 47 U.S.C. § 227(c).

313.    Lester Parillon personally owns and uses the cellular phone number xxx-xxx-8746. This number is a residential telephone subscription and Parillon's only phone number. He takes all his calls with it, and it is the only phone he uses to talk to family and friends. He pays for it out of his personal account and charges it on his nightstand by his bed every night. He has a personal plan with his cellphone service provider. In the four years preceding 4/27/2020 (the date Parillon's original Complaint was filed), GoSmith sent Parillon at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Parillon seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Parillon seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

314.    Devin Parker personally owns and uses the cellular phone number xxx-xxx-0124. This number is a residential telephone subscription and is Parker's only phone number. He takes all his calls with it, and it is the only phone he uses to talk to family and friends. He pays for it out of his personal account and charges it on his nightstand by his bed every night.  He

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 133 -
CASE NO. 2:20-CV-00604-RSL

has a personal plan with his cellphone service provider. On 10/10/2009, Parker registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Parker's original Complaint was filed), GoSmith sent Parker's personal cell phone at least 208 telemarketing text messages and phone calls at this number. GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to Parker within a 12-month period after Parker was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Parker seeks an amount not less than $312,000 for at least 208 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Parker seeks an amount not less than $104,000 for at least 208 negligent violations of 47 U.S.C. 227(c).

315.    David Parnham personally owns and uses the cellular phone number xxx-xxx-5805. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Parnham's original Complaint was filed), GoSmith sent Parnham at least 540 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Parnham seeks an amount not less than $810,000 for at least 540 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Parnham seeks an amount not less than $270,000 for at least 540 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Parnham at least 540 commercial text messages in violation of RCW § 19.190.060 for which Parnham seeks an amount not less than $270,000, attorney's fees, injunctive relief, and treble damages.

316.    Larry Patenaude personally owns and uses the cellular phone number xxx-xxx-1297. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Patenaude's original Complaint was filed), GoSmith sent Patenaude at least 58 telemarketing text messages at this number. GoSmith knowingly and willfully sent these

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 134 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Patenaude seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Patenaude seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

317.    Tom Patterson personally owns and uses the cellular phone number xxx-xxx-6801. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Patterson's original Complaint was filed), GoSmith sent Patterson at least 254 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Patterson seeks an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Patterson seeks an amount not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(c).

318.    Adam Pearson personally owns and uses the cellular phone number xxx-xxx-4168. This number is a residential telephone subscription and is Pearson's only phone. He has it on a family plan with his cellular phone service provider and keeps it charging next to his night stand every night. It is the phone number he uses to conduct all his personal calls and matters. In the four years preceding 4/28/2020 (the date Pearson's original Complaint was filed), GoSmith sent Pearson at least 45 telemarketing text messages and an unknown number of telemarketing calls at this number. GoSmith called and texted Pearson at all hours of the day and night, a couple of times a week, at first. Then it slowed down for a while and then started back up a couple of times a week for a long period. GoSmith badgered Pearson to the point that he texted them back, telling them to stop harassing him, but GoSmith kept contacting him by phone and text. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Pearson seeks an amount not less than $67,500 for

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 135 -
CASE NO. 2:20-CV-00604-RSL

at least 45 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pearson seeks an amount not less than $22,500 for at least 45 negligent violations of 47 U.S.C. § 227(c).

319.    Arnulfo Perez personally owns and uses the cellular phone number xxx-xxx-1482. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Perez's original Complaint was filed), GoSmith sent Perez at least 118 telemarketing text messages and calls at this number, up to 4 times daily from different numbers, all attempting to sell Defendants' services. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Perez seeks an amount not less than $177,000 for at least 118 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Perez seeks an amount not less than $59,000 for at least 118 negligent violations of 47 U.S.C. § 227(c).

320.    George Peterson personally owns and uses the cellular phone number xxx-xxx-8438. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Peterson's original Complaint was filed), GoSmith sent Peterson at least 141 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Peterson seeks an amount not less than $211,500 for at least 141 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Peterson seeks an amount not less than $70,500 for at least 141 negligent violations of 47 U.S.C. § 227(c).

321.    Darryl Peterson personally owns and uses the cellular phone number xxx-xxx-4581. This number is a residential telephone subscription and is Peterson's only telephone. Peterson uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Peterson charges this phone near his bedside at night. On 1/27/2015, Peterson registered this number on the National Do Not Call Registry. In the four years preceding 4/24/2020 (the date Peterson's original Complaint was filed), GoSmith sent Peterson

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 136 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

at least 20 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Peterson within a 12-month period after Peterson was registered on the National Do Not Call Registry, including but not limited to the period between 1/9/2017 and 1/9/2018. Peterson seeks an amount not less than $30,000 for at least 20 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Peterson seeks an amount not less than $10,000 for at least 20 negligent violations of 47 U.S.C. § 227(c).

322.    Maria Petromanolakis personally owns and uses the cellular phone number xxx-xxx-7077. This number is a residential telephone subscription which Petromanolakis does not use for business. Petromanolakis uses this cell phone to communicate with her family and friends and keeps this phone on her at all times. Petromanolakis pays for this cell phone with funds out of her personal bank account. Petromanolakis charges this phone near her bedside at night. On 10/9/2012, Petromanolakis registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Petromanolakis's original Complaint was filed), GoSmith sent Petromanolakis at least 15 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Petromanolakis within a 12-month period after Petromanolakis was registered on the National Do Not Call Registry, including but not limited to the period between 6/16/2017 and 7/5/2017. Petromanolakis seeks an amount not less than $22,500 for at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Petromanolakis seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

323.    Richard Poe personally owns and uses the cellular phone number xxx-xxx-4049. This number is a residential telephone subscription. On 2/3/2004, Poe registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Poe's original Complaint was filed), GoSmith sent Poe at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Poe within a 12-month period after Poe was registered on the National Do Not Call Registry, including but not limited to the period between 6/14/2017 and 7/8/2017. Poe seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Poe seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

324.    Doug Politi personally owns and uses the cellular phone number xxx-xxx-9590. This number is a residential telephone subscription that Politi keeps on him at all times. Politi uses this cell phone to communicate with family and friends. Politi pays for this cell phone with funds from his personal bank account. Politi charges this cell phone by his bedside at night. In the four years preceding 4/29/2020 (the date Politi's original Complaint was filed), GoSmith sent Politi at least 156 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Politi seeks an amount not less than $234,000 for at least 156 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Politi seeks an amount not less than $78,000 for at least 156 negligent violations of 47 U.S.C. § 227(c).

325.    Kelly Pope personally owns and uses the cellular phone number xxx-xxx-3887. This number is a residential telephone subscription. On 10/18/2016, Pope registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Pope's original Complaint was filed), GoSmith sent Pope at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Pope within a 12-month period after Pope was registered on the National Do Not Call Registry, including but not limited to the period between 1/28/2017 and 9/28/2017. Pope seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Pope seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. § 227(c).

326.    Crystal Porter personally owns and uses the cellular phone number xxx-xxx-0584. This number is a residential telephone subscription and Porter's only cell phone. Porter uses this cell phone to communicate with family and friends and keeps this cell phone on her at all times. Porter pays for this cell phone with funds out of her personal bank account. Porter charges this cell phone by her bedside at night. In the four years preceding 1/30/2020 (the date Porter's original Complaint was filed), GoSmith sent Porter at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Porter seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Porter seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

327.    Shiloh Powers personally owns and uses the cellular phone number xxx-xxx-5611. This number is a residential telephone subscription which Powers uses for personal uses. Powers communicates uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Powers pays for this cell phone out of his personal bank account. In the four years preceding 4/22/2020 (the date Powers's original Complaint was

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 139 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

filed), GoSmith sent Powers at least 82 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Powers seeks an amount not less than $123,000 for at least 82 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Powers seeks an amount not less than $41,000 for at least 82 negligent violations of 47 U.S.C. § 227(c).

328.    Christopher Oetzel personally owns and uses the cellular phone number xxx-xxx-4325. This number is a residential telephone subscription And Oetzel's personal cell phone. Oetzel uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. Oetzel pays for this cell phone with funds from his personal bank account. In the four years preceding 4/27/2020 (the date Oetzel's original Complaint was filed), GoSmith sent Oetzel at least 79 telemarketing text messages and phone calls at this number. GoSmith regularly called Oetzel after 8:00PM. Oetzel complaint to his wife and business partner about the text messages and phone calls which he tried tirelessly to stop. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Oetzel seeks an amount not less than $118,500 for at least 79 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Oetzel seeks an amount not less than $39,500 for at least 79 negligent violations of 47 U.S.C. § 227(c).

329.    Sean Priest personally owns and uses the cellular phone number xxx-xxx-8259. This number is a residential telephone subscription. On 9/11/2003, Priest registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Priest's original Complaint was filed), GoSmith sent Priest at least 17 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Priest

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 140 -
CASE NO. 2:20-CV-00604-RSL

within a 12-month period after Priest was registered on the National Do Not Call Registry, including but not limited to the period between 4/27/2016 and 4/27/2017. Priest seeks an amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Priest seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. 227(c).

330.    Humberto Quevedo personally owns and uses the cellular phone number xxx-xxx-6705. This number is a residential telephone subscription and his Quevedo's only telephone. Quevedo uses this cell phone to communicate with family and friends and keeps this cell phone on him at all times. In the four years preceding 1/30/2020 (the date Quevedo's original Complaint was filed), GoSmith sent Quevedo at least 3,782 telemarketing text messages at this number. GoSmith would often send Quevedo text messages and phone calls after midnight. Quevedo tried tirelessly to stop the text messages and telephone calls to no avail. GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Quevedo seeks an amount not less than $5,673,000 for at least 3,782 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Quevedo seeks an amount not less than $1,891,000 for at least 3,782 negligent violations of 47 U.S.C. § 227(c).

331.    Camie Ramirez personally owns and uses the cellular phone number xxx-xxx-0444. This number is a residential telephone subscription and Ramirez's only cell phone. Ramirez uses this cell phone to communicate with family and friends and carries this cell phone on her at all times. Ramirez pays for this cell phone with funds out of her personal bank account. Ramirez charges this cell phone by her bedside at night. In the four years preceding 4/22/2020 (the date Ramirez's original Complaint was filed), GoSmith sent Ramirez at least 17 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ramirez seeks an

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

amount not less than $25,500 for at least 17 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ramirez seeks an amount not less than $8,500 for at least 17 negligent violations of 47 U.S.C. § 227(c).

332.    TJ Rhodes III personally owns and uses the cellular phone number xxx-xxx-4891. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Rhodes III's original Complaint was filed), GoSmith sent Rhodes III at least 87 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rhodes III seeks an amount not less than $130,500 for at least 87 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rhodes III seeks an amount not less than $43,500 for at least 87 negligent violations of 47 U.S.C. § 227(c).

333.    Jason Rice personally owns and uses the cellular phone number xxx-xxx-3430. This number is a residential telephone subscription and was Rice's only phone for many years. This is his personal cell phone number, which he uses for all his personal calls and pays for out of his personal bank account. He has never used this phone for his home-based business, which has always had a separate number solely for business calls that ends in -9309. On 1/25/2009, Rice registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Rice's original Complaint was filed), GoSmith sent Rice at least 53 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rice within a 12-month period after Rice was registered on the National Do Not Call Registry, including but not limited to the period between 6/24/2017 and 7/8/2017. Rice seeks an amount not less than $79,500 for at least 53 knowing and willful

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 142 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

violations of 47 U.S.C. § 227(c). Alternatively, Rice seeks an amount not less than $26,500 for at least 53 negligent violations of 47 U.S.C. § 227(c).

334.    Stephen Richardson personally owns and uses the cellular phone number xxx-xxx-4675. This number is a residential telephone subscription and is Richardson's personal cellphone. On 8/14/2004, Richardson registered this number on the National Do Not Call Registry. Richardson eventually used this cellphone for mixed personal use and for work calls relating to his home-based business, which had a separate landline he established in 1990.  In the four years preceding 4/28/2020 (the date Richardson's original Complaint was filed), GoSmith sent Richardson at least 74 telemarketing text messages at this number. Richardson did not know how to stop the texts. He was annoyed and complained about it with other small business owners who were receiving identical texts from GoSmith that interrupted their days. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Richardson within a 12-month period after Richardson was registered on the National Do Not Call Registry, including but not limited to the period between 9/10/2016 and 9/10/2017. Richardson seeks an amount not less than $111,000 for at least 74 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Richardson seeks an amount not less than $37,000 for at least 74 negligent violations of 47 U.S.C. § 227(c).

335.    Crystal Richie personally owns and uses the cellular phone number xxx-xxx-4086. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Richie's original Complaint was filed), GoSmith sent Richie at least 57 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Richie seeks an amount not less than $85,500 for at least 57 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 143 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Richie seeks an amount not less than $28,500 for at least 57 negligent violations of 47 U.S.C. § 227(c).

336.    Tom Roche personally owns and uses the cellular phone number xxx-xxx-7100. This number is a residential telephone subscription. On 1/28/2017, Roche registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Roche's original Complaint was filed), GoSmith sent Roche at least 5 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Roche within a 12-month period after Roche was registered on the National Do Not Call Registry, including but not limited to the period between 5/26/2017 and 5/26/2018. Roche seeks an amount not less than $7,500 for at least 5 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Roche seeks an amount not less than $2,500 for at least 5 negligent violations of 47 U.S.C. § 227(c).

337.    Kyle Rodenhauser personally owns and uses the cellular phone number xxx-xxx-7166. This number is a residential telephone subscription and is Rodenhauser's only phone number. He has a personal/family plan with his cell phone service provider, carries the phone at all times, and charges it at home every night. Rodenhauser uses this number for all personal communication. In the four years preceding 1/30/2020 (the date Rodenhauser's original Complaint was filed), GoSmith sent Rodenhauser at least 328 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rodenhauser seeks an amount not less than $492,000 for at least 328 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rodenhauser seeks an amount not less than $164,000 for at least 328 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

338.    Lilach Rodgers personally owns and uses the cellular phone number xxx-xxx-9002. This number is a residential telephone subscription, and this is Rodgers's only phone. Rodgers works out of her home as a freelancer. She makes all her calls with this phone number and this is the number for all her personal calls and matters. Her friends and family call her on this number and it is on a personal/family phone plan with her cellular service provider. On 11/11/2015, Rodgers registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Rodgers's original Complaint was filed), GoSmith sent Rodgers at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rodgers within a 12-month period after Rodgers was registered on the National Do Not Call Registry, including but not limited to the period between 8/29/2016 and 8/29/2017. Rodgers seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rodgers seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

339.    Mark Anthony Rodriguez personally owns and uses the cellular phone number xxx-xxx-9739. This number is a residential telephone subscription and is Rodriguez's personal cell phone. He uses this phone to make all his personal calls with friends and family but also takes calls for his home-based business on this phone. He pays for it out of his personal bank account and it is a personal or family plan with his phone provider. He carries this phone everywhere and charges it in his bedroom at night. In the four years preceding 4/27/2020 (the date Rodriguez's original Complaint was filed), GoSmith sent Rodriguez at least 11 telemarketing text messages at this number, all within a space of just a few days. Rodriguez asked GoSmith to "STOP" and finally was unsubscribed. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 145 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Rodriguez seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rodriguez seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

340.    DeAnna Rose-Lydon personally owns and uses the cellular phone number xxx-xxx-2849. This number is a residential telephone subscription. On 10/10/2003, Rose-Lydon registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Rose-Lydon's original Complaint was filed), GoSmith sent Rose-Lydon at least 32 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Rose-Lydon within a 12-month period after Rose-Lydon was registered on the National Do Not Call Registry, including but not limited to the period between 5/23/2017 and 5/23/2018. Rose-Lydon seeks an amount not less than $48,000 for at least 32 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rose-Lydon seeks an amount not less than $16,000 for at least 32 negligent violations of 47 U.S.C. § 227(c).

341.    Drew Rosenberg personally owns and uses the cellular phone number xxx-xxx-8513. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Rosenberg's original Complaint was filed), GoSmith sent Rosenberg at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rosenberg seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rosenberg seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

342.    Tyler Roth personally owns and uses the cellular phone number xxx-xxx-7775. This number is a residential telephone subscription and is Roth's only phone. He uses this

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 146 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Roth has a personal/family plan with his cellphone service provider, and this is the number he uses with his family and friends. He pays for it out of his personal bank account. In the four years preceding 4/28/2020 (the date Roth's original Complaint was filed), GoSmith sent Roth at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Roth seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Roth seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

343.    Andrew Rusinchak personally owns and uses the cellular phone number xxx-xxx-6045. This number is a residential telephone subscription and is Rusinchak's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Rusinchak has a personal/family plan with his cellphone service provider and this is the number he uses with his family and friends. He pays for it out of his personal bank account. In the four years preceding 1/30/2020 (the date Rusinchak's original Complaint was filed), GoSmith sent Rusinchak at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Rusinchak seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rusinchak seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

344.    Paul Ryals personally owns and uses the cellular phone number xxx-xxx-2030. This number is a residential telephone subscription and is Ryals's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Ryals has a personal/family plan with his cellphone service provider and this is the number he uses with his family and friends. He pays for it out of his personal bank account. On

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

6/29/2003, Ryals registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Ryals's original Complaint was filed), GoSmith sent Ryals at least 42 telemarketing text messages and phone calls at this number. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and calls to Ryals within a 12-month period after Ryals was registered on the National Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Ryals seeks an amount not less than $63,000 for at least 42 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ryals seeks an amount not less than $21,000 for at least 42 negligent violations of 47 U.S.C. § 227(c).

345.    Michael Ryan personally owns and uses the cellular phone number xxx-xxx-2993. This number is a residential telephone subscription and is Ryan's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. Ryan has a personal/family plan with his cellphone service provider, and this is the number he uses with his family and friends. He pays for it out of his personal bank account. On 2/5/2015, Ryan registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Ryan's original Complaint was filed), GoSmith sent Ryan at least 288 telemarketing text messages and phone calls at this number, bugging him daily. GoSmith knowingly and willfully sent these text messages and phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages or calls to Ryan within a 12-month period after Ryan was registered on the National Do Not Call Registry, including but not limited to the period between 4/28/2016 and 4/28/2017. Ryan seeks an amount not less than $432,000 for at least 288 knowing and willful violations of 47 U.S.C. §

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 148 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Ryan seeks an amount not less than $144,000 for at least 288 negligent violations of 47 U.S.C. § 227(c).

346.    Richard David (Rich) Rzasa personally owns and uses the cellular phone number xxx-xxx-6607. This number is a residential telephone subscription and is Rzasa's only phone. He uses this cellphone for all his personal calls, keeps it with him at all times, and charges it in his bedroom at night. It is the only phone he owns in the house. Rzasa's number is on a family plan with his cellphone service provider, AT&T, and this is the number he uses with his family and friends. He pays for it out of his personal bank account. On 8/6/2006, Rzasa registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Rzasa's original Complaint was filed), GoSmith sent Rzasa at least 206 telemarketing text messages and calls at this number, which is Rzasa's personal phone. Rzasa remember receiving at least 2 telemarketing texts and/or calls per week, all from different numbers. If he replied to the texts with a number, he got an immediate and automated response. If he texted anything else, he never got a response. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to Rzasa within a 12-month period after Rzasa was registered on the National Do Not Call Registry, including but not limited to the period between 4/29/2017 and 4/29/2018. Rzasa seeks an amount not less than $309,000 for at least 206 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Rzasa seeks an amount not less than $103,000 for at least 206 negligent violations of 47 U.S.C. § 227(c).

347.    Adam Salas personally owns and uses the cellular phone number xxx-xxx-8382. This number is Salas's personal phone number. He pays for it out of his personal bank account and uses it for all his personal calls. Salas had a home-based business prior to late 2011, which is when he shut down his business. His phone number has been strictly personal ever since (and was used for all his personal calls even prior to 2011). In the four years preceding

PLAINTIFFS' FIFTH AMENDED COMPLAINT         - 149 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

1/30/2020 (the date Salas's original Complaint was filed), GoSmith sent Salas at least 94 telemarketing text messages and phone calls to his personal cell phone at this number. Go Smith did not begin texting or calling Salas until 2017, more than 5 years after he had shut down his business. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Salas seeks an amount not less than $141,000 for at least 94 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Salas seeks an amount not less than $47,000 for at least 94 negligent violations of 47 U.S.C. § 227(c).

348.    Noelle Salinas personally owns and uses the cellular phone number xxx-xxx-1197. This number is a residential telephone subscription. It is Salinas's only phone and has always been her personal phone. She pays for it out of her personal account, charges it in her room at night, and carries it with her daily. It is the number all her friends and family use to contact her and is the number she uses for all of her personal calls. Finally, Salinas runs a catering business out of her home. She is not a contractor for home repairs or services. In the four years preceding 1/30/2020 (the date Salinas's original Complaint was filed), GoSmith sent Salinas at least 58 telemarketing text messages and calls at this number, asking her to purchase home services leads. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Salinas seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Salinas seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

349.    Chad Sauer personally owns and uses the cellular phone number xxx-xxx-1030. This number is a residential telephone subscription and is Sauer's only phone. He uses it for his personal calls and also in his home-based business. He pays for it out of his personal bank account and it is an individual/family plan with his cellphone service provider. On 5/12/2005,

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Sauer registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sauer's original Complaint was filed), GoSmith sent Sauer at least 187 telemarketing text messages at this number, 1-3 times a week for many months. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sauer within a 12-month period after Sauer was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Sauer seeks an amount not less than $280,500 for at least 187 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sauer seeks an amount not less than $93,500 for at least 187 negligent violations of 47 U.S.C. § 227(c).

350.    James Savage personally owns and uses the cellular phone number xxx-xxx-3025. This number is a residential telephone subscription and is Savage's only phone. He uses this phone for all his personal calls, carries it with him during the day, charges it in his room at night, and pays for it out of his personal bank account. He uses it in his home-based business, but it is a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Savage's original Complaint was filed), GoSmith sent Savage at least 439 telemarketing text messages and phone calls at this number. GoSmith called and texted Savage at least 3 times a week and as much as 10 times a week for many months.  Once Savage answered a call from GoSmith and spoke to a representative who explained he would be charged for every lead he accepted and that the leads were not guaranteed to be people actually requesting service. Savage declined to purchase the leads and asked to be removed from the list. GoSmith's text continued, however. Savage grew accustomed to the non-stop harassment and would have to clear his phone occasionally to purge the messages. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Savage seeks an amount not less than $658,500 for at least 439 knowing and

PLAINTIFFS' FIFTH AMENDED COMPLAINT      - 151 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

willful violations of 47 U.S.C. § 227(c). Alternatively, Savage seeks an amount not less than $219,500 for at least 439 negligent violations of 47 U.S.C. § 227(c).

351.    Alex Sawicki personally owns and uses the cellular phone number xxx-xxx-0957. This number is a residential telephone subscription. On 7/24/2007, Sawicki registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Sawicki's original Complaint was filed), GoSmith sent Sawicki at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sawicki within a 12-month period after Sawicki was registered on the National Do Not Call Registry, including but not limited to the period between 6/22/2017 and 6/22/2018. Sawicki seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sawicki seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

352.    Steven Schubach personally owns and uses the cellular phone number xxx-xxx-0067. Schubach uses this cell phone for work. In the four years preceding 4/27/2020 (the date Schubach's original Complaint was filed), GoSmith sent Schubach at least 20 telemarketing text messages at this number. Finally, GoSmith sent Schubach at least 20 commercial text messages in violation of RCW § 19.190.060 for which Schubach seeks an amount not less than $10,000, attorney's fees, injunctive relief, and treble damages.

353.    Savannah Scroggs personally owns and uses the cellular phone number xxx-xxx-1095. This number is a residential telephone subscription and is Ms. Scrogg's only phone number. It is her personal cell phone, which she uses for all personal calls, gives to family and friends, and pays for out of a personal bank account. She carries it with her and charges it on her nightstand every night. It is on a personal/family plan with her cellphone service provider. In the four years preceding 1/30/2020 (the date Scroggs's original Complaint was filed),

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 152 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

GoSmith sent Scroggs at least 104 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Scroggs seeks an amount not less than $156,000 for at least 104 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Scroggs seeks an amount not less than $52,000 for at least 104 negligent violations of 47 U.S.C. § 227(c).

354. Jesse Seale personally owns and uses the cellular phone number xxx-xxx-6655. This number is a residential telephone subscription. In the four years preceding 12/16/2019 (the date Seale's original Complaint was filed), GoSmith sent Seale at least 400 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Seale seeks an amount not less than $600,000 for at least 400 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Seale seeks an amount not less than $200,000 for at least 400 negligent violations of 47 U.S.C. § 227(c).

355. Kirk Secrist personally owns and uses the cellular phone number xxx-xxx-4092. This number is a residential telephone subscription and is Secrist's only phone number. It is his personal cell phone, which he uses for all personal calls, gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. On 1/27/2009, Secrist registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Secrist's original Complaint was filed), GoSmith sent Secrist at least 254 telemarketing text messages and calls at this number, non-stop, multiple times per week. In Secrist's own words: "GoSmith bugged the hell out of me." GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Secrist

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 153 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

within a 12-month period after Secrist was registered on the National Do Not Call Registry, including but not limited to the period between 8/5/2017 and 8/5/2018. Secrist seeks an amount not less than $381,000 for at least 254 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Secrist seeks an amount not less than $127,000 for at least 254 negligent violations of 47 U.S.C. § 227(c).

356.    Stephen Andrew Shadwick personally owns and uses the cellular phone number xxx-xxx-0686. This number is a residential telephone subscription and is Shadwick's only phone number. It is his personal cell phone, which he uses for all personal calls, gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Shadwick's original Complaint was filed), GoSmith sent Shadwick at least 4 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shadwick seeks an amount not less than $6,000 for at least 4 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shadwick seeks an amount not less than $2,000 for at least 4 negligent violations of 47 U.S.C. § 227(c).

357.    Michael Shanaberger personally owns and uses the cellular phone number xxx-xxx-6382. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Shanaberger's original Complaint was filed), GoSmith sent Shanaberger at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shanaberger seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shanaberger seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Shanaberger at least 24

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 154 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

commercial text messages in violation of RCW § 19.190.060 for which Shanaberger seeks an amount not less than $12,000, attorney's fees, injunctive relief, and treble damages.

358.    Nathaniel Shannon personally owns and uses the cellular phone number xxx-xxx-9645. This number is a residential telephone subscription and is Shannon's only phone number. It is his personal cell phone, which he uses for all personal calls, gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Shannon's original Complaint was filed), GoSmith sent Shannon at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shannon seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shannon seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

359.    Charles Shields personally owns and uses the cellular phone number xxx-xxx-7247. This number is a residential telephone subscription and is Shields's personal phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider.  In the four years preceding 01/30/2020 (the date Shields's original Complaint was filed), GoSmith sent Shields at least 144 telemarketing text messages at this number. Upon information and belief, the actual number of violations was much higher. Shields states that Defendants were 'aggravating me to death,' and that he received at least 4-5 telemarketing text solicitations per week for years. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shields seeks an amount not less than $216,000 for at least 144 knowing and

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

willful violations of 47 U.S.C. § 227(c). Alternatively, Shields seeks an amount not less than $72,000 for at least 144 negligent violations of 47 U.S.C. § 227(c).

360.    Timothy Shiner personally owns and uses the cellular phone number xxx-xxx-6914. This number is a residential telephone subscription and is Shiner's personal phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. On 12/5/2014, Shiner registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Shiner's original Complaint was filed), GoSmith sent Shiner at least 54 telemarketing text messages at this number, sending 1-2 messages a month, about 20 each year. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Shiner within a 12-month period after Shiner was registered on the National Do Not Call Registry, including but not limited to the period between 5/13/2017 and 5/13/2018. Shiner seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shiner seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

361.    Debbie Shulda personally owns and uses the cellular phone number xxx-xxx-9061. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Shulda's original Complaint was filed), GoSmith sent Shulda at least 187 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Shulda seeks an amount not less than $280,500 for at least 187 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Shulda seeks an amount not less than $93,500 for at least 187 negligent violations of 47 U.S.C. § 227(c).

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 156 -
CASE NO. 2:20-CV-00604-RSL

362.    George Simmons personally owns and uses the cellular phone number xxx-xxx-6782. This number is a residential telephone subscription. On 3/7/2008, Simmons registered this number on the National Do Not Call Registry. In the four years preceding 4/27/2020 (the date Simmons's original Complaint was filed), GoSmith sent Simmons at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Also in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Simmons within a 12-month period after Simmons was registered on the National Do Not Call Registry, including but not limited to the period between 2/27/2017 and 2/27/2018. Simmons seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Simmons seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. 227(c).

363.    Max Sisson personally owns and uses the cellular phone number xxx-xxx-1629. This number is a residential telephone subscription and is Sisson's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Sisson's original Complaint was filed), GoSmith sent Sisson at least 2 telemarketing text messages and/or phone calls at this number. Upon information and belief, the actual number of text messages sent and phone calls made is much higher. GoSmith knowingly and willfully sent these text messages and/or phone calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Sisson seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sisson seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

364. Claude Slate personally owns and uses the cellular phone number xxx-xxx-0263. This number is a residential telephone subscription. On 8/29/2019, Slate registered this number on the National Do Not Call Registry. In the four years preceding 4/28/2020 (the date Slate's original Complaint was filed), GoSmith sent Slate at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Slate within a 12-month period after Slate was registered on the National Do Not Call Registry, including but not limited to the period between 8/29/2019 and 1/30/2020. Slate seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Slate seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

365. David Smalt personally owns and uses the cellular phone number xxx-xxx-7013. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Smalt's original Complaint was filed), GoSmith sent Smalt at least 54 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Smalt seeks an amount not less than $81,000 for at least 54 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smalt seeks an amount not less than $27,000 for at least 54 negligent violations of 47 U.S.C. § 227(c).

366. Corey Smiley personally owns and uses the cellular phone number xxx-xxx-3171. This number is a residential telephone subscription and is Smiley's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/27/2020

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 158 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

(the date Smiley's original Complaint was filed), GoSmith sent Smiley at least 77 telemarketing text messages and calls at this number, at least once or twice a day in the beginning, which tapered off eventually. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Smiley seeks an amount not less than $115,500 for at least 77 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smiley seeks an amount not less than $38,500 for at least 77 negligent violations of 47 U.S.C. § 227(c).

367.    Jeremy Smith personally owns and uses the cellular phone number xxx-xxx-6158. This number is a residential telephone subscription and is Smith's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his house every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/21/2020 (the date Smith's original Complaint was filed), GoSmith sent Smith at least 27 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Smith seeks an amount not less than $40,500 for at least 27 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Smith seeks an amount not less than $13,500 for at least 27 negligent violations of 47 U.S.C. § 227(c).

368.    Natahsya Spears personally owns and uses the cellular phone number xxx-xxx-5227. This number is a residential telephone subscription and is Spears's only phone number. It is her personal cell phone, which she uses for all personal calls, and which she gives to family and friends. She carries it with her and charges it in her room every night. It is on a personal/family plan with her cellphone service provider. In the four years preceding 1/30/2020 (the date Spears's original Complaint was filed), GoSmith sent Spears at least 56 telemarketing text messages at this number, at a rate of about 4 per week. GoSmith knowingly and willfully

PLAINTIFFS' FIFTH AMENDED COMPLAINT       - 159 -
CASE NO. 2:20-CV-00604-RSL

sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Spears seeks an amount not less than $84,000 for at least 56 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spears seeks an amount not less than $28,000 for at least 56 negligent violations of 47 U.S.C. § 227(c).

369.    Raymond Spinell personally owns and uses the cellular phone number xxx-xxx-9395. This number is a residential telephone subscription and is Spinell's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Spinell's original Complaint was filed), GoSmith sent Spinell at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Spinell seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Spinell seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

370.    Peter Steffen personally owns and uses the cellular phone number xxx-xxx-0781. This number is a residential telephone subscription and is Steffen's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Steffen's original Complaint was filed), GoSmith sent Steffen at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Steffen seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 160 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Steffen seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

371.    John Sterling personally owns and uses the cellular phone number xxx-xxx-7247. This number is a residential telephone subscription and is Sterling's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 3/5/2009, Sterling registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sterling's original Complaint was filed), GoSmith sent Sterling at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sterling within a 12-month period after Sterling was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Sterling seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sterling seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sterling at least 29 commercial text messages in violation of RCW § 19.190.060 for which Sterling seeks an amount not less than $14,500, attorney's fees, injunctive relief, and treble damages.

372.    Levi Stoddard personally owns and uses the cellular phone number xxx-xxx-4547. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Stoddard's original Complaint was filed), GoSmith sent Stoddard at least 23 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Stoddard seeks an amount not less than $34,500 for at least 23 knowing and willful violations of 47 U.S.C.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 161 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

227(c). Alternatively, Stoddard seeks an amount not less than $11,500 for at least 23 negligent violations of 47 U.S.C. 227(c).

373.    Mike Strodtman personally owns and uses the cellular phone number xxx-xxx-4229. This number is a residential telephone subscription and is Strodtman's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 8/14/2005, Strodtman registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Strodtman's original Complaint was filed), GoSmith sent Strodtman at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Strodtman within a 12-month period after Strodtman was registered on the National Do Not Call Registry, including but not limited to the period between 5/25/2017 and 7/24/2017. Strodtman seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Strodtman seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

374.    Robb Strommen personally owns and uses the cellular phone number xxx-xxx-9009. This number is a residential telephone subscription and is Strommen's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Strommen's original Complaint was filed), GoSmith sent Strommen at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Strommen seeks

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Strommen seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Strommen at least 2 commercial text messages in violation of RCW § 19.190.060 for which Strommen seeks an amount not less than $1,000, attorney's fees, injunctive relief, and treble damages.

375. Thomas Stumborg personally owns and uses the cellular phone number xxx-xxx-5601. This number is a residential telephone subscription. On 9/9/2005, Stumborg registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Stumborg's original Complaint was filed), GoSmith sent Stumborg at least 9 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Stumborg within a 12-month period after Stumborg was registered on the National Do Not Call Registry, including but not limited to the period between 5/25/2017 and 5/25/2018. Stumborg seeks an amount not less than $13,500 for at least 9 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Stumborg seeks an amount not less than $4,500 for at least 9 negligent violations of 47 U.S.C. § 227(c).

376. Raymond Sullivan personally owns and uses the cellular phone number xxx-xxx-3150. This number is a residential telephone subscription. On 10/10/2003, Sullivan registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Sullivan's original Complaint was filed), GoSmith sent Sullivan at least 152 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sullivan within a 12-month period after Sullivan was registered on the National

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Do Not Call Registry, including but not limited to the period between 4/21/2016 and 4/21/2017. Sullivan seeks an amount not less than $228,000 for at least 152 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sullivan seeks an amount not less than $76,000 for at least 152 negligent violations of 47 U.S.C. § 227(c).

377.    John Suver personally owns and uses the cellular phone number xxx-xxx-1129. This number is a residential telephone subscription and is Suver's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Suver's original Complaint was filed), GoSmith sent Suver at least 6 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Suver seeks an amount not less than $9,000 for at least 6 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Suver seeks an amount not less than $3,000 for at least 6 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Suver at least 6 commercial text messages in violation of RCW § 19.190.060 for which Suver seeks an amount not less than $3,000, attorney's fees, injunctive relief, and treble damages.

378.    Curtis Sveen personally owns and uses the cellular phone number xxx-xxx-9324. This number is a residential telephone subscription and is Sveen's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. On 11/10/2017, Sveen registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sveen's original Complaint was filed), GoSmith sent Sveen at least 21 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47

U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sveen within a 12-month period after Sveen was registered on the National Do Not Call Registry, including but not limited to the period between 11/10/2017 and 11/10/2018. Sveen seeks an amount not less than $31,500 for at least 21 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sveen seeks an amount not less than $10,500 for at least 21 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Sveen at least 21 commercial text messages in violation of RCW § 19.190.060 for which Sveen seeks an amount not less than $10,500, attorney's fees, injunctive relief, and treble damages.

379.    Shelley Sykes personally owns and uses the cellular phone number xxx-xxx-3068. This number is a residential telephone subscription. On 8/22/2003, Sykes registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Sykes's original Complaint was filed), GoSmith sent Sykes at least 58 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Sykes within a 12-month period after Sykes was registered on the National Do Not Call Registry, including but not limited to the period between 10/1/2016 and 7/18/2017. Sykes seeks an amount not less than $87,000 for at least 58 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Sykes seeks an amount not less than $29,000 for at least 58 negligent violations of 47 U.S.C. § 227(c).

380.    John Zachary (Zack) Talmage personally owns and uses the cellular phone number xxx-xxx-4286. This number is a residential telephone subscription and is Talmage's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room every night. It is on a personal/family plan with his cellphone service provider. In the four years

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 165 -
CASE NO. 2:20-CV-00604-RSL

preceding 1/30/2020 (the date Talmage's original Complaint was filed), GoSmith sent Talmage at least 80 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Talmage seeks an amount not less than $120,000 for at least 80 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Talmage seeks an amount not less than $40,000 for at least 80 negligent violations of 47 U.S.C. § 227(c).

381.    Norman Taylor personally owns and uses the cellular phone number xxx-xxx-9434. This number is a residential telephone subscription and is Taylor's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor at least 3,346 telemarketing text messages and phone calls at this number. When the calls and texts first started, Taylor was getting multiple messages and calls each day from GoSmith on his personal cell phone. He finally blocked each number as it came up on his phone. A few times, desperate for the calls and messages to stop, Taylor selected the "get more information" option, trying to reach someone who would take him off GoSmith's list, but the texts and messages only increased in frequency. Most of the "leads" were for geographical areas some 200+ miles away. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Taylor seeks an amount not less than $5,019,000 for at least 3,346 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $1,673,000 for at least 3,346 negligent violations of 47 U.S.C. § 227(c).

382.    Grant Taylor personally owns and uses the cellular phone number xxx-xxx-5222. This number is a residential telephone subscription and is Taylor's only phone number. It is his

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 166 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a personal/family plan with his cellphone service provider. On 3/23/2010, Taylor registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Taylor's original Complaint was filed), Defendants sent Taylor at least 560 telemarketing text messages and calls at this number. The calls, texts, and emails were extremely disruptive. For several months, Taylor received multiple texts a day or week. When Porch acquired GoSmith, the harassment continued, but through Porch's platform. Even as recently as 11/6/2020, Taylor was receiving unsolicited calls and an email from Porch.com at his personal cell phone number, in spite of this lawsuit he filed. Defendants knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Defendants knowingly and willfully sent at least 2 text messages or calls to Taylor within a 12-month period after Taylor was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017 and the period between 11/6/2019 and 11/6/2020. Taylor seeks an amount not less than $840,000 for at least 560 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $280,000 for at least 560 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Taylor at least 560 commercial text messages in violation of RCW § 19.190.060 for which Taylor seeks an amount not less than $280,000, attorney's fees, injunctive relief, and treble damages.

383.    Chris Taylor personally owns and uses the cellular phone number xxx-xxx-6712. This number is a residential telephone subscription and is Taylor's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Taylor's original Complaint was filed), GoSmith sent Taylor at least 60

PLAINTIFFS' FIFTH AMENDED COMPLAINT     - 167 -
CASE NO. 2:20-CV-00604-RSL

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Taylor seeks an amount not less than $90,000 for at least 60 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Taylor seeks an amount not less than $30,000 for at least 60 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Taylor at least 60 commercial text messages in violation of RCW § 19.190.060 for which Taylor seeks an amount not less than $30,000, attorney's fees, injunctive relief, and treble damages.

384.    Joshua Tenney personally owns and uses the cellular phone number xxx-xxx-8347. This number is a residential telephone subscription and is Tenney's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on a family plan under his wife's name with their cellphone service provider. They do not have a landline in their residence. In the four years preceding 1/30/2020 (the date Tenney's original Complaint was filed), GoSmith sent Tenney at least 504 telemarketing text messages and calls at this number, sometimes 3-4 times a day.  GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tenney seeks an amount not less than $756,000 for at least 504 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tenney seeks an amount not less than $252,000 for at least 504 negligent violations of 47 U.S.C. § 227(c).

385.    Brandon Thompson personally owns and uses the cellular phone number xxx-xxx-8211. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Thompson's original Complaint was filed), GoSmith sent Thompson at least 38 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Thompson

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Thompson seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c).

386.    Michael Tietje personally owns and uses the cellular phone number xxx-xxx-2380. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Tietje's original Complaint was filed), GoSmith sent Tietje at least 150 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tietje seeks an amount not less than $225,000 for at least 150 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tietje seeks an amount not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(c).

387.    Arturo A. Tinajero Nunez personally owns and uses the cellular phone number xxx-xxx-2194. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Tinajero Nunez's original Complaint was filed), GoSmith sent Tinajero Nunez at least 14 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tinajero Nunez seeks an amount not less than $21,000 for at least 14 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tinajero Nunez seeks an amount not less than $7,000 for at least 14 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Tinajero Nunez at least 14 commercial text messages in violation of RCW § 19.190.060 for which Tinajero Nunez seeks an amount not less than $7,000, attorney's fees, injunctive relief, and treble damages.

388.    John Tompkins II personally owns and uses the cellular phone number xxx-xxx-2629. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Tompkins II's original Complaint was filed), GoSmith sent Tompkins II at

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

least 962 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tompkins II seeks an amount not less than $1,443,000 for at least 962 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tompkins II seeks an amount not less than $481,000 for at least 962 negligent violations of 47 U.S.C. § 227(c).

389.    David Torres personally owns and uses the cellular phone number xxx-xxx-4832. This number is a residential telephone subscription and is Torres's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. On 06/27/2005, Torres registered this number on the National Do Not Call Registry. In the four years preceding 01/30/2020 (the date Torres's original Complaint was filed), GoSmith sent Torres at least 1,045 telemarketing text messages at this number, at the rate of 5-7 times per week, although Torres had been on the Do Not Call Registry for over 10 years before Defendants started contacting him. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Torres within a 12-month period after Torres was registered on the National Do Not Call Registry, including but not limited to the period between 01/30/2016 and 01/29/2017. Torres seeks an amount not less than $1,567,500 for at least 1,045 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Torres seeks an amount not less than $522,500 for at least 1,045 negligent violations of 47 U.S.C. § 227(c).

390.    Joann Trussell personally owns and uses the cellular phone number xxx-xxx-6766. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Trussell's original Complaint was filed), GoSmith sent Trussell at least 38

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Trussell seeks an amount not less than $57,000 for at least 38 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Trussell seeks an amount not less than $19,000 for at least 38 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Trussell at least 38 commercial text messages in violation of RCW § 19.190.060 for which Trussell seeks an amount not less than $19,000, attorney's fees, injunctive relief, and treble damages.

391.    Travis Trusty personally owns and uses the cellular phone number xxx-xxx-9138. This number is a residential telephone subscription and is Trusty's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 4/27/2020 (the date Trusty's original Complaint was filed), GoSmith sent Trusty at least 320 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Trusty seeks an amount not less than $480,000 for at least 320 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Trusty seeks an amount not less than $160,000 for at least 320 negligent violations of 47 U.S.C. § 227(c).

392.    Ryan Tweed personally owns and uses the cellular phone number xxx-xxx-9445. This number is a residential telephone subscription and is Tweed's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. In the four years preceding 4/28/2020 (the date Tweed's original Complaint was filed), GoSmith sent Tweed at least 150 telemarketing text messages and calls at this number. Tweed tried to unsubscribe and asked

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 171 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

GoSmith to take him off its list. After several attempts, GoSmith finally stopped contacting him. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Tweed seeks an amount not less than $225,000 for at least 150 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tweed seeks an amount not less than $75,000 for at least 150 negligent violations of 47 U.S.C. § 227(c).

393.    Brandon Tyler personally owns and uses the cellular phone number xxx-xxx-2146. This number is a residential telephone subscription is Tyler's only phone number. It is his personal cell phone, which he uses for all personal calls, and which he gives to family and friends. He carries it with him and charges it in his room on his nightstand every night. It is on an individual/family plan with his cellphone service provider. On 3/7/2019, Tyler registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Tyler's original Complaint was filed), GoSmith sent Tyler at least 46 telemarketing text messages at this number. Tyler felt that the texts were "relentless." GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Tyler within a 12-month period after Tyler was registered on the National Do Not Call Registry, including but not limited to the period between 3/7/2019 and 1/30/2020. Tyler seeks an amount not less than $69,000 for at least 46 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Tyler seeks an amount not less than $23,000 for at least 46 negligent violations of 47 U.S.C. § 227(c).

394.    Gheorghe Vasile personally owns and uses the cellular phone number xxx-xxx-7505. This number is a residential telephone subscription and is Vasile's only phone number. It is his personal cell phone, which is used for all personal calls, and which is given to family and friends. He carries the phone throughout the day and charges it on a nightstand every night. It

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 172 -
CASE NO. 2:20-CV-00604-RSL

is on an individual/family plan with the cellphone service provider. In the four years preceding 4/21/2020 (the date Vasile's original Complaint was filed), GoSmith sent Vasile at least 7 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vasile seeks an amount not less than $10,500 for at least 7 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vasile seeks an amount not less than $3,500 for at least 7 negligent violations of 47 U.S.C. § 227(c).

395.    Eric Vawter personally owns and uses the cellular phone number xxx-xxx-0512. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Vawter's original Complaint was filed), GoSmith sent Vawter at least 351 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vawter seeks an amount not less than $526,500 for at least 351 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vawter seeks an amount not less than $175,500 for at least 351 negligent violations of 47 U.S.C. § 227(c).

396.    Sara Vega personally owns and uses the cellular phone number xxx-xxx-5224. This number is a residential telephone subscription and is Vega's personal cell phone number. She uses it for all personal calls, and it is how she is contacted by family and friends. She carries the phone throughout the day and charges it on a nightstand every night. It is on an individual/family plan with the cellphone service provider. In the four years preceding 4/21/2020 (the date Vega's original Complaint was filed), GoSmith sent Vega at least 13 telemarketing text messages at this number. Vega was confused by the messages and complained of them to her husband, her mother, her sister, and a friend. She ignored the messages or attempted to decline them. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 173 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Vega seeks an amount not less than $19,500 for at least 13 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vega seeks an amount not less than $6,500 for at least 13 negligent violations of 47 U.S.C. § 227(c).

397.    Juan Vega personally owns and uses the cellular phone number xxx-xxx-0830. This number is a residential telephone subscription. On 1/6/2005, Vega registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Vega's original Complaint was filed), GoSmith sent Vega at least 65 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Vega within a 12-month period after Vega was registered on the National Do Not Call Registry, including but not limited to the period between 2/10/2017 and 2/10/2018. Vega seeks an amount not less than $97,500 for at least 65 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Vega seeks an amount not less than $32,500 for at least 65 negligent violations of 47 U.S.C. § 227(c).

398.    Jim Voyles personally owns and uses the cellular phone number xxx-xxx-1561. This number is a residential telephone subscription and is Voyles's personal cell phone which he uses for his personal calls and pays for out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/24/2020 (the date Voyles's original Complaint was filed), GoSmith sent Voyles at least 15 telemarketing text messages at this number, at least one text per week for three months. Voyles replied several times that he was not interested and never received a response, while the texts kept coming. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Voyles seeks an amount not less than $22,500 for

PLAINTIFFS' FIFTH AMENDED COMPLAINT          - 174 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

at least 15 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Voyles seeks an amount not less than $7,500 for at least 15 negligent violations of 47 U.S.C. § 227(c).

399.    Nicole Wade personally owns and uses the cellular phone number xxx-xxx-0859. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Wade's original Complaint was filed), GoSmith sent Wade at least 2 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wade seeks an amount not less than $3,000 for at least 2 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wade seeks an amount not less than $1,000 for at least 2 negligent violations of 47 U.S.C. § 227(c).

400.    Dean Walden personally owns and uses the cellular phone number xxx-xxx-2314. This number is a residential telephone subscription and is Walden's personal cell phone which he uses for his personal calls and pays for out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 1/30/2020 (the date Walden's original Complaint was filed), GoSmith sent Walden at least 29 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Walden seeks an amount not less than $43,500 for at least 29 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Walden seeks an amount not less than $14,500 for at least 29 negligent violations of 47 U.S.C. § 227(c).

401.    Taylor Warchot personally owns and uses the cellular phone number xxx-xxx-2788. This number is a residential telephone subscription and is Warchot's only phone number, which he uses for all his personal calls. In the four years preceding 4/21/2020 (the date Warchot's original Complaint was filed), GoSmith sent Warchot at least 50 telemarketing text messages, at least 1-3 texts per day at this number for a month. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Warchot seeks an amount not less than $75,000 for at least 50 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Warchot seeks an amount not less than $25,000 for at least 50 negligent violations of 47 U.S.C. § 227(c).

402.    Robert Waynick personally owns and uses the cellular phone number xxx-xxx-8056. This number is a residential telephone subscription and is Waynick's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. He does make work calls relating to his home-based business with this phone. In the four years preceding 1/30/2020 (the date Waynick's original Complaint was filed), GoSmith sent Waynick at least 16 telemarketing text messages at this number, which Waynick is still receiving although this lawsuit has been filed. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Waynick seeks an amount not less than $24,000 for at least 16 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Waynick seeks an amount not less than $8,000 for at least 16 negligent violations of 47 U.S.C. § 227(c).

403.    Brandon Weichers personally owns and uses the cellular phone number xxx-xxx-1066. This number is a residential telephone subscription and is Weichers's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider.  In the four years preceding 4/28/2020 (the date Weichers's original Complaint was filed), GoSmith sent Weichers at least 230 telemarketing text messages at this number, at least one message a day. There was never a way for Weichers to opt out of receiving the messages and they wouldn't stop sending them. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Weichers seeks an amount not less

PLAINTIFFS' FIFTH AMENDED COMPLAINT         - 176 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

than $345,000 for at least 230 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Weichers seeks an amount not less than $115,000 for at least 230 negligent violations of 47 U.S.C. § 227(c).

404.    Lilly Wetzel personally owns and uses the cellular phone number xxx-xxx-8331. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Wetzel's original Complaint was filed), GoSmith sent Wetzel at least 63 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wetzel seeks an amount not less than $94,500 for at least 63 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wetzel seeks an amount not less than $31,500 for at least 63 negligent violations of 47 U.S.C. § 227(c).

405.    Wayne White personally owns and uses the cellular phone number xxx-xxx-0371. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date White's original Complaint was filed), GoSmith sent White at least 67 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). White seeks an amount not less than $100,500 for at least 67 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, White seeks an amount not less than $33,500 for at least 67 negligent violations of 47 U.S.C. § 227(c).

406.    Benjamin White personally owns and uses the cellular phone number xxx-xxx-4314. This number is a residential telephone subscription and is White's personal cell phone. It is his only phone, and the phone he uses for personal calls. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date White's original Complaint was filed), GoSmith sent White at least 22 telemarketing text messages at this number. GoSmith knowingly and

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 177 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). White seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, White seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent White at least 22 commercial text messages in violation of RCW § 19.190.060 for which White seeks an amount not less than $11,000, attorney's fees, injunctive relief, and treble damages.

407.    Mark Whited personally owns and uses the cellular phone number xxx-xxx-5985. This number is a residential telephone subscription and is Whited's personal cell phone. It is his only phone, and the phone he uses for personal calls. It is on a personal/family plan with his cellphone service provider. On 2/3/2006, Whited registered this number on the National Do Not Call Registry. In the four years preceding 4/21/2020 (the date Whited's original Complaint was filed), GoSmith sent Whited at least 24 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Whited within a 12-month period after Whited was registered on the National Do Not Call Registry, including but not limited to the period between 9/15/2017 and 9/15/2018. Whited seeks an amount not less than $36,000 for at least 24 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Whited seeks an amount not less than $12,000 for at least 24 negligent violations of 47 U.S.C. § 227(c).

408.    Galen Williams personally owns and uses the cellular phone number xxx-xxx-6246. This number is a residential telephone subscription. In the four years preceding 4/22/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least 34 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 178 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Williams seeks an amount not less than $51,000 for at least 34 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Williams seeks an amount not less than $17,000 for at least 34 negligent violations of 47 U.S.C. § 227(c).

409. Robert Williams personally owns and uses the cellular phone number xxx-xxx-4267. This number is a residential telephone subscription and is Williams's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. In the four years preceding 4/22/2020 (the date Williams's original Complaint was filed), GoSmith sent Williams at least 310 telemarketing text messages at this number, at a rate of 2 per day. The texts angered Williams and his coworkers and he expressed his frustration to his wife. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Williams seeks an amount not less than $465,000 for at least 310 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Williams seeks an amount not less than $155,000 for at least 310 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Williams at least 310 commercial text messages in violation of RCW § 19.190.060 for which Williams seeks an amount not less than $155,000, attorney's fees, injunctive relief, and treble damages.

410. Jeffrey Wolf personally owns and uses the cellular phone number xxx-xxx-5020. This number is a residential telephone subscription and is Wolf's personal cell phone. It is his only phone, and the phone he uses for personal calls. He does not have a business phone. He pays for it out of a personal bank account. It is on a personal/family plan with his cellphone service provider. On 6/10/2016, Wolf registered this number on the National Do Not Call Registry. In the four years preceding 1/30/2020 (the date Wolf's original Complaint was filed), GoSmith sent Wolf at least 22 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 179 -
CASE NO. 2:20-CV-00604-RSL

standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wolf within a 12-month period after Wolf was registered on the National Do Not Call Registry, including but not limited to the period between 6/16/2017 and 7/20/2017. Wolf seeks an amount not less than $33,000 for at least 22 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wolf seeks an amount not less than $11,000 for at least 22 negligent violations of 47 U.S.C. § 227(c).

411.    Nicole Wood personally owns and uses the cellular phone number xxx-xxx-7529. This number is a residential telephone subscription. In the four years preceding 4/27/2020 (the date Wood's original Complaint was filed), GoSmith sent Wood at least 25 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d). Wood seeks an amount not less than $37,500 for at least 25 knowing and willful violations of 47 U.S.C. 227(c). Alternatively, Wood seeks an amount not less than $12,500 for at least 25 negligent violations of 47 U.S.C. 227(c).

412.    Milton Wright personally owns and uses the cellular phone number xxx-xxx-7147. This number is a residential telephone subscription. In the four years preceding 1/30/2020 (the date Wright's original Complaint was filed), GoSmith sent Wright at least 100 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Wright seeks an amount not less than $150,000 for at least 100 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wright seeks an amount not less than $50,000 for at least 100 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Wright at least 100 commercial text messages in violation of RCW § 19.190.060 for which Wright seeks an amount not less than $50,000, attorney's fees, injunctive relief, and treble damages.

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

413.    John Wright personally owns and uses the cellular phone number xxx-xxx-5443. This number is a residential telephone subscription. On 8/17/2007, Wright registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Wright's original Complaint was filed), GoSmith sent Wright at least 113 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages to Wright within a 12-month period after Wright was registered on the National Do Not Call Registry, including but not limited to the period between 4/22/2016 and 4/22/2017. Wright seeks an amount not less than $169,500 for at least 113 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Wright seeks an amount not less than $56,500 for at least 113 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Wright at least 113 commercial text messages in violation of RCW § 19.190.060 for which Wright seeks an amount not less than $56,500, attorney's fees, injunctive relief, and treble damages.

414.    Pavel Yashin personally owns and uses the cellular phone number xxx-xxx-9280. This number is a residential telephone subscription and is Yashin's personal cell phone. It is Yashin's only phone, and the phone Yashin uses for personal calls. It is paid for out of a personal bank account. It is on a personal/family plan with the cellphone service provider. Yashin also uses this number with freelance work calls. In the four years preceding 4/28/2020 (the date Yashin's original Complaint was filed), GoSmith sent Yashin at least 200 telemarketing text messages and calls at this number, at least two per week, which Yashin kept trying to stop. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Yashin seeks an amount not less than $300,000 for at least 200 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively,

PLAINTIFFS' FIFTH AMENDED COMPLAINT    - 181 -
CASE NO. 2:20-CV-00604-RSL

Yashin seeks an amount not less than $100,000 for at least 200 negligent violations of 47 U.S.C. § 227(c).

415.    Amy Yates personally owns and uses the cellular phone number xxx-xxx-5386. This number is a residential telephone subscription. In the four years preceding 4/28/2020 (the date Yates's original Complaint was filed), GoSmith sent Yates at least 11 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Yates seeks an amount not less than $16,500 for at least 11 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Yates seeks an amount not less than $5,500 for at least 11 negligent violations of 47 U.S.C. § 227(c).

416.    Benjamin Young personally owns and uses the cellular phone number xxx-xxx-0809. This number is a residential telephone subscription and is Young's personal cell phone. It is his only phone, and the phone he uses for personal calls. It is paid for out of a personal bank account. It is on a personal/family plan with the cellphone service provider. Young also uses this number with freelance work calls. In the four years preceding 1/30/2020 (the date Young's original Complaint was filed), GoSmith sent Young at least 68 telemarketing text messages at this number. GoSmith knowingly and willfully sent these text messages without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Young seeks an amount not less than $102,000 for at least 68 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Young seeks an amount not less than $34,000 for at least 68 negligent violations of 47 U.S.C. § 227(c).

417.    Steve Young personally owns and uses the cellular phone number xxx-xxx-1966. This number is a residential telephone subscription and is Young's personal cell phone. It is his only phone, and the phone he uses for personal calls. It is paid for out of a personal bank account. It is on a personal/family plan with the cellphone service provider. Young does not

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

use this phone number for work, since he has an office with staff and a landline with its own number at that office. Young keeps his personal and business calls separate and does not take business calls on his personal cell phone. On 1/14/2006, Young registered this number on the National Do Not Call Registry. In the four years preceding 4/22/2020 (the date Young's original Complaint was filed), GoSmith sent Young at least 594 telemarketing text messages and/or calls at this number, at least a couple texts a day, sometimes more. GoSmith knowingly and willfully sent these text messages and/or calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Also in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), GoSmith knowingly and willfully sent at least 2 text messages and/or calls to Young within a 12-month period after Young was registered on the National Do Not Call Registry, including but not limited to the period between 7/21/2017 and 7/21/2018. Young seeks an amount not less than $891,000 for at least 594 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Young seeks an amount not less than $297,000 for at least 594 negligent violations of 47 U.S.C. § 227(c). Finally, GoSmith sent Young at least 594 commercial text messages in violation of RCW § 19.190.060 for which Young seeks an amount not less than $297,000, attorney's fees, injunctive relief, and treble damages.

418.    Ammar Ziadah personally owns and uses the cellular phone number xxx-xxx-7043. This number is a residential telephone subscription and is Ammar's personal cell phone and his only phone. In the four years preceding 1/30/2020 (the date Ziadah's original Complaint was filed), GoSmith sent Ziadah at least 552 telemarketing text messages at this number, at least 4 per week, and double that number of telemarketing calls each week. GoSmith knowingly and willfully sent these text messages and calls without instituting procedures that meet the minimum standards required for telemarketing in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). Ziadah seeks an amount not less than $2,484,000 for at least 1,656 knowing and willful violations of 47 U.S.C. § 227(c). Alternatively, Ziadah

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

seeks an amount not less than $828,000 for at least 1,656 negligent violations of 47 U.S.C. § 227(c).

## VI.    Legal Standard

419.    **National Do Not Call Registry -** "No person or entity shall initiate any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

420.    **Minimum Telemarketing Standards** - "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber" without first instituting certain "minimum standards." 47 C.F.R. § 64.1200(d). When people request not to receive calls, the telemarketer must "record the request and place the subscriber's… telephone number on [an internal] do-not-call list." *Id.* at (d)(3). The telemarketer also "must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at (d)(4).

421.    **Washington Commercial Text Messages**. No person "may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance." RCW 19.190.060(1), .070(1)(b).

## VII.    Causes of Action

### First Cause of Action:

### Solicitations of Persons on the National Do Not all Registry

422.    GoSmith violated 47 C.F.R. § 64.1200(c)(2) by sending telephone solicitation text messages to the residential cell phones of Plaintiffs while their numbers were on the DNCR.

423.    Plaintiffs are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

424.    The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 184 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

425. The court should enjoin Defendants from initiating telephone solicitations to phone numbers on the DNCR. *Id*.

## Second Cause of Action:

## Failure to Implement the Minimum Telemarketing Standards

426. GoSmith violated 47 C.F.R. § 64.1200(d) by sending telemarketing text messages to Plaintiffs without disclosing the name of the individual sender, without disclosing the name of the entity on whose behalf the messages were sent, and without honoring Plaintiffs' opt-out requests.

427. Plaintiffs are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

428. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

429. The court should enjoin Defendants from sending telemarketing text messages without instituting the requisite minimum telemarketing standards. *Id*.

## Third Cause of Action:

## Commercial Text Messages to Washington Residents

430. GoSmith violated the Washington Consumer Protection Act, RCW 19.86, by initiating commercial text messages to the Washington-resident Plaintiffs without consent.

431. The Washington-resident Plaintiffs have been damaged and are entitled to an award of $500 in statutory damages for each violation. RCW 19.86.090; see also *Wright v. Lyft, Inc.*, 189 Wash. 2d 718 (2017) (finding a violation of RCW 19.190.040 is a violation of Washington's Consumer Protection Act and establishes both the injury and causation elements thereof).

432. The court should enjoin Defendants from initiating or assisting in the transmission of commercial text messages to Washington residents without proper consent. RCW 19.86.090.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 185 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

## VIII.   Relief Requested

433.    WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendants:

434.    Plaintiffs seek an amount to be determined at trial that is not less than **$108,583,500** as a result of at least **72,389** violations of 47 U.S.C. § 227(c).

435.    Washington-resident Plaintiffs seek an amount to be determined at trial that is not less than **$5,795,500** as a result of at least **11,591** violations of RCW §19.86.

436.    Plaintiffs seek costs pursuant to 28 U.S.C. § 1920.

437.    Plaintiffs seek judgment interest pursuant to 28 U.S.C. § 1961.

438.    Washington-resident Plaintiffs seek attorney's fees pursuant to R.C.W. §19.86.090.

439.    Washington-resident Plaintiffs seek treble damages pursuant to R.C.W. § 19.86.090.

440.    Plaintiffs seek injunctive relief prohibiting such conduct in the future.

441.    Plaintiffs seek any other relief the Court may deem just and proper.

## IX.   Jury Demand

442.    Plaintiffs request a trial by jury of all claims that can be so tried.

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 186 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

Dated: March 3, 2026

/s/ *Thomas Alvord*
Thomas Alvord, WSBA #61943
**THE HQ FIRM, P.C.**
450 Alaskan Way S Suite 200 #1823
Seattle, WA 98104
Phone: (385) 440-4127
thomas@thehqfirm.com

/s/ *James Wertheim*
James Wertheim (PHV)
Karissa Murphy (PHV)
**THE HQ FIRM, P.C.**
7533 S Center View Ct, Ste 4424
West Jordan, UT 84084
Phone: (385) 440-4121
jim@thehqfirm.com
Karissa.murphy@thehqfirm.com

*Attorneys for Plaintiffs*

PLAINTIFFS' FIFTH AMENDED COMPLAINT        - 187 -
CASE NO. 2:20-CV-00604-RSL

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

## CERTIFICATE OF SERVICE

I, Thomas Alvord, hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system on March 3, 2026.


/s/ *Thomas Alvord*
Thomas Alvord