THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOB DAWSON et al.,

                Plaintiffs,

    v.

PORCH.COM INC. et al.,

                Defendants.

Case No. 2:20-cv-00604-RSL

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING CLAIMS BASED ON NON-RESIDENTIAL PHONE NUMBERS**

NOTE ON MOTION CALENDAR:
March 31, 2026

## I.      INTRODUCTION

As the Court will recall, Plaintiffs are individuals who allegedly received home improvement work leads via text message from Defendants Porch and GoSmith. *See* Dkt. 157 ("4th Am. Compl."). They claim that the text messages they received were unwanted solicitations delivered to their residential phone numbers and therefore claim that Defendants violated certain regulations implemented under the Telephone Consumer Protection Act ("TCPA"). *Id.* ¶¶ 1040–51.

However, in response to discovery propounded earlier this year, many Plaintiffs[1] have admitted, under oath, that they used their phones for business purposes. By way of example,

---

[1] A list of all Plaintiffs subject to this motion is attached to the Declaration of Molly Terwilliger as Exhibit B. Exhibits C–AK show excerpts of each relevant Plaintiff's responses to the pertinent

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 1
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Plaintiff Adam Pearson admitted that his phone was the primary number for contacting him at his businesses, Classic Craftsman LLC and Tikvah LLC, and that he advertised his business online and on yard signs using his phone number. Decl. of Molly Terwilliger in Supp. of Business Use MSJ ("Terwilliger Decl.") Ex. C. Consequently, Mr. Pearson and other similar Plaintiffs are not "residential" subscribers, are not entitled to protection under the regulations at issue, *see* 47 C.F.R. §§ 64.1200(c), (d), and thus do not have actionable claims under 47 U.S.C. § 227(c)(5).

Because these and other admissions are fatal to these Plaintiffs' claims, Defendants Porch.com Inc. ("Porch"), GoSmith, Inc. ("GoSmith"), and Matthew Ehrlichman (collectively, "Defendants") respectfully move for summary judgment on their TCPA claims. Attached as Exhibit B to the Terwilliger Declaration is a list of all Plaintiffs that are the subject of this motion.

## II.    BACKGROUND

As the Court is well aware, all Plaintiffs in this case bring claims against Defendants for violations of the TCPA; Washington resident Plaintiffs also bring claims against Defendants for violations of the Commercial Electronic Mail Act "CEMA" through the Washington Consumer Protection Act ("CPA"). *See* 4th Am. Compl. ¶¶ 1040–57. Plaintiffs are individuals who allegedly received home improvement work leads via text message from Defendants Porch and GoSmith. *See id.* Plaintiffs allege that the text messages they received were unwanted solicitations delivered to their residential phone numbers. *Id.*

In a Joint Status Report filed on December 18, 2024, Defendants proposed that a discovery questionnaire be distributed to all individual plaintiffs with surviving claims. Dkt. 155. The Court adopted Defendants' proposal and ordered a discovery questionnaire directed to Plaintiffs. *See* Dkt. 163 (Order Setting Initial Case Management Deadlines). After negotiation between counsel, the parties agreed to the form of the questionnaire, and it was electronically served by Plaintiffs'

---

questions from the discovery questionnaire. Because this case involves nearly 350 individual plaintiffs, and filing a separate summary judgment motion for each individual plaintiff would be inefficient and burden the Court, Defendants intend to file summary judgment motions for various groups of Plaintiffs based upon their responses to the discovery questionnaire.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 2
(Case No. 2:20-cv-00604-RSL)

counsel on all Plaintiffs on July 25, 2025. *See* Terwilliger Decl., Ex. A. Pursuant to the Court's order, responses to the questionnaires were due forty-five days later, on September 8, 2025. Dkt. 163. On September 9, 2025, Plaintiffs' counsel provided Defendants with the questionnaire responses for 316 Plaintiffs whose responses were timely; a month later, Plaintiffs' counsel provided questionnaire responses from an additional twenty Plaintiffs.[2] On November 19, 2025, the parties stipulated to dismissal of 589 Plaintiffs who did not complete and sign the questionnaire, notwithstanding Plaintiffs' counsel's efforts to contact them. Dkt. 183. This Motion concerns only Plaintiffs who timely returned responses to the discovery questionnaire.

The discovery questionnaire includes requests designed to elicit responses relating to the different factors, first identified by the Ninth Circuit in *Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022), relating to whether the phone number was a residential or a business number. These included Requests for Admission regarding whether Plaintiffs' phone numbers were used for business, whether they advertised their numbers for business, and whether Plaintiffs consented to receive text messages from GoSmith or Porch. *See, e.g.*, Terwilliger Decl., Ex. C. Additionally, the questionnaire included questions and Requests for Production of documents relevant to whether Plaintiffs' phone numbers were used for business, and whether they advertised their numbers for business. *Id.*

Each completed questionnaire includes a signed declaration in which Plaintiffs declare under penalty of perjury that their answers are true and correct to the best of their knowledge, information, and belief.

---

[2] Defendants' position is that these Plaintiffs' responses are untimely. Defendants do not waive their right to move to dismiss Plaintiffs with untimely discovery responses.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 3
(Case No. 2:20-cv-00604-RSL)

> ## Declaration
>
> I have read the foregoing and know its contents. I am Kyle Rodenhauser, a party to this action. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my Knowledge, information, and belief.
>
> Executed at Riverside, CA on 08/29/2025.
>
> /S/ Kyle Rodenhauser

*Id.* The questionnaire responses from Plaintiffs who are the subject of this motion for summary judgment are fatal to their TCPA claims.

> **A.      Thirty-Five Plaintiffs Admit They Used Their Phones for Business.**

All of the Plaintiffs who are the subject of this motion admit that they used their phone for business purposes. *See* Terwilliger Decl., Exs. B–AK. For example, when asked what percentage of the time he used his phone for business, Plaintiff Kyle Rodenhauser admits to using his phone number for his business, Jaeger Pest Solutions, 80% of the time. *Id.*, Ex. S.  Mr. Rodenhauser also admits that the number was the primary number for contacting him at work. *Id.* His response to Question 17 is below:

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 4
(Case No. 2:20-cv-00604-RSL)

**Morgan, Lewis & Bockius LLP**
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400   Fax +1.206.274.6401

**QUESTION NO. 17:**

Did YOU use the number xxx - xxx - 7166 for WORK in any way?
(Answer for the period Apr 2015 to Apr 2020)

Yes

List each BUSINESS, EMPLOYMENT, or GIG in which you used the number xxx - xxx - 7166.

What was the name of the BUSINESS, EMPLOYMENT, or GIG?

Jaeger Pest Solutions

What was the timeframe you used xxx - xxx - 7166 for this WORK?

06/2015 - 08/2025

Was xxx - xxx - 7166 the primary number for contacting YOU at this WORK?

Yes

In what way(s) did you use xxx - xxx - 7166 for this WORK?

Speaking with clients, scheduling appointments, contacting sub contractors

What percentage did YOU use xxx - xxx - 7166 for PERSONAL use vs WORK?

Personal % 20    Work % 80

In response to other questions, Mr. Rodenhauser said that he advertises his number in connection with Jaeger Pest Solutions on Facebook, Yelp, and his business's website, https://jaegerpest.com/contact. Mr. Rodenhauser also prominently advertises his number on his business's truck, as shown in the below photo, which he included in response to the discovery questionnaire:

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 5
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

By way of additional example, Plaintiff Joshua Lee Tenney admits to using his phone number for his business, Strong Arm Fence and Field Services, 85% of the time, and that the number was the primary means of contacting the business.

QUESTION NO. 17:

Did YOU use the number XXX-XXX-8347 for WORK in any way?
(Answer for the period Apr 2015 to Apr 2020)

Yes

List each BUSINESS, EMPLOYMENT, or GIG in which you used the number XXX-XXX-8347.

What was the name of the BUSINESS, EMPLOYMENT, or GIG?
Strong Arm Fence and Field Services

What was the timeframe you used XXX-XXX-8347 for this WORK?
05/2011 - 08/2025

Was 281-515-8347 the primary number for contacting YOU at this WORK?
Yes

In what way(s) did you use XXX-XXX-8347 for this WORK?
Contact suppliers, contact customers

What percentage did YOU use XXX-XXX-8347 for PERSONAL use vs WORK?
Personal % 85    Work % 15

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 6
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Terwilliger Decl. Ex. P.  Mr. Tenney also admits to advertising his number in connection with his business, including on business cards, the yellow pages, and Google Business, and his business website, www.strongarmfence.com.[3] *See also https://www.chamberofcommerce.com/business-directory/texas/dayton/fence-contractor/2029931852-strong-arm-fence-and-field-services.*

In addition to Question 17, the questionnaire includes numerous questions and Requests for Admission relevant to whether Plaintiffs used their phones for business. The critical questions and Requests for Admission regarding business use of Plaintiffs' phones include:

- Requests for Admission ("RFA") Nos. 7–10 and 33, which ask the plaintiff to admit that their number was used in connection with their business, including for making and receiving phone calls, and sending and receiving texts relating to the business.

- Question 11, which asks whether the number was registered as a business phone number, and whether the phone number was paid for out of the plaintiff's personal funds. *See also* Terwilliger Decl. Ex. C (RFA 2) ("Admit that the number . . . has been paid for or reimbursed, partially or fully, by an EMPLOYER, YOUR BUSINESS . . . .").

- Question 18, which asks whether the number has been "publicly advertised, posted, displayed, or listed" on social media, websites, digital or physical advertisements, physical or online directories, message boards, business cards, or fliers. *See also id.* Ex. C (RFA 6) ("Admit that the number . . . has been advertised, listed, posted, or displayed online in connection with YOUR BUSINESS.").

- Question 19, which asks whether the number was listed on any tax documents, licenses, professional certifications, insurance applications or policies, filings with governmental agencies, business registrations, or other reports or documents related to the plaintiff's business. *See also id.* Ex. C (RFA Nos. 4, 5) (corresponding RFAs).

---

[3] Mr. Tenney identified this website address in his discovery questionnaire, but the site was not live at the time this Motion was submitted.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 7
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

- Question 28, which asked whether the plaintiff created any accounts on any job match services using the phone number.

All of these questions and Requests for Admission were specifically designed and included to determine whether a particular plaintiff used their phone number as a business phone number. To the extent any Plaintiff did so, their claims must fail under existing case law.

**B.     Plaintiffs' Responses Regarding Their Businesses Align with the Court's Findings on Defendants' Motion to Join Additional Parties.**

In anticipation of Plaintiffs' discovery questionnaire responses, Defendants moved to join additional parties on March 27, 2025. Dkt. 165. Defendants argued that many Washington resident Plaintiffs used their phone numbers in full or in part for business purposes. *Id.*; *see also* Dkt. 166 (Terwilliger Decl. ISO Defs.' Mot. to Join), Ex. A. The Court granted Defendants' motion, finding that "the business entities have an interest relating to the subject of the action." Dkt. 178 at 3. The Court also noted that "Plaintiffs have not identified any problems with or errors in the list of business entities defendants identify as associated with the phone numbers used by the individual Washington plaintiffs." *Id.* at 4.

Plaintiffs' responses to the discovery questionnaire align with the results of Defendants' prior investigation of Plaintiffs and their businesses.[4] For example, Defendants' investigation associated Plaintiff Matt Moyer with the business West Coast Power-Vac. Dkt. 166, Ex. A; Dkt. 178 at 9. In response to the questionnaire, Mr. Moyer admitted that he (1) advertised his number as the contact for West Coast Power-Vac on the website Westcoastpowervac.com; (2) included the phone number on a business card; and (3) created a business account on Thumbtack using that same phone number. Terwilliger Decl., Ex. X (Questions 17, 18, and 28).

---

[4] Defendants flagged the issue of Plaintiffs' use of their phone numbers as business lines early on in the respective district court actions. *E.g.*, Dkt. 130 (Defs.' Mot. to Dismiss Pls.' 2nd Am. Compl.) at 14, n.7; Defs.' Mot. to Dismiss Pls.' Am. Compl. at 1–4, 20–21, *Cain et al. v. Porch.com Inc. et al.*, No. 5:20-cv-00697 (N.D. Cal. Mar. 26, 2020), Dkt. No. 34.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 8
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

As another example, Defendants found evidence that Plaintiff David Parnham advertised the phone number at issue in this case as being associated with his business, Bullseye Painting. Dkt. 166, Ex. A; Dkt. 178 at 9. In his response to the questionnaire, Mr. Parnham confirmed that he used the phone number xxx-xxx-5805 for his business Bullseye Painting 50% of the time. Terwilliger Decl., Ex. G (Question 17).

Defendants have included in exhibits C–AK to the Terwilliger Declaration evidence outside of the questionnaires showing specific Plaintiffs' public representations that the phone number was associated with a business.

### III. ARGUMENT

**A. Plaintiffs Who Used or Advertised Their Phone Numbers for Business Do Not Have Valid TCPA Claims.**

**1. The TCPA Regulations at Issue Do Not Apply to Non-Residential Phone Numbers.**

The TCPA claims brought by Plaintiffs who used their phone primarily for business purposes must be dismissed because neither of their claims applies to business phone numbers.

*a)* ***The TCPA's Do Not Call Registry Regulations Do Not Protect Business Numbers.***

Plaintiffs' first claim alleges that GoSmith violated the TCPA by sending solicitation texts to Plaintiffs while their numbers were on the National Do Not Call Registry ("DNCR"). *See* 4th Am. Compl. ¶ 1040. But the TCPA does not protect against contacts to business numbers registered on the DNCR, nor are such numbers permitted to be registered. The regulation forming the basis of Plaintiffs' DNCR claims provides:

> No person or entity shall initiate any telephone solicitation to . . . [a] ***residential telephone subscriber*** who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200(c)(2) (emphasis added); *see also* 4th Am. Compl. ¶¶ 1040–45.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 9
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Accordingly, a plaintiff who holds his phone number "out to the world as a business phone number . . . could not register it on the [DNCR] for purposes of avoiding business-to-business calls," and to the extent they did so, their registration was improper and invalid. *Shelton v. Target Advance LLC*, No. CV 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019) (collecting statutory and FCC reasoning for the prohibition on business numbers' registration); *see also In Re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 9779, 9785 (June 17, 2008) ("[T]he National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses.").

### b)      *Minimum Telemarketing Standards Do Not Apply to Business Numbers.*

Plaintiffs' second claim, which alleges that GoSmith's text messages violated the minimum telemarketing standards of 47 C.F.R. § 64.1200(d), likewise fails because the regulation only applies to calls to a "residential telephone subscriber." *See* 4th Am. Compl. ¶ 1046; 47 C.F.R. §§ 64.1200(c)(2), 64.1200(d). Businesses' phone numbers are also not subject to the minimum telemarketing standards set out in 47 C.F.R. § 64.1200(d). At the time this action was filed, this regulation provided that "[n]o person or entity shall initiate any call for telemarketing purposes to *a residential telephone subscriber*" unless they met certain minimum standards. 47 C.F.R. § 64.1200(d) (emphasis added). Therefore, like the DNCR claims, Plaintiffs who are not "residential telephone subscriber[s]" are not entitled to claims under 47 C.F.R. § 64.1200(d).

### 2.      Plaintiffs' Phone Numbers Which Are Advertised or Used for Business Are Not Residential Under the TCPA.

### a)      *The Chennette Factors*

In *Chennette v. Porch.com, Inc.*, the Ninth Circuit analyzed whether plaintiffs who use their phones both for residential calls and for calls associated with their home improvement businesses qualify as residential subscribers. 50 F.4th 1217, 1223–26 (9th Cir. 2022). The Ninth Circuit set forth a list of factors courts may consider in determining whether a phone number is or

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 10
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

is not "residential": (1) how plaintiffs hold their phone numbers out to the public; (2) whether plaintiffs' phones are registered with the telephone company as residential or business lines; (3) how much plaintiffs use their phones for business or employment; (4) who pays for the phone bills; and (5) other factors bearing on how a reasonable observer would view the phone line. *Id.* at 1225.

The purpose of the *Chennette* factors is to assess whether "a reasonable observer" would view Plaintiffs' phones as residential. *See id*. According to the Ninth Circuit, the relevant question is whether "a reasonable observer likely would not think that [the plaintiff] has legitimate privacy concerns regarding that . . . number." *Barton v. Leadpoint, Inc.*, No. 22-35130, 2023 WL 4646103, at *1 (9th Cir. July 20, 2023) (citing *Chennette*, 50 F.4th at 1225; *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)). The *Barton* court characterized *Chennette*'s factors as non-exhaustive "considerations." 2023 WL 4646103, at *1. In another case pre-dating *Chennette*, the plaintiff provided his phone number "on his business card" and on "professional letterhead for his law practice." *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2015 WL 4488070, at *2 (E.D. N.Y. July 23, 2015). The plaintiff also provided his number "to clients, prospective clients, other attorneys, and business contacts," and he "maintain[ed] his attorney registration . . . utilizing the Subject Telephone number as his contact number." *Id.* The court granted summary judgment for defendants, finding that on these facts, "no reasonable juror could find that the Subject Telephone is residential." *Id.*

Another consideration is use of the phone number on business licenses and registrations. *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 227–28 (N.D. Cal. 2024) (denying certification where numbers were listed with USDOT for commercial vehicle registration, creating a fact question regarding residential status). In *Payne*, the court explained that USDOT numbers are required for companies operating commercial vehicles in interstate commerce, and that the plaintiff did not offer any evidence that his number was "registered with the USDOT for any non-business purpose." *Id.*;  *see also Shelton*, 2019 WL 1641353, at *6 (finding that the plaintiff's

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 11
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

phone number "is also for business use" because he "held the Phone Number out to the world as a business phone number").

### b) *Plaintiffs' Sworn Discovery Responses Confirm That Their Phone Numbers Are Not Residential.*

It is appropriate to grant summary judgment to Defendants on the TCPA claims of Plaintiffs whose own sworn discovery questionnaire responses demonstrate that their claims are fatally flawed under *Chennette*. Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants may support their assertion that facts are not genuinely disputed by citing to materials in the record, including "affidavits or declarations, stipulations . . . , [or] admissions." *Id.* at 56(c)(1)(A). A fact admitted under Rule 36 "is conclusively established," Fed. R. Civ. P. 36(b), and therefore "no longer subject to dispute." *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 837 (9th Cir. 2021). Likewise, interrogatory responses are competent evidence for consideration on summary judgment. *See Valentich v. United States*, 194 F. Supp. 3d 1033, 1036–37 (E.D. Cal. 2016) (granting summary judgment for the defendant because the plaintiff's signed interrogatory response admitted that the defendant was not negligent).

Defendants seek summary judgment of the TCPA claims of Plaintiffs whose sworn discovery questionnaire responses indicate they represented to the public that their number was a business number. Based on their responses, no reasonable juror could conclude that each Plaintiff's number was anything but a business-related number. *See Chennette*, 50 F.4th at 1225; *Bank*, 2015 WL 4488070, at *2. The specific admissions and answers of each Plaintiff who is the subject of this motion are contained in Exhibits C–AK to the Terwilliger Declaration. For some Plaintiffs, Defendants discovered additional evidence of publicly available advertisements containing their numbers and have appended screenshots to their respective exhibits. Terwilliger Decl. Exs. D–E, G, N, P, R, T–Y, AA, AC–AD, AF–AK. A few Plaintiffs, such as Kyle Rodenhauser, included photos of advertisements including their phone number, such as business cards. *Id.* Exs. D, S, W,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 12
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

AG. In addition to offering these exhibits for the Court's consideration, Defendants describe examples of the undisputed evidence below to aid the Court's understanding of the type of facts that underlie this motion.

As discussed above, Plaintiffs such as Adam Pearson, Kyle Rodenhauser, Joshua Lee Tenney, Matt Moyer, and David Parnham responded affirmatively to questions that, under the *Chennette* factors, signify that their claims fail. *See* Terwilliger Decl., Exs. C, S, P, X, G. By way of another example, Plaintiff Quinn Harrison admits he advertised xxx-xxx-0918 in connection with his business, DQ Construction LLC. *Id.* Ex. AC. Mr. Harrison admits that his at-issue phone number is the primary number he uses to answer calls for getting jobs; it was registered as a business number; it has been paid for or reimbursed at least in part by an employer or business; it was the primary number for contacting his business; and he uses his phone number 40% of the time for business purposes. *Id.* (Questions 11, 17, 18, RFAs 2, 6, 7, 8, 9, 10). Plaintiff Travis Grob advertised his number in connection with his business, Chimera Construction, on his website and business card; his number was registered as a business number; he used his phone to communicate with clients and employees; and he uses it for business purposes 50% of the time. *Id.* Ex. AI. Similarly, Plaintiff David Morse admits that he advertised his number in connection with his business in online directories, on business cards, and on his business's website. *Id.* Ex. F.  He also admitted that his number is the primary means of reaching him at his business, Morse Paint and Design. *Id.* For these plaintiffs, multiple *Chennette* factors establish that their numbers are business numbers and that a reasonable jury would have no basis to find otherwise. *See Chennette*, 50 F.4th at 1225. Based on the undisputed evidence, the Court should find that the Plaintiffs' discovery questionnaire responses rebut the presumption that their numbers are residential. *See id.*

Similar facts led the *Leadpoint* court to conclude that the plaintiff was not a residential phone subscriber. In *Barton v. Leadpoint*, the plaintiff obtained the number at issue to protect his primary phone from telephone solicitation communications. 2023 WL 4646103, at *1. He used the phone at issue exclusively for court filings. *Id.* Therefore, the court concluded that "a reasonable

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 13
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

observer likely would not think that Barton has legitimate privacy concerns regarding that . . . number." *Id.* Similarly, here, Plaintiffs' questionnaire responses indicate that they shared their numbers publicly and did not protect the privacy of their numbers. For example, Plaintiff Kyle Rodenhauser admits he prominently advertised his business's number on the side of his work van and used his phone for business purposes 80% of the time. *See* Section II.A, *supra*.

Additionally, "other factors bearing on how a reasonable observer would view the phone line" also point to a conclusion that many Plaintiffs' numbers are non-residential. *Id.* Here, Plaintiffs admitted that they used their phone numbers in connection with business licenses and registrations. For example, Plaintiffs Adam Pearson and David Morse admitted that they used their phone numbers for their Oregon Construction Contractors Board licenses. Terwilliger Decl., Exs. C, F. Other plaintiffs admitted that they used their phone numbers on items including business insurance applications, realtor licenses, and business registrations. *See, e.g.*, *id.* Exs. N, O, S, T, W, Y, Z, AC, AF, AG, AK. There is no non-business purpose for obtaining these licenses and registrations. *See Payne*, 347 F.R.D. at 227–28. Further, GoSmith's business model was based on sending business leads to home improvement contractors. *See* Dkt. 44 (Declaration of B. Marrelli in Supp. of Mot. for Sanctions) Ex. A at 1 ("GoSmith, Inc. provides consumers with an online platform to solicit quotes for trades and services from service professionals" (cleaned up)). GoSmith intentionally targeted home improvement contractors—***not*** individuals—by obtaining data from business listings, including the contractors' own websites, and other third-party sources, such as the Better Business Bureau, Yelp, the yellow pages, and other similar websites that feature home improvement professionals. *See* Dkt. 147 (Order Granting In Part Defs.' Mot. Dismiss) at 17. Given these facts, a rational juror could not conclude that Plaintiffs' numbers are residential.

### IV.   CONCLUSION

For the aforementioned reasons, Defendants respectfully request the Court grant summary judgment on the TCPA claims of thirty-five Plaintiffs who are not residential subscribers.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 14
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 3rd day of March, 2026.

*I certify that this memorandum contains 3,710 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email:  patty.eakes@morganlewis.com
         molly.terwilliger@morganlewis.com

**MANATT PHELPS & PHILLIPS**

Alexandra N. Krasovec (*pro hac vice*)
Patrice Ruane (*pro hac vice*)
Christine M. Reilly (*pro hac vice*)
2049 Century Park East, STE 1700
Los Angeles, CA 90067
Phone: (310) 312-4000
Email: akrasovec@manatt.com
         pruane@manatt.com
         creilly@manatt.com

*Attorneys for Defendants Porch.com, and GoSmith, Inc.*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RE NON-RESIDENTIAL PHONE NUMBERS - 15
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401