THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOB DAWSON, et al.,

               Plaintiffs,

    v.

PORCH.COM INC., et al.,

               Defendants.

Case No. 2:20-cv-00604-RSL

**SECOND JOINDER IN DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT REGARDING CLAIMS
BASED ON NON-RESIDENTIAL
PHONE NUMBERS**

NOTE ON MOTION CALENDAR:
July 28, 2026

*ORAL ARGUMENT REQUESTED*

## I.    INTRODUCTION

Defendants previously sought summary judgment on the Telephone Consumer Protection Act ("TCPA") claims of 35 Plaintiffs whose responses to the discovery questionnaires demonstrated that they used or advertised their phone numbers for business.  *See* Defs' Mot. For Summary Judgment Re Claims Based On Non-Residential Phone Numbers, Dkt. No. 185 ("First Non-Residential Motion").  Because their sworn discovery responses confirmed that their phone numbers are not residential, the TCPA claims of those 35 Plaintiffs fail as a matter of law.

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 1
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

Defendants have conducted additional analysis of Plaintiffs' discovery, and have identified 239 additional plaintiffs whose discovery responses confirm that their phone numbers were not residential. Defendants are therefore entitled to summary judgment on these additional Plaintiffs for the same reasons set forth in Defendants' First Non-Residential Motion. The forty-seven Plaintiffs who are subject to this motion are described below.[1]

## II.    FACTUAL BACKGROUND

As the Court is well aware, all Plaintiffs in this case bring claims against Defendants for violations of the Telephone Consumer Protection Act ("TCPA"); Washington resident Plaintiffs also bring claims against Defendants for violations of the Commercial Electronic Mail Act "CEMA" through the Washington Consumer Protection Act ("CPA"). *See* 5th Am. Compl. ¶¶ 422–432. Plaintiffs are individuals who allegedly received home improvement work leads via text message from Defendants Porch and GoSmith. *See id.* Plaintiffs allege that the text messages they received were unwanted solicitations delivered to their residential phone numbers. *Id.*

In response to discovery questionnaires propounded earlier this year, many Plaintiffs have admitted, under oath, that they used their at-issue phone numbers for business purposes. These admissions are fatal to these Plaintiffs' TCPA claims because only "residential" subscribers are entitled to protection under the regulations at issue. *See* 47 C.F.R. §§ 64.1200(c), (d); 47 U.S.C. § 227(c)(5). Copies of the discovery questionnaire responses of each Plaintiff identified in this motion at attached to the Declaration of Marisa Berlinger supporting this motion. *See* Berlinger Decl. Exs. 42-88. Defendants offer the following analysis of the relevant responses of each Plaintiff targeted by this Motion:

---

[1] Because this case involves nearly 350 individual plaintiffs, and filing a separate summary judgment motion for each individual plaintiff would be inefficient and burden the Court, Defendants have filed summary judgment motions for groups of Plaintiffs based upon how many text messages they allegedly received.

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 2
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**42.    Plaintiff Andrew Rusinchak used his number in connection with his business, Andy's Pest Management.**

Mr. Rusinchak admits that the relevant number, XXX-XXX-6045, was the primary number for contacting him at his business, Andy's Pest Management.  Berlinger Decl., Ex. 42 (Q17).  The number was registered as a business number, and Mr. Rusinchak claimed a business expense or tax deduction relating to the number from 2009 to present.  *Id.* (Q11, Q16).  Mr. Rusinchak admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**43.    Plaintiff Jeffrey Allen used his number in connection with his business, Allen Services.**

Mr. Allen admits that the relevant number, XXX-XXX-6224, was the primary number for contacting him at his business, Allen Services.  Berlinger Decl., Ex. 43 (Q17).  The number was registered as a business number and Mr. Allen claimed a business expense or tax deduction relating to the number.  *Id.* (Q11, Q16).  He used the number 50% of the time for work.  *Id.* (Q17).  The number was publicly advertised on Facebook, business cards, and physical and digital directories on "Cache."  *Id.* (Q18).  Mr. Allen has listed the number on tax documents and a professional certificate.  *Id.* (Q19).  Mr. Allen admits to advertising, listing, posting, or displaying the number online in connection with his business.  *Id.* (RFA 6).  He admits that he sent and received calls and texts relating to his business and employment.  *Id.* (RFAs 7-10).

**44.    Plaintiff Randy Freemole used his number in connection with his business, Southern Willamette Construction.**

Mr. Freemole admits that the relevant number, XXX-XXX-0666, was the primary number for contacting him at his business, Southern Willamette Construction.  Berlinger Decl., Ex. 44 (Q17).  The number was registered as a business number, and he used the number 50% of the time

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 3
(Case No. 2:20-cv-00604-RSL)

for his business. *Id.* (Q11, Q17). He admits that the number was displayed on business cards and Home Advisor. *Id.* (Q18, Q28). Mr. Freemole has also used the number on a professional certification. *Id.* (Q19). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**45.    Plaintiff Wade Dwiggins used his number in connection with his businesses, Secure Agent Marketing, Springfield Appliance, and ATL Mechanical.**

Mr. Dwiggins admits that the relevant number, XXX-XXX-5969, was the primary number for contacting him at his businesses, Secure Agent Marketing, Springfield Appliance, and ATL Mechanical. Berlinger Decl., Ex. 45 (Q17). He used the number 50% of the time to make sales calls and communicate with clients regarding services. *Id.* (Q17). He admits that the number was publicly advertised on Craigslist. *Id.* (Q18, Q28). Mr. Dwiggins admits to using his number on government filings in connection with his employment, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4, 6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**46.    Plaintiff Christopher Bouthner used his number in connection with his business, Night Watch Security.**

Mr. Bouthner admits that the relevant number, XXX-XXX-5227, was the primary number for contacting him at his business, Night Watch Security. Berlinger Decl., Ex. 46 (Q17). He used the number 50% of the time for business to receive and make calls to customers, and he admitted to publicly advertising the number on fliers. *Id.* (Q17, Q18). Mr. Bouthner admits to using his number on business records related to his business, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 5-6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 4
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

**47.    Plaintiff John Desider used his number in connection with his business, Pride Pest Service.**

Mr. Desider admits that the relevant number, XXX-XXX-9529, was the primary number for contacting him at his business, Pride Pest Service.  Berlinger Decl., Ex. 47 (Q17).  The number was registered as a business number, and Mr. Desider claimed a business expense or tax deduction relating to the number in the tax years 2017 through 2025.  *Id.* (Q11, Q16).  Mr. Desider indicated that the number is "my business number for my work phone," and admits that the number was publicly advertised in physical or online directories, including message boards and Home Advisor. *Id.* (Q17, Q18, Q28).  Mr. Desider admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**48.    Plaintiff Maurice Crabbe used his number in connection with his business, Triton Restoration Inc.**

Mr. Crabbe admits that the relevant number, XXX-XXX-9483, was the primary number for contacting him at his business, Triton Restoration Inc.  Berlinger Decl., Ex. 48 (Q17).  The number was registered as a business number, and he listed the number on tax documents, insurance policies, and business registrations related to work.  *Id.* (Q11, Q19).  He admits that he used the number 100% of the time for work, specifically relating to invoices and contracts.  *Id.* (Q17). Mr. Crabbe admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-5).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 5
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**49.    Plaintiff Michael Larson used his number in connection with his business, Larson Builders.**

Mr. Larson admits that the relevant number, XXX-XXX-2921, was the primary number for contacting him at his business, Larson Builders, and that he used the number to "communicate with customers." Berlinger Decl., Ex. 49 (Q17). Mr. Larson admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4-6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**50.    Plaintiff Darren Orange used his number in connection with his business, Darren Orange Painting LLC.**

Mr. Orange admits that the relevant number, XXX-XXX-8519, was the primary number for contacting him at his business, Darren Orange Painting LLC. Berlinger Decl., Ex. 50 (Q17). He claimed a business expense or tax deduction relating to the number in the tax years 2015 through 2020, and listed it on tax documents, professional licenses, and business registrations. *Id.* (Q16, Q19). Mr. Orange admits that he used the number approximately 95% of the time for work, and that the number was listed on business records in connection with his business. *Id.* (Q17, RFA 5). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**51.    Plaintiff Nathan Marchese used his number in connection with a business.**

Mr. Marchese admits that the relevant number, XXX-XXX-8539, was registered as a business number and was on a business plan. Berlinger Decl., Ex. 51 (Q11). Although he denies using his phone for work, *id.* (Q17), Mr. Marchese admits that his number has been paid for or reimbursed, partially or fully, by an employer, his business, or other third party. *Id.* (RFA 2). Additionally, Mr. Marchese admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 6
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**52.    Plaintiff Christina Cooke-Mayrant used her number in connection with her business, Cooke's Enterprises LLC.**

Ms. Cooke-Mayrant admits that the relevant number, XXX-XXX-2839, was the primary number for contacting her at her business, Cooke's Enterprises LLC.  Berlinger Decl., Ex. 52 (Q17).  The number was registered as a business number, and she claimed a business expense or tax deduction relating to the number in the tax years 2015 through 2020.  *Id.* (Q11).  Additionally, she listed the number on tax documents, professional licenses, and business registrations related to her business.  *Id.* (Q16).  Ms. Cook-Mayrant admits that the number was publicly advertised on business cards.  *Id.* (Q18).  Ms. Cooke-Mayrant admits her number has been paid for or reimbursed, partially or fully, by an employer, her business, or other third party.  *Id.* (RFA 2).  She also admits to using her number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with her business.  *Id.* (RFAs 4-6).  She admits that she sent and received calls and texts relating to her business using the relevant number.  *Id.* (RFAs 7-10).

**53.    Plaintiff John Tompkins II used his number in connection with his business, Completely Simple Remodeling.**

Mr. Tompkins admits that the relevant number, XXX-XXX-2629, was the primary number for contacting him at his business, Completely Simple Remodeling.  Berlinger Decl., Ex. 53 (Q17).  The number was registered as a business number, and Mr. Tompkins used the number 50% of the time for work for "making and receiving calls to clients and from clients, other contractors, and suppliers [on a] daily basis."  *Id.* (Q11, Q17).  He admits that the number was publicly advertised on Facebook, Google's directory, and business cards.  *Id.* (Q18).  Mr. Tompkins provided images of business T-shirts and hats and an advertisement displaying the number.  Berlinger Decl. Exs. 53(a)-(b).  Mr. Tompkins admits to using his number on government filings in connection

with a gig, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.*, Ex. 53 (RFAs 4, 6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**54.    Plaintiff Demetrious Harmon used his number in connection with his businesses, Cali Venture Party Rentals and Victory Cleaning Solutions SD.**

Mr. Harmon admits that the relevant number, XXX-XXX-5251, was the primary number for contacting him at his businesses, Cali Venture Party Rentals and Victory Cleaning Solutions, SD. Berlinger Decl., Ex. 54 (Q17). The number was registered as a business number, and he claimed a business expense or tax deduction relating to the number in 2015 and 2016. *Id.* (Q11, Q16). Mr. Harmon admits that he used the number for "business calls," and he testified that customers, vendors, churches, schools, after-school programs, private parties, and companies contacted him at that number regarding bookings, pricing, event logistics, and other business matters. *Id.* (Q17); Berlinger Decl., Ex. 54(a) ("Harmon Dep.") at 20:25-21:10; 22:8-16.

Additionally, Mr. Harmon admits that he displayed the number on business cards and distributed approximately 1,000 Cali Venture business cards bearing the number to customers and prospective customers. Berlinger Decl., Ex. 54 (Q18); Harmon Dep. at 40:13-41:1. From 2017 through 2021, the number was listed on the Contact Page on the Cali Venture Party Rentals website. Berlinger Decl., Ex. 54(b) (website); Harmon Dep. at 32:1-33:14. In 2019, several posts on the Cali Venture Party Rentals Facebook page included the number as the contact for booking services, and the number was listed as the business contact number in a 2019 SD Voyager article. *Id.*, Ex. 54(c) (Facebook); Harmon Dep. at 29:6-30:22. The number was also listed as a contact number for Cali Venture Party Rentals on Google. Berlinger Decl., Ex. 54(d) (Google); Harmon Dep. at 35:18-36:4. Mr. Harmon further testified that he created marketing videos for Cali Venture and had his phone number displayed at the end of those advertisements. Harmon Dep. 76:5-10. He also displayed the number at fairs and community events "anywhere [he] could advertise." *Id.* at 41:10-18. For Victory Cleaning Solutions, Mr. Harmon testified that he advertised the number

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 8
(Case No. 2:20-cv-00604-RSL)

on the business's Instagram page, Facebook page, and Yelp page. *Id.* at 47:7-19; 48:4-13, 50:13-23; Berlinger Decl., Ex. 54(e) (Instagram); *id.* Ex. 54(g) (Facebook); *id.* Ex. 54(f) (Yelp); Harmon Dep. at 47:3-19 (acknowledging Instagram post), 47:22-48:24 (acknowledging Facebook posts), and 50:7-23 (acknowledging Yelp listing).

Mr. Harmon admits he has listed the number on a license or professional certification. Berlinger Decl., Ex. 54 (Q19). He also admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4-6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

### 55.    Plaintiff Willie Conklin\*\*[2] used his number in connection with his business, WC Construction.

Mr. Conklin admits that the relevant number, XXX-XXX-9548, was the primary number for contacting him at his business, WC Construction. Berlinger Decl., Ex. 55 (Q17). He used the number 50% of the time for "all contact" related to work. *Id.* (Q17). He testified that he used the number to communicate with customers, subcontractors, suppliers, and prospective customers regarding job-related matters, including scheduling and project issues. Berlinger Decl., Ex. 55(a) ("Conklin Dep.") at 15:10-16:7. He admits that the number was displayed on business cards and insurance applications or policies related to work. Berlinger Decl., Ex. 55 (Q18, Q19); Berlinger Decl., Ex. 55(b) (Washington State Department of Labor & Industry license); Conklin Dep. at 25:20-25. Additionally, the number is listed as the contact for WC Construction on the Google Directory. Berlinger Decl., Ex. 55(c); Conklin Dep. at 21:14-22:8. Mr. Conklin admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. Berlinger Decl., Ex. 55 (RFAs 4-6). He

---

[2] Mr. Conklin and other Washington residents also assert claims under CEMA. Those claims are subject to a separate Motion for Summary Judgment re CEMA Claims, filed herewith. Plaintiffs with CEMA claims will be noted with an asterisk (\*\*).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 9
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**56.   Plaintiff David Fluckinger\*\* used his number in connection with his business, Dave's Pressure Washing and Steam Cleaning d/b/a Dave's Restoration.**

Mr. Fluckinger admits that the relevant number, XXX-XXX-4743, was the primary number for contacting him at his business, Dave's Pressure Washing and Steam Cleaning d/b/a Dave's Restoration.  Berlinger Decl., Ex. 56 (Q17).  Mr. Fluckinger claimed a business or tax deduction relating to the number in the tax years 2015 through 2020, and listed the number on tax documents, licenses or professional certifications, insurance applications or policies, and filings with government entities related to work.  *Id.* (Q16, Q19).  Mr. Fluckinger provided a copy of a monthly T-Mobile statement for Dave's Restoration, which includes a line item for the number at issue.  Berlinger Decl. Exs. 56(a)-(b).  He used the number 50% of the time for work to "receive and make calls to customers."  Berlinger Decl., Ex. 56 (Q17).  He admits that the number was publicly advertised in physical or online directories, including Angi and phone books, and that he displayed the number on business cards and flyers that he posted on neighborhood message boards. *Id.* (Q18); Berlinger Decl., Ex. 56(c).  Mr. Fluckinger admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  Ex. 56 (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**57.   Plaintiff Mike Allred\*\* used his number in connection with his business, Allred Roofing.**

Mr. Allred admits that the relevant number, XXX-XXX-4858, was the primary number for contacting him at his business, Allred Roofing. Berlinger Decl., Ex. 57 (Q17).  The number was registered as a business number, and he claimed a business expense or tax deduction relating to the number in 1990-2021.  *Id.* (Q11, Q16).  Mr. Allred used the number 50% of the time for work to "receive office calls and to contact potential customers."  *Id.* (Q17).  Mr. Allred admits to using

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 10
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

his number on at least one business record related to his employment.  *Id.* (RFA 5).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**58.     Plaintiff Jesse Debartolo\*\* used his number in connection with his business, Rosecity Garage Doors.**

Mr. Debartolo admits that the relevant number, XXX-XXX-7673, was the primary number for contacting him at his business, Rosecity Garage Doors.  Berlinger Decl., Ex. 58 (Q17).  The number was registered as a business number, and he claimed business expenses or tax deductions relating to the number in the tax years 2012 through 2025.  *Id.* (Q11, Q16).  Mr. Debartolo used the number 70% of the time to "contact customers" for his work.  *Id.* (Q17).  He admits that the number was publicly advertised on Facebook, the company website, Yelp, and Angi, and that he displayed the number on business cards.  *Id.* (Q18).  Mr. Debartolo admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**59.     Plaintiff Curtis Sveen\*\* used his number in connection with his business, Aurora Cabinets & Granite.**

Mr. Sveen admits that the relevant number, XXX-XXX-9324, was the primary number for contacting him at his business, Aurora Cabinets & Granite.  Berlinger Decl., Ex. 59 (Q17).  The number was registered as a business number, and he used the number 80% of the time for work to take "all incoming calls."  *Id.* (Q11, Q17).  He admits that the number was publicly advertised on Yellow Pages and that he displayed the number on business cards and message boards.  *Id.* (Q18).  Mr. Sveen also listed the number on tax documents and licenses or professional certifications related to work.  *Id.* (Q19).  Mr. Sveen admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 11
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**60.  Plaintiff Shelby Axtell\*\* used her number in connection with her businesses, Le Pouf and Keeping Up With Jack.**

Ms. Axtell admits that the relevant number, XXX-XXX-0848, was the primary number for contacting her at her businesses, Le Pouf and Keeping Up With Jack.  Berlinger Decl., Ex. 60 (Q17).  She estimates that she used the number approximately 80% of the time for Le Pouf, including for "calling clients, [and] texting updates to clients."  *Id.* (Q17).  For Keeping Up With Jack, she estimates that she used the number 80% of the time, including to respond to potential clients via call or text.  *Id.* (Q17).  *See also* RFAs 7-10 (admitting that she sent and received calls and texts relating to her business).  Ms. Axtell claimed a business expense or tax deduction relating to the number in the tax years 2015 through 2019, and listed the number on tax documents and insurance applications or policies relating to work.  *Id.* (Q16, Q19).  She admits that the number was publicly advertised on Facebook, Instagram, the Keeping Up With Jack website, Google advertisements, the Pet Sitters International directory, and business cards.  *Id.* (Q18).  Ms. Axtell also listed her number on several job matching websites, such as Thumbtack, Craigslist, Yelp, and Nextdoor.  *Id.* (Q28).  She also admits to using her number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with her businesses.  *Id.* (RFAs 4-6).

**61.  Plaintiff Socrates Incarnato\*\* used his number in connection with his business, North Star Handyman Services.**

Mr. Incarnato admits that the relevant number, XXX-XXX-8478, was the primary number for contacting him at his business, North Star Handyman Services.  Berlinger Decl., Ex. 61 (Q17).  The number was registered as a business number, and he used the number 70% of the time for work, including for "customers to contact [him]."  *Id.* (Q11, Q17).  He admits that the number was publicly advertised on Facebook, and that he has listed the number on insurance applications or

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 12
(Case No. 2:20-cv-00604-RSL)

policies related to work. *Id.* (Q18, Q19).  Mr. Incarnato admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**62.    Plaintiff Steve Young\*\* used his number in connection with his business, Steve's Home Services.**

Mr. Young admits that the relevant number, XXX-XXX-1966, was the primary number for contacting him at his business, Steve's Home Services.  Berlinger Decl., Ex. 62 (Q17).  He admits that he used the number 90% of the time for "all business communications." *Id.* (Q17).  He admits that the number was publicly advertised in physical or online directories, including Facebook, the website GeneralContractorMarysvillewa.com, "30+ directories," business cards, and fliers.  *Id.* (Q18).  Mr. Young also listed the number on licenses and professional certifications related to work, filings with a government entity, and business registrations.  *Id.* (Q19).  Mr. Young admits to using his number on business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 5-6).

**63.    Plaintiff Vern Flanery\*\* used his number in connection with his businesses, Puget Sound Construction Consultants and Flanery Construction.**

Mr. Flanery admits that the relevant number, XXX-XXX-0105, was the primary number for contacting him at his businesses, Puget Sound Construction Consultants and Flanery Construction.  Berlinger Decl., Ex. 63 (Q17).  The number was registered as a business number, and Mr. Flanery has claimed a business expense or taken a tax deduction relating to the number "[e]very year." *Id.* (Q11, Q16).  He used the number 40% of the time for work, and also admits that the number was publicly advertised on social media sites and that he displayed the number on business cards.  *Id.* (Q17, Q18).  Mr. Flanery has also listed the number on tax documents, licenses or professional certifications, and insurance policies or applications related to work.  *Id.* (Q19).  Mr. Flanery admits to using his number on government filings and business records,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**64.    Plaintiff Derek Jenkins\*\* used his number in connection with his business, Top Notch Cleaning Services.**

Mr. Jenkins admits that the relevant number, XXX-XXX-2381, was the primary number for contacting him at his business, Top Notch Cleaning Services.  Berlinger Decl., Ex. 64 (Q17).  The number was registered as a business number, and his business, Top Notch Cleaning Services, paid for or reimbursed him, in full or in part, for the phone number.  *Id.* (Q11).  Mr. Jenkins also claimed a business expense or tax deduction relating to the number in the tax years 2017 through 2020.  *Id.* (Q16).  Mr. Jenkins listed the number on tax documents, insurance policies or applications related to work, and business registrations.  *Id.* (Q19).  He used the number 50% of the time for work, including for "scheduling, invoicing, ordering, customer service" and "any[] online work was performed on this phone."  *Id.* (Q17).  He admits that the number was publicly advertised on Facebook, the company website topnotchpro.com, and HomeAdvisor, and that he displayed the number on business cards.  *Id.* (Q18, Q28).  Mr. Jenkins admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

**65.    Plaintiff Kaci Fogle\*\* (also goes by Jeremy Fogle) used his number in connection with his business, Kason Construction, LLC.**

Mr. Fogle admits that he used the relevant number, XXX-XXX-4225, for his business, Kason Construction, LLC.  Berlinger Decl., Ex. 65 (RFA 33, Q24).  The number was registered as a business number, and he listed the number on business registrations, professional certifications, and insurance applications or policies related to work.  *Id.* (Q11, Q19).  He also admits that the number was publicly advertised on Facebook and Wix.  *Id.* (Q18, Q19).  Mr. Fogle

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4-6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**66.   Plaintiff Frederick Eubanks\*\* used his number in connection with his business, Eubanks Handyman.**

Mr. Eubanks admits that the relevant number, XXX-XXX-8478, was the primary number for contacting him at his business, Eubanks Handyman. Berlinger Decl., Ex. 66 (Q17). The number was registered as a business number, and he used the number 50% of the time for business. *Id.* (Q11, Q17). He admits that the number was publicly advertised on websites and message boards, and he listed the number on business registrations. *Id.* (Q18, Q19). Mr. Eubanks admits to using his number on government filings and business records. *Id.* (RFAs 4-5). Additionally, he admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10).

**67.   Plaintiff Nicole Wood used her number in connection with her business, Excellent Cleaning Service.**

Ms. Wood admits that the relevant number, XXX-XXX-7529, was the primary number for contacting her at her business, Excellent Cleaning Service. Berlinger Decl., Ex. 67 (Q17). The number was registered as a business number, and she used the number 90% of the time to "advertise [her] business, contact clients, get calls to establish new contracts, [and] communicate with clients." *Id.* (Q11, Q17). She admits that the number was publicly advertised on Google and Angi and that she displayed the number on business cards and fliers. *Id.* (Q18). Ms. Wood also listed the number on tax documents and insurance applications or policies related to work. *Id.* (Q19). Ms. Wood admits to using her number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4-

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 15
(Case No. 2:20-cv-00604-RSL)

6).  She admits that she sent and received calls and texts relating to her business using the relevant number.  *Id.* (RFAs 7-10).

> **68.    Plaintiff John Wright** used his number in connection with his businesses, Inspection Connection and Wright Choice Construction.**

Mr. Wright admits that the relevant number, XXX-XXX-5443, was the primary number for contacting him at his business, Inspection Connection and Wright Choice Construction. Berlinger Decl., Ex. 68 (Q17).  Mr. Wright used the number 50% of the time for work for both businesses.  *Id.* (Q17).  Mr. Wright admits that his number has been paid for or reimbursed, partially or fully, by an employer, his business(es), or other third party, and admits to using his number on government filings and business records.  *Id.* (RFA 2, RFAs 4-5).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

> **69.    Plaintiff Michael Knauff** used his number in connection with his business, Sound Power Washing, later called Sound ProWash.**

Mr. Knauff admits that the relevant number, XXX-XXX-9143, was the primary number for contacting him at his business, Sound Power Washing/Sound ProWash.  Berlinger Decl., Ex. 69 (Q17).  The number was registered as a business number, and he used the number 50% of the time for "all business related calls including sales[,] marketing[,] supplies[,] [and] networking and research."  *Id.* (Q11, Q17).  He admits that the number was publicly advertised on HomeAdvisor and that he displayed the number on business cards.  *Id.* (Q18).  Additionally, Mr. Knauff listed the number on tax documents related to work and on business registrations.  *Id.* (Q19).  Mr. Knauff admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (RFAs 4-6).  He admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 16
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**70.     Plaintiff Brandon Koch\*\* used his number in connection with his business, Koch's Cutting Logging and Tree Service.**

Mr. Koch admits that he used the relevant number, XXX-XXX-9080, for his business, Koch's Cutting Logging and Tree Service.  Berlinger Decl., Ex. 70 (RFA 33).  Accordingly, he advertised the number on his business cards.  *Id.* (Q18).  Mr. Koch also admits that he sent and received text messages and placed outbound calls related to his business using the relevant number.  *Id.* (RFAs 8-10).

**71.     Plaintiff Jeffrey Wolf used his number in connection with his business, Keith-N-Wolf GC, LLC.**

Mr. Wolf admits that the relevant number, XXX-XXX-5020, was the primary number for contacting him at his business, Keith-N-Wolf GC, LLC.  Berlinger Decl., Ex. 71 (Q17, Q24).  He used the number for business purposes 82% of the time, including "[t]alking with clients, possible clients, setting appointments, checking bids," and other "[r]egular business calls."  *Id.* (Q17).  The relevant number was publicly advertised as the contact number for Mr. Wolf's business, including on Facebook, the website Keith-n-Wolf, magnetic vehicle signs, business cards, the job match service Angie's List, and other government filings and business records.  *Id.* (Q18, Q28); *see also id.* (RFAs 4-6).  Mr. Wolf further admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10, RFA 33).

**72.     Plaintiff Michael Compton used his number in connection with his business, Compton Construction.**

Mr. Compton admits that the relevant number, XXX-XXX-7574, was registered as a business number and was the primary number for contacting him at his business, Compton Construction.  Berlinger Decl., Ex. 72 (Q11, Q17, Q24).  Mr. Compton used the number for business purposes 80% of the time, and consistent with this use, Mr. Compton claimed business expenses and/or tax deductions relating to the number in "[a]ll years."  *Id.* (Q16, Q17).  The number was publicly held out as the contact number for Compton Construction, including on Yelp,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

the Yellow Pages, business cards, a California state license, a California state bond, and other business records. *Id.* (Q18, Q19); *see also id.* (RFAs 5-6). Mr. Compton further admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10, RFA 33).

**73.   Plaintiff Steven Schubach[**] used his number in connection with his business, Airforce One Heating & Cooling.**

Mr. Schubach admits that the relevant number, XXX-XXX-0067, was registered as a business number and was the primary number for contacting him at his business, Airforce One Heating & Cooling. Berlinger Decl., Ex. 73 (Q11, Q17, Q24). Mr. Schubach used the number for business purposes 90% of the time, including for "[b]usiness sales and wholesale ordering." *Id.* (Q17). The number was publicly advertised in connection with Mr. Schubach's business, including on the website www.spokaneheat.com, the job match service Home Advisor, and other business records and government filings. *Id.* (Q18, Q28); *see also id.* (RFAs 4-6). Mr. Schubach further admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10, RFA 33).

**74.   Plaintiff Juan Vega used his number in connection with his business, Modern Builders LLC.**

Mr. Vega admits that the relevant number, XXX-XXX-0830, was the primary number for contacting him at his business, Modern Builders. Berlinger Decl. Ex. 74 (Q17, Q24). The number was advertised on Mr. Vega's business cards, as well as elsewhere online, on business records, and on government filings. *Id.* (Q18); *see also id.* (RFAs 4-6). Mr. Vega further admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10, RFA 33).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 18
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**75.   Plaintiff Michael Ryan used his number in connection with his businesses, Lucky You Construction Services and Montgomery Builders.**

Mr. Ryan admits that the relevant number, XXX-XXX-2993, was the primary number for contacting him at his businesses, Lucky You Construction Services and Montgomery Builders. Berlinger Decl., Ex. 75 (Q17).  He used the number to "receive and make calls, texts and emails" on behalf of both businesses. *Id.* (Q17).  Mr. Ryan admits to using his number on business cards, to listing it on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his businesses. *Id.* (Q18, RFAs 4-6).  He further admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10, RFA 33).

**76.   Plaintiff Raymond Covington[**] used his number in connection with his business, Rayven Remodel and Builders LLC.**

Mr. Covington admits that the relevant number, XXX-XXX-3719, was registered as a business number and was the primary number for contacting him at his general contracting business, Rayven Remodel and Builders LLC.  Berlinger Decl., Ex. 76 (Q11, Q17).  Mr. Covington publicly advertised the number on business cards, listed it on government filings and business records, and advertised, listed, posted, or displayed it online in connection with his business. *Id.* (Q18, RFAs 4-6); *see also id.* Ex. 76(a) (business card).  He also admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* Ex. 8 (RFAs 7-10, RFA 33).

**77.   Plaintiff DeAnna Rose-Lydon used her number in connection with her business, Topp's Plumbing Co., LLC.**

Ms. Rose-Lydon maintained a separate landline that family, friends, and neighbors used to reach her at her residence, while the relevant number, XXX-XXX-2849, was the primary number for contacting the accounting department at her business, Topp's Plumbing Co., LLC.  Berlinger Decl. Ex. 77 (Q12, Q13, Q17, Q24).  Ms. Rose-Lydon publicly advertised the relevant number on the website toppsplumbing.com, on an apprentice license, and on business records. *Id.* (Q18,

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 19
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Q19); *see also id.* (RFAs 4-6).  She also admits that she sent and received calls and texts relating to her business using the relevant number.  *Id.* (RFAs 7-10, RFA 33).

**78.    Plaintiff Eva Haynes used her number in connection with her business, Handy Van Services.**

Ms. Haynes admits that the relevant number, XXX-XXX-6073, was the primary number for contacting her at her business, Handy Van Services, and explains that customers called the number to schedule services.  Berlinger Decl., Ex. 78 (Q17, Q24).  Ms. Haynes admits that the number was publicly advertised in physical or online directories, including Facebook, and that she displayed the number on business cards.  *Id.* (Q18).  Ms. Haynes admits to using her number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with her business.  *Id.* (RFAs 4-6).  She admits that she sent and received calls and texts relating to her business using the relevant number.  *Id.* (RFAs 7-10, RFA 33).

**79.    Plaintiff Ronald Blakey used his number in connection with his business, Fast Carpet and Flooring LLC.**

Mr. Blakey admits that the relevant number, XXX-XXX-4715, was the primary number for contacting him at his business, Fast Carpet and Flooring LLC, and that he claimed business expenses and/or tax deductions relating to the number during the relevant period.  Berlinger Decl. Ex. 79 (Q16, Q17).  Mr. Blakey used the number to make and receive calls, send text messages, and email for work 60% of the time.  *Id.* (Q17).  He displayed the number on business cards, and admits to using his number on government filings and business records, as well as to advertising, listing, posting, or displaying it online in connection with his business.  *Id.* (Q18, RFAs 4-6).  Mr. Blakey also admits that he sent and received calls and texts relating to his business using the relevant number.  *Id.* (RFAs 7-10, RFA 33).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 20
(Case No. 2:20-cv-00604-RSL)

**80.    Plaintiff Briana Ethington used her number in connection with her business, Cloudburst Irrigation and Landscape.**

Ms. Ethington admits that the relevant number, XXX-XXX-3362, was the primary number for contacting her at her business, Cloudburst Irrigation and Landscape.  Berlinger Decl., Ex. 80 (Q17, Q24).  She used the number 50% of the time for business needs to "[a]nswer[] business client calls and questions" and "[r]esponding to business texts."  *Id.* (Q17).  She admits that the number was publicly advertised on social media sites like Facebook.  *Id.* (Q18).  Ms. Ethington admits to using her number on government filings in connection with her employment.  *Id.* (RFA 4).  She admits that she sent and received calls and texts relating to her business using the relevant number.  *Id.* (RFAs 7-10).

**81.    Plaintiff Crystal Richie used her number in connection with her business, Crystal Clean Home Cleaning.**

Ms. Richie admits that the relevant number, XXX-XXX-4086, was the primary number for contacting her at her business, Crystal Clean Home Cleaning.  Berlinger Decl., Ex. 81 (Q17, Q24).  She used the number 15% of the time for business needs; specifically, for "[t]exting/calling to discuss cleaning and scheduling details."  *Id.* (Q17).  She admits that the number was publicly advertised in physical or online directories such as Thumbtack, and that she listed the number on business registrations, business records, and government filings.  *Id.* (Q19, Q28, RFA 5).  She admits that she sent and received calls and texts relating to her business using the relevant number.  *Id.* (RFAs 7-10, RFA 33).

**82.    Plaintiff Jeremy Smith used his number in connection with his business, Smith Painting LLC.**

Mr. Smith admits that the relevant number, XXX-XXX-6158, was the primary number for contacting him at his business, Smith Painting LLC.  Berlinger Decl., Ex. 82 (Q17, Q24).  He used the number to "contact[] clients, vendors, and subcontractors."  *Id.* (Q17).  He admits that the number was publicly advertised on his business website (smithpaintingutah.com), that it was listed

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 21
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

on the "[b]usiness insurance and bond for Smith Painting," that the number was on business registrations, and that he displayed the number on business cards. *Id.* (Q18, Q19). Mr. Smith admits to using his number on government filings and business records, and to advertising, listing, posting, or displaying it online in connection with his business. *Id.* (RFAs 4-6). He admits that he sent and received calls and texts relating to his business using the relevant number. *Id.* (RFAs 7-10, RFA 33).

**83.    Plaintiff Noelle Salinas used her number in connection with her business, Fresh From The Kitchen.**

Ms. Salinas admits that the relevant number, XXX-XXX-1197, was the primary number for contacting her at her business, Fresh From The Kitchen. Berlinger Decl., Ex. 83 (Q11, Q17). The number was registered as a business number, the phone plan was a business plan, and she used the number 75% of the time for business needs to send and receive calls and texts (including with her clients) related to her business. Id. (Q11, Q17, RFAs 7-10, RFA 33). She admits that the number was publicly advertised on social media sites like Facebook and Instagram, on her business website (freshfromthekitchenllc.com), in publications like Bridal Magazine, on business cards, and that it was listed on tax documents and government filings. *Id.* (Q18, Q28). Ms. Salinas admits to using her number on tax documents and government filings, business records, and to advertising, listing, posting, or displaying it online in connection with her business. *Id.* (Q19, RFAs 4-6).

**84.    Plaintiff Claude Slate used his number in connection with his business, Slate Construction.**

Mr. Slate admits that the relevant number, XXX-XXX-0263 was the primary number for contacting him at his business, Slate Construction. Berlinger Decl., Ex. 84 (Q17, Q24). He used the number 50% of the time for business needs to contact customers and "ma[k]e calls to clients that [he] ha[s] had building contracts with." *Id.* (Q17, RFAs 9, 33). He admits that the number was listed on insurance policies and applications, business records, and government filings (i.e., his Oregon Construction Contractors Board license). *Id.* (Q19, RFAs 4-5).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 22
(Case No. 2:20-cv-00604-RSL)

**85.    Plaintiff David Frost used his number in connection with his business, David Frost Plumbing LLC.**

Mr. Frost admits that the relevant number, XXX-XXX-9982, was the primary number for contacting him at his business, David Frost Plumbing LLC.  Berlinger Decl., Ex. 85 (Q11, Q17, Q24).  The number was registered as a business number, the phone plan was a business plan, and he used the number "100%" of the time for business needs to engage with clients and send and receive calls and texts related to his business.  *Id.* (Q11, Q17, RFAs 7-10, 33).  He claimed a business expense or took a tax deduction relating to the number each year from "2017 to present" and listed the number on tax documents and other government filings related to his business.  *Id.* (Q16, Q19, Q24, RFAs 4-5).  Mr. Frost also admits that the number was publicly advertised on online sites like Google and Home Advisor in connection with his business, it was listed on multiple professional certifications and licenses, it was listed on insurance policies related to his work, and it was displayed on business cards.  *Id.* (Q18, Q19, Q28, RFAs 5-6).

**86.    Plaintiff Morgan Griffin used his number in connection with his business, Morgan Builds LLC.**

Mr. Griffin admits that the relevant number, XXX-XXX-7757, was the primary number for contacting him at his business, Morgan Builds LLC.  Berlinger Decl., Ex. 86 (Q17, Q24).  He used the number 50% of the time for business needs to communicate for work matters via texts and calls .  *Id.* (Q17, RFAs 8-10, 33).  He admits that the number was publicly advertised on online sites like Home Advisor, that it was listed on professional certifications or licenses (i.e., his Oregon construction contractor license), and that he displayed the number on business cards.  *Id.* (Q18, Q19, Q24, Q28).  Mr. Griffin admits to using his number on business records in connection with his business.  *Id.* (RFA 5).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 23
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**87.     Plaintiff Randy Howard used his number in connection with his business, Howard Home Improvement.**

Mr. Howard admits that the relevant number, XXX-XXX-2288, was the only number for contacting him for home improvement work he performed between 2015 through 2020, unofficially known as Howard Home Improvement.  Berlinger Decl., Ex. 87 (Q11, Q17, Q24); *id.*, Ex. 87(a) ("Howard Dep.") at 18:5-18, 18:24-19:8, 27:23-28:9.  He admits that he used the number to speak with "whoever [he] needed to" (including customers, vendors, and suppliers) in regards to things like materials, the scope of projects, and timelines.  Howard Dep. at 26:14-27:9.  He also admits that his "number got around," and he sent and received calls and texts relating to his home improvement work.  Berlinger Decl., Ex. 87 (RFAs 7-10, RFA 33); Howard Dep. at 27:10-12.  In addition, while Mr. Howard initially denied listing the number in connection with All American Construction, a business he registered with the State of Oregon in 2020, he admitted the number was listed on his Oregon Construction Contractors Board license when confronted with the evidence.  Howard Dep. at 35:13-15, 35:25-37:23, 37:25-39:9; Berlinger Decl., Ex. 87(b); *id.* Ex. 87(c) (Articles of Organization for All American Construction).

**88.     Plaintiff TJ Rhodes used his number in connection with his business, Rhodes Home Improvements.**

Mr. Rhodes admits that the relevant number, XXX-XXX-4891, was the primary number for contacting him at his business, Rhodes Home Improvements.  Berlinger Decl., Ex. 88 (Q17, Q24).  He used the number 50% of the time for business needs, as it was the "[p]rimary way for clients and employees to contact" him, and that he sent and received calls and texts related to his business.  *Id.* (Q11, Q17, RFAs 7-10, 33).  He claimed a business expense or took a tax deduction relating to the number and listed the number on tax documents and other government filings related to his business.  *Id.* (Q16, Q24, RFA 4).  He admits that the number was listed on insurance policies and applications, and that he displayed the number on business cards.  *Id.* (Q18, Q19).  Mr. Rhodes

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 24
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

admits to advertising, listing, posting, or displaying his number online in connection with his business. *Id.* (RFA 6).

### III.   ARGUMENT

In Defendants' First Non-Residential Motion, Dkt. 185, Defendants explained that the TCPA claims brought by Plaintiffs who used their at-issue phone numbers primarily for non-residential purposes must be dismissed because all the TCPA claims apply exclusively to residential phones.   As to Plaintiffs' claims for violation of the National Do Not Call Registry ("DNCR"), the governing regulation applies only to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."  47 C.F.R. § 64.1200(c)(2).  As to Plaintiffs' claims for violation of the minimum telemarketing standards, at the time these claims were filed, the governing regulation provided that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber" unless they meet certain minimum standards.  47 C.F.R. § 64.1200(d).  Because the undisputed evidence shows that Plaintiffs' phone numbers are not residential phones, the plain language of both provisions forecloses Plaintiffs' claims.

In *Chennette v. Porch.com, Inc.*, the Ninth Circuit analyzed whether plaintiffs who use their numbers both for residential calls and for calls associated with their home improvement businesses qualify as residential subscribers.  50 F.4th 1217, 1223-26 (9th Cir. 2022).  The Ninth Circuit set forth a list of non-exhaustive factors that courts may consider in determining whether or not a phone number is or is not "residential": (1) how plaintiffs hold their phone numbers out to the public; (2) whether plaintiffs' numbers are registered with the telephone company as residential or business lines; (3) how much plaintiffs use their numbers for business or employment; (4) who pays for the phone bills; and (5) other factors bearing on how a reasonable observer would view the phone line.  *Id.* at 1225.  The Court may consider other factors as well, including the use of phone numbers on business licenses and registrations.  *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 227-28 (N.D. Cal. 2024).

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 25
(Case No. 2:20-cv-00604-RSL)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

These factors are useful for answering the key question here, which is whether a "reasonable observer" would view Plaintiffs' numbers as residential. *See id.* If a reasonable observer would not view Plaintiffs' numbers as residential, then they "likely would not think that [each plaintiff] has legitimate private concerns regarding that . . . number." *Barton v. Leadpoint, Inc.*, No. 22-35130, 2023 WL 4646103, at \*1 (9th Cir. July 20, 2023) (citing *Chennette*, 50 F.4th at 1225; *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)). This is the core inquiry, consistent with the intent and purpose of the TCPA. *Cf. Mainstream Mktg. Servs. v. F.T.C.*, 358 F.3d 1228, 1237 (10th Cir. 2004) (explaining that the TCPA's restrictions on speech are justified by the interest in "protecting the privacy of individuals in their homes"). Plaintiffs who registered their numbers as business lines, who advertised their numbers in online and physical media in connection with their businesses, or who represented costs related to their phones as business costs in connection with tax filings, do not have legitimate privacy concerns regarding their numbers, and are not entitled to the protection of the TCPA.

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Defendants seek summary judgment of the TCPA claims of Plaintiffs whose sworn discovery questionnaire responses indicate they represented to the public that their number was a business number. *See Union School Dist. v. Smith*, 15 F.3d 1519, 1523 (9th Cir. 1994) ("These questions concern the legal significance of undisputed facts. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriate."). Based on Plaintiffs' discovery responses, deposition testimony, and the other evidence provided in support of this motion, no reasonable juror could conclude that each Plaintiff's number was anything but a business-related number. *See Chennette*, 50 F.4th at 1225.

## IV.    CONCLUSION

For the aforementioned reasons, Defendants respectfully request the Court grant summary judgment on the TCPA claims of forty-seven Plaintiffs who are not residential subscribers.

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 26
(Case No. 2:20-cv-00604-RSL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

DATED:  June 30, 2026.

*I certify that this memorandum contains 8,344 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
Marisa L. Berlinger, WSBA #58991
Tjitske Dekker, WSBA #61558
Elizabeth Shields, WSBA #64205
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        molly.terwilliger@morganlewis.com
        marisa.berlinger@morganlewis.com
        tjitske.dekker@morganlewis.com
        elizabeth.shields@morganlewis.com

*Attorneys for Defendants Porch.com Inc. and GoSmith, Inc.*

SECOND JOINDER IN DEFS' MOTION FOR
SUMMARY JUDGMENT RE: CLAIMS BASED ON
NON-RESIDENTIAL PHONE NUMBERS - 27
(Case No. 2:20-cv-00604-RSL)